1  Michael C. Hendershot (State Bar No. 211830)
   mhendershot@jonesday.com
2  Catherine T. Zeng (State Bar No. 251231)
   czeng@jonesday.com
3  JONES DAY
   1755 Embarcadero Road
4  Palo Alto, CA 94303
   Telephone: +1.650.739.3939
5  Facsimile: +1.650.739.3900

6  *Attorneys for Plaintiff Cohesity, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COHESITY, INC., | CASE NO. 3:24-CV-9104 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| v. | JURY TRIAL DEMANDED |
| CARTESIAN THEATRE CORP., and DOES 1 – 25. | |
| Defendant. | |

Plaintiff Cohesity, Inc. ("Cohesity"), by and through its attorneys, Jones Day, for its Complaint, hereby alleges against Defendant Cartesian Theatre Corp. ("Cartesian Theatre" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Cohesity's use of its trademark for HELIOS software products and services, embodied in part in its common law rights and its federally registered rights in the trademark HELIOS (hereinafter referred to as the "Helios Marks," does not infringe Defendant's alleged trademark for HELIOS. Cohesity has been forced to bring this action seeking a declaration that, contrary to infringement assertions by Defendant, Cohesity's Helios Marks do not infringe Defendant's trademark rights.

2. This action arises out of Defendant's demands that Cohesity cease using the Helios Marks in connection with Cohesity's software products and services, Defendant's demands that third parties supporting the products and services offered under Cohesity's Helios Marks similarly stop doing so, and Defendant's threats of legal action due to alleged infringement of Defendant's HELIOS designation. Defendant has already commenced an action against Cohesity in Canada pertaining to Cohesity's use of the HELIOS trademark in that country. However, Defendant also continues to falsely allege that Cohesity's use of its Helios Marks in the United States infringes Defendant's trademark. Defendant has demanded Cohesity's partners in the United States stop carrying or supporting Cohesity's products and services offered under Cohesity's Helios Marks due to the alleged infringement.

3. The products and services offered under Cohesity's Helios Marks allow customers to view and manage their Cohesity-supported data and applications from a single dashboard. The Cohesity Helios products and services enable enterprises to roll out policies or make upgrades across the customer's entire Cohesity-supported environment in a single interface and with a single click. Other key features of Cohesity's Helios products and services include a smart assistant that helps customers improve operational efficiency and machine learning insights that track patterns and provide recommendations.

4. Defendant's allegations of trademark infringement fail for several reasons. First, Cohesity has common law rights in the HELIOS trademark since its first use in commerce on or before August 21, 2018, and registered the HELIOS trademark for, among other things, downloadable computer software for data management in Class 009, and software-as-a-service for data management in Class 042 on July 4, 2023. Cohesity is not aware of prior use by Defendant, let alone use that would give it priority nationwide. Indeed, Defendant did not even have a pending U.S. application for the HELIOS trademark at the time it contacted Cohesity demanding that Cohesity license the right to use the name HELIOS from Defendant. Defendant did not file its U.S. trademark application for HELIOS until August 29, 2024. Second, even if Defendant could somehow show priority of use of the name HELIOS in the United States, there is no likelihood of confusion because the parties' respective software products and services are completely different. In particular, Defendant's website indicates that its software is a music recommendation engine that searches large commercial music libraries by using music itself as the search key. In contrast, the products and services offered under Cohesity's Helios Marks are for management solutions that enable customers to see, manage, and take action on their Cohesity-supported data and applications globally, all from a single dashboard, and with the benefit of powerful analytics and machine learning insights. Moreover, there are numerous third parties using the trademark HELIOS for software related products and services, further reducing any likelihood of confusion.

5. As Defendant continues to falsely allege that Cohesity's use of the Helios Marks in the United States infringes Defendant's trademark, Cohesity has been forced to bring this action to clarify the parties' rights and seek a declaratory judgment.

**THE PARTIES**

6. Plaintiff Cohesity, Inc. is a Delaware corporation having its principal place of business at 300 Park Avenue, Suite 1700, San Jose, California 95110. Cohesity is a provider of artificial intelligence-powered data security and data management software solutions.

