Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Attorneys for Plaintiff Cohesity, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 – 25, <br><br> Defendants. | Case No. 4:24-CV-9104-JST <br><br> **PLAINTIFF COHESITY, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND OPPOSITION TO DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION FOR EXTENSION OF TIME TO FILE ANSWER OR DISPOSITIVE MOTION THAT WAS MAILED BUT NOT FILED** <br><br> Hearing: March 27, 2025 <br> Time: 2:00 p.m. <br> Place: Courtroom 6 <br> Judge: Hon. Jon. S. Tigar |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 27, 2025 at 2:00 p.m., or as soon thereafter as the matter may be heard, Plaintiff Cohesity, Inc. hereby moves to strike Defendant Cartesian Theatre Corp.'s "Pro Se" Motion for Extension of Time to File Answer or Dispositive Motion That Was Mailed But Not Filed (the "Motion").

This Motion and Opposition is based upon the pleadings, files, and records in this action, this Notice of Motion and Motion, the Declaration of Catherine T. Zeng in Support of the Motion and Exhibits A-O attached thereto, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 28, 2025, Cartesian Theatre Corp. ("Cartesian Theatre"), through its founder Mr. Kipling Warner, sent a Motion for Extension of Time to File Answer or Dispositive Motion ("Motion") to Cohesity, Inc. ("Cohesity") by email.[1] This Motion was not filed through a member of the bar of this Court, nor was it filed through the Court's document filing system. Accordingly, the Motion is invalid, and to the extent the Motion is not outright rejected by this Court, it should be stricken. Nevertheless, out of an abundance of caution and to preserve its objections, Cohesity also opposes the requested extension and respectfully requests that the Court deny the Motion, if it is not stricken. Cartesian Theatre's stated reason for its requested multi-month extension—its purported inability to find qualified intellectual property counsel in the Northern District of California—is belied by the fact that it is already represented by intellectual property counsel in California that is admitted in this District.

## II. FACTUAL BACKGROUND

Cohesity filed its Complaint against Cartesian Theatre on December 17, 2024. Dkt. No. 1. Cohesity properly served Cartesian Theatre with the Complaint on December 20, 2024. Dkt. No.

---

[1] The purported Motion is attached to the Declaration of Catherine T. Zeng ("Zeng Decl."), filed herewith, as Exhibit A, and it is cited herein as "Ex. A Motion."

PL.'S MOTION TO STRIKE AND OPP. TO EXTENSION, NO. 4:24-CV-9104-JST

13 at 3. Therefore, Cartesian Theatre's answer to the Complaint was originally due January 10, 2025, as Cartesian Theatre acknowledges in its Motion. *See* Ex. A Motion, ¶ 1.

On January 7, 2025, at Cartesian Theatre's request through its Canadian counsel, Cohesity agreed to a three-week extension for Cartesian Theatre to answer or otherwise respond to the Complaint, i.e., to January 31, 2025. Hendershot Decl., ¶ 4, Ex. C. However, Cohesity advised Cartesian Theatre that it would need to file a stipulation with the Court to this effect. *Id.* To date, Cartesian Theatre has not filed such a stipulation.

On January 28, 2025, Mr. Warner, apparently acting on Cartesian Theatre's behalf, sent Cohesity the Motion via email. *Id.*, ¶ 3, Ex. B. The Motion is stylized as filed by "Pro Se Defendant" Cartesian Theatre, and it is signed by Mr. Warner. Ex. A Motion, at 1.

The Motion requests that Cartesian Theatre's response to Cohesity's Complaint be due on April 30, 2025, because Cartesian Theatre allegedly has not been able to locate counsel. *Id.*, ¶¶ 3, 5. Cartesian Theatre also complains in the Motion about its delayed receipt of documents by physical mail (*id.*, ¶ 5.b), even though the referenced documents were also sent by email to Cartesian Theatre. Hendershot Decl., ¶ 5, Ex. D. In the cover email to the Motion, Mr. Warner alleged that he could not file the Motion via the Court's filing system, and that he instead mailed physical copies to the Court that "may not arrive for a month or more due to [the Canadian] postal system's national labour dispute." *Id.*, ¶ 3, Ex. B. Cartesian Theatre provided no notice of the Motion to Cohesity prior to its email attaching the Motion. *Id.*, ¶ 3.

