Kip C.S. Warner
kip@heliosmusic.io
CARTESIAN THEATRE CORP.
2200 - 1177 West Hastings St
Vancouver, BC
Canada  V6E 2K3

*Pro Se Defendant*

**FILED**

APR 01 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Division: Oakland



| COHESITY, INC., | CASE NO. 4:24-CV-9104 |
|---|---|
| Plaintiff, | **DEFENDANT CARTESIAN THEATRE CORP.'S NOTICE OF MOTION AND MOTION TO STAY** |
| v. | |
| CARTESIAN THEATRE CORP., and DOES 1 - 25 | Judge. Hon. Jon S. Tigar |
| Defendant | |

### NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CARTESIAN THEATRE CORP. ("**CT**")
hereby and does move the Court for an order staying this proceeding in the above-captioned
action pending final disposition of the parallel proceeding between CT and COHESITY, INC.
("**Cohesity**") in *CARTESIAN THEATRE CORP. v. COHESITY, INC.*, Federal Court of Canada,
Court File No. T-2636-24 (the "**Canadian Proceeding**").

This motion is made on the grounds that the first-filed Canadian Proceeding involving the
same parties and the same core dispute over the HELIOS trademark is currently pending, and
that a stay of this later-filed United States action is warranted in the interests of judicial

efficiency, international comity, and avoidance of inconsistent rulings. In particular, staying this case until the Canadian Proceeding is resolved will:

1. **Promote judicial economy:** It avoids duplicative litigation of overlapping issues in two courts and conserves the resources of the judiciary and the parties. *COWS, INC. v. VIACOM INTERNATIONAL, INC.,* Case No. 2:05CV00524, 5 (D. Utah Nov. 16, 2005).

2. **Respect international comity:** The Federal Court of Canada, where CT first-filed suit, should be permitted to resolve the dispute without interference, especially given Canada's strong interest in adjudicating its domestic trademark rights. *COWS* at 4-5.

3. **Prevent conflicting outcomes:** It minimizes the risk of inconsistent findings or obligations by allowing one authoritative resolution at a time, recognizing that while the Federal Court of Canada cannot decide United States law, its outcome will likely inform or narrow the issues remaining here. *COWS* at 5.

This motion is based on this Notice; the following Memorandum of Points and Authorities; the pleadings, files, and records in this action, CT's Request for Judicial Notice of Federal Court of Canada Proceeding T-2636-24 and Related Trademark Filings ("**CT's Request for Judicial Notice**"), and any other evidence or argument as may be presented that the Court deems appropriate. Pursuant to Civil L.R. 7-3, CT attempted to confer with counsel for Plaintiff Cohesity on 21 March, 2025 by telephone and again on March 23, 2025 by email regarding this motion, but no response was forthcoming as of the date of this motion. CT therefore brings this motion for the Court's determination.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant CT moves to stay this proceeding in favor of an earlier-filed and ongoing

lawsuit between the same parties, CT and Cohesity, in the Canadian Proceeding. The Canadian

Proceeding was filed first on October 8, 2024 and squarely addresses the parties' dispute over the

rights to the HELIOS trademark. In the Canadian Proceeding CT, a Canadian corporation based

in Vancouver, British Columbia, seeks relief under Canadian law for Cohesity's use of the

HELIOS mark in Canada.

Two months later on December 17, 2024, Cohesity initiated the present action, seeking a

declaratory judgment that its use of HELIOS does not infringe CT's trademark rights in the

United States. Thus both cases involve the same parties and a closely related controversy,

whether Cohesity's HELIOS branding infringes CT's trademark - albeit in different jurisdictions.

A stay of this action pending resolution of the Canadian Proceeding is warranted for

several compelling reasons. First, the Canadian Proceeding was first-filed and is already well

underway, whereas this United States case is in its early stages. Staying the later-filed action

honors the first-filed forum and prevents duplicative litigation.

Second, a stay advances judicial economy by avoiding parallel proceedings in two

countries involving overlapping facts, witnesses, and evidence. *COWS* at 5. *GreenPower Motor*

*Company, Inc. v. Phillip Oldridge*, 5:22-cv-00252, (C.D. Cal. Nov. 14 2022) (unpublished order).

