1  Michael C. Hendershot (State Bar No. 211830)
   mhendershot@jonesday.com
2  Catherine T. Zeng (State Bar No. 251231)
   czeng@jonesday.com
3  JONES DAY
   1755 Embarcadero Road
4  Palo Alto, CA 94303
   Telephone: +1.650.739.3939
5  Facsimile:  +1.650.739.3900

6  Anna E. Raimer (State Bar No. 234794)
   aeraimer@jonesday.com
7  JONES DAY
   717 Texas Avenue, Suite 3300
8  Houston, TX 77002
   Telephone: +1.832.239.3939
9  Facsimile:  +1.832.239.3600

10  *Attorneys for Plaintiff Cohesity, Inc.*

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                   **OAKLAND DIVISION**

14

15  COHESITY, INC.,                          Case No. 4:24-CV-09104-JST

16            Plaintiff,                      **PLAINTIFF COHESITY, INC.'S**
                                             **MOTION TO STRIKE OR, IN THE**
17       v.                                  **ALTERNATIVE, OPPOSITION TO**
                                             **DEFENDANT CARTESIAN THEATRE**
18  CARTESIAN THEATRE CORP., and             **CORP.'S "PRO SE" MOTION TO**
    DOES 1 – 25,                             **STAY THAT WAS MAILED TO THE**
19                                           **COURT**
            Defendants.
20                                           Hearing: June 26, 2025
                                             Time: 2:00 p.m.
21                                           Place: Courtroom 6
                                             Judge: Hon. Jon. S. Tigar
22

23

24

25

26

27

28

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 26, 2025 at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6 of this Court, located at 1301 Clay Street, Oakland, California, before the Honorable Jon S. Tigar, Plaintiff Cohesity, Inc. ("Cohesity") will, and hereby does, move for an order granting this Motion to Strike Defendant Cartesian Theatre Corp.'s "Pro Se" Motion to Stay that Was Mailed to the Court (ECF No. 19) and its accompanying Request for Judicial Notice (ECF No. 19-1).

This motion to strike is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Hendershot in Support of the Motion, any oral arguments of counsel that may be heard by the Court, the [Proposed] Order, and any other matter that the Court deems appropriate.

Dated: April 15, 2025                                   Respectfully submitted,

                                                        JONES DAY


                                                        By: */s/ Michael C. Hendershot*
                                                            Michael C. Hendershot, Esq.

                                                            *Attorney for Plaintiff Cohesity, Inc.*

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.    INTRODUCTION ...................................................................................................... 1

II.   PROCEDURAL AND FACTUAL BACKGROUND ............................................... 2

    A.    Cohesity's United States Declaratory Judgment Action .......................... 2

    B.    Cartesian Theatre's Canadian Trademark Action ..................................... 3

III.  ARGUMENT .............................................................................................................. 4

    A.    Cartesian Theatre's Purported Motion To Stay Should Be Stricken Because Cartesian Theatre May Only Appear Through Licensed Counsel. ......................... 4

    B.    Cartesian Theatre's Motion To Stay Should Also Be Stricken Because It Was Sent By Mail. .................................................................................. 5

    C.    In the Alternative, Cartesian Theatre's Motion To Stay Should Be Denied Because It Fails Under The Abstention Doctrine ................................................ 6

        1.    Legal Standard .................................................................................. 6

        2.    All Relevant Factors Weigh Against A Stay Of This Action .................... 8

        3.    International Comity Considerations Also Weigh Against A Stay ........... 11

        4.    Cartesian Theatre's Remaining Arguments For A Stay Are Unavailing .................................................................................. 13

IV.   CONCLUSION ........................................................................................................ 15

1

## <u>TABLE OF AUTHORITIES</u>

2

Page

3

CASES

4

5    *Abitron Austria GmbH v. Hetronic Int'l, Inc.*,
      600 U.S. 412 (2023) ........................................................................................ 8

6

7    *Aerotel, Ltd. v. IDT Corp.*,
      486 F. Supp. 2d 277 (S.D.N.Y. 2007) .......................................................... 9

8

9    *AllMeds, Inc. v. Document Generation Corp.*,
      No. CIV. 07-841-GPM, 2009 WL 3461896 (S.D. Ill. Oct. 23, 2009) ................. 2

10   *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*,
      330 F.3d 617 (4th Cir. 2003) ...................................................................... 13

11

12   *Brillhart v. Excess Ins. Co.*,
      316 U.S. 491 (1942) ...................................................................................... 7

13

14   *Colorado River Water Conservation Dist. v. United States*,
      424 U.S. 800 (1976) ................................................................................ 6, 15

15

16   *Cooper v. Tokyo Elec. Power Co., Inc.*,
      860 F.3d 1193 (9th Cir. 2017) .................................................................... 11

17

18   *Cows, Inc. v. Viacom Int'l, Inc.*,
      No. 2:05-CV-00524, 2005 WL 3071772 (D. Utah Nov. 16, 2005) ............. 8, 13

19

20   *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
      498 F.3d 1059 (9th Cir. 2007) .................................................................... 12

21   *First Mercury Ins. Co. v. Great Divide Ins. Co.*,
      203 F. Supp. 3d 1043 (N.D. Cal. 2016) ........................................................ 8

22

23   *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*,
      754 F.2d 591 (5th Cir. 1985) ...................................................................... 12

24

25   *Gov't Emps. Ins. Co. v. Dizol*,
      133 F.3d 1220 (9th Cir.1998) ........................................................................ 8

26

27   *Great Am. Ins. Co. v. Gross*,
      468 F.3d 199 (4th Cir. 2006) ...................................................................... 10

