Kip C.S. Warner
kip@heliosmusic.io
CARTESIAN THEATRE CORP.
2200 - 1177 West Hastings St
Vancouver, BC
Canada  V6E 2K3

*Pro Se Defendant*



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Division: Oakland

| COHESITY, INC., | CASE NO. 4:24-CV-9104-JST |
|---|---|
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF DEFENDANT CARTESIAN THEATRE CORP.'S MOTION TO STAY AND IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| CARTESIAN THEATRE CORP., and DOES 1 - 25 | |
| Defendant | Submitted Without Oral Hearing |
| | Judge. Hon. Jon S. Tigar |

**ARGUMENT**

I.  **INTRODUCTION**

Plaintiff Cohesity, Inc. ("**Cohesity**") asks this Court to strike the motion to stay filed by Defendant Cartesian Theatre Corp. ("**CT**") on the grounds that it was submitted *pro se* and by mail. However, the Court has already exercised its discretion to consider a prior CT filing submitted under identical conditions — CT's motion for an extension of time—which was accepted and granted in part. The same discretion is warranted here.

CT recites the named definitions contained within CT's notice of motion and motion to stay this proceeding (ECF No. 19) (the "**Motion to Stay**").

CT submits that its Motion to Stay and Cohesity's motion to strike are appropriate for resolution on the written submissions, and does not seek oral argument. The issues are fully presented in the existing record, and the interests of judicial efficiency are best served by addressing both motions without further proceedings.

## II.   PROCEDURAL HISTORY SHOWS THE COURT'S DISCRETION TO ACCEPT THE FILING

A large portion of the Cohesity's opposition to CT's underlying Motion to Stay attempts to circumvent CT's substantive arguments by harping on the requirement that CT must not be allowed to defend itself in a proceeding commenced by Cohesity. Cohesity also laments CT's usage of the public postal system in order to deliver filings to this Court.

Cohesity's argument is analogous to a demand for CT to participate in a distant boxing ring it fully appreciates Cohesity would lose in the original gym where the contestants began their match, knowing full well CT will not be able to find parking, taking measures to ensure the front door is barricaded in the event CT finds some on the street, threatening the usage of law enforcement should CT attempt to gain entry through another door, frustrating CT's efforts to relay to the referee that he is locked out of the building, and all with the anticipation of eventually pronouncing themselves the victor (in default) after decrying CT's absence from the gym.

Cohesity's motion relies almost entirely on formalistic procedural arguments. Yet, CT's earlier motion for extension of time (ECF No. 16), also submitted *pro se* and by physical mail, was accepted for filing by the Clerk, reviewed by this Court; and granted in part on February 25, 2025 (ECF No. 17).

This establishes that the Court has already exercised discretion to consider filings from

CT under these conditions. Cohesity now asks the Court to ignore that precedent and strike a similar filing on the same procedural grounds.

CT does not dispute that it is a corporation that may eventually appear through licensed counsel. But until that time, and given the Court's prior treatment of comparable filings, it is appropriate and fair to permit the Court to consider the pending motion to stay—or to preserve it for refiling through counsel without striking it outright.

While Local Rule 3-9(b) requires that a corporation can only appear through counsel, this Court retains discretion to temporarily accept filings where a party demonstrates good faith, diligence, and is not seeking to evade representation requirements. Indeed, this Court has already exercised this discretion in granting CT's prior *pro se* motion for a time extension — a comparable pre-answer filing. This Court possesses inherent authority to manage its dockets and may exercise discretion in a variety of circumstances. CT respectfully submits that its motion to stay should likewise be considered on the merits, or preserved pending appearance of counsel.

Cohesity goes further than arguing procedural impropriety by asserting that CT's filing may expose CT's principal to criminal sanctions under California law for the purported unauthorized practice of law. CT strongly disagrees with the appropriateness and tone of this argument. The motion to stay was submitted respectfully, in good faith, and for the limited purpose of asking the Court to pause duplicative proceedings. CT is not attempting to litigate on the merits without counsel, but only to responsibly engage this Court while pursuing legal representation. Courts have consistently recognized both in the United States and Canada that procedural rules should not be weaponized to punish parties for limited, good faith efforts to participate in litigation where no prejudice arises.

### III. COHESITY WILL NOT BE PREJUDICED BY CONSIDERATION OF THE MOTION TO STAY

Cohesity claims prejudice but identifies none. CT's motion to stay raises substantive, facially valid arguments concerning parallel proceedings and international comity. No discovery in this proceeding has occurred. The Initial Case Management Conference remains pending. No prejudice arises from the Court considering arguments already on file.

