Kip C.S. Warner
kip@heliosmusic.io
CARTESIAN THEATRE CORP.
2200 - 1177 West Hastings St
Vancouver, BC
Canada  V6E 2K3

*Pro Se Defendant*

FILED

APR 21 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

N/C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Division: Oakland

| COHESITY, INC., | CASE NO. 4:24-CV-9104-JST |
|---|---|
| Plaintiff, | **REPLY DECLARATION OF KIP C.S. WARNER IN SUPPORT OF DEFENDANT CARTESIAN THEATRE CORP.'S MOTION TO STAY** |
| v. | |
| CARTESIAN THEATRE CORP., and DOES 1 - 25 | |
| Defendant | |

I, Kipling Conrad Singh Warner, declare as follows:

1. I am the principal and founder of the Defendant CARTESIAN THEATRE CORP. ("**CT**"). I submit this declaration in support of CT's motion to stay this proceeding.

2. The facts set forth herein are based on my personal knowledge or documents maintained by CT in the ordinary course of business. I believe them to be true, and I would competently testify to them if called upon to do so.

3. I recite the named definitions contained within CT's notice of motion and motion to stay in this declaration.

4. I reside in Vancouver, British Columbia, CT's primary place of business and registered

office.

5. I am not aware of CT ever having asserted trademark rights against Cohesity in the United States. CT has only asserted trademark rights against Cohesity in Canada. This has been communicated to Cohesity's American and Canadian counsel on numerous occasions, in writing and orally.

6. I have made multiple attempts to electronically file documents in this proceeding but was advised by Court staff that individuals are not permitted to do so without an ECF registration, which is available only to attorneys. I was further advised that I could submit documents by physical mail, which I have done, by submitting a single copy of each document to be filed, single sided, mailed to the Clerk of the Court at the United States Courthouse located at 1301 Clay Street, Suite 400 S, Oakland, California 94612, where the Court staff would scan and file these documents.

7. CT's motion to stay was placed into the custody of Canada Post by way of registered post on March 24, 2025, in compliance with the Court's deadline for response. I understand that the document was received and docketed not until April 1, 2025, due to standard international mail transit time. On March 25, 2025, I was advised by Canada Post by email that:

> Your package may be delayed
> Due to circumstances beyond our control, we may not be able to deliver your package within our standard delivery times. We'll deliver it as soon as possible. We're sorry for any inconvenience.
>
> Expected delivery
> Thursday, April 3, 2025
>
> Reason for delay
> Delivery may be delayed due to public authority

Tracking number
LM209802375CA

8. I have reviewed the declaration of Michael C. Hendershot of April 15, 2025, submitted in opposition to CT's notice of motion and motion to stay.

9. Respectfully, Mr. Hendershot is not counsel of record in the Canadian Proceeding and is not licensed to practice law in Canada.

10. At paragraph 2 of his declaration, Mr. Hendershot asserts that the Canadian Proceeding is "*still early in discovery*". Respectfully, this is inaccurate. Discovery began when pleadings closed on January 15, 2025.

11. Mr. Hendershot also states that "*the parties have not yet disclosed or produced any documents*". It is true that Cohesity's Canadian counsel has not yet produced any documents. CT's Canadian counsel requested such production of documents on March 27, 2025, and advised that failure to do so may lead to a motion to strike portions of Cohesity's Canadian pleading. Cohesity's Canadian counsel responded that CT is "*not entitled to evidence at this stage,*" but provided no authorities in support of that proposition.

12. Further, the March 27, 2025, correspondence was not the only time CT has sought evidence from Cohesity in support of its allegation that CT has allegedly asserted trademark rights in the United States contrary to Cohesity's interests. CT is yet to receive anything.

13. Mr. Hendershot further stated that the "*parties also have not yet discussed a schedule for taking any discovery depositions*". Respectfully, this reflects a misunderstanding of Federal Court of Canada procedure. Depositions are not conducted in Canadian civil practice. The closest equivalent is an "examination for discovery", but there are

substantial differences from a deposition. In addition, Canadian litigants are not required to "schedule" document production – it is an automatic obligation under our *Federal Courts Rules*.

14. On March 27, 2025, I reminded Mr. Hendershot of Cohesity's document disclosure obligations in the Canadian proceeding and advised that those steps would need to be completed prior to taking certain other steps in that proceeding. I am unable to reproduce that correspondence now as it includes "without prejudice" communications, which I understand are protected in both Canada and the United States under applicable evidentiary rules.

15. CT intends to fully participate in this proceeding and comply with all applicable procedural requirements. My efforts in submitting filings thus far have been made in good faith while seeking appropriate legal representation.

16. I acknowledge that this Court has discretion in determining how to treat filings made by *pro se* corporate defendants. I respectfully request the Court's consideration of CT's motion to stay in light of its prior acceptance of a similarly submitted filings.

17. No discovery has yet taken place in this action and no party has been materially prejudiced by the timing or nature of CT's motion. A stay of proceedings would preserve resources and promote efficiency by preventing duplicative litigation.

[ The remainder of this page is intentionally left blank. ]

18. I declare under penalty of perjury that the foregoing is true and correct. Executed in Vancouver, British Columbia.

Respectfully submitted,

Dated: 16 April, 2025

By: /s/

Kip C.S. Warner
kip@heliosmusic.io
CARTESIAN THEATRE CORP.
2200 - 1177 West Hastings St
Vancouver, BC
Canada  V6E 2K3

*Pro Se Defendant*