1  Michael C. Hendershot (State Bar No. 211830)
   mhendershot@jonesday.com
2  Catherine T. Zeng (State Bar No. 251231)
   czeng@jonesday.com
3  JONES DAY
   1755 Embarcadero Road
4  Palo Alto, CA 94303
   Telephone: +1.650.739.3939
5  Facsimile:  +1.650.739.3900

6  Anna E. Raimer (State Bar No. 234794)
   aeraimer@jonesday.com
7  JONES DAY
   717 Texas Avenue, Suite 3300
8  Houston, TX 77002
   Telephone: +1.832.239.3939
9  Facsimile:  +1.832.239.3600

10 *Attorneys for Plaintiff Cohesity, Inc.*

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                          **OAKLAND DIVISION**

14

15 | COHESITY, INC.,

16 |         Plaintiff,

17 |    v.

18 | CARTESIAN THEATRE CORP., and
   | DOES 1 – 25,

19

20 |         Defendants.

Case No. 4:24-CV-09104-JST

**PLAINTIFF COHESITY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION TO STAY THAT WAS MAILED TO THE COURT**

Hearing:  June 26, 2025
Time:     2:00 p.m.
Place:    Courtroom 6
Judge:    Hon. Jon. S. Tigar

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

From its service with the Complaint on December 20, 2024, to its extended deadline to respond to the Complaint on March 28, 2025, Cartesian Theatre Corp. ("Cartesian Theatre") had ***fourteen weeks*** to retain U.S. litigation counsel. It did not do so. Instead, Cartesian Theatre continues to send briefs signed "pro se" to this Court by mail, defying the local rules, centuries of caselaw, and the sound legal and practical reasons for the prohibition on "pro se" corporate representation. These improper filings cause inconvenience to the Court and prejudice to Cohesity, Inc. ("Cohesity"). For the reasons set forth below and in Cohesity's Motion to Strike, Cartesian Theatre's "pro se" filings seeking to stay this action should be stricken.

II.  **ARGUMENT**

   A.   **Cartesian Theatre Is A Corporation That Must Be Represented By Licensed U.S. Counsel.**

No "precedent" exists for the Court to consider a substantive motion filed "pro se" on behalf of a corporation by a non-attorney Canadian resident. Opp. at 3. Rather, as the U.S. Supreme Court has recognized: "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Accordingly, courts across the country routinely reject motions filed "pro se" on behalf of corporations. *See, e.g.*, *Lustig v. AzGen Sci. Holdings PLC*, No. 18-CV-07503-HSG, 2020 WL 2614778, at *1 n.1 (N.D. Cal. May 21, 2020) (noting the court could not consider a corporate defendant's purported "pro se" opposition to a motion); *Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F.Supp.2d 986, 990 (D. Minn. 1999) (treating "pro se" motion filed by corporate officer on behalf of corporation as "inoperative"); *Energae, LP v. U.S.*, No. C23-2085-LTS, 2023 WL 12036776, at *1 (N.D. Iowa Dec. 5, 2023) (declining to consider motion "because Smith is not an attorney" and therefore "he is not permitted to file pleadings on behalf of the Corporate Entities"); *Heritage Home for Funerals, Inc. v. Heritage Cremation Provider, LLC*, No. 4:17-CV-04086-KES, 2019 WL 1981047, at *5–6 (D.S.D. May 3, 2019) ("Because the motion was filed *pro se* on behalf of an LLC, the court permissibly disregarded

the motion."); *U.S. Commodity Futures Trading Comm'n v. McCrudden*, No. 10 CV 5567, 2013 WL 142377, at *8 (E.D.N.Y. Jan. 11, 2013) ("Where, as here, a motion is made by a non-attorney on behalf of a corporate defendant who is not represented by counsel, the Court may not consider that motion."); *Batac Dev. Corp. v. B&R Consultants, Inc.*, No. 98 CIV. 721 (CSH), 2000 WL 307400, at *2, *6 (S.D.N.Y. Mar. 23, 2000) (disregarding motion filed by a layperson on behalf of a corporation as "a nullity").

This uniform prohibition on "pro se" representation of corporations is also based on practical considerations that aim to protect the integrity of the legal system, resources of the courts, and rights of the parties. As one court explained:

> [T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.*, to avoid litigating unfounded or vexatious claims.

*Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). In other words, the rule requiring corporations to be represented by licensed counsel protects courts and other parties from the improper and inefficient conduct of lay advocates who lack the legal training and ethical obligations of attorneys, and in doing so, the rule prevents the unauthorized practice of law.

