Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Anna E. Raimer (State Bar No. 234794)
aeraimer@jonesday.com
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3939
Facsimile: +1.832.239.3600

*Attorneys for Plaintiff Cohesity, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 – 25, <br><br> Defendants. | Case No. 4:24-CV-09104-JST <br><br> **DECLARATION OF MONIQUE M. COUTURE IN SUPPORT OF PLAINTIFF COHESITY, INC.'S MOTION TO STRIKE CARTESIAN THEATRE CORP.'S "PRO SE" MOTION TO STAY THAT WAS MAILED TO THE COURT** |

I, Monique M. Couture, hereby declare as follows:

1. I am a partner with the law firm Gowling WLG. I am counsel for Cohesity, Inc. ("Cohesity") in the Canadian proceeding captioned *Cartesian Theatre Corp. v. Cohesity, Inc.*, Case File No. T-2636-24, which was filed by Cartesian Theatre Corp. ("Cartesian Theatre") and is pending before the Federal Court of Canada (hereinafter, the "Canadian Proceeding"). I am licensed to practice law in Canada and am familiar with the Canadian Federal Courts Rules. I make this declaration in support of Cohesity's Motion to Strike Defendant Cartesian Theatre Corp.'s "Pro Se" Motion to Stay That Was Mailed to the Court.

2. The April 16, 2025 Declaration of Kip C.S. Warner In Support of Defendant Cartesian Theatre Corp.'s Motion to Stay (ECF No. 22-1) (hereinafter, the "Warner Declaration") includes factual mischaracterizations and legal inaccuracies surrounding the Canadian Proceeding.

3. In Federal Court Proceedings in Canada, pursuant to Rule 223 of the Canadian Federal Courts Rules: "Every party shall serve an affidavit of documents on every other party within 30 days after the close of pleadings." This "affidavit of documents" lists relevant documents in a party's possession, power or control, but does not produce the documents at that time. In the Canadian Proceeding, neither party has served its affidavit of documents. To advance the Canadian Proceeding, Cartesian Theatre need merely to serve its affidavit of documents, but it has not done so. Nor has Cartesian Theatre requested Cohesity's affidavit of documents.

4. After the parties in a Federal Court Proceeding exchange their respective affidavits of documents, the parties then arrange for an exchange of the documents identified in the affidavits of documents. However, unless and until the parties serve their affidavits of documents disclosing the relevant documents, there simply is nothing to produce. Accordingly, in the Canadian Proceeding, neither Cartesian Theatre nor Cohesity have produced any documents. Where parties have asked the Federal Court to compel the disclosure of documents in the absence of an affidavit of documents, the court has declined, on the basis that this is premature, and may

result in the production of irrelevant documents (*Apotex Inc. v. Wellcome Foundation Ltd.*, 2004 FC 574). Therefore, Cartesian Theatre cannot compel disclosure of Cohesity's documents that have not yet been disclosed in an affidavit of documents.

5. Following the exchange of documents, the parties conduct oral examinations for discovery, which is the Canadian equivalent of U.S. discovery depositions. Examinations for discovery allow parties that have served an affidavit of documents to examine the opposing party's representative under oath with a court reporter transcribing the questions and answers. However, Cartesian Theatre cannot proceed with an examination for discovery without having served its own affidavit of documents. *See* Rule 236 of the Canadian Federal Courts Rules ("[A] party may examine an adverse party for discovery only if (a) the pleadings are closed and the examining party has served its affidavit of documents; . . ."). Accordingly, the parties have not yet discussed a schedule for taking any discovery depositions. In practice, counsel typically cooperate to schedule a mutually acceptable time to hold the examination for discovery, given the logistics relating to the attendance of the parties, and that a court reporter must be booked for the recordal of the discovery.

6. The Warner Declaration misrepresents a March 27, 2025 email from Cartesian Theatre's Canadian counsel. Mr. Warner misrepresents that "CT's Canadian counsel requested . . . production of documents on March 27, 2025." ECF No. 22-1 (Warner Decl.), ¶ 11. A true and correct copy of the referenced March 27, 2025 email from Cartesian Theatre's Canadian counsel is attached hereto as **Exhibit A**. As shown by the face of this email, Cartesian Theatre's Canadian counsel seeks "information" concerning paragraph 33 of Cohesity's counterclaim in the Canadian Proceeding. Cartesian Theatre has not brought the motion to strike this paragraph referenced in Exhibit A. In the email, counsel does not request the production of Cohesity's affidavit of documents. As noted above, until the parties' respective affidavits of documents are served in connection with the Canadian proceeding, there are no documents to produce.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on the 6th of May 2025, in Ottawa, Canada.

