Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Anna E. Raimer (State Bar No. 234794)
aeraimer@jonesday.com
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3939
Facsimile: +1.832.239.3600

*Attorneys for Plaintiff Cohesity, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC., | Case No. 4:24-CV-09104-JST |
| Plaintiff, | **PLAINTIFF COHESITY, INC.'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| CARTESIAN THEATRE CORP., and DOES 1 – 25, | Date: May 13, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 6<br>Judge: Hon. Jon. S. Tigar |
| Defendants. | |

Plaintiff Cohesity, Inc. ("Cohesity") individually submits this Case Management Statement and Proposed Order because no attorney has appeared on behalf of Defendant Cartesian Theatre Corp. ("Cartesian Theatre") in this action.[1]  Therefore, this Case Management Statement solely reflects Cohesity's positions pursuant to the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement and Civil Local Rule 16-9(a) ("If one or more of the parties is not represented by counsel, the parties may file separate case management statements.").

**1.      Jurisdiction and Service**

This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*  Therefore, this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  Cartesian Theatre has been served (ECF No. 13), but Cartesian Theatre has not answered the Complaint.  Cohesity is not aware of any dispute regarding venue or any valid basis for Cartesian Theatre to challenge personal jurisdiction.

**2.      Facts**

Cohesity is one of the largest and fastest growing providers of artificial intelligence-powered data security and data management software solutions, offering products and services to businesses, institutions, and government agencies with substantial data management needs.  On August 21, 2018, Cohesity announced the release of its HELIOS software-based management solution, which enables Cohesity customer subscribers (*i.e.*, not the general public) to view and manage data in all of their Cohesity applications from a single dashboard.  Cohesity owns trademark registrations and applications for its HELIOS trademark, including U.S. Trademark Registration No. 7,095,707, which issued on July 4, 2023, and covers, *inter alia*, downloadable computer software for data management and software-as-a-service for data management.

Defendant Cartesian Theatre, on the other hand, allegedly uses the HELIOS mark in

---

[1] Under the Local Rules, "[a] corporation . . . may only appear through a member of the bar of this Court."  Civ. L.R. 3-9(b); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

- 2 -         PL.'S CASE MANAGEMENT STATEMENT,
             NO. 4:24-CV-09104-JST

connection with a very different kind of software product, namely, a music recommendation engine that allows customers to search large commercial music libraries by using music as the search key. By the very nature of this software, it would be sold to completely different customers in completely different trade channels from Cohesity's solutions.  Nevertheless, on August 12, 2024, Cartesian Theatre's principal and founder, Kipling Warner, contacted Cohesity, alleging that Cohesity infringes on Cartesian Theatre's purported HELIOS trademark.  Mr. Warner demanded that Cohesity license the HELIOS trademark or suffer "catastrophic" consequences.  Cartesian Theatre not only threatened to issue "notices of infringement" to third parties currently delivering Cohesity's HELIOS products and services, but actually contacted Cohesity's major U.S. business partners, demanding they stop carrying or supporting Cohesity's HELIOS products and services based on the alleged trademark infringement.

At the time of its demands, Cartesian Theatre did not own any U.S. trademark application, but it filed an application for the HELIOS trademark on August 12, 2024.  The U.S. Patent and Trademark Office ("USPTO") recently completed its review of Cartesian Theatre's application and did not cite Cohesity's prior HELIOS registration against Cartesian Theatre's HELIOS application.  In other words, the USPTO determined that the parties' marks can co-exist without any likelihood of confusion.

Because Cartesian Theatre's allegations against Cohesity and its partners cast a cloud over Cohesity's presumptively valid right and title in its HELIOS trademark, on December 17, 2024, Cohesity brought this action for a declaratory judgment of non-infringement of Cartesian Theatre's alleged trademark rights in the HELIOS mark in the United States.  ECF No. 1.  The only way for Cohesity to operate without disruption to its U.S. business and anticipation of litigation is for this Court to find and declare that Cohesity's use of its HELIOS trademark does not infringe Cartesian Theatre's alleged trademark rights.  Additionally, Cohesity seeks an order from this Court enjoining Cartesian Theatre from asserting or otherwise enforcing any alleged trademark rights against Cohesity.

