Kip C.S. Warner

kip@heliosmusic.io

CARTESIAN THEATRE CORP.

2200 - 1177 West Hastings St

Vancouver, BC

Canada  V6E 2K3

*Pro Se Defendant*

FILED

MAY 20 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Division: Oakland

| | |
|---|---|
| COHESITY, INC.,<br><br>Plaintiff(s),<br><br>v.<br><br>CARTESIAN THEATRE CORP., and DOES 1 – 25<br><br>Defendants | CASE NO. 4:24-CV-9104-JST<br><br>**SEPARATE CASE MANAGEMENT STATEMENT OF DEFENDANT CARTESIAN THEATRE CORP.**<br><br>Submitted Without Oral Hearing<br><br>Judge Hon. Jon S. Tigar |

### Statement Regarding Filing Format

Cartesian Theatre Corp. ("**CT**") attempted to confer by email with counsel for Plaintiff Cohesity, Inc. ("**Cohesity**") on April 25, 2025, regarding the preparation of a Joint Case Management Statement as required by *Federal Rule of Civil Procedure* 26(f), *Local Rule* 16-9, and this Court's Standing Order. As of the date of submission of this filing, CT has not received a substantive response. Accordingly, CT respectfully submits this Separate Case Management Statement.

CT also respectfully reminds the Court that CT's motion to stay this proceeding is currently pending and fully briefed. The issues raised in this statement reflect and reinforce the grounds presented in that motion.

1. **Jurisdiction & Service**

CT does not concede jurisdiction and expressly reserves the right to challenge personal or subject-matter jurisdiction at a later stage. CT does not concede that service was proper under international law, but acknowledges receipt of Cohesity's complaint.

2. **Facts**

CT is a Vancouver-based Canadian company that owns the HELIOS trademark in Canada (Reg. No. TMA1260843). CT alleges that Cohesity's use of HELIOS in Canada for overlapping technology services infringes its rights in that jurisdiction. CT does not possess any trademark registrations in the United States and has not asserted any rights against Cohesity in the United States. CT and Cohesity are currently litigating the Canadian registration in the Federal Court of Canada: *Cartesian Theatre Corp. v. Cohesity, Inc.*, Court File No. T-2636-24 (the "**Canadian Proceeding**").

3. **Legal Issues**

   (a) Whether Cohesity is entitled to declaratory relief concerning its use of the HELIOS mark in the United States;
   (b) Whether the issues raised in this proceeding are more appropriately resolved in the first-filed and procedurally advanced Canadian Proceeding; and
   (c) Whether this proceeding should be stayed to avoid duplicative litigation and inconsistent determinations.

4. **Motions**

CT has filed a motion to stay, which is fully briefed and pending before the Court.

5. **Amendment of Pleadings**

CT does not anticipate amending any pleadings at this time.

6. **Evidence Preservation**

CT is aware of its preservation obligations and is complying accordingly.

7. **Disclosures**

CT has not yet made initial disclosures due to its pending motion to stay and the absence of

coordination by opposing counsel.

**8.   Discovery**

No discovery has taken place in this proceeding.

**9.   Class Actions**

Not applicable.

**10.  Related Cases**

There is a related proceeding in the Federal Court of Canada, the Canadian Proceeding, which is currently the basis for CT's pending motion to stay in this proceeding.

**11.  Relief**

CT has not asserted any counterclaims, and seeks no affirmative relief in this proceeding at this time, pending resolution of its motion to stay in this proceeding and the related Canadian Proceeding.

**12.  Settlement and ADR**

CT remains open to ADR options in this proceeding, but believes settlement efforts are premature while its motion to stay is pending. CT is currently in the process of taking formal steps to schedule mediation in the Canadian Proceeding overseen by the Federal Court of Canada upon completion of the parties' discovery obligations in that proceeding.

**13.  Consent to Magistrate Judge**

CT does not consent to magistrate judge jurisdiction at this time.

**14.  Other References**

None requested.

**15.  Narrowing of Issues**

CT believes the scope of issues could be significantly narrowed through resolution of its pending motion to stay.

**16.  Expedited Trial Procedure**

Not applicable.

### 17. Scheduling

CT proposes that scheduling be deferred until after the Court resolves CT's motion to stay, which may narrow or eliminate the need for further steps in this proceeding.

### 18. Trial

CT does not request a trial at this time due to the pending procedural motion.

### 19. Disclosure of Non-party Interested Entities or Persons

CT is a private Canadian corporation with no parent or public shareholder.

### 20. Professional Conduct

CT is aware of and will adhere to the Court's professional conduct guidelines.

### 21. Other Matters

CT is actively seeking to retain U.S. counsel admitted in this District and experienced in cross-border trademark and unfair competition litigation. That search remains ongoing. In the course of inquiries, CT has encountered numerous potential conflicts of interest arising from the widespread use of Cohesity's enterprise software products among prospective counsel, which has limited the pool of available conflict-free representation. CT is continuing its efforts diligently and in good faith, and anticipates that U.S. counsel will be retained.

**Related Proceedings (First-Filed Canadian Proceeding and Parallel Trademark Activity)**

CT is the plaintiff in the first-filed Canadian Proceeding. That proceeding was commenced on October 8, 2024, and concerns CT's trademark rights in HELIOS and Cohesity's alleged infringement through use of the identical mark in overlapping technology sectors in Canada. In the Canadian Proceeding:

(a) Cohesity filed a Statement of Defence and Counterclaim on November 18, 2024;

(b) CT filed a Defence to Counterclaim on December 18, 2024;

(c) **Pleadings formally closed on December 18, 2024**, pursuant to *Rule* 202(a) of the *Federal Courts Rules*, which provides that pleadings close upon the filing of a defence to counterclaim (or expiry of the deadline to do so); and

(d) CT filed a Reply to Defence to Counterclaim on January 15, 2025.

CT notes that in earlier U.S. filings, it had referenced a slightly later estimate of when pleadings closed in the Canadian Proceeding. Upon further review of the Canadian record and

governing rules, CT confirms that pleadings closed even earlier than initially represented, meaning that the Canadian Proceeding entered the discovery phase sooner than previously stated. This further supports CT's position that the Canadian Proceeding is procedurally advanced and suitable for deference under established stay principles.

As of the date of this filing, neither party has served its affidavit of documents and documents, though both are required to do so under *Rule 223* of the *Federal Courts Rules*. CT anticipates completing and serving its affidavit of documents and documents by the end of this week. CT's delay was due to the volume and technical nature of the responsive materials and is proceeding diligently.

Cohesity advised CT on April 3, 2025 that it would not be disclosing any documents at this point in time in the Canadian Proceeding, despite their discovery obligations pursuant to *Rule 223*, stating *"As you are no doubt aware, your client is not entitled to evidence at this stage."* No authorities were provided in support of that proposition. CT may move for appropriate relief.

In addition to the ongoing Canadian Proceeding, CT has taken steps to protect its rights administratively through the Canadian Intellectual Property Office ("**CIPO**"). Specifically, on August 12, 2024, and September 25, 2024, CT submitted **Notifications of Third Party Rights** in connection with Cohesity's pending Canadian trademark applications for HELIOS (No. 2334939) and COHESITY HELIOS (No. 2349560), respectively. These filings, made under s 12(1)(d) of the Canadian *Trademarks Act*, RSC 1985, c T-13, identify CT's registered HELIOS mark (TMA1260843) and assert that Cohesity's applications are confusing with CT's prior rights in Canada. While these notifications do not trigger formal proceedings, they place CT's objections on the public record and may influence the examiner's evaluation. Together with the active Canadian Proceeding in the Federal Court of Canada, these measures underscore that the Canadian Proceeding is the primary and procedurally mature forum in which the full scope of the parties' trademark conflict is already being addressed.

Dated:  May 5, 2025

_____

Kip C.S. Warner

kip@heliosmusic.io

CARTESIAN THEATRE CORP.

2200 - 1177 West Hastings St

Vancouver, BC

Canada  V6E 2K3

*Pro Se Defendant*

## CERTIFICATE OF SERVICE

1. **Case name:** COHESITY, INC. v. CARTESIAN THEATRE CORP., and DOES 1-25

2. **Case number:** 4:24-cv-09104-JST

3. **What documents were served?** Defendant's separate case management statement

4. **How were the documents served?** Check one

    ☐ Placed in U.S. Mail

    ☐ Hand-delivered

    ☐ Sent for delivery (e.g., FedEx, UPS)

    ☑ Sent via email (if the other party has agreed to accept serve by email)

    ☑ Sent via fax (if the other party has agreed to accept serve by fax)

5. **Who did you send the documents to?** Michael C. Hendershot by email to mhendershot@jonesday.com and by fax to +1 (650) 739-3900. Catherine T. Zeng by email to czeng@jonesday.com and by fax to +1 (650) 739-3900.

6. **When were the documents sent?** May 5, 2025.

7. **Who served the documents?** Kip Warner.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: *[signature]*

Name:    Kip Warner

Address:   2200 – 1177 West Hastings St, Vancouver, BC, Canada  V6E 2K3