GARY SHUSTER, Cal. Bar No. 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC, <br><br> Plaintiffs, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 - 25, <br><br> Defendants. | Case No. 4:24-CV-09104-JST <br><br> **DEFENDANT CARTESIAN THEATRE CORP.'S AMENDED CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br><br> **Date: July 15, 2025** <br> **Time: 2:00 p.m.** <br> **Place: Courtroom 6 (Via Video Conference)** <br> **Judge: Hon. Jon. S. Tigar** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant Cartesian Theatre Corp. ("CT") individually submits this Case Management Statement and Proposed Order. CT was unrepresented by counsel until near the close of business yesterday, July 8, 2025. Counsel apologizes to the Court for failing to file an updated Case Management Conference Statement by the July 8, 2025 deadline. Counsel is the primary caregiver to a family member with a terminal illness, and as a result CT was attempting to find alternative counsel until shortly before counsel's appearance late in the day that the appearance was due to vacate the Order to Show cause regarding default. Counsel has reviewed the complaint, and is currently reviewing the remaining pleadings in the matter, and provides this statement based on his understanding of the case as of the date of filing.

Because the deadline for the statement has passed and Plaintiff has already filed a separate statement, this statement is filed separately.

Counsel respectfully submits that the Order to Show Cause why default should not be entered for failure to appear has been vacated by the appearance of the undersigned on July 8, 2025.

**1.    Jurisdiction and Service:**

Pending confirmation of the propriety of such a motion after appropriate review of the facts and law, counsel will move to challenge personal jurisdiction over CT.

Pending confirmation of the propriety of such a motion after appropriate review of the facts and law, counsel will move to dismiss based on the absence of a justiciable case or controversy.

Except for the preceding, counsel is unaware of any jurisdictional defects.

**2.    Facts:**

CT is a Vancouver, British Columbia-based Canadian corporation that owns a HELIOS trademark in Canada (Reg. No. TMA1260843). This litigation appears to arise primarily from CT demands made to entities that operate within the United States and Canada to cease directly or contributorily infringing a Canadian trademark within Canada.

In the Canadian litigation, CT alleges that Cohesity's use of HELIOS in Canada for overlapping technology services infringes its rights in that jurisdiction. CT does not possess any trademark registrations in the United States and has not asserted any rights against Cohesity's (or

third party) activities in the United States, except to the extent that such activities are directed to Canada. CT and Cohesity are currently litigating the Canadian trademark in the Federal Court of Canada: Cartesian Theatre Corp. v. Cohesity, Inc., Court File No. T-2636-24 (the "Canadian Proceeding"). The Canadian Proceeding was filed on October 7, 2024.

A counterclaim was filed by Cohesity in the Canadian Proceeding on November 18, 2024. Many of the same statements at issue in the instant litigation are being litigated pursuant to Cohesity's counterclaim within Canada. Paragraphs 37 and 38 of the Canadian counterclaim track paragraph 33 of the Complaint, with both complaining that Cohesity's business partners were contacted improperly.

CT's position is that all statements at issue in the instant litigation were made with regard to direct and contributory infringement of the Canadian trademark and therefore do not give rise to a case or controversy arising under the laws of the United States.

Given the identity of issues within both cases, CT is open to negotiating a stipulated stay of the instant litigation whereby findings of fact proving or disproving infringement in the Canadian Proceeding would bind CT in this proceeding. While not a full settlement (as it would not bind Cohesity to findings of infringement in Canada), it would not prejudice Cohesity. Indeed, it would give Cohesity two bites at the apple.

We note that both parties have trademark proceedings pending at the USPTO (see section 10 below).

3. **Legal Issues**

Counsel is in the process of reviewing the facts and law as applied to this case, and a day after first appearing is making the representations in this document based on his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. At this time, there appear to be three gating issues before reaching the substance of the case:

  i.  Should this matter be stayed as a matter of judicial efficiency and international comity given the substantial overlap between the Canadian Proceeding and the instant litigation?

   ii. Does this case present a justiciable case or controversy as required by Article III?

   iii. If there is a justiciable case or controversy, does this Court have personal jurisdiction over the defendant?

Counsel is reviewing the facts and law to determine which additional issues are presented.

**4.** **Motions**

Currently, there are no pending motions before the Court. CT intends to file (1) a Rule 12(b)(6) motion to dismiss based on the case or controversy requirement and personal jurisdiction and (2) a motion to stay.

**5.** **Amendment of Pleadings:**

Cohesity has stated that they do not currently plan to amend the complaint. CT has not yet filed an Answer.

**6.** **Evidence Preservation**

CT reviewed the Guidelines for the Discovery of Electronically Stored Information. CT stands ready to meet and confer with regard to ESI.

**7.** **Disclosures**

Counsel intends to meet and confer regarding disclosures and make them as soon as practicable, or as ordered by the Court.

**8.** **Discovery**

No discovery has been served, nor has a Rule 26(f) conference taken place.

**9.** **Class Action**

This is not a class action.

**10.** **Related Cases**

Cartesian Theatre Corp. v. Cohesity, Inc., Court File No. T-2636-24 is pending in Canadian Federal Court. Both parties have trademark matters pending before the USPTO. CT has a pending trademark application no. 98724373, filed 8/29/2024 for "HELIOS" before the USPTO. Cohesity requested extensions of time to oppose the mark, and the Trademark Trial and Appeal Board has extended the opposition period to August 13, 2025. Cohesity is pending on the "Helios" mark in

1  Class 041 and 042 (Serial No. 90033875).

2  The Canadian Proceeding is procedurally more advanced with pleadings having closed January 15, 2025; CT completed its initial disclosure on or about June 25, 2025, consisting of CT's documents and an affidavit listing those documents affirmed June 7, 2025; and Cohesity's documents and an affidavit listing those documents was served on CT on or about May 9, 2025, but had been sworn several months prior on February 13, 2025.

**11.  Relief**

No counterclaim or answer has been filed.

**12.  Settlement and ADR**

As noted above, given the identity of issues between this case and the Canadian Proceeding, CT is open to negotiating a stipulated stay of the instant litigation whereby findings of fact proving or disproving infringement in the Canadian Proceeding would bind CT in this proceeding. While not a full settlement (as it would not bind Cohesity to findings of infringement in Canada), it would not prejudice Cohesity.

CT does not believe discovery is necessary prior to settlement discussions. Furthermore, we note that discovery is already ongoing in the Canadian Proceeding. Resolution of the Canadian Proceeding would strongly facilitate reaching a settlement in this proceeding.

CT requested Cohesity's consent on May 27, 2025, to enter judicial mediation in the Canadian Proceeding but has not received a substantive response. That mediation, overseen by the Federal Court of Canada, may have resolved all issues globally.

**13.  Other References**

No references, other than to mediation, appear suitable at this time.

**14.  Narrowing of Issues**

The Canadian Proceeding is already pending before Canadian Federal Court and CT believes resolution of that proceeding will narrow the arguments that CT seeks to pursue. Counsel has not yet reviewed the Trademark Trial and Appeal Board matter, and it is possible that a decision by that Board will narrow the arguments CT seeks to pursue. There are currently three

proceedings (including this one) regarding "Helios" as a trademark, and resolution of any one of those proceedings will likely narrow the issues in the other proceedings.

**15.    Expedited Trial Procedure**

The parties have not agreed to an expedited trial procedure.

**16.    Scheduling**

CT is now represented by counsel and is amenable to meeting and conferring regarding deadlines. CT respectfully suggests that scheduling be finalized after resolution of the gating issues (jurisdiction, case or controversy, stay).

**17.    Trial**

The case is still new to counsel, but based on what counsel has reviewed so far, Cohesity's estimate of 3 days appears accurate.

**18.    Disclosure of Non-party Interested Entities or Persons**

CT's filing is being made on the same date as this filing.

**19.    Professional Conduct**

Counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

20. **Other**

    CT is open to a stipulation (the terms of which would need to be negotiated and agreed to) staying this litigation and accepting findings of fact in the more temporally and procedurally advanced Canadian Proceeding for purposes of this proceeding, which would avoid conflicting findings of fact and reduce the cost of reaching resolution in this matter. As the motion for a stay will argue, the Canadian Proceeding is sufficiently parallel to this action that simultaneous litigation in multiple jurisdictions leaves open the possibility of conflicting findings of fact.

DATED: July 9, 2025                             Gary Shuster

                                            By: /s/ Gary Shuster
                                                 2301-1228 Marinaside Crescent
                                                 Vancouver, BC V6Z 2W4 Canada
                                                 Telephone: (604) 417-5002
                                                 Email: gary@shuster.com

                                                 Counsel for CT