7. Upon information and belief, Cartesian Theatre Corp. is a Canadian business corporation having its principal place of business in Vancouver, British Columbia. Cartesian

8. Theatre's registered addresses are 1055 West Georgia Street, Suite 1750, Vancouver, British Columbia V6E 3P3, Canada and 2115 Cypress Street, Suite 108, Vancouver, British Columbia V6J 3M3, Canada.

**JURISDICTION AND VENUE**

9. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

10. This Court has subject matter jurisdiction under the Declaratory Judgment Act because there is a substantial and concrete controversy between the parties of sufficient immediacy to warrant a declaratory judgment. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 because this matter involves an action arising under the Lanham Act.

11. The Court has personal jurisdiction over Defendant because Defendant does continuous and systematic business and/or has minimum contacts in this District. For instance, Defendant's website indicates that its it has performed "consulting work . . . predominantly in the United States" and that its "engineering services" customers have included Digital Theatre Systems, Mozilla, Google, Wells Fargo and others."[1] Mozilla, Google, and Wells Fargo are headquartered in this District and Digital Theatre Systems is headquartered in California, indicating that Defendant regularly conducts business in this District and state.

12. Additionally, Defendant's website for its HELIOS products and services advertises several "[p]artners" located in this District, including (i) Intel, which is headquartered in Santa Clara, California; (ii) Nvidia, which is headquartered in Santa Clara, California; (iii) SiFive, which is headquartered in Santa Clara, California; (iv) the OpenPOWER Foundation, which is headquartered in San Francisco, California; (v) Magnatune, which is headquartered in Berkeley, California; (vi) Oracle, which has offices in Pleasanton, Redwood City, and Santa Clara, California; and (vii) Amazon (AWS), which has offices in San Francisco, Palo Alto, East Palo Alto, Cupertino, Santa Clara, and Sunnyvale, California.[2]

---

[1] https://heliosmusic.io/pages/about-us/

[2] https://heliosmusic.io/.

– 3 –

COMPLAINT FOR DECLARATORY
JUDGMENT OF NON-INFRINGEMENT

13. Moreover, upon information and belief, multiple members of Defendant's "Leadership Team" listed on its website, including its "US General Counsel" and "Chief IP Strategist" reside and/or work in California, indicating that Defendant regularly conducts business in California.

14. As early as its first communication alleging infringement, Defendant admitted it knew Cohesity is a California business. Defendant was also undoubtedly aware that Cohesity was headquartered in this District when Defendant directed its claims of infringement against Cohesity, because it admitted to reviewing Cohesity's foreign trademark applications which include Cohesity's address in San Jose, California. During these same conversations, Defendant also offered to enter into a licensing agreement with Cohesity and indicated that the resulting fallout for Cohesity would be "catastrophic" if Cohesity refused. Thus, Defendant was aware that its false infringement allegations were directed toward this District and would damage Cohesity's business in this District.

15. Defendant also directly contacted one of Cohesity's business partners in this District, regarding Defendant's false allegation that Cohesity infringes Defendant's trademark and Defendant actively solicited that business partner to stop carrying or supporting Cohesity's Helios products and services due to the alleged infringement. In correspondence with Defendant, the business partner's email signature line included its location in this District.

16. Defendant's principle and founder Kipling Warner also informed Cohesity of Defendant's intent to continue to send notices of infringement to Cohesity "stakeholders," including those that are currently delivering products or services using the Helios Marks on behalf of Cohesity and others, which on information and belief, includes entities located in this District.

17. In the alternative, this Court has personal jurisdiction over Defendant under Rule 4(k)(2) of the Federal Rules of Civil Procedure. This Court's exercise of personal jurisdiction under Rule 4(k)(2) would be consistent with due process because of Defendant's contacts and purposeful activities mentioned in the paragraphs above. In addition, Defendant also markets its HELIOS products and services to the United States, claims to partner with companies in the

– 4 –

1  United States, including at least those mentioned above, IBM, and Raptor Computing Systems, and solicits customers from the United States, including at least those mentioned above and NASA.  Defendant has also stated that it has sent a thousand take-down requests related to the HELIOS trademark.  On information and belief, at least one or more of those notices was directed at U.S. entities or the U.S. generally.  Finally, on August 29, 2024, Defendant filed an actual use application with the United States Patent and Trademark Office ("USPTO") to seek registration of the trademark HELIOS in the United States, in which Defendant claims that it has used the mark in the United States since as early as March 25, 2016 for downloadable software and as early as November 29, 2021 for software-as-a-service services.

18.  Venue is proper in this District because Cohesity is headquartered in this District and experienced the events giving rise to this action in this District.  Defendant has purposely directed its infringement allegations and take down requests within this District, and Defendant has knowingly caused harm and continues to cause harm to Cohesity in this District.  Thus, Defendant should expect its actions to have legal consequences in this District.

## FACTUAL ALLEGATIONS

**A.    Cohesity**

19.  Founded in 2013, Cohesity is one of the largest and fastest growing providers of artificial intelligence-powered data security and data management software solutions.  Cohesity's products and services are designed to secure, protect, manage, and gain valuable insights and analytics from data stored in global computer networks across local, remote, edge, and cloud computing networks.  Cohesity provides its services to businesses, institutions, and government agencies with substantial data management needs in the United States and around the world.  This includes many of the world's most sophisticated and widely recognized companies, including nearly half of the companies on the Fortune 100 list.  Cohesity helps defend against cybersecurity threats with comprehensive data security and management capabilities, including immutable backup snapshots, artificial intelligence-based threat detection, malicious behavior monitoring, and rapid recovery at scale.  Cohesity's Helios products and services can be delivered as a service, self-managed, or provided by a Cohesity-powered partner.

20. Cohesity has created innovative, cutting-edge enterprise backup and recovery solutions. As explained by Gartner,[3] a leading technology research and insight firm, enterprise backup and recovery solutions help enterprises with large and expansive amounts of business-critical data protect these workloads by "capturing a point in time copy (backup) of enterprise data" for the "primary purpose of recovering it in the case of loss." These solutions allow enterprises to recover vital data that might otherwise be lost in an accidental, malicious, or environmental event. Thus, Cohesity's data backup and recovery solutions allow enterprises to ensure business continuity, avoid considerable downtime, lost revenue, diminished capacity, and the risk of regulatory fines during a potential data-loss event.

21. Cohesity's technologies have been recognized by top industry organizations for its high-quality and have earned numerous rankings and recognitions year over year, including:

   a. named to the Forbes 2024 Cloud 100, the definitive ranking of the top 100 private cloud companies in the world;
   b. named as a Leader in the Gartner Magic Quadrant for Enterprise Backup and Recovery Software Solutions for four years in a row;
   c. named in the Gartner Peer Insights Customers' Choice for Enterprise Backup and Recovery Software Solutions for six years in a row;
   d. named HPE Global Momentum Technology Partner of the Year;
   e. among CRN's Security 100, Storage 100, and Cloud 100 Companies for 2024;
   f. among CRN's inaugural AI 100 Companies for 2024;
   g. earned a five-star rating in CRN's 2024 Partner Program Guide for five years in a row;
   h. named a Leader in the IDC MarketScape for Worldwide Cyber Recovery;
   i. selected in D.A. Davidson & Co.'s The Heard report for 2024, recognizing the top 100 private software companies globally;
   j. awarded the NorthFace Scoreboard Award for excellence in customer service for eight years in a row;
   k. named the Gold Winner for Best User Interface at the 2023 London Design Awards;

---

[3] https://www.gartner.com/reviews/market/enterprise-backup-and-recovery-software-solutions.

l.  designated a 2023 Leader in the Omdia Universe: Protecting and Recovering Data in the Cloud Era, 2022–23 report;

m. ranked among the top four vendors in the industry and as an Outperformer in the 2023 GigaOm Radar Report for Enterprise Scale-Out File Systems;

n.  named a Leader in The Forrester Wave: Data Resilience Solution Suites, Q4 2022 report;

o.  recognized for Helios in Network World's Hot Products at VMworld 2018; and

p.  honored for Helios as a TechTarget 2018 Best of VMworld Finalist in the Data Protection category.

22.  Cohesity has thousands of customers for its technologies, including Nasdaq, Nationwide Insurance, Delta Airlines, AutoNation, Salesforce, Phillips 66, Broadcom, NEC, and several top U.S. banks.  Thus, Cohesity's customers include large businesses that are sophisticated and tech-savvy.  Large enterprise technology consumers typically conduct extensive research with the help of in-house or consultant specialists when choosing enterprise level technology solutions.  This is because enterprise-level data solutions typically require a significant investment and can be vital to a business's operations.  As a general matter, the products and services offered under Cohesity's Helios Marks provide an interface for Cohesity's other solutions.  Thus, it is mainly of interest to consumers that have already implemented or are interested in implementing Cohesity's enterprise backup and recovery solutions, further negating any likelihood of confusion with any other product or service.

23.  On August 21, 2018, Cohesity announced the release of its Helios products and services.  Cohesity's Helios is a software-based management solution that enables Cohesity customers to view and manage their data and applications that use a Cohesity solution from a single dashboard.  Cohesity's Helios consolidates secondary data and applications, such as backup, test/development, archives, and analytics all in a single unified user interface.  The Helios platform allows businesses using a Cohesity solution to view, manage, and secure their global data and software applications, no matter where they may be located across a business's many and various computer networks.  In addition, Cohesity's Helios offering includes

1  downloadable software for data management and data storage.  Software may be downloaded
2  from Cohesity's online marketplace, or users may download Cohesity's Helios-branded mobile
3  app.

4      24.    Cohesity has common law trademark rights in the HELIOS trademark as early as
5  August 21, 2018.  Due to Cohesity's extensive marketing of its Helios products and services,
6  Cohesity's common law rights extend nationwide.

7      25.    On July 2, 2020, Cohesity applied to register the HELIOS trademark with the
8  USPTO.  The trademark registered under Registration No. 7,095,707 on July 4, 2023, in
9  connection with, among other things, downloadable computer software for data management in
10 Class 009, and software-as-a-service for data management in Class 042.  The registration claims a
11 first use in commerce date of August 21, 2018, in both Classes 009 and 042.  A copy of
12 Cohesity's certificate of U.S. Registration No. 7,095,707 for the HELIOS trademark is attached
13 hereto as **Exhibit A**.  That registration entitles Cohesity to a presumption that it has the exclusive
14 right to use the registered trademark in United States commerce on or in connection with the
15 goods or services specified in the certificate.

16     26.    In addition to this registration, Cohesity owns pending U.S. application Serial No.
17 90/033,875 for the HELIOS trademark, also filed on July 2, 2020, which covers, among other
18 things, an on-line marketplace via a website featuring downloadable cloud-based software
19 applications in Class 035, and additional services in Classes 041 and 042.  A Notice of Allowance
20 issued for pending U.S. application Serial No. 90/033,875 on June 18, 2024.  On November 14,
21 2024, Cohesity filed a Statement of Use for the services in Class 035 and a Request to Divide the
22 application, which is pending examination by the USPTO.

23     27.    Cohesity has used the HELIOS trademark since on or before August 21, 2018, in
24 association with Cohesity's goods and services.  It has incurred substantial advertising
25 expenditures and engaged in widely distributed advertising campaigns related to its Helios
26 products and services.  As a result of Cohesity's continuous and extensive use and promotion of
27 the HELIOS trademark in connection with its products and services, and as a result of the
28

significant commercial success of its Helios software solutions, Cohesity's HELIOS trademark is well-known and has developed significant reputation and goodwill.

**B.       Defendant And Its Alleged Trademark Rights**

28.     According to Defendant Cartesian Theatre's website,[4] Defendant's HELIOS product is a music recommendation engine that allows customers to search large commercial music libraries by using music itself as the search key.  Defendant states that in the "absence of such technology," a business seeking to find a certain type of music would need to "manually search, using textual tags, and listen to a great deal of irrelevant music in the hopes of finding the one the client is actually willing to spend money on."[5]  Defendant's website indicates that its product could be used by music streaming services, businesses that "receive a new supply of music each month from artists," businesses that have "digital jukebox(es) in bars," businesses that have a "music catalogue management platform," "online digital music store(s)," and businesses that "market software for film studios."[6]

29.     On August 12, 2024, Defendant's principal and founder Kipling Warner contacted Cohesity.  Mr. Warner admitted that Defendant and Cohesity did not have identical products, but nonetheless, alleged that Cohesity infringed on Defendant's trademark.  As a remedy to the alleged infringement, Mr. Warner demanded that Cohesity license the HELIOS trademark or suffer "catastrophic" consequences.

30.     Prior to being contacted by Defendant on August 12, 2024, Cohesity was unaware of Defendant and had not heard of its Helios-branded solutions.  Cohesity and Defendant operate in distinct markets and Cohesity does not compete with Defendant or have similar or competing products or services.

31.     Roughly two weeks after first contacting Cohesity, on August 12, 2024, Defendant filed an application for the HELIOS trademark in the United States.  On August 29, 2024, Defendant filed a use-based trademark application for the HELIOS trademark in the United States

---

[4] https://heliosmusic.io/.
[5] https://heliosmusic.io/pages/product/.
[6] *Id.*

1  (Serial No. 98/724,373) covering "[d]ownloadable computer software and databases for use in analyzing music" in Class 009 and "[s]oftware as a service (SaaS) services featuring computer software for music analysis and management; advisory services in the field of music software development" in Class 042.

32. After Cohesity explained to Defendant that Cohesity's HELIOS offerings are fundamentally different than Defendant's purported music analysis offering and rejected Defendant's offer to license the HELIOS trademark, Defendant threatened to issue "notices of infringement" to third parties currently delivering products and services using the HELIOS trademark on behalf of Cohesity. Mr. Warner further threatened that, if an amicable resolution was not reached, **"[t]he fallout would inevitably not be contained domestically"** (*i.e.*, in Canada) and that Defendant would "proceed with the next appropriate procedural steps, not having waived any of its rights in law or in equity to date."

33. Defendant then made good on Mr. Warner's threat. On information and belief, Defendant proceeded to contact major Cohesity business partners in the United States with false allegations that Cohesity infringes Defendant's trademark and encouraged each of them to stop supporting Cohesity's Helios products and/or services because of the infringement.

34. On October 9, 2024, Cohesity was served with a trademark infringement lawsuit filed in Federal Court in Canada under Court File No. T-2636-24. The Canadian suit involves a similar dispute regarding Defendant's alleged rights to the HELIOS trademark in Canada. It does not concern Defendant's allegations of infringement in the United States, nor could a Canadian court resolve the current dispute regarding the rights to use the HELIOS trademark in the United States.

35. Following the filing of the Canadian lawsuit, Defendant continues to allege that Cohesity infringes in the United States. Defendant continued to contact at least one (and likely more) of Cohesity's U.S. business partners to encourage them to stop supporting Cohesity's allegedly infringing products and services. After the filing of the Canadian lawsuit, Mr. Warner also represented to Cohesity and one of its U.S. business partners that he had sent "approximately a thousand takedown requests to various platforms" regarding the use of HELIOS trademark,

including some that have resulted in the removal of Cohesity publications. Thus, Cohesity is unaware of the full extent of the harm that it has suffered as a result of Defendant's actions.

36. In light of (i) Mr. Warner's recent filing of a U.S. trademark application for the HELIOS trademark and his infringement claims, (ii) the notices of infringement already lodged with Cohesity business partners in the United States, and (iii) Mr. Warner's representation that the "fallout" from failing to agree to license the right to use the HELIOS trademark would "not be contained domestically" (*i.e.*, in Canada) and that he would "proceed with the next appropriate procedural steps, not having waived any of its rights in law or in equity to date," Cohesity has a real and reasonable apprehension that it will be sued for infringement regarding use of the HELIOS trademark the United States.

## CLAIMS FOR RELIEF

## COUNT I

### Declaratory Judgment for Non-Infringement of Cohesity's HELIOS Trademark

37. Cohesity repeats and realleges each and every allegation above as if fully set forth herein.

38. Cohesity is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing Defendant's alleged rights in its HELIOS trademark, to the extent Defendant even has any such rights.

39. The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. Defendant has alleged that it owns trademark rights to the HELIOS name, and that Cohesity's use of its federally registered HELIOS trademark infringes Defendant's trademark rights thereto.

41. Defendant does not have trademark rights in the HELIOS name that pre-date Cohesity's trademark rights in the HELIOS name in the United States, and, therefore, Cohesity cannot infringe any of Defendant's alleged U.S. trademark rights in the name HELIOS.

42. Cohesity does not infringe Defendant's alleged trademark rights for the additional reason that there is no likelihood of confusion between the parties and their respective products or

services. For instance, the parties' respective products and services are different and used for entirely different purposes. Cohesity's HELIOS software solution is a dashboard that compliments Cohesity's enterprise backup and recovery solutions. In contrast, Defendant's product is a music similarity search engine. And because the parties' respective software products are used for very different purposes, it is unlikely that either party would expand into the other's product line.

43. The customers seeking out Cohesity's offerings under its Helios Marks and Defendant's music software are also likely to be vastly different and would recognize each of these products and services as distinct. Cohesity's customers are tech-savvy, sophisticated, and discerning in their research and purchase of Cohesity's products, including Cohesity's Helios software solutions. Moreover, Cohesity's offerings under its Helios Marks are typically advertised together with the well-known COHESITY house mark.

44. On information and belief, the parties also use different marketing channels to promote and advertise their respective products and services.

45. Moreover, upon information and belief, there are numerous third parties using the name HELIOS for software related products and services in the United States, further reducing any likelihood of confusion. As an example, the Apple App Store has several software applications that contain the word "Helios" that pertain to sports management, education, sunrise times, expense management, marketing, photos and video, shopping, entertainment, and Pilates, among others.

46. As noted above, prior to being contacted by Defendant on August 12, 2024, Cohesity was unaware of Defendant and had not heard of its Helios branded solutions. Cohesity therefore adopted its Helios Marks in good faith.

47. In light of the foregoing, among other factors, consumers are unlikely to mistakenly believe that there is a connection, affiliation, or relationship between the parties. Nor would consumers mistakenly believe that the offerings under Cohesity's Helios Marks are produced by, associated with, or sponsored by Defendant, or that Cohesity produced, sponsored, or was associated with Defendant or its HELIOS music product.

1      48.    Because Defendant has (i) threatened action to prevent Cohesity from continuing to use its Helios Marks, and (ii) has purportedly submitted "a thousand takedown requests to various platforms" regarding the use of the HELIOS trademark, including related to Cohesity's use of the trademark, and because a declaration by this Court that Cohesity's use of the Helios Marks do not infringe Defendant's alleged rights in the HELIOS trademark will allow the distribution and use of Cohesity's products and services offered under the Helios Marks to continue without disruption and fear of litigation, Cohesity is entitled to a declaratory judgment of non-infringement.

## PRAYER FOR RELIEF

WHEREFORE, Cohesity respectfully requests Judgment against Defendant as follows:

1. Find and declare that Cohesity's use of its HELIOS trademark does not infringe Defendant's alleged trademark rights;
2. Enter an order enjoining Defendant from asserting or otherwise enforcing any alleged trademark rights against Cohesity;
3. Award Cohesity reasonable attorneys' fees, expenses, and costs in this action; and
4. Grant such other, further, and different relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Cohesity demands trial by jury on all issues so triable in this action.

Dated: December 17, 2024

By: */s/ Catherine T. Zeng*
Catherine T. Zeng, Esq.

Michael C. Hendershot (SBN 211830)
mhendershot@jonesday.com
Catherine T. Zeng (SBN 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

*Attorneys for Plaintiff Cohesity, Inc.*

NAI-1541953013