By way of a January 30, 2025 response letter, Cohesity advised Cartesian Theatre's Canadian counsel that it would agree to an additional two-week extension for Cartesian Theatre to respond to the Complaint. *Id.*, ¶ 6, Ex. E. This additional extension was a "gesture of goodwill," given the excessive nature of the request and the harm faced by Cohesity. *Id.* Cohesity advised in its response letter that the Motion is invalid since it was sent to the Court by mail and on a *pro se* basis. *Id.* Cohesity also explained that Cartesian Theatre's alleged inability to find counsel in this District with intellectual property experience is untenable given the number of such practitioners in this District, including Cartesian Theatre's existing U.S. counsel. *Id.*

Notably, Cartesian Theatre's U.S. General Counsel: (1) is licensed in California; (2) is

PL.'S MOTION TO STRIKE AND OPP. TO EXTENSION, NO. 4:24-CV-9104-JST

admitted to practice in this District; (3) is associated with a California law firm; and (4) identifies himself as an intellectual property litigator. *Id.*, ¶¶ 7–10, Exs. E–I. Moreover, Cartesian Theatre is currently represented before the U.S. Patent and Trademark Office in connection with the trademark at issue in this case by the U.S. law firm Harness, Dickey & Pierce, which, according to its website, is an "IP firm with 100 IP attorneys" that has "appeared before federal and state courts throughout the nation," including four appearances in this District in the past three years. *Id.*, ¶¶ 11–16, Exs. J–O.

### III. ARGUMENT

#### A. Cartesian Theatre's Purported Motion Should Be Stricken Because Cartesian Theatre May Only Appear Through Licensed Counsel.

Pursuant to Civil Local Rule 3-9(b), "[a] corporation, unincorporated association, partnership, or other such entity may appear only through a member of the bar of this Court." This rule follows more than "two centuries" of caselaw holding that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *see also In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.").

Cartesian Theatre acknowledges its inability to appear *pro se* in its Motion. Ex. A Motion, ¶ 5.d. Yet, Cartesian Theatre signed the purported Motion as a "Pro Se Defendant" with a signature from Mr. Warner. *Id.* at 1, 3. Mr. Warner is not a lawyer, so he cannot act on behalf of Cartesian Theatre in this matter. *U.S. Commodity Futures Trading Comm'n v. Castillo*, Case No. 06-cv-2540, 2007 WL 2088372, at *1 (N.D. Cal. July 19, 2007) ("Non-attorneys, including a corporation's president and sole shareholder, are barred from representing a corporation."). Thus, to the extent the Court recognizes Cartesian Theatre's Motion, the Court should strike the Motion on this basis alone.

#### B. Cartesian Theatre's Motion Should Also Be Stricken Because It Was Sent By Mail.

Parties to a case cannot file motions by mail. Neither the Local Rules nor the Federal Rules of Civil Procedure contemplate filing by mail. Rather, as a corporation, Cartesian Theatre must be

represented by licensed counsel, who "shall register to become an ECF user" and "file the responsive pleading electronically." Civ. L.R. 5-1(d). Even a *pro se* party—which Cartesian Theatre cannot be as a corporation—can only file: (1) by visiting the Clerk's Office, (2) "manually" by "deposit[ing] in a Clerk's Office drop box," or (3) via the Court's Electronic Case Filing system. Civ. L.R. 5-1(b) & 5-4(a). Accordingly, Cartesian Theatre's attempt to file its Motion by mail should be rejected, and the Motion should be stricken as lodged through an impermissible method.

### C. In the Alternative, Cartesian Theatre's Motion Should Be Denied Because The Requested Extension Is Excessive And Unsupportable.

If the Court does not reject or strike Cartesian Theatre's Motion, the Court should deny the Motion because an additional three-month extension—which amounts to a total extension of 110 days from Cartesian Theatre's deadline to respond to the Complaint—is excessive and would cause unnecessary delay. Cartesian Theatre also does not have a good faith basis for its request. None of Cartesian Theatre's purported reasons for the extension are supportable for the reasons set forth, in turn, below.

***First***, service of the Complaint before the holiday season does not warrant a three-month extension. Ex. A Motion, ¶ 5.a. Cohesity already agreed to a three-week extension for this very reason. Zeng Decl., ¶ 4, Ex. C.

***Second***, Canada's alleged postal system labor dispute has no bearing on the present action. Ex. A Motion, ¶ 5.b. For example, the dispute did not impact proper service of the Complaint on Cartesian Theatre. Dkt. No. 13. The dispute has not impacted Cartesian Theatre's immediate receipt of all relevant documents in this case, nor does Cartesian Theatre contend it did not also receive documents via email. Zeng Decl., ¶ 5, Ex. D. The postal issues should also not affect Cartesian Theatre's ability to file documents in this case because such filings should be done through the Court's online e-filing system, as explained above.

***Third***, Cartesian Theatre should not be heard to complain about its inability to secure legal representation for this case. Cartesian Theatre has had ample time to retain counsel in this District, and Cartesian Theatre appears to **already have IP counsel in this District**. For example, Cartesian Theatre's website lists its leadership team, including "US General Counsel" Gary Shuster. Zeng

Decl., ¶ 7, Ex. F, at 2. Mr. Shuster was served with the Complaint in this case on December 23, 2024, is licensed to practice law in California, has an office in California, and has been admitted to practice in this District since February 24, 1993. *Id.*, ¶¶ 8–10, Exs. G–I; Dkt. No. 12 at 2. Additionally, Cartesian Theatre is represented by the national law firm Harness, Dickey & Pierce, which has recently appeared in intellectual properly cases in this District, in connection with the trademark that is at issue in this litigation. Zeng Decl., ¶¶ 11–16, Exs. J–O. And, of all Districts in the country, intellectual property litigators abound in this District.

Furthermore, as Cartesian Theatre recognizes in its Motion, the requested extension would impact other deadlines, including the date for the Court's Initial Case Management Conference, causing inconvenience to the Court. By seeking to unnecessarily prolong the case, Cartesian Theatre also prevents Cohesity from obtaining its sought-after declaratory judgment, which Cohesity requires to protect itself from Cartesian Theatre's false infringement allegations made to Cohesity's U.S. business partners, as well as to respond to the takedown allegations filed by Cartesian Theatre. *See, e.g.*, Dkt. 1, ¶¶ 35–36, 48.

Thus, if the Court considers the merits of Cartesian Theatre's Motion, the Court should deny the Motion because no good cause exists for the requested extension.

IV. **CONCLUSION**

For the foregoing reasons, and to the to the extent the Court does not reject the Motion outright, Cohesity respectfully requests that the Court strike Cartesian Theatre's Motion as improperly filed *pro se* by a corporation and by mail. In the alternative, the Court should deny the Motion because the requested three-month extension is excessive under the circumstances, is without justification, and would cause unnecessary delay.

Dated: February 3, 2025

By: */s/ Catherine T. Zeng*
Catherine T. Zeng, Esq.

*Attorney for Plaintiff Cohesity, Inc.*

# CERTIFICATE OF SERVICE

I, Trudy Carney, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Jones Day, 1755 Embarcadero Road, Palo Alto, California 94303. On February 3, 2025, I served a copy of the within document(s):

1. PLAINTIFF COHESITY, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND OPPOSITION TO DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION FOR EXTENSION OF TIME TO FILE ANSWER OR DISPOSITIVE MOTION THAT WAS MAILED NOT FILED

2. DECLARATION OF CATHERINE T. ZENG IN SUPPORT OF PLAINTIFF COHESITY, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND OPPOSITION TO DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION FOR EXTENSION OF TIME TO FILE ANSWER OR DISPOSITIVE MOTION THAT WAS MAILED NOT FILED AND EXHIBITS A-O ATTACHED THERETO

3. [PROPOSED] ORDER GRANTING PLAINTIFF COHESITY, INC.'S MOTION TO STRIKE DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION FOR EXTENSION OF TIME TO FILE ANSWER OR DISPOSITIVE MOTION THAT WAS MAILED BUT NOT FILED

[x] by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

[x] by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for UPS delivery.

[ ] BY ELECTRONIC SERVICE: I electronically filed the document(s) with the Clerk of the Court by using the TrueFiling system. Participants in the case who are registered TrueFiling users will be served by the TrueFiling system. Participants in the case who are not registered TrueFiling users will be served by mail or by other means permitted by the court rules.

Cartesian Theatre Corp.
Attn: Kip Warner
2115 Cypress Street, Suite 108
Vancouver, British Columbia V6J 3M3, Canada
Email: kip@heliosmusic.io; legal@cartesiantheatre.com

Cartesian Theatre Corp.
Attn: Kip Warner
1055 West Georgia Street, Suite 1750
Vancouver, British Columbia V6E 3P3, Canada
Email: kip@heliosmusic.io; legal@cartesiantheatre.com

Westpoint Law Group
Attn: Polina H. Furtula
2200-1177 W. Hastings Street
Vancouver, British Columbia V6E 2K3, Canada
Email: phf@westpointlawgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the UPS on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 3, 2025, at Palo Alto, California.

*Trudy Carney*