Third, a stay promotes international comity, respecting Canada's interest in adjudicating

its own trademark laws and avoiding unnecessary interference by a United States court in a

dispute that is already being addressed abroad. *COWS* at 5.

Finally, a stay will avoid inconsistent rulings and prejudice. While this Court would

ultimately decide United States trademark issues if needed, allowing the Federal Court of Canada

to reach a final decision first may streamline or even resolve the dispute between the parties,

thereby potentially obviating the need for further litigation here. *COWS* at 5.

Cohesity will not suffer any unfair prejudice from a temporary stay; it remains free to pursue its defenses and counterclaims in the Canadian forum, and can resume this case after the Canadian matter concludes, if necessary. *COWS* at 5.

For these reasons, detailed further below, CT respectfully requests that the Court stay this proceeding until the Canadian Proceeding has reached a final disposition.

## II.    FACTUAL BACKGROUND

### A. The Canadian Proceeding (Earlier-Filed):

On October 8, 2024, CT, a Vancouver-based corporation, filed a Statement of Claim in the Federal Court of Canada against Cohesity. In that action, CT alleges that it owns the rights to the HELIOS trademark in Canada, including a registration for HELIOS, and that Cohesity's use of HELIOS in connection with its software and services infringes those rights.

The Statement of Claim asserts causes of action under the Canadian *Trademarks Act*, RSC 1985, c T-13, for trademark infringement (ss 19-20), among others. For example, CT's pleading alleges that Cohesity has "*infringed the Plaintiff's exclusive rights in the Helios Trademark,*" and used the mark in a manner likely to depreciate the goodwill associated with it. CT seeks remedies, including injunctive relief, to stop Cohesity's use of HELIOS in Canada, damages or an accounting of profits (s 53.2(1)), and other relief under Canadian law.

Cohesity was served with the Canadian pleading on or about October 9, 2024, and thereafter responded in the Canadian Proceeding. Specifically, on November 18, 2024, Cohesity filed a Statement of Defence and Counterclaim in the Federal Court of Canada. In its Canadian defense, Cohesity denied infringing and raised various allegations against CT, including a counterclaim seeking to invalidate CT's Canadian HELIOS registration and to enjoin CT from interfering with Cohesity's use of the mark. Among other things, Cohesity's Canadian

counterclaim accuses CT of acting in bad faith and engaging in improper tactics to monopolize the HELIOS mark, such as threatening Cohesity's business partners and sending takedown notices. CT, in turn, filed a Defence to Counterclaim on December 18, 2024, denying Cohesity's allegations, and Cohesity filed a Reply on January 15, 2025. Thus, the pleadings in the Canadian Proceeding are now closed pursuant to *Rule* 202 of the Canadian *Federal Courts Rules*, SOR/98-106, and that case is moving forward into the discovery and adjudication phase in Canada per *Rule* 223(1).

### B. The United States Action (Later Filed):

On December 17, 2024, roughly ten weeks after the Canadian Proceeding was filed, Cohesity initiated the instant lawsuit by filing a Complaint in this Court. Cohesity's Complaint is styled as an action for Declaratory Judgment of Non-Infringement of trademark. In essence, Cohesity asks this Court to declare that its use of the HELIOS name for its software products and services does not infringe any trademark rights that CT claims to have. The impetus for Cohesity's suit was CT's trademark enforcement efforts: Cohesity acknowledges in its Complaint that CT "*has already commenced an action against Cohesity in Canada*" regarding use of the HELIOS mark, and that CT also alleged Cohesity's United States use of HELIOS was infringing and contacted Cohesity's United States partners with infringement claims.

Cohesity's Complaint concedes that the Canadian lawsuit involves "*a similar dispute*" over HELIOS in Canada, but "*does not concern (...) infringement in the United States, nor could a Canadian court resolve the (...) dispute regarding the rights to use the HELIOS trademark in the United States*". On this basis, Cohesity seeks a declaratory judgment that its HELIOS branded software does not infringe CT's trademark rights under United States law.

No substantive proceedings have yet occurred in this Court. To date, Defendant CT has

not answered the Complaint, and the parties have not commenced discovery. In contrast, the Canadian Proceeding, which will address the core trademark dispute between the parties, is significantly further along.

## III.    LEGAL STANDARD

Federal courts have broad discretion and inherent authority to manage their dockets, including the power to stay proceedings in the interests of justice and efficiency. As the Supreme Court has stated, *"the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). This inherent power extends to staying an action in deference to a related case pending in a foreign jurisdiction under principles of international comity and judicial efficiency. *COWS* at 4.

In determining whether to stay proceedings due to a parallel foreign action, courts typically consider factors such as: (1) the similarity of the parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) the adequacy of relief available in the alternative (foreign) forum; (4) fairness and convenience to the parties (and counsel and witnesses); (5) potential prejudice to any party; and (6) the order in which the actions were filed (temporal sequence). *COWS* at 4. These factors are not a rigid test, but guide the court's discretion in balancing the interests of the parties, the courts, and the public in the context of parallel proceedings.

Additionally, because the present case is a declaratory judgment action, the Court's discretionary authority is particularly broad. The Declaratory Judgment Act confers discretion on courts to decline or postpone adjudicating declaratory claims in appropriate circumstances. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). A district court has substantial discretion in

deciding whether to entertain a declaratory judgment action, especially when parallel

proceedings are pending in another forum. In other words, this Court may abstain or defer

resolution of Cohesity's declaratory claim in light of the parallel Canadian Proceeding without

abdicating its jurisdiction, as long as the decision is a sound exercise of discretion grounded in

comity and efficiency considerations.

Ultimately Federal courts have the inherent power to stay an action based on the

pendency of a related proceeding in a foreign jurisdiction. *COWS* at 4. Where, as here, the

relevant factors strongly favor allowing the first-filed foreign action to proceed first, a stay of the

later-filed United States action is an appropriate exercise of the Court's discretion. Indeed, often

the "*appropriate resolution is a stay rather than a dismissal of the American action*" in deference

to an overseas proceeding. *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1523

(11th Cir. 1994).

## IV.    ARGUMENT

### A. All Relevant Factors Strongly Support a Stay Pending the Canadian Proceeding

**The two actions involve the same parties and overlapping issues.** CT's current

Canadian registration for HELIOS and its pending USPTO application both feature identical

standard characters, identical international classifications 9 and 42, and identical descriptions

(CT's Request for Judicial Notice, Exhibits F-G).

It is undisputed that the Canadian Proceeding and this case feature identical parties

(Cohesity and CT) who are engaged in a single overarching dispute. In both lawsuits, the core

issue is the parties' conflict over the HELIOS trademark and whether Cohesity's use of HELIOS

is permissible or infringing. The Canadian Proceeding focuses on infringement of CT's

trademark under Canadian law (within Canada), while this case seeks a declaration concerning

infringement of, or interference with, CT's trademark rights under United States law.

Although the legal frameworks differ by jurisdiction, the factual nucleus of both cases is substantially the same: e.g., the development and adoption of the HELIOS name by each party, the nature of the parties' respective products and services, the chronology of use and registration of the mark, the interactions between the parties regarding the mark, and the likelihood of confusion, or lack thereof, among consumers. Indeed, Cohesity's own Complaint acknowledges that the Canadian suit involves a "*similar dispute*" regarding Defendant's rights to HELIOS (just in Canada). The Federal Court of Canada's determination of issues like which party used the mark first, the scope of CT's rights in HELIOS, and whether confusion has resulted from Cohesity's use will directly inform any analysis of the same questions in the United States' context. In short, the overlap of parties and issues strongly favors a stay. Proceeding simultaneously in both courts would require re-litigating many of the same facts and contentions, wasting resources and raising the possibility of inconsistent factual findings.

**Judicial efficiency and economy would be best served by a stay.** Conducting two parallel litigations over the HELIOS trademark, one in California and one in Canada, would be inefficient and burdensome. A stay avoids duplicative discovery and proceedings in the two forums.

For example, without a stay both parties would have to engage in discovery twice, once under United States' rules and once under Canadian rules, regarding overlapping matters such as the marketing of HELIOS-branded products, consumer perception, and the parties' communications. Key witnesses (employees of Cohesity and CT, customers, etc.) might be deposed in both actions on similar issues. Two courts would be asked to adjudicate similar factual questions and perhaps even hear from the same experts opining on likelihood of

confusion or branding. This parallel track would double the expense and effort for all involved and risk inconsistent results. By contrast, staying this case allows the dispute to be litigated in one forum at a time, focusing first on the Federal Court of Canada which was first seized of the controversy. As one court observed in analogous circumstances, "*Judicial efficiency favors proceeding before one tribunal at a time, thus avoiding duplicative discovery and undue burden to parties, counsel and witnesses.*" *COWS* at 5.

Here, consolidating efforts in the Canadian Proceeding first will significantly conserve judicial time and party resources. If CT prevails in Canada, the scope of any remaining issues for this Court may be greatly narrowed (or the parties might reach a global settlement); if Cohesity prevails in Canada, that outcome might moot Cohesity's concerns that CT may pursue any claims related to HELIOS elsewhere. In either event, sequential resolution is far more efficient than simultaneous litigation.

**A stay honors principles of comity by deferring to the first-filed foreign court with a strong interest in the dispute.** The doctrine of international comity supports a stay in deference to the ongoing Canadian Proceeding. CT chose to file suit in its home country (Canada) to enforce its trademark rights, and that court obtained jurisdiction over this dispute well before the instant case began. Canada has a significant interest in adjudicating the rights associated with a trademark registered in Canada and the alleged infringement occurring there.

By allowing the Canadian Proceeding to proceed to judgment, this Court shows appropriate respect for the Canadian judicial process and the sovereign interest of Canada in resolving legal issues under its own trademark laws. Comity does not mandate abdication of jurisdiction, but it encourages courts to exercise care to avoid interference with each other's proceedings when the same parties litigate in two nations. Here, a stay avoids any perception of

this Court racing to decide issues that are before the Canadian court or potentially issuing a ruling that conflicts with the Federal Court of Canada's determinations.

Notably, the Canadian Proceeding was filed on October 8, 2024, whereas Cohesity filed this United States' case on December 17, 2024. This timing indicates that Cohesity's filing was reactive to the Canadian suit, a form of forum shopping to secure a United States forum. Courts frown upon such "*procedural fencing*" and often give priority to the first-filed action, especially when it is pending in a competent foreign forum. *COWS* at 3-5.

Granting a stay here aligns with the first-to-file rule in spirit and respects the Federal Court of Canada's primary role at this juncture in adjudicating the dispute.

Moreover, staying this case still preserves this Court's jurisdiction to address any United States specific issues at the appropriate time, thus balancing comity with the obligation to ultimately decide United States law questions. This approach, pausing but not surrendering jurisdiction, has been endorsed by other courts facing parallel international cases. For example, the Eleventh Circuit has invoked an "*international abstention*" doctrine, holding that in deference to a foreign proceeding, "*the appropriate resolution is a stay rather than a dismissal of the American action.*" *Turner* at 1523. A temporary stay demonstrates comity without permanently denying Cohesity a United States' forum, if one is still needed after the Canadian case.

**The Federal Court of Canada can afford adequate relief and its outcome may render further United States proceedings unnecessary.** Another factor is the adequacy of the foreign forum and the extent to which it can resolve the overall dispute. Here, the Canadian Proceeding squarely addresses the heart of the conflict: it will determine whether Cohesity can continue using HELIOS, at least in Canada, or whether that use infringes CT's rights. While it is

true that the Federal Court of Canada cannot directly decide issues of United States trademark law or definitively adjudicate Cohesity's rights in the United States, the relief available in Canada will significantly influence the parties' positions globally. In fact, Cohesity's counterclaim in the Canadian Proceeding seeks broad relief aimed at curbing CT's ability to object to Cohesity's HELIOS use anywhere, including an injunction preventing CT from challenging Cohesity's trademark applications and use in Canada (CT's Request for Judicial Notice, Exhibit C, para. 29(c)).

This means Cohesity is actively pursuing in Canada a remedy that would neutralize CT's trademark enforcement efforts even beyond Canada's borders. If Cohesity prevails on those claims, it may effectively resolve the controversy, since CT would be estopped or enjoined from pressing its HELIOS claims, presumably including in the United States. Conversely, if CT prevails in Canada and obtains an injunction against Cohesity's use of HELIOS, even if limited to Canada, that outcome could prompt Cohesity to rebrand or settle the dispute globally, obviating the need for this Court to issue a declaratory judgment. In either scenario, the Federal Court of Canada's ability to grant meaningful relief is evident – it can decide the ownership and validity of the HELIOS mark and grant or deny injunctions, declarations, and damages that will shape the real-world behavior of the parties. As *COWS* at 5 noted, even though the foreign court cannot decide United States law issues, its decision *"most certainly can affect the resolve of either or both sides to ultimately pursue this case to trial."*

Thus, waiting for the Canadian Proceeding's outcome is practical. There is no concern that Cohesity will be left without a forum to vindicate its rights: Cohesity is actively litigating in Canada and can return to this Court later if truly necessary. In the meantime, the Canadian forum is providing a perfectly adequate avenue to address the core trademark dispute.

**The balance of convenience and prejudice favors a stay.** Fairness and convenience considerations weigh strongly in favor of a stay. CT is a Canadian company; many of its witnesses and documents are likely located in Canada. Cohesity is a Delaware corporation but, importantly, it has willingly submitted to the Canadian court's jurisdiction to defend the suit there, and even brought a counterclaim there as previously indicated. This demonstrates that Cohesity can obtain a fair opportunity to be heard in Canada. Proceeding in Canada first impose no unfair burden on Cohesity. To the contrary, Cohesity is already expending effort on that litigation, so focusing on it makes efficient use of resources. If this Court were to forge ahead concurrently, Cohesity would have to split its attention and resources between two suits, which is hardly beneficial to Cohesity.

The temporal sequence of filings also supports a stay: the Canadian Proceeding not only came first, but has progressed further. In contrast, this case has not advanced beyond the initial pleading. Staying now avoids entangling the parties in the United States discovery or motion practice that could prove unnecessary.

Importantly, Cohesity will not suffer any legitimate prejudice from a stay. Cohesity's stated goal in this lawsuit is to eliminate uncertainty about its rights to use HELIOS. That clarity will likely emerge from the Canadian litigation. In the interim, a stay preserves the status quo. Cohesity faces no immediate injunctive restraint in the United States; it can continue using its mark, as CT has not sought any preliminary injunction in this Court. If Cohesity is concerned about CT's communications with United States' partners as alleged in the Complaint, those same actions are part of Cohesity's counterclaims in Canada where Cohesity seeks relief for any improper trademark enforcement tactics. Thus, Cohesity is already addressing those grievances in the Canadian Proceeding. Should Cohesity ultimately succeed in showing CT's enforcement

was wrongful, the Federal Court of Canada can award damages or other relief, mitigating any harm during the pendency of the stay. On the other hand, forcing both litigations to march forward in parallel would prejudice CT, and strain both courts, by duplicating efforts and potentially producing conflicting rulings. In sum, the balance of equities favors a stay: it imposes minimal, if any, prejudice on Cohesity, while avoiding substantial hardship and inefficiency for all involved.

### B. Likely Counterarguments by Cohesity Are Unavailing

Cohesity may argue that CT cannot appear *pro se* in this motion and thus has no need to rebuff the substantive arguments contained herein. However, this Court can and has exercised its discretion previously in this proceeding to not enforce this requirement on a pre-answer motion. Further, even if this Court chooses to enforce this requirement on this motion, it is still free to grant the same or similar relief sought by CT on its own motion.

Cohesity may argue that this Court should not stay because the two cases involve different sovereigns' laws and the Federal Court of Canada could not resolve the dispute regarding the rights to use the HELIOS trademark in the United States. Cohesity might contend that only this Court can decide United States trademark issues and that it is entitled to a prompt determination here. However, this argument misconstrues the nature of the relief sought and the benefits of a stay. CT is not asking the Court to surrender jurisdiction or decline to ever decide the United States' issues; rather, CT asks the Court to postpone its exercise of jurisdiction until the conclusion of the Canadian Proceeding. As discussed, multiple courts have recognized that a pending foreign action can justify a stay even if the foreign court cannot decide the United States claims because the foreign outcome will likely simplify, sharpen, or even resolve the remaining issues.

The decision in *COWS* is instructive. In that case, which also involved a United States trademark declaratory judgment suit and a parallel Canadian trademark infringement suit, the United States' court acknowledged that Canadian law would not settle the United States trademark question, yet still stayed the United States action. The court reasoned that the Canadian outcome was "*more significant*" to the overall controversy, and that even though the Canadian court could not determine United States law, its judgment "*most certainly can affect the resolve*" of the parties and potentially obviate the need for further United States litigation. *COWS* at 5.

Exactly the same reasoning applies here. There is no risk that Cohesity's United States legal claims will never be heard – only that they will be heard later, if needed, once the more pressing and material Canadian claims are decided.

Cohesity might also assert that it would be prejudiced by delay, perhaps arguing that CT's trademark allegations cast a cloud over Cohesity's business and that Cohesity needs immediate relief from this Court. Yet Cohesity chose to wait nearly two months after being sued in Canada and after claiming to have received a cease-and-desist demand on August 12, 2024 (Complaint, para. 29) before filing this United States case approximately 127 days after commencing this case on December 17, 2024, undermining any claim of urgency.

Conversely, CT could argue that it too would be prejudiced in obtaining timely relief in the Canadian Proceeding to address what it has alleged is its on-going harm in Canada while having to allocate resources in this court to rebuff Cohesity's trademark allegations which cast a cloud over CT's business.

Moreover, any cloud over Cohesity's use of HELIOS exists because of the substantive trademark dispute, which the Federal Court of Canada is already addressing. Cohesity is actively

litigating its rights in the Canadian forum; a stay here will simply avoid redundant litigation on the same issues. If Cohesity truly needed swift resolution, it could have sought expedited proceedings or injunctive relief here or in Canada per Federal Court of Canada *Rule* 362(2). It has not done so. Thus, any prejudice from a reasonable delay is speculative and outweighed by the significant efficiency and comity interests served by a stay.

Another possible counterargument is that this Court, as a United States forum, should give primacy to Cohesity's choice of forum for its declaratory judgment, especially since United States trademark rights are at stake. However, Cohesity's declaratory action is by nature anticipatory – it was filed *in reaction* to CT's enforcement of its trademark rights. Courts are cautious about rewarding a race to the courthouse in the form of a declaratory suit filed in the midst of settlement negotiations or after threats of litigation. Here, Cohesity filed in the United States only after being sued abroad, effectively attempting to seize a tactical advantage. Under these circumstances giving deference to the first-filed action in Canada is fair and logical.

Furthermore, while United States trademark law is certainly within this Court's expertise, that does not mean this Court must decide the issue now regardless of the foreign proceedings. On the contrary, deferring to the Federal Court of Canada's findings can enhance the accuracy and completeness of any later decision this Court might make. For instance, evidence developed in the Canadian Proceeding about the use of HELIOS and consumer perceptions could be used here, avoiding inconsistent determinations. If the Federal Court of Canada finds facts favorable to Cohesity, such as there is no confusion caused by Cohesity's HELIOS usage, Cohesity can invoke those findings here; if the Federal Court of Canada rules for CT, that is confirming the strength and validity of its HELIOS mark and likelihood of confusion, Cohesity might reassess the wisdom of continuing the fight in the United States at all.

In sum, Cohesity's anticipated arguments against a stay do not overcome the strong reasons to grant one. Cohesity will have its opportunity to litigate — indeed, it is litigating right now, in the forum where this dispute began. A stay simply ensures that both parties litigate once, not twice, and that they do so in the order that respects the chronology of filings and each sovereigns' interests. If anything remains of Cohesity's claims after the Canadian Proceeding is disposed of, this Court will be here to resolve them. This moderate, pragmatic approach safeguards Cohesity's rights while preventing unnecessary duplication and friction between two judicial systems.

## V.    CONCLUSION

For the foregoing reasons, Defendant CT respectfully requests that the Court stay this proceeding, including all deadlines and any further responsive pleading or motions practice, until final disposition of the Canadian Proceeding between the parties. At that time the parties can promptly notify the Court and, if appropriate, proceed with or dismiss the remaining claims in this case. A stay will promote the interests of justice by streamlining the resolution of this international dispute, conserving judicial resources, and respecting the prior pending proceeding in Canada. CT therefore asks the Court to enter an order staying this case in its entirety until the conclusion of the Canadian Proceeding.

Respectfully submitted,

Date:    March 24, 2025      Sign Name:
                             Print Name:    Kip Warner

Kip C.S. Warner
kip@heliosmusic.io
CARTESIAN THEATRE CORP.
2200 - 1177 West Hastings St

Vancouver, BC
Canada  V6E 2K3

*Pro Se Defendant*