28

*Grupo Gigante SA De CV v. Dallo & Co., Inc.*,
    391 F.3d 1088 (9th Cir. 2004) ............................................................................. 14

*In re Am. W. Airlines*,
    40 F.3d 1058 (9th Cir. 1994) ................................................................................. 4

*Insalaco v. Fire Ins. Exch.*,
    No. 20-CV-00664-JST, 2020 WL 13561583 (N.D. Cal. Dec. 15, 2020) (Tigar,
    J.) ............................................................................................................ 6, 7, 8, 9

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014) ................................................................................ 12

*N. E. Ins. Co. v. Masonmar, Inc.*,
    No. 1:13-CV-00364-AWI, 2013 WL 2474682 (E.D. Cal. June 7, 2013) ........................ 11, 14

*Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*,
    925 F.2d 1193 (9th Cir. 1991) ............................................................................. 6, 11

*Osborn v. President of Bank of U.S.*,
    9 Wheat. 738, 6 L.Ed. 204 (1824) .......................................................................... 4

*Rakuten Med., Inc. v. Illumina, Inc.*,
    No. 20-CV-05430-LHK, 2021 WL 1530999 (N.D. Cal. Apr. 19, 2021) ...................... 8, 9, 10

*Reebok Int'l Ltd. v. Marnatech Enters. Inc.*,
    970 F.2d 552 (9th Cir. 1992) ................................................................................ 12

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*,
    506 U.S. 194 (1993) ............................................................................................ 4

*Schele v. Mercedes-Benz USA, LLC*,
    No. C 10-1643 RS, 2011 WL 1088760 (N.D. Cal. Mar. 11, 2011) ............................... 8

*Spicuzza v. Liss Fin. Servs.*,
    No. C06-1244, 2006 WL 3064947 (W.D. Wash. Oct. 26, 2006) ................................ 5

*Steamship Mut. Underwriting Ass'n Ltd. v. Osprey Underwriting Agency Ltd.*,
    No. C15–43 RSM, 2015 WL 3649283 (W.D. Wash. June 11, 2015) ............................ 7

*Supermicro Computer, Inc. v. Digitechnic, S.A.*,
    145 F. Supp. 2d 1147 (N.D. Cal. 2001) .................................................................... 7

*U.S. Commodity Futures Trading Comm'n v. Castillo*,
    No. 06-cv-2540, 2007 WL 2088372 (N.D. Cal. July 19, 2007) ................................... 5

**TABLE OF AUTHORITIES**
(continued)

Page

*Updateme Inc. v. Axel Springer SE*,
    No. 17-CV-05054-SI, 2017 WL 5665669 (N.D. Cal. Nov. 27, 2017).............................. passim

*Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*,
    295 F.3d 870 (8th Cir. 2002).......................................................................................... 1

*vonRosenberg v. Lawrence*,
    849 F.3d 163 (4th Cir. 2017)....................................................................................... 1, 6

*Wells' Dairy, Inc. v. Estate of Richardson*,
    89 F. Supp. 2d 1042 (N.D. Iowa 2000) ......................................................................... 1

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ...................................................................................................... 7

*Youell v. Exxon Corp.*,
    74 F.3d 373 (2d Cir. 1996)............................................................................................ 1

**STATUTES**

Cal. Bus. & Prof. Code §§ 6125, 6126(a) ........................................................................... 5

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3          For the second time, a Canadian citizen, Mr. Kipling Warner—who is not an attorney and

4    not registered to practice in this District—comes before this Court and moves for relief on behalf

5    of a corporate entity, Cartesian Theatre Corp. ("Cartesian Theatre").  Mr. Warner does so by

6    mailing his motion through the Canadian Post, instead of properly filing it with this Court.  Worse,

7    Mr. Warner makes substantive arguments to this Court based on U.S. law when he is not authorized

8    to practice law in California, or anywhere.  And he does so despite Cohesity consenting to

9    additional time for Cartesian Theatre to engage counsel and file its response to the Complaint, and

10   despite this Court granting Cartesian Theatre a further extension of time to respond to the

11   Complaint following Mr. Warner's representation that more time was needed to retain U.S. counsel.

12   Because Cartesian Theatre's "Pro Se" Notice of Motion and Motion to Stay ("Motion to Stay") and

13   its accompanying Request for Judicial Notice were not filed through a member of the Bar of this

14   Court, nor through a proper filing mechanism, they are invalid and should be stricken.

15          In the alternative, to the extent the Court does not strike the Motion to Stay, the Court should

16   deny it.  The Motion to Stay seeks an exception to the rule that federal district courts have a

17   "virtually unflagging" obligation to exercise the jurisdiction given them.  In particular, Cartesian

18   Theatre asks this Court to stay the current action based on a ***Canadian*** proceeding, which involves

19   different facts, different law, and different available remedies from this U.S. proceeding.  Courts

20   around the country routinely and consistently deny motions to stay cases in such circumstances.[1]

---

21   [1] *See, e.g.*, *vonRosenberg v. Lawrence*, 849 F.3d 163, 168-69 (4th Cir. 2017) (finding district court
22   abused its discretion in abstaining from Lanham Act claim in favor of a state court proceeding
     because "even state and federal claims arising out of the same factual circumstances do not qualify
23   as parallel if they differ in scope or involve different remedies"); *Verizon Commc'ns, Inc. v.
     Inverizon Int'l, Inc*., 295 F.3d 870 (8th Cir. 2002) (holding stay order was an abuse of discretion
24   where the state court action involved state law trademark claims and the federal action involved a
     declaratory judgment for non-infringement under the federal Lanham Act); *Youell v. Exxon Corp*.,
25   74 F.3d 373 (2d Cir. 1996) (holding federal admiralty law issue required the federal court to hear
     the case despite parallel state court proceeding); *Wells' Dairy, Inc. v. Estate of Richardson*, 89 F.
26   Supp. 2d 1042, 1059 (N.D. Iowa 2000) (declining to abstain from case where plaintiff was "seeking
     a declaration of its rights to use its federally registered trademark throughout the United States," an
27   issue of federal law that would not be remedied in the state action); *Updateme Inc. v. Axel Springer
     SE*, No. 17-CV-05054-SI, 2017 WL 5665669, at *6 (N.D. Cal. Nov. 27, 2017) (declining to abstain
28   from trademark infringement action despite parallel proceeding in Germany where "California and
     U.S. [trademark] law will necessarily differ from German law" and different facts, like ownership

As trademark rights are territorial, a Canadian court cannot determine the parties' respective United States trademark rights, nor can a Canadian court enjoin Cartesian Theatre from asserting any alleged trademark rights against Cohesity or its partners in the United States. Therefore, Cartesian Theatre's Motion to Stay should be denied.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    Cohesity's United States Declaratory Judgment Action

In this action, Cohesity seeks a declaration that it does not infringe Cartesian Theatre's alleged trademark rights in the HELIOS mark in the United States. ECF No. 1. Cohesity was compelled to file its complaint after Cartesian Theatre threatened Cohesity's U.S. trademark rights and advised that Cohesity would face "catastrophic" consequences if it continued to use the HELIOS mark. *Id.* at ¶¶ 4, 14, 23, 29, 32. Cartesian Theatre's threats included issuing "notices of infringement" to third parties currently delivering Cohesity's HELIOS products and services. *Id.* at ¶ 32. Cartesian Theatre then made good on its threats by contacting Cohesity's major U.S. business partners, demanding they stop carrying or supporting Cohesity's HELIOS products and services based on the alleged infringement. *Id.* at ¶¶ 2, 15, 33. Cartesian Theatre's allegations against Cohesity and its partners cast a cloud over Cohesity's presumptively valid right and title in the HELIOS trademark. *Id.* at ¶¶ 1-11. The only way for Cohesity to operate without disruption to its U.S. business and anticipation of litigation is for this Court to find and declare that Cohesity's use of its HELIOS trademark does not infringe Cartesian Theatre's alleged trademark rights. *Id.* at ¶ 48.

Cohesity filed its Complaint for a Declaratory Judgment of Non-Infringement against Cartesian Theatre on December 17, 2024. ECF No. 1. Cartesian Theatre's answer to the Complaint was originally due January 10, 2025. ECF No. 13. However, Cohesity agreed to a three-week extension for Cartesian Theatre to answer or otherwise respond to the Complaint, i.e., to January 31, 2025, because Cartesian Theatre represented that it was "in the process of retaining counsel" in

of U.S. trademark registration, "significantly alter[]" the analysis); *AllMeds, Inc. v. Document Generation Corp.*, No. CIV. 07-841-GPM, 2009 WL 3461896, at *2 (S.D. Ill. Oct. 23, 2009) (abstention held "not appropriate" where plaintiffs sought a judicial declaration of noninfringement and invalidity of a U.S. patent because such issues were matters of federal jurisdiction).

PL.'S MOTION TO STRIKE AND OPP. TO
MOTION TO STAY, NO. 4:24-CV-09104-JST

the United States.  *See* ECF No. 15, Ex. C.  Instead of filing an answer or otherwise responding to the Complaint, on January 28, 2025, Cartesian Theatre mailed to the Court a Motion for an Extension of Time to File an Answer or Dispositive Motion (the "Motion for Extension"), again claiming more time was needed to retain counsel.  *See* ECF No. 16, ¶ 1.  The Motion for Extension was signed on behalf of "Pro Se Defendant" Cartesian Theatre by its founder, Mr. Warner.  *See* ECF No. 16, at 1, 3.  The Court received the Motion for Extension on February 4, 2025, and Court staff filed it on February 5, 2025.  *See* ECF No. 16.  Cohesity timely filed a Motion to Strike and Opposition to Cartesian Theatre's Motion for Extension because the Motion for Extension was filed *pro se* by a corporation and sent by mail.  *See* ECF No. 15.

On February 25, 2025, the Court granted in part and denied in part Cartesian Theatre's Motion for Extension, ordering that "Defendant's response to Plaintiff's complaint is due March 28, 2025.  Absent exigent circumstances, there will be no further extensions."  ECF No. 17.

Cartesian Theatre did not file a response to Cohesity's Complaint by the extended March 28, 2025 deadline, nor did Cartesian Theatre seek a further extension based on exigent circumstances.  Instead, Cartesian Theatre mailed its Motion to Stay to the Court, which the Court received on April 1, 2025, and the Court staff filed on April 2, 2025.  ECF No. 19 ("Mot.").  Like Cartesian Theatre's Motion for Extension, its Motion to Stay is stylized as filed by "Pro Se Defendant" Cartesian Theatre, and it is signed by Mr. Warner.  Mot. at 1, 16.  No lawyer has appeared on behalf of Cartesian Theatre in this action.

### B.    Cartesian Theatre's Canadian Trademark Action

As Cartesian Theatre acknowledges, the Canadian proceeding that forms the basis of its Motion to Stay involves "causes of action under the Canadian *Trademarks Act*" and "seeks remedies . . . to stop Cohesity's use of HELIOS in Canada, . . . and other relief under Canadian law."  Mot. at 4; *see also* ECF No. 19-1, Cartesian Theatre's Request for Judicial Notice ("RJN"), Ex. A, at ¶¶ 3-28.  In other words, the relevant law is different, the parties' respective trademark rights (which are territorial in nature) are different, and the potential remedies at issue in the Canadian proceeding and this litigation are different.  In the Canadian proceeding, a Canadian court will rely on **Canadian trademark law** to analyze the parties respective **Canadian trademark rights**

PL.'S MOTION TO STRIKE AND OPP. TO
MOTION TO STAY, NO. 4:24-CV-09104-JST

in the HELIOS mark based on the parties' use and registration *in Canada* and fashion a remedy that applies only *in Canada*.  On the other hand, this Court will consider the present action under *U.S. trademark law* based on the parties' respective *U.S. trademark rights* that stem from their uses and Cohesity's registration of the HELIOS mark *in the United States*, and this Court will determine whether Cohesity is entitled to declaratory and injunctive relief applicable *in the United States*.  *Compare id. with* ECF No. 1, at ¶¶ 1-5, 23-31.

The Canadian proceeding is also not "well underway," as Cartesian Theatre claims.  Mot. at 3.  In particular, while the parties have complied with obligations to file pleadings in the Canadian proceeding (unlike Cartesian Theatre's conduct here), the Canadian case is still early in discovery. In other words, the only difference in the procedural posture between the two cases is that Cohesity timely filed an answer, and Cartesian Theatre has not.  The parties have not yet disclosed or produced any documents following the close of pleadings, nor have the parties discussed a schedule for taking any discovery depositions.  *See* Declaration of Michael C. Hendershot in Support of Plaintiff Cohesity, Inc.'s Motion to Strike ("Hendershot Decl."), filed herewith, ¶ 2.

**III.    ARGUMENT**

> **A.    Cartesian Theatre's Purported Motion To Stay Should Be Stricken Because Cartesian Theatre May Only Appear Through Licensed Counsel.**

"A corporation . . . may appear only through a member of the bar of this Court."  Civ. L.R. 3-9(b).  This rule follows more than "two centuries" of caselaw holding that "a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *see also In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.").  Yet, Cartesian Theatre attempts to appear before this Court "pro se" through its founder and non-attorney, Mr. Warner—and it does so despite this Court granting Cartesian Theatre a generous, additional 31-day extension (calculated from the date of the Court's order) following Cartesian Theatre's argument that it needed more time to secure counsel to respond to Cohesity's Complaint.

1     Cartesian Theatre recognizes its inability to appear *pro se*.  *See* ECF No. 16, ¶ 5.d; Mot. at

2   13.  Nevertheless, Mr. Warner signed the Motion to Stay on behalf of Cartesian Theatre as a "Pro

3   Se Defendant."  Mot. at 1, 16.  Mr. Warner is not a lawyer, so he cannot act on behalf of Cartesian

4   Theatre in this matter.  *See, e.g., U.S. Commodity Futures Trading Comm'n v. Castillo*, No. 06-cv-

5   2540, 2007 WL 2088372, at *1 (N.D. Cal. July 19, 2007) ("Non-attorneys, including a

6   corporation's president and sole shareholder, are barred from representing a corporation.").  Yet,

7   acting on behalf of a corporation, Mr. Warner mailed a motion to this Court that makes substantive

8   arguments, cites U.S. caselaw, and seeks to be excused from this Court's Order to respond to

9   Cohesity's complaint by March 28, 2025.[2]  Mr. Warner's conduct constitutes the unauthorized

10   practice of law—a crime in California—which may subject Mr. Warner to monetary sanctions,

11   among other actions.  *See* Cal. Bus. & Prof. Code §§ 6125, 6126(a) ("Any person . . . practicing

12   law who is not an active licensee of the State Bar, or otherwise authorized pursuant to statute or

13   court rule to practice law in this state at the time of doing so, is guilty of a misdemeanor punishable

14   by up to one year in a county jail or by a fine of up to one thousand dollars ($1,000), or by both

15   that fine and imprisonment."); *see also Spicuzza v. Liss Fin. Servs.*, No. C06-1244, 2006 WL

16   3064947, at *2 (W.D. Wash. Oct. 26, 2006) (advising non-attorney that his activities constituted a

17   crime under Washington law, and if he continued to pursue another party's claims, the court would

18   "refer him to the Washington State Bar Association and impose monetary sanctions").

19     As Cartesian Theatre, a corporation, cannot move this Court for a stay of this case through

20   its founder who is not licensed to practice law, the Court should strike the Motion to Stay.

21     **B.    Cartesian Theatre's Motion To Stay Should Also Be Stricken Because It Was**
22          **Sent By Mail.**

23     Parties to a case cannot file motions by mail.  Neither the Local Rules nor the Federal Rules

24   of Civil Procedure contemplate filing by mail.  Rather, as a corporation, Cartesian Theatre must be

25   represented by licensed counsel, who "shall register to become an ECF user" and "file the

_____

26   [2] A motion to stay is not a proper response under Rule 12 of the Federal Rules of Civil Procedure
27   and therefore violates this Court's February 25, 2025 order (ECF No. 17) that Cartesian Theatre
    respond to the Complaint by March 28, 2025.  And in any event, the Motion to Stay was not filed
    before the March 28, 2025 response deadline.  It was received by the Court on April 1, 2025 and
28   treated as filed on April 1, 2025.  ECF No. 19.

responsive pleading electronically." Civ. L.R. 5-1(d). Even a *pro se* party—which Cartesian Theatre cannot be as a corporation—can only file: (1) by visiting the Clerk's Office, (2) "manually" by "deposit[ing] in a Clerk's Office drop box," or (3) via the Court's Electronic Case Filing system. Civ. L.R. 5-1(b) & 5-4(a). Even after Cohesity noted these options in its prior motion to strike (ECF No. 15, at 3-4), Cartesian Theatre, which claims to file its motion "pro se," persisted with sending its Motion to Stay to the Court by Canadian Post. Cartesian Theatre's attempt to file its Motion to Stay by mail should be rejected, and the Motion to Stay should be stricken as lodged through an impermissible method.

### C.    In the Alternative, Cartesian Theatre's Motion To Stay Should Be Denied Because It Fails Under The Abstention Doctrine

If the Court does not strike or otherwise reject Cartesian Theatre's Motion to Stay, the Court should deny the Motion to Stay because Cartesian Theatre has failed to show that exceptional circumstances warrant a stay. The relevant factors that courts consider in evaluating whether to stay a U.S. action based on a foreign proceeding do not support a stay or abstention.

#### 1.    Legal Standard

The Ninth Circuit recognizes the "fundamental principal that absent 'exceptional circumstances,' federal courts have an obligation to exercise their jurisdiction concurrently with other courts." *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1194 (9th Cir. 1991) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) ("*Colorado River*")). In other words, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" to the "virtually unflagging" obligation of federal courts "to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 813, 817; *see also Insalaco v. Fire Ins. Exch.*, No. 20-CV-00664-JST, 2020 WL 13561583, at *2 (N.D. Cal. Dec. 15, 2020) (Tigar, J.) (discussing these rules under *Colorado River* abstention doctrine). The same test applies regardless of whether a parallel action is before a state court or a foreign court. *See Neuchatel Swiss*, 925 F.2d at 1195 (noting "the fact that the parallel proceedings are pending in a foreign jurisdiction rather than in a state court is immaterial," as the Ninth Circuit has "reject[ed] the notion that a federal court owes greater deference to foreign courts than to our own state courts").

"[W]hen a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues," a district court will consider the factors from *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) ("*Brillhart*"), namely: "(1) whether abstention will avoid 'needless decisions of state law by a federal court'; (2) whether the federal action 'constitutes an effort to forum shop'; and (3) 'whether dismissal or stay of the [federal action] would avoid duplicative litigation." *Insalaco*, 2020 WL 13561583, at *3 (citations omitted); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (holding the discretionary standard from *Brillhart* governs a district court's decision to stay a declaratory judgment action during parallel state court proceedings). Courts also apply the *Brillhart* factors to declaratory judgment actions when the parties are engaged in similar foreign proceedings. *See, e.g., Supermicro Computer, Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d 1147, 1150 (N.D. Cal. 2001) (applying the *Brillhart/Wilton* factors in declaratory judgment action with parallel proceeding in France and noting that "[w]hile there are no 'state' law issues present here, there is the analogous situation of issues of international law."); *Steamship Mut. Underwriting Ass'n Ltd. v. Osprey Underwriting Agency Ltd.*, No. C15–43 RSM, 2015 WL 3649283 (W.D. Wash. June 11, 2015) (analyzing the *Brillhart* factors in denying motion to dismiss or stay in favor of English proceeding and noting that "[d]istrict courts apply the same standards where there are no 'state' law issues presented and the parallel proceeding is instead before a foreign court").

Moreover, "the Ninth Circuit has suggested other considerations that may weigh in favor of a district court's decision to . . . stay an action for declaratory relief," namely, "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; whether the use of a declaratory action will result in entanglement between the federal and state court systems; the convenience of the parties; and the availability of and relative convenience of other remedies."[3] *Rakuten Med., Inc. v. Illumina, Inc.*, No. 20-CV-05430-LHK, 2021 WL 1530999, at

---

[3] As the alleged legal standard, Cartesian Theatre cites a different set of factors from an unpublished, out-of-Circuit case. *See Cows, Inc. v. Viacom Int'l, Inc*, No. 2:05-CV-00524, 2005

*6 (N.D. Cal. Apr. 19, 2021) (exercising discretion to take jurisdiction over a declaratory judgment action involving trademark infringement claims) (internal quotation marks omitted); *see also First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1050 (N.D. Cal. 2016) (noting that the "three *Brillhart* factors are the 'philosophic touchstone' of the *Wilton/Brillhart* analysis" but that the Ninth Circuit's "other considerations may weigh in favor of a district court's decision to dismiss or stay an action for declaratory relief" (citing *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir.1998))).

### 2.   All Relevant Factors Weigh Against A Stay Of This Action

An evaluation of the *Brillhart* factors and the additional Ninth Circuit considerations demonstrates that the Court should deny Cartesian Theatre's Motion to Stay. Taking each *Brillhart* factor in turn:

***First***, a stay will not avoid "needless decisions of [Canadian law] by a federal court" because this Court will solely be evaluating the parties' rights, claims, and available remedies under U.S. trademark law. *Insalaco*, 2020 WL 13561583, at *5. The parties' claims regarding trademark use and registration in Canada are not before this Court "[b]ecause of the territorial nature of trademarks." *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 427-28 (2023) (noting that policing infringements in other countries would be an "unseemly" act of "meddling in extraterritorial affairs" and the "system only works if all participating [countries] respect their obligations, including the limits on their power"); *see also Schele v. Mercedes-Benz USA, LLC*, No. C 10-1643 RS, 2011 WL 1088760, at *3 (N.D. Cal. Mar. 11, 2011) ("It is a basic tenet of United States trademark law that trademark rights are territorial."). As Cartesian Theatre readily admits, "the legal frameworks differ by jurisdiction" as "[t]he Canadian Proceeding focuses on infringement of [Cartesian Theatre's] trademark under Canadian law (within Canada), while this case seeks a declaration concerning infringement of, or interference with, [Cartesian Theatre's] trademark rights under United States law." Mot. at 7-8. Therefore, the trademark laws at issue, the rights at issue, and how the laws are to be applied in each proceeding are admittedly different.

---

WL 3071772, at *2 (D. Utah Nov. 16, 2005). As discussed below, even if such factors were relevant, they do not support Cartesian Theatre's request for a stay.

Because "there are no [Canadian] law issues, only federal trademark issues," the Court should "exercise its discretion to take jurisdiction over this declaratory judgment action in order to resolve the trademark infringement . . . claims in this case." *Rakuten*, 2021 WL 1530999, at *6.

**Second**, this action is not an effort to forum shop. *See, e.g., Insalaco*, 2020 WL 13561583, at *6 (determining that the second *Brillhart* factor weighed against a stay because nothing suggested an attempt to forum shop). This declaratory judgment action seeks declaratory and injunctive relief in the United States, which is necessary to clear the cloud on Cohesity's U.S. rights that Cartesian Theatre has created through its allegations against Cohesity and to its partners. In other words, the only way for Cohesity to vindicate its trademark rights in the United States is through a U.S. district court action.

**Third**, the U.S. and Canadian proceedings are not duplicative, and a resolution of the Canadian proceeding will not resolve this U.S. litigation given the different facts and laws at issue. *See Insalaco*, 2020 WL 13561583, at *6 (holding that the third *Brillhart* factor weighed against a stay where the "resolution of the state case [would] not resolve the federal case"). In the Canadian proceeding, a Canadian court will rely on **Canadian trademark law** to analyze the parties' respective **Canadian trademark rights** in the HELIOS mark based on the parties' use and registration **in Canada** and fashion a remedy that applies only **in Canada**. On the other hand, this Court will consider the present action under **U.S. trademark law** based on the parties' respective **U.S. trademark rights** that stem from their uses and Cohesity's registration of the HELIOS mark **in the United States**, and this Court will determine whether Cohesity is entitled to declaratory and injunctive relief applicable **in the United States**. *Compare* RJN, Ex. A, at ¶¶ 3-28 *with* ECF No. 1, at ¶¶ 1-5, 23-31. Therefore, the different rights in each country "and different legal standards would prevent this Court from giving effect to a decision by the foreign court." *Aerotel, Ltd. v. IDT Corp.*, 486 F. Supp. 2d 277, 284, n.1 (S.D.N.Y. 2007); *see also Updateme*, 2017 WL 5665669, at *6 (denying motion to dismiss based on international abstention where case involved the application of different laws than German proceeding and because plaintiff owned a U.S. federal trademark registration, which "significantly alters the trademark infringement analysis in the respective courts").

In short, all three of the *Brillhart* factors weigh heavily against a stay of this action. Moreover, the "other considerations" that courts in the Ninth Circuit may evaluate do not support a stay for the reasons described below:

**This Declaratory Judgment Action Will Settle All Aspects Of The U.S. Controversy And Serve A Useful Purpose In Clarifying The Legal Relations At Issue.**  This Court's determination of the parties' respective trademark rights and a finding that Cohesity's use of its HELIOS trademark in U.S. commerce does not infringe any alleged rights Cartesian Theatre may have in the United States will "settle all aspects of the controversy" and "serve a useful purpose in clarifying the legal relations at issue" as it relates to the parties' trademark claims in the United States. *Rakuten*, 2021 WL 1530999, at *6.

**Cohesity Has Not Engaged In Procedural Fencing.**  This declaratory judgment action does not give Cohesity a tactical advantage because it does not prevent Cartesian Theatre from pursuing its case in Canada.  Furthermore, should this Court issue a decision in Cohesity's favor, it would not dispose of the Canadian proceeding, which necessarily must be decided based on the parties' rights in Canada and the application of trademark laws in Canada.

**This Action Will Not Result In "Entanglement" Between This Court And The Canadian Court.**  The courts will evaluate the use and registration of the parties' marks in their respective countries based on the laws of those countries, and the courts will then fashion remedies applicable only in those respective countries. *See, e.g.*, *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 212 (4th Cir. 2006) (noting that "[t]his is not a case where many of the issues of law and fact sought to be adjudicated in the federal action are already being litigated by the same parties in the related state court action" and therefore permitting the federal action to go forward would not result in "unnecessary entanglement").

**A Stay Is Not More Convenient.**  As the legal claims at issue before this Court will eventually have to be resolved, staying the case would only inconvenience the parties as it delays the determination of the parties' abilities to freely use their marks in the United States. *See, e.g.*, *N. E. Ins. Co. v. Masonmar, Inc.*, No. 1:13-CV-00364-AWI, 2013 WL 2474682, at *5 (E.D. Cal. June 7, 2013) (denying motion to stay and noting that "there is little convenience gained by staying"

1    when "the legal claims raised in this declaratory relief action will be resolved at some point,

2    irrespective of a stay").

3        ***There Are No Other Remedies Available.***    A decision by this Court is the only way for

4    Cohesity to obtain a declaration regarding its right to use the HELIOS trademark in U.S. commerce

5    and an injunction against Cartesian Theatre asserting its alleged trademark rights in the United

6    States against Helios or its partners.

7            **3.    International Comity Considerations Also Weigh Against A Stay**

8        "International comity is the recognition which one nation allows within its territory to the

9    legislative, executive or judicial acts of another nation, having due regard both to international duty

10   and convenience, and to the rights of its own citizens or of other persons who are under the

11   protection of its laws." *Cooper v. Tokyo Elec. Power Co., Inc.*, 860 F.3d 1193, 1205 (9th Cir. 2017)

12   (internal quotation marks and citations omitted).  In determining whether to stay a case on grounds

13   of comity, courts in the Ninth Circuit weigh (1) "the strength of the United States' interest in using

14   a foreign forum," (2) "the strength of the foreign governments' interests," and (3) "the adequacy of

15   the alternative forum."[4]  *Updateme*, 2017 WL 5665669, at *6 (quoting *Cooper*, 860 F.3d at 1205).

16   For the first factor regarding the United States' interest, courts consider "(1) the location of the

17   conduct in question, (2) the nationality of the parties, (3) the character of the conduct in question,

18   (4) the foreign policy interests of the United States, and (5) any public policy interests." *Id.* (citation

19   omitted); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1070 (9th

20   Cir. 2007) (reversing district court in holding that a stay could not be upheld under principles of

21   international comity).

22       ***The United States Has No Interest In Using Canadian Courts To Resolve U.S. Trademark***

23   ***Infringement Issues.***    All factors weigh in favor of moving forward with this case in the United

24

25   [4] Although Cartesian Theatre argues that "principles of comity" support a stay (Mot. at 9-10), its
     argument is based on a theory of deferring to the "first-filed foreign court" rather than an evaluation
26   of the relevant factors considered in the Ninth Circuit.  Regardless, the U.S. case was filed less than
     2.5 months after the Canadian proceeding, where only pleadings have been filed and no documents
27   have been produced nor depositions scheduled.  Hendershot Decl. ¶ 2.  Furthermore, "the mere fact
     that parallel proceedings may be further along does not make a case 'exceptional' for the purpose
28   of invoking the *Colorado River* exception to the general rule that federal courts must exercise their
     jurisdiction concurrently with courts of other jurisdictions." *Neuchatel Swiss*, 925 F.2d at 1195.

States:

(1) The location of the conduct at issue, i.e., use of the HELIOS trademark in U.S. commerce, is the United States.

(2) Cohesity is a United States corporation.

(3) The conduct at issue concerns alleged trademark infringement in the United States, which does not touch or concern a "core prerogative" of Canada. *Mujica v. AirScan Inc.*, 771 F.3d 580, 606 (9th Cir. 2014).

(4) This case does not involve U.S. foreign policy interests.

(5) And "public policy favors adjudication by this Court" because the "Ninth Circuit has previously recognized the U.S. interest in 'preventing trademark violations.'" *See Updateme*, 2017 WL 5665669, at *6 (citing *Reebok Int'l Ltd. v. Marnatech Enters. Inc.*, 970 F.2d 552, 556 (9th Cir. 1992)). Therefore, the United States' interest weighs against a stay. *See id.* (determining that international comity did not require dismissal of trademark infringement action).

**Canada Has No Interest In Cohesity's Use Of Its Registered HELIOS Trademark In U.S. Commerce.** In this case, Cohesity asks for a declaration regarding its right to continue using its trademark—which has been registered by the U.S. Patent and Trademark Office—in U.S. commerce, which does not implicate any interests of Canada or otherwise favor a stay.

**The Alternative Forum Of A Canadian Court Is Inadequate.** The claims in the Canadian proceeding are limited to Canadian law, and Cohesity can only get the relief it seeks in this declaratory judgment action from a U.S. court. *See Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir. 1985) ("[W]hen trade-mark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trade-mark rights of the parties are irrelevant and inadmissible.") (citation omitted); *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 628 (4th Cir. 2003) ("United States courts do not entertain actions seeking to enforce trademark rights that exist only under foreign law."). Cartesian Theatre even admits that "the Federal Court of Canada cannot . . . decide issues of United States trademark law or . . . adjudicate Cohesity's rights in the United States." Mot. at 11. Accordingly, the third comity factor decisively weighs against a stay. *See*

PL.'S MOTION TO STRIKE AND OPP. TO
MOTION TO STAY, NO. 4:24-CV-09104-JST

*Updateme*, 2017 WL 5665669, at *6 (finding third comity factor weighed "in favor of [the court] retaining jurisdiction" where "it [did] not appear that the German court took into account claims under United States or California law").

> **4.** **Cartesian Theatre's Remaining Arguments For A Stay Are Unavailing**

Cartesian Theatre's additional theories for seeking a stay of this action are based on judicial efficiency and "[f]airness and convenience considerations." Mot. at 8-9, 12-3. Cartesian Theatre does not cite any Ninth Circuit law for these arguments.[5] In any case, these factors actually favor proceeding in this Court.

Notably, there is no judicial economy to be gained by a stay. As discussed above, this case will proceed regardless of the Canadian court's decision. Additionally, despite Cartesian Theatre's claims to the contrary, the parties will have to engage in separate discovery for each proceeding because much of the relevant information is jurisdiction specific. For example, relevant evidence regarding the parties' uses of the marks, marketing and sales of products bearing the marks, applications and registrations for the marks, and any damages incurred are all unique to the jurisdictions where the cases are situated. And because relevant facts and issues are jurisdiction specific, deposition of key witnesses would be required in both matters, as would experts opining on likelihood of consumer confusion in the respective countries. Put simply, the Canadian evidence "just does not count" in this action. *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (finding that based on "territoriality principle" evidence regarding trademark "use in another country usually just does not count").

Moreover, the issues in this case will not be "greatly narrowed" if the Court stays this case. Mot. at 9. The Canadian court's findings will be based on the parties' respective rights in Canada

---

[5] These factors appear to come from the unpublished District of Utah case cited by Cartesian Theatre in its Motion to Stay. In that case, the alleged infringer was a Canadian corporation, the bulk of its business activities and alleged infringement occurred in Canada, its witnesses and documents were likely to be located in Canada, and the "course and outcome of the litigation in Canada" were "more significant" than the U.S. case "for all parties involved." *Cows*, 2005 WL 3071772, at *2. Although there may have been judicial efficiency and convenience considerations in *Cows*, the facts are reversed here. Cohesity is a California-based company with the bulk of its business activities and its alleged infringement occurring in the United States, with witnesses and documents located in California, and with the outcome of the action more significant in the United States. *See* ECF No. 1, at ¶ 6.

1   based on the facts and law in Canada, which would not narrow any issues before this Court that

2   involve U.S.-specific laws and facts.  *See, e.g.*, *Updateme*, 2017 WL 5665669, at *6 (declining to

3   abstain from trademark infringement claims involving "U.S. federal law and California state law"

4   where the parallel "German proceeding only addresses the application of German law").  Prevailing

5   in the Canadian proceeding also will not "moot Cohesity's concerns that [Cartesian Theatre] may

6   pursue any claims related to HELIOS elsewhere" (Mot. at 9), because Cartesian Theatre may still

7   sue for U.S. trademark infringement based on its alleged rights in the United States regardless of

8   the outcome of the Canadian proceeding.

9       The alleged "convenience and prejudice" considerations (Mot. at 12) also warrant denying

10  the Motion to Stay.  It would be unfair and inconvenient to stay this case because Cohesity is a U.S.

11  company, its documents and witnesses are located in California, and it has a United States

12  trademark registration and trademark rights that Cartesian Theatre has challenged.  *See* ECF No. 1.

13  Furthermore, Cohesity would be significantly prejudiced by a stay because it would delay a

14  declaration from this Court that would remove any doubt as to Cohesity's right to use the HELIOS

15  mark in this country.  Cohesity should not be forced to wait an indefinite period of time to have its

16  right to use the HELIOS mark in the United States affirmed, all while potentially facing liability in

17  the United States based on the alleged infringement claims during the period of the stay.  *See, e.g.*,

18  *N. E. Ins. Co.*, 2013 WL 2474682, at *6 (denying motion to stay and noting that "Plaintiff's

19  remedies would be prejudiced if this action were stayed" because "[p]art of the purpose of this

20  declaratory relief action is to clarify the legal relations between the parties and to facilitate

21  settlement by clarifying the respective liabilities of [Defendant] and Plaintiff").

22                              *      *      *

23      In light of the foregoing, and keeping in mind the Court's "virtually unflagging obligation

24  . . . to exercise the jurisdiction given to it," the Motion to Stay should be denied.  *Colorado River*,

25  424 U.S. at 817.

26

27

28

**IV.    CONCLUSION**

For the foregoing reasons, Cohesity respectfully requests that the Court strike Cartesian Theatre's Motion to Stay and accompanying Request for Judicial Notice as improperly filed *pro se* by a corporation and by mail.  In the alternative, the Court should deny the Motion to Stay.

Dated: April 15, 2025                          Respectfully submitted,

                                                JONES DAY

By: */s/ Michael C. Hendershot*
       Michael C. Hendershot, Esq.

       *Attorney for Plaintiff Cohesity, Inc.*

**CERTIFICATE OF SERVICE**

I, Pamela Walter, declare:

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Jones Day, 555 California St., 26th FL, San Francisco, California 94104.  On April 15, 2025, I served or caused to be served a copy of the within document(s):

> 1. **PLAINTIFF COHESITY, INC.'S MOTION TO STRIKE OR, IN THE ALTERATIVE, OPPOSITION TO DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION TO STAY THAT WAS MAILED TO THE COURT**
>
> 2. **DECLARATION OF MICHAEL C. HENDERSHOT IN SUPPORT OF COHESITY, INC.'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, OPPOSITION TO DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION TO STAY THAT WAS MAILED TO THE COURT**
>
> 3. **[PROPOSED ORDER] GRANTING PLAINTIFF COHESITY, INC.'S MOTION TO STRIKE DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION TO STAY THAT WAS MAILED TO THE COURT**

☒    b**y** transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail addresses set forth below.

☒    by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for UPS delivery to the addresses set forth below.

Cartesian Theatre Corp.
Attn: Kip Warner
108 – 2115 Cypress St.
Vancouver, BC V6J 3M3
Canada
Email: kip@heliosmusic.io; legal@cartesiantheatre.com

Westpoint Law Group
Attn: Polina H. Furtula
2200 – 1177 W. Hastings Street
Vancouver, BC V6E 2K3
Canada
Email: phf@westpointlawgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the UPS on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more

PL.'S MOTION TO STRIKE AND OPP. TO
MOTION TO STAY, NO. 4:24-CV-09104-JST

1  than one day after date of deposit for mailing in affidavit.

2      I declare under penalty of perjury under the laws of the United States that the above is true

3  and correct.

4      Executed on April 15, 2025, at Oakland, California.

5

6                                          _____

7                                                    Pamela Walter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28