If Cohesity had a genuine concern that it will suffer prejudice as a result of a stay that would delay any remedies it seeks in this proceeding, it begs the obvious question of why it has not pursued what is in its own interest to expeditiously comply with its imminent discovery obligations in the Canadian Proceeding. Only by doing so could it obtain a final disposition in that proceeding on the merits so that a stay in this proceeding, if granted, could be lifted. Cohesity has not put in evidence in response to the Motion to Stay anything to even remotely suggest any interest in prosecuting its claim in the Canadian Proceeding in a timely manner. On the contrary, Cohesity openly conceded it has not made any effort at all to comply with its imminent discovery obligations in the Canadian Proceeding.

In contrast, striking the Motion to Stay would unduly penalize CT for attempting to engage with the process in good faith under procedural constraints.

### IV. CT HAS ACTED DILIGENTLY AND IN GOOD FAITH

CT continues to make diligent efforts to identify and retain appropriate U.S. counsel licensed in this District and experienced in transnational trademark litigation. This process is ongoing and subject to careful review, due in part to the complexity of the legal and procedural issues raised in both this and the parallel Canadian proceeding.

CT's current filings reflect an effort to comply with this Court's directives while

preserving its rights during a transitional period. CT has made consistent and timely efforts to participate in this litigation, including promptly seeking additional time to respond to Cohesity's Complaint; complying with the deadlines imposed by this Court; and mailing its Motion to Stay on or before the March 28, 2025 deadline, though it was received and docketed shortly thereafter for circumstance beyond CT's control.

CT's conduct is not dilatory. It has made an active and reasoned effort to engage with the proceedings while navigating legitimate transnational and procedural complexities. Nothing in CT's conduct reflects an intent to evade legal process or frustrate this Court's authority. CT's current filings reflect an effort to comply with this Court's directives while preserving its rights during a transitional period.

## V. THE STAY MOTION IS MERITORIOUS AND WARRANTS CONSIDERATION ON THE PAPERS

CT's Motion to Stay presents serious and legitimate questions regarding parallel foreign litigation; the first-filed Canadian Proceeding pending in the Federal Court of Canada; the avoidance of duplicative litigation and inconsistent judgments; and the role of international comity in transnational trademark disputes.

These are appropriate questions for abstention under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (holding that "*district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act*"); and *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) ("*The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort.*").

Cohesity's reliance on *Colorado River Water Conservation Dist. v. United States*, 424

U.S. 800, 817 (1976), where the Court warned that "*only the clearest of justifications will warrant dismissal of the federal action,*" is distinguishable. That doctrine applies to state-federal conflicts and imposes a stricter standard than the Court's broader discretion under *Wilton* and *Landis*.

Likewise, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), though cited by Cohesity, supports the principle that "*it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues.*" The same concern for judicial efficiency applies with equal, if not greater, force in the international context.

CT respectfully submits that the Court can, and should, resolve the stay motion without oral argument and in light of the already robust record.

## VI. CONCLUSION

For the foregoing reasons, CT respectfully requests that this Court deny Cohesity's motion to strike (ECF No. 21) and grant CT's Motion to Stay this proceeding; consider and rule on CT's Motion to Stay on the merits; and alternatively, if the Court concludes that counsel must appear, allow CT a period of time to obtain representation, and preserve its existing submissions for resubmission or adoption by counsel, rather than striking them outright.

Respectfully submitted,

Date:   April 16, 2025        Sign Name: _____
                              Print Name: Kip Warner

Kip C.S. Warner
kip@heliosmusic.io
CARTESIAN THEATRE CORP.

2200 - 1177 West Hastings St
Vancouver, BC
Canada   V6E 2K3

*Pro Se Defendant*

## CERTIFICATE OF SERVICE

1. **Case name:** COHESITY, INC. v. CARTESIAN THEATRE CORP., and DOES 1-25

2. **Case number:** 4:24-cv-09104-JST

3. **What documents were served?** Reply Brief in Support of Defendant Cartesian Theatre Corp.'s Motion to Stay and in Opposition to Plaintiff's Motion to Strike and Reply Declaration of Kip C.S. Warner in Support of Motion to Stay.

4. **How were the documents served?** Check one

    ☐ Placed in U.S. Mail

    ☐ Hand-delivered

    ☐ Sent for delivery (e.g., FedEx, UPS)

    ☑ Sent via email (if the other party has agreed to accept serve by email)

    ☑ Sent via fax (if the other party has agreed to accept serve by fax)

5. **Who did you send the documents to?** Michael C. Hendershot by email to mhendershot@jonesday.com and by fax to +1 (650) 739-3900; Catherine T. Zeng by email to czeng@jonesday.com and by fax to +1 (650) 739-3900; and Anna E. Raimer by email to aeraimer@jonesday.com and by fax to +1 (832) 239-3600.

6. **When were the documents sent?** April 16, 2025.

7. **Who served the documents?** Kip Warner.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: *[signature]*

Name:     Kip Warner

Address:  2200 – 1177 West Hastings St, Vancouver, BC, Canada  V6E 2K3