Cartesian Theatre cites no caselaw for its argument that the Court "retains discretion" to accept its "pro se" Motion to Stay (Opp. at 3), and Cohesity is aware of none. In suggesting this Court should ignore "centuries" of law requiring corporations to appear through licensed counsel, Cartesian Theatre instead relies on this Court's prior order granting, in part, Cartesian Theatre's request for additional time to respond to Cohesity's Complaint. Opp. at 1-3. However, Cartesian Theatre's prior motion was a procedural request for an extension based on alleged factual reasons that Cartesian Theatre needed more time to respond, including to purportedly retain counsel. ECF No. 16, at 2 ¶ 5(e). Cartesian Theatre's "pro se" Motion to Stay is not a "comparable filing" (Opp. at 3)—it is a substantive motion that (improperly) cites, (incorrectly) interprets, and (erroneously)

argues U.S. caselaw involving complex legal doctrines and international comity considerations.[1] ECF No. 19. The ability to accurately argue relevant caselaw in an ethically responsible manner is one of the many reasons corporations may only appear through licensed counsel admitted to practice before this Court.

Cartesian Theatre has no valid basis for failing to obtain U.S. counsel for this matter. Mr. Warner's lengthy Declaration (ECF No. 22-1) is conspicuously devoid of any details regarding the purportedly "diligent efforts to identify and retain appropriate U.S. counsel licensed in this District . . . ." Opp. at 4. Instead, Cartesian Theatre suggests its choice to move forward "pro se" is intentional to "preserv[e] its rights during a transitional period." *Id*. at 5. Yet, Cartesian Theatre managed to retain U.S. counsel when it perceived a benefit from doing so, such as filing its HELIOS trademark application with the U.S. Patent and Trademark Office. *See* ECF No. 15-11 (evidencing Cartesian Theatre's U.S. representation by Harness, Dickey & Pierce). Its failure to do so here is telling.

**B.     Cartesian Theatre's Improper Filings Cause Inconvenience To The Court.**

"Pro se litigation is a burden on the judiciary . . . and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits." *U.S. v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008) (internal citations omitted). As evident from the "pro se" motions mailed to this Court, both the manner and substance of Cartesian Theatre's motion practice is a burden on this Court. By mailing in its documents, Cartesian Theatre improperly treats the Court's staff as its legal assistants, expecting that its motions, declarations, and other filings will be received, uploaded, and filed on its behalf—a procedure the Court staff likely does not want continued in this case or any others.

Cartesian Theatre also causes inconvenience to the Court by submitting inartful motions with factual misstatements and incoherent and irrelevant arguments. *Turner v. Athene*, No. 23-CV-06369-TSH, 2023 WL 9595515, at *4 (N.D. Cal. Dec. 19, 2023) (noting rule against "pro se"

---

[1] Cartesian Theatre admits that its Motion to Stay "raises substantive . . . arguments concerning parallel proceedings and international comity." Opp. at 4; *see also* Opp. at 5 ("CT's Motion to Stay presents serious and legitimate questions regarding parallel foreign litigation . . . and the role of international comity in transnational trademark disputes.").

prosecution on behalf of others "is intended to protect litigants and the court from vexatious and poorly drafted claims, and to ensure that litigants' rights are advanced by individuals bound by duties of competence and professional ethics" (quoting *D.K. ex rel. Kumetz-Coleman v. Huntington Beach Union High Sch. Dist.*, 428 F. Supp. 2d 1088, 1090 (C.D. Cal. 2006))). This type of "pro se" motion practice unfairly burdens the Court with the additional time and resources required to decipher the jumbled arguments, review the irrelevant caselaw and statutes, evaluate the misinterpretations of legal analysis, and scrutinize the veracity of factual allegations.

### C. Cohesity Suffers Prejudice From Cartesian Theatre's "Pro Se" Filings.

Cartesian Theatre's continued failure to retain counsel also causes significant prejudice to Cohesity. ***First***, Cartesian Theatre's "pro se" motion practice delays Cohesity's ability to obtain declaratory and injunctive relief that validates Cohesity's right to continue using the HELIOS trademark in the United States. *See, e.g., Societe D'Equipments Internationaux Nigeria, Ltd. v. Dolarian Cap., Inc.*, No. 1:15-CV-01553-SKO, 2018 WL 2762016, at *3 (E.D. Cal. June 8, 2018) (noting that the "continued failure to retain counsel . . . prejudiced Defendants greatly, as they have been unable to . . . ultimately conclude this litigation").

***Second***, Cartesian Theatre's motion drafted by a non-attorney requires Cohesity to incur unnecessary costs in its attempts to comprehend, parse, and respond to the meritless, inartful arguments and citations in Cartesian Theatre's filings. As but one example, Cartesian Theatre's opposition incorrectly argues that *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976) ("*Colorado River*") only applies to "state-federal conflicts." Opp. at 5-6. But the Ninth Circuit has applied *Colorado River's* principles to cases involving a foreign proceeding. *See, e.g., Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1195 (9th Cir. 1991) (applying *Colorado River* in vacating district court's stay order "pending the outcome of parallel judicial proceedings in Geneva, Switzerland").[2]

---

[2] Cohesity reserves its right to move pursuant to Rule 11 for the recovery of its attorneys' fees and costs incurred in connection with opposing and moving to strike Cartesian Theatre's Motion to Stay because such motion is legally unreasonable, is without a factual foundation, and was filed for an improper purpose. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) ("Rule 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose."); *see also* Fed. R. Civ. P.

***Third***, because Mr. Warner is not a lawyer, he is not bound by attorney ethical constraints that would obligate him to (a) be truthful to the Court, and (b) avoid litigating unfounded positions. *See, e.g., Simon v. Hartford Life, Inc.*, No. CV 06-3340-GHK (JCX), 2006 WL 8447990, at *2 (C.D. Cal. Aug. 1, 2006), *aff'd*, 546 F.3d 661 (9th Cir. 2008) ("A pro se litigant not only lacks legal training, but the ethical obligations, liability, and accountability imposed upon an attorney."). Cartesian Theatre's motion practice and Mr. Warner's declaration are replete with misstatements about the law and the status of the Canadian proceeding. *See, e.g.*, attached Declaration of Monique Couture, which refutes Mr. Warner's assertions regarding the status of and procedure in the Canadian action. Cartesian Theatre's misrepresentations—whether intentional or merely based on a misunderstanding of law and practice—demonstrate the importance of requiring an attorney with ethical obligations to this Court to make substantive arguments in support of requested relief.

In sum, although Cartesian Theatre has sought the benefits of corporate status and of the U.S. legal system, including through its U.S. trademark application to register the HELIOS mark, it does not want to be subject to the rules. If Cartesian Theatre wanted to defend this action, it should have retained licensed counsel and filed its response to the Complaint through a proper method. Despite its colorful boxing match analogy, Cartesian Theatre is not "locked out of the building." Opp. at 2. Rather, both this Court and Cohesity have given Cartesian Theatre ample additional time to secure U.S. counsel to represent it in this action—and such counsel would know where to park, be entitled to entry, and prevent any default in a case based on Cartesian Theatre's threats made to a U.S. company and its U.S. partners regarding U.S. conduct and U.S. trademark rights. Cartesian Theatre's continued "pro se" motion practice should be disregarded.

---

11(c)(4) (describing nature of sanction imposed under Rule 11, including potential for an award of "reasonable attorney's fees and other expenses directly resulting from" a violation of Rule 11).

### III. CONCLUSION

For the foregoing reasons, Cartesian Theatre's Motion to Stay, Reply brief, and accompanying filings should be stricken as improperly filed "pro se" by a corporation and by mail.

Dated: May 6, 2025

Respectfully submitted,

JONES DAY

By: */s/ Michael C. Hendershot*
Michael C. Hendershot, Esq.

*Attorney for Plaintiff Cohesity, Inc.*

# CERTIFICATE OF SERVICE

I, Pamela Walter, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Jones Day, 555 California St., 26th FL, San Francisco, California 94104. On May 6, 2025, I served or caused to be served a copy of the within document(s):

1. **PLAINTIFF COHESITY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT CARTESIAN THEATRE CORP.'S "PRO SE" MOTION TO STAY THAT WAS MAILED TO THE COURT**

2. **DECLARATION OF MONIQUE M. COUTURE IN SUPPORT OF COHESITY, INC.'S MOTION TO STRIKE CARTESIAN THEATRE CORP.'S "PRO SE" MOTION TO STAY THAT WAS MAILED TO THE COURT**

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail addresses set forth below.

☒ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for UPS delivery to the addresses set forth below.

Cartesian Theatre Corp.
Attn: Kip Warner
108 – 2115 Cypress St.
Vancouver, BC V6J 3M3
Canada
Email: kip@heliosmusic.io; legal@cartesiantheatre.com

Westpoint Law Group
Attn: Polina H. Furtula
2200 – 1177 W. Hastings Street
Vancouver, BC V6E 2K3
Canada
Email: phf@westpointlawgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the UPS on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1  I declare under penalty of perjury under the laws of the United States that the above is true
2  and correct.
3  Executed on May 6, 2025, at Oakland, California.

*P. Walter*
Pamela Walter