_____
Monique M. Couture

# EXHIBIT A

| | |
|---|---|
| **From:** | Couture, Monique M. <Monique.Couture@gowlingwlg.com> |
| **Sent:** | Thursday, April 3, 2025 1:29 PM |
| **To:** | Polina Furtula |
| **Cc:** | Savoy, Martha; McKeown, Megan L.; Gary Shuster; legal@cartesiantheatre.com; Raimer, Anna E.; Kiedrowski, Carrie L.; Zeng, Catherine T. |
| **Subject:** | RE: Cartesian Theatre Corp. v. Cohesity, Inc. - Canadian Federal Court File No. T-2636-24 |

Dear Ms. Furtula

We are in receipt of your correspondence dated March 27, 2025 advising that you have instructions to bring a motion to strike paragraph 33 of our client's Counterclaim and seeking evidence in support of the pleading.

As you are no doubt aware, your client is not entitled to evidence at this stage.

The pleading was sufficiently clear to enable your client to plead and moreover the details are well within your client's knowledge.

Should your client nevertheless opt to proceed with a motion to strike we trust that you will contact us in advance so that we can schedule the motion for a mutually available date.

Best regards,
Monique

Monique Couture
Partner
Gowling WLG

**From:** Polina Furtula
**Sent:** March 27, 2025 9:26 PM
**To:** Couture, Monique M.
**Cc:** Savoy, Martha ; mmckeown@jonesday.com; Gary Shuster ; legal@cartesiantheatre.com; Raimer, Anna E. ; Kiedrowski, Carrie L. ; Zeng, Catherine T.
**Subject:** Cartesian Theatre Corp. v. Cohesity, Inc. - Canadian Federal Court File No. T-2636-24

**This message originated from outside of Gowling WLG. | Ce message provient de l'extérieur de Gowling WLG.**

Monique,

I have instructions to bring a motion to strike para. 33 of the Cohesity, Inc. ("Cohesity") Counterclaim, which states:

33. Indeed, the Defendant by Counterclaim has contacted numerous third parties
with the improper demand that they cease any use of HELIOS or otherwise
pay for a license from the Defendant by Counterclaim and has commenced
infringement proceedings against Cohesity and others in an attempt to secure
an improper monopoly over use of HELIOS for any goods or services, or
otherwise extort a payment.

I am not aware of my client contacting any third party asking them to pay a license fee or that Cohesity pay a license fee as alleged.

If your client has any such information, please provide it as soon as possible, so we may re-evaluate our client's position if necessary and avoid a court application.

I look forward to your response. Please respond by April 4, 2025.

Polina

**Polina H. Furtula***
Lawyer
Westpoint Law Group

2200 - 1177 W. Hastings Street
Vancouver, BC V6E 2K3
Office: 604.718.6886
Mobile: 604.353.7243
Fax: 604.629.1882
phf@westpointlawgroup.com
Please note: **We do not accept Service via this email or facsimile.** Our service email is service@westpointlawgroup.com. Thank you for your cooperation. The information in the email is sent to you by a lawyer and/or a law firm and is intended to be confidential and for the use of only the individual or entity named above. If you receive this email in error, please notify us immediately by email reply. Thank you.
*Law corporation


The information in this email is intended only for the named recipient and may be privileged or confidential. If you are not the intended recipient please notify us immediately and do not copy, distribute or take action based on this email. If this email is marked 'personal' Gowling WLG is not liable in any way for its content. E-mails are susceptible to alteration. Gowling WLG shall not be liable for the message if altered, changed or falsified.

Gowling WLG (Canada) LLP is a member of Gowling WLG, an international law firm which consists of independent and autonomous entities providing services around the world. Our structure is explained in more detail at www.gowlingwlg.com/legal.

References to 'Gowling WLG' mean one or more members of Gowling WLG International Limited and/or any of their affiliated businesses as the context requires. Gowling WLG (Canada) LLP has offices in Montréal, Ottawa, Toronto, Hamilton, Waterloo Region, Calgary and Vancouver.