Cartesian Theatre was served with the Complaint on December 20, 2024, and its answer was originally due January 10, 2025.  ECF No. 13.  However, Cohesity agreed to a three-week

extension for Cartesian Theatre to answer or otherwise respond to the Complaint, i.e., to January 31, 2025. ECF No. 15, Ex. C. Instead of filing an answer or response, Cartesian Theatre moved "pro se" for more time to file an answer or dispositive motion, claiming more time was needed to retain counsel. ECF No. 16, at ¶ 1. The Court granted in part Cartesian Theatre's motion, ordering that "Defendant's response to Plaintiff's complaint is due March 28, 2025. Absent exigent circumstances, there will be no further extensions." ECF No. 17. Cartesian Theatre did not file a response to Cohesity's Complaint by the extended March 28, 2025 deadline, nor did Cartesian Theatre seek a further extension based on exigent circumstances. Instead, Cartesian Theatre moved "pro se" for the Court to stay this action. ECF No. 19. Cohesity moved to strike this "pro se" motion to stay (ECF No. 21), and these motions are currently pending before the Court.

**3.  Legal Issues**

The disputed points of law include, but are not limited to, the following:

- Whether Cohesity is entitled to a declaration that its use of its trademark HELIOS for software products and services does not infringe Cartesian Theatre's alleged trademark for HELIOS, 28 U.S.C. §§ 2201 and 2202;
- Whether Cohesity is entitled to an order enjoining Cartesian Theatre from asserting or otherwise enforcing any alleged trademark rights against Cohesity, 28 U.S.C. §§ 2201 and 2202;
- Whether Cohesity has priority over Cartesian Theatre to the HELIOS trademark in the United States, 15 U.S.C. § 1057(c);
- Whether the parties' respective uses of the HELIOS trademark for their different software products and services sold to different customers in different trade channels is likely to cause consumer confusion, 15 U.S.C. § 1125; and
- Whether Cohesity is entitled to an award of its reasonable attorneys' fees, expenses, and costs in this action, 15 U.S.C. § 1117(a).

Cohesity reserves its right to revise or supplement this list, including in the event that Cartesian Theatre answers the Complaint.

**4.    Motions**

  **A.    Pending Motions**

There are two motions currently pending before the Court:

1. Cartesian Theatre's "Pro Se" Motion to Stay (ECF No. 19) and its accompanying Request for Judicial Notice (ECF No. 19-1); and

2. Cohesity's Motion to Strike Or, In the Alternative, Opposition to Cartesian Theatre's "Pro Se" Motion to Stay That Was Mailed to the Court (ECF No. 21).

Both of these motions have been fully briefed and are pending a decision by the Court. A hearing on Cohesity's Motion to Strike Or, In the Alternative, Opposition to Cartesian Theatre's "Pro Se" Motion to Stay That Was Mailed to the Court is currently scheduled for June 26, 2025.

  **B.    Prior Motions**

Cartesian Theatre previously filed a "Pro Se" Motion for Extension of Time to File Answer or Dispositive Motion (ECF No. 16). Cohesity filed a Motion to Strike and Opposition to Cartesian Theatre's "Pro Se" Motion for Extension of Time to File Answer or Dispositive Motion That Was Mailed But Not Filed (ECF No. 15). On February 25, 2025, the Court granted in part and denied in part Cartesian Theatre's Motion, ordering that "Defendant's response to Plaintiff's complaint is due March 28, 2025. Absent exigent circumstances, there will be no further extensions." ECF No. 17.

  **C.    Anticipated Motions**

Cohesity anticipates filing a motion for default judgment after the Court resolves the pending motions.

**5.    Amendment of Pleadings**

At this time, Cohesity does not plan to amend the Complaint.

**6.    Evidence Preservation**

Cohesity reviewed the Guidelines for the Discovery of Electronically Stored Information. The parties have not met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding the reasonable and proportionate steps required to preserve evidence relevant to the issues reasonably evident in this action because no attorney has appeared in this action on

behalf of Cartesian Theatre.

**7.     Disclosures**

No initial disclosures have been exchanged because no attorney has appeared on behalf of Cartesian Theatre in this action.

**8.     Discovery**

Because no attorney has appeared on behalf of Cartesian Theatre in this action, the parties have not held a Rule 26(f) discovery conference, nor taken any discovery. Accordingly, there is no proposed discovery plan.

**9.     Class Actions**

This action is not a class action.

**10.    Related Cases**

There are no related cases or proceedings pending before another judge of this court, or before another U.S. court or administrative body. Although the parties are involved in a Canadian trademark infringement proceeding captioned *Cartesian Theatre Corp. v. Cohesity, Inc.*, Case File No. T-2636-24, which is pending before the Federal Court of Canada, the Canadian proceeding is limited to resolving use and registration issues in Canada under Canadian law. In contrast, this action seeks a declaratory judgment of non-infringement of Cartesian Theatre's alleged trademark rights in the HELIOS mark in the United States. ECF No. 1. Therefore, the relevant law is different, the parties' respective trademark rights (which are territorial in nature) are different, and the potential remedies at issue in the Canadian proceeding and this litigation are different.

**11.    Relief**

As set forth in its Complaint, Cohesity seeks the following relief:

   a)  a declaratory judgment that Cohesity's use of its HELIOS trademark does not infringe Cartesian Theatre's alleged trademark rights in the United States;

   b)  an order enjoining Cartesian Theatre from asserting or otherwise enforcing any alleged trademark rights against Cohesity;

   c)  an award of Cohesity reasonable attorneys' fees, expenses, and costs in this action; and

      d) an award of such other, further, and different relief as the Court deems just and proper.

**12.  Settlement and ADR**

Because no attorney has appeared in this action on behalf of Cartesian Theatre, the parties have not met and conferred on an ADR process. Nevertheless, Cohesity filed its ADR Certification on May 1, 2025. ECF No 23. The parties have engaged in some settlement discussions but no agreement has been reached to date.

**13.  Other References**

This case is not suitable for reference to binding arbitration or a special master. Cohesity does not consent to the jurisdiction of a magistrate judge. ECF No. 8.

**14.  Narrowing of Issues**

Cohesity is unaware of any issues that can be narrowed at this time.

**15.  Scheduling**

Because no attorney has appeared in this action on behalf of Cartesian Theatre, Cohesity proposes that the Court set the case deadlines.

**16.  Trial**

Cohesity demanded a jury trial in this action. ECF No. 1, at 13. While it is too early to determine the length of trial, Cohesity does not currently expect a trial would take more than three days for its case.

**17.  Disclosure of Non-party Interested Entities or Persons**

Cohesity filed a disclosure statement pursuant to Fed. R. Civ. P. 7.1 on December 17, 2024 (ECF No. 4) and filed its Certification of Conflicts and Interested Entities or Persons pursuant to Civ. L.R. 3-15 on January 23, 2025 (ECF No. 14). Cohesity certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

Cartesian Theatre has not filed its Certification of Conflicts and Interested Entities or Persons pursuant to Civ. L.R. 3-15.

**18.  Professional Conduct**

Cohesity's attorneys of record have reviewed the Guidelines for Professional Conduct for

the Northern District of California.

**19.   Other**

Default judgment would facilitate the just and speedy disposition of this matter. Cohesity therefore respectfully requests the Court's guidance on whether it is amenable to a motion for default judgment at this time.

Dated: May 6, 2025                                                                  Respectfully submitted,

                                                                                                   JONES DAY

                                                                                                   By: */s/ Michael C. Hendershot*
                                                                                                           Michael C. Hendershot, Esq.

                                                                                                   *Attorney for Plaintiff Cohesity, Inc.*

**[PROPOSED] ORDER**

The above PLAINTIFF COHESITY, INC.'S CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____, 2025        By: _____
                                              HON. JON S. TIGAR
                                              UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Pamela Walter, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Jones Day, 555 California St., 26th FL, San Francisco, California 94104. On May 6, 2025, I served or caused to be served a copy of the within document(s):

1. **PLAINTIFF COHESITY, INC.'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail addresses set forth below.

☒ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for UPS delivery to the addresses set forth below.

Cartesian Theatre Corp.
Attn: Kip Warner
108 – 2115 Cypress St.
Vancouver, BC V6J 3M3
Canada
Email: kip@heliosmusic.io; legal@cartesiantheatre.com

Westpoint Law Group
Attn: Polina H. Furtula
2200 – 1177 W. Hastings Street
Vancouver, BC V6E 2K3
Canada
Email: phf@westpointlawgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the UPS on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 6, 2025, at Oakland, California.

_____
Pamela Walter