Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Anna E. Raimer (State Bar No. 234794)
aeraimer@jonesday.com
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3939
Facsimile: +1.832.239.3600

*Attorneys for Plaintiff Cohesity, Inc.*

Gary Shuster (State Bar No. 162379)
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 – 25, <br><br> Defendants. | Case No. 4:24-CV-09104-JST <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date: July 29, 2025 <br> Time: 2:00 p.m. <br> Place: Courtroom 6 <br> Judge: Hon. Jon. S. Tigar |

Plaintiff Cohesity, Inc. ("Cohesity") and Defendant Cartesian Theatre Corp. ("CT") jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Court's July 14, 2025 Order (ECF No. 35), the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f).

**1.  Jurisdiction and Service**

**Cohesity's Statement:** This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*  Therefore, this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. CT has been served (ECF No. 13), but CT has not answered the Complaint.  Cohesity is not aware of any dispute regarding venue or any valid basis for CT to challenge personal jurisdiction. CT has waived personal jurisdiction based on its prior appearances in this case.

**CT's Statement:** Pending confirmation of the propriety of such a motion after appropriate review of the facts and law, counsel will move to challenge personal jurisdiction over CT.  Pending confirmation of the propriety of such a motion after appropriate review of the facts and law, counsel will move to dismiss based on the absence of a justiciable case or controversy.  CT's position is that there is no actual controversy for purposes of jurisdiction under the Declaratory Judgment Act.

Except for the preceding, counsel is unaware of any jurisdictional defects.

**2.  Facts**

**Cohesity's Statement of Facts**

Cohesity is one of the largest and fastest growing providers of artificial intelligence-powered data security and data management software solutions, offering products and services to businesses, institutions, and government agencies with substantial data management needs.  On August 21, 2018, Cohesity announced the release of its HELIOS software-based management solution, which enables Cohesity customer subscribers (*i.e.*, not the general public) to view and manage data in all of their Cohesity applications from a single dashboard.  Cohesity owns trademark registrations and applications for its HELIOS trademark, including U.S. Trademark Registration No. 7,095,707, which issued on July 4, 2023, and covers, *inter alia*, downloadable computer software for data management and software-as-a-service for data management.

Defendant CT, on the other hand, allegedly uses the HELIOS mark in connection with a very different kind of software product, namely, a music recommendation engine that allows customers to search large commercial music libraries by using music as the search key. By the very nature of this software, it would be sold to completely different customers in completely different trade channels from Cohesity's solutions. Nevertheless, on August 12, 2024, CT's principal and founder, Kipling Warner, contacted Cohesity, alleging that Cohesity infringes on CT's purported HELIOS trademark. Mr. Warner demanded that Cohesity license the HELIOS trademark and promised that the "fallout" from failing to license the mark "would inevitably not be contained domestically" in Canada. CT not only threatened to issue "notices of infringement" to third parties currently delivering Cohesity's HELIOS products and services, but actually contacted Cohesity's major U.S. business partners, demanding they stop carrying or supporting Cohesity's HELIOS products and services based on the alleged trademark infringement.

At the time of its demands, CT did not own any U.S. trademark application, but it filed an application for the HELIOS trademark on August 29, 2024. The U.S. Patent and Trademark Office ("USPTO") recently completed its review of CT's application and did not cite Cohesity's prior HELIOS registration against CT's HELIOS application. In other words, the USPTO determined that the parties' marks can co-exist without any likelihood of confusion.

Because CT's allegations against Cohesity and its partners cast a cloud over Cohesity's presumptively valid right and title in its HELIOS trademark, on December 17, 2024, Cohesity brought this action for a declaratory judgment of non-infringement of CT's alleged trademark rights in the HELIOS mark in the United States. ECF No. 1. The only way for Cohesity to operate without disruption to its U.S. business and anticipation of litigation is for this Court to find and declare that Cohesity's use of its HELIOS trademark does not infringe CT's alleged trademark rights. Additionally, Cohesity seeks an order from this Court enjoining CT from asserting or otherwise enforcing any alleged trademark rights against Cohesity. CT has not filed an Answer to the Complaint and is now in default.

Cohesity disputes that any allegations in the Complaint are from confidential settlement communications.

**CT's Statement of Facts**

CT is a Vancouver, British Columbia-based Canadian corporation that owns a HELIOS trademark in Canada (Reg. No. TMA1260843). This litigation appears to arise primarily from CT demands made to entities that operate within the United States and Canada to cease directly or contributorily infringing a Canadian trademark within Canada.

Key allegations used by the Complaint to support the existence of an actual controversy quote, summarize or paraphrase confidential settlement communications in the Canadian litigation. The settlement communications, read in full, support its position, but CT cannot confirm or challenge key statements identified in the complaint as they are drawn from communications that are subject to FRE 408 and the Canadian equivalent. Discussing them would risk waiver.

In the Canadian proceeding, CT alleges that Cohesity's use of HELIOS in Canada for overlapping technology services infringes its rights in that jurisdiction. CT does not possess any trademark registrations in the United States and has not asserted any rights against Cohesity's (or third party) activities in the United States, except to the extent that such activities are directed to Canada in a manner that would give rise to infringement of Canadian trademark law. CT and Cohesity are currently litigating the Canadian trademark in the Federal Court of Canada: *Cartesian Theatre Corp. v. Cohesity, Inc.*, Court File No. T-2636-24 (the "Canadian Proceeding"). The Canadian Proceeding was filed on October 7, 2024. A counterclaim was filed by Cohesity in the Canadian Proceeding on November 18, 2024. Many of the same statements at issue in the instant litigation are being litigated pursuant to Cohesity's counterclaim within Canada.

CT's position is that all statements at issue made to Cohesity in the instant litigation (a substantial number of which were part of settlement talks) were made regarding infringement of the Canadian trademark. All of the statements to third parties clearly identified only the Canadian registered mark and were limited to requesting action to avoid infringement within Canada.

We note that both parties have trademark proceedings pending at the USPTO.

**3. Legal Issues**

**Cohesity's Statement of the Legal Issues**

Subject to and without waiving their respective positions and arguments, Cohesity asserts

that the disputed points of law include, but are not limited to, the following:

- Whether Cohesity is entitled to a declaration that its use of its trademark HELIOS for software products and services does not infringe CT's alleged trademark for HELIOS, 28 U.S.C. §§ 2201 and 2202;
- Whether Cohesity is entitled to an order enjoining CT from asserting or otherwise enforcing any alleged trademark rights against Cohesity 28 U.S.C. §§ 2201 and 2202;
- Whether Cohesity has priority over CT to the HELIOS trademark in the United States, 15 U.S.C. § 1057(c);
- Whether the parties' respective uses of the HELIOS trademark for their different software products and services sold to different customers in different trade channels is likely to cause consumer confusion, 15 U.S.C. § 1125; and
- Whether Cohesity is entitled to an award of its reasonable attorneys' fees, expenses, and costs in this action, 15 U.S.C. § 1117(a).

Cohesity reserves its right to revise or supplement this list.

**CT's Statement of the Legal Issues**

Counsel is in the process of reviewing the facts and law as applied to this case, and is making the representations in this document based on his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. At this time, there appear to be gating issues before reaching the substance of the case:

- Is it permissible to use Canadian settlement communications in a US proceeding in a manner that Canadian law prohibits, in light of Federal Rule of Evidence 408, when such use is to allege or prove that there is an actual controversy for purposes of the Declaratory Judgment Act?
- Should this matter be stayed as a matter of judicial efficiency and international comity given the substantial overlap between the Canadian Proceeding and the instant litigation?
- Does this case present an actual controversy for purposes of the Declaratory

Judgment Act or a justiciable case or controversy as required by Article III?

- If there is a justiciable case or controversy, does this Court have personal jurisdiction over the defendant?
- Whether basing a complaint on settlement communications makes this an extraordinary case entitling CT to an award of its reasonable attorneys' fees, expenses, and costs in this action.

**4. Motions**

**A. Pending Motions**

No motions are currently pending before the Court.

**B. Prior Motions**

CT previously filed a "Pro Se" Motion for Extension of Time to File Answer or Dispositive Motion (ECF No. 16). Cohesity filed a Motion to Strike and Opposition to CT's "Pro Se" Motion for Extension of Time to File Answer or Dispositive Motion That Was Mailed But Not Filed (ECF No. 15). On February 25, 2025, the Court granted in part and denied in part CT's Motion, ordering that "Defendant's response to Plaintiff's complaint is due March 28, 2025. Absent exigent circumstances, there will be no further extensions." ECF No. 17.

CT previously filed a "Pro Se" Motion to Stay (ECF No. 19) and accompanying Request for Judicial Notice (ECF No. 19-1). In response, Cohesity filed a Motion to Strike Or, In the Alternative, Opposition to CT's "Pro Se" Motion to Stay That Was Mailed to the Court (ECF No. 21). On May 12, 2025, the Court granted Cohesity's Motion to Strike and issued an Order to Show Cause. ECF No. 26.

**C. Anticipated Motions**

Cohesity anticipates filing a motion for default judgment. CT intends to file a motion to strike settlement communications from the Complaint. Once a determination is made as to whether it must address confidential settlement communications in publicly filed motions, CT intends to file (1) a Rule 12(b)(6) motion to dismiss based on lack of an actual controversy for purposes of the Declaratory Judgment Act, the case or controversy requirement and personal jurisdiction; and (2) a motion to stay.

5. **Amendment of Pleadings**

At this time, Cohesity does not plan to amend the Complaint. CT has not filed an Answer.

6. **Evidence Preservation**

The Parties reviewed the Guidelines for the Discovery of Electronically Stored Information. The parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding the reasonable and proportionate steps required to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The Parties agree that they will exchange Initial Disclosures by July 28, 2025.

8. **Discovery**

   A. **Discovery Taken to Date**

   No party has taken discovery to date.

   B. **Scope of Anticipated Discovery and Subjects on Which Discovery May Be Needed**

   The Parties anticipate that the scope of discovery will address the disputed legal and factual issues set forth above.

   C. **Report on E-Discovery Order**

   The Parties have discussed and intend to negotiate a stipulation and proposed order regarding the discovery of electronically stored information.

   D. **Proposed Discovery Plan and Proposed Changes to Limitations on Discovery**

   The Parties do not propose any changes to discovery at this time.

9. **Class Actions**

This action is not a class action.

10. **Related Cases**

**Cohesity's Statement:** There are no related cases or proceedings pending before another judge of this court, or before another U.S. court or administrative body. Although the parties are involved in the Canadian Proceeding, that Canadian case is limited to resolving use and registration issues in Canada under Canadian law. In contrast, this action seeks a declaratory judgment of non-

infringement of CT's alleged trademark rights in the HELIOS mark in the United States. Therefore, the relevant law is different, the parties' respective trademark rights (which are territorial in nature) are different, and the potential remedies at issue in the Canadian Proceeding and this litigation are different.

**CT's Statement:** The Canadian Proceeding is pending in Canadian Federal Court. Both parties have trademark matters pending before the USPTO. CT has a pending trademark application no. 98724373, filed 8/29/2024 for "HELIOS" before the USPTO. Cohesity requested extensions of time to oppose the mark, and the Trademark Trial and Appeal Board has extended the opposition period to August 13, 2025. It is unknown to CT whether Cohesity will oppose the mark. The Canadian Proceeding is procedurally more advanced with pleadings having closed January 15, 2025; CT completed its initial disclosure on or about June 25, 2025, consisting of CT's documents and an affidavit listing those documents affirmed June 7, 2025; and Cohesity's documents and an affidavit listing those documents was served on CT on or about May 9, 2025, but had been sworn several months prior on February 13, 2025.

**11. Relief**

As set forth in its Complaint, Cohesity seeks the following relief:

a) a declaratory judgment that Cohesity's use of its HELIOS trademark does not infringe CT's alleged trademark rights in the United States;

b) an order enjoining CT from asserting or otherwise enforcing any alleged trademark rights against Cohesity;

c) an award of Cohesity reasonable attorneys' fees, expenses, and costs in this action; and

d) an award of such other, further, and different relief as the Court deems just and proper.

No counterclaim or answer has been filed.

**12. Settlement and ADR**

Counsel report that they have met and conferred regarding ADR, and prefer to discuss ADR selection with the Court at the case management conference. Cohesity filed its ADR Certification on May 1, 2025. ECF No 23. CT filed its ADR Certification on July 9, 2025. ECF No. 31. The parties have engaged in some settlement discussions, but no agreement has been reached to date.

**13.   Other References**

This case is not suitable for reference to binding arbitration or a special master. The parties do not consent to the jurisdiction of a magistrate judge. ECF No. 8.

**14.   Narrowing of Issues**

**Cohesity's Statement:** Cohesity is unaware of any issues that can be narrowed at this time. Cohesity disputes that the resolution of the Canadian Proceeding will narrow any issues before this Court. No proceedings are currently before the Trademark Trial and Appeal Board, but if an opposition is filed, the Board will suspend such proceeding pending the conclusion of this action.

**CT's Statement:** The Canadian Proceeding is already pending before Canadian Federal Court and resolution of that proceeding will narrow the arguments that CT seeks to pursue. Cohesity has obtained an extension of time in the Trademark Trial and Appeal Board matter, and if Cohesity elects to oppose the issuance of a registered mark to CT, a decision by that Board will narrow the arguments CT seeks to pursue. There are currently three proceedings (including this one) regarding "Helios" as a trademark, and resolution of any one of those proceedings will narrow the issues in the other proceedings.

**15.   Scheduling**

Cohesity proposes the schedule reflected in the table below. CT believes a determination of whether confidential settlement communications may be used to allege an actual controversy for purposes of the Declaratory Judgment Act should be decided prior to the filing of Rule 12 motions and a motion to stay. This schedule and the proposed motions combine to create a substantial likelihood that the parties will engage in resource-intensive discovery as to past settlement talks, and that fact discovery may close while a motion to stay and Rule 12 motions remain undecided. CT believes this argues in favor of a schedule that trails from the close of the pleadings stage. CT's further position is that the parties should coordinate with Canadian counsel to minimize duplication of discovery.

| Date | Description of Deadline |
|---|---|
| September 24, 2025 | Last day to serve written discovery. |
| October 24, 2025 | Close of fact discovery. |
| November 25, 2025 | Last day to serve opening expert reports. The party that bears the burden of proof on a claim or defense will serve the opening expert report as to that issue. |
| January 9, 2026 | Last day to serve rebuttal expert reports. |
| February 9, 2026 | Close of expert discovery. |
| March 11, 2026 | Deadline for Plaintiff's opening summary judgment brief. |
| April 10, 2026 | Deadline for Defendant's opening summary judgment brief and opposition to Plaintiff's motion for summary judgment. |
| May 8, 2026 | Deadline for Plaintiff's opposition to Defendant's motion for summary judgment and reply in support of Plaintiff's motion for summary judgment. |
| June 5, 2026 | Deadline for Defendant's reply in support of its motion for summary judgment. |
| July 2, 2026 | Hearing on dispositive motions. |
| August 7, 2026 | Final Pretrial Conference |
| August 24, 2026 | Trial |

**16.  Trial**

Cohesity demanded a jury trial in this action. The Parties do not currently expect a trial would take more than four days.

**17.  Disclosure of Non-party Interested Entities or Persons**

Cohesity filed a disclosure statement pursuant to Fed. R. Civ. P. 7.1 on December 17, 2024 (ECF No. 4) and filed its Certification of Conflicts and Interested Entities or Persons pursuant to Civ. L.R. 3-15 on January 23, 2025 (ECF No. 14). CT filed a disclosure statement pursuant to Fed. R. Civ. P. 7.1 and its Certification of Conflicts and Interested Entities or Persons pursuant to Civ. L.R. 3-15 on July 9, 2025 (ECF Nos. 34, 35). The Parties certify that as of this date, there is no conflict or interest (other than the named parties) to report.

**18.  Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.  Other**

**Cohesity's Statement:** Cohesity maintains that default judgment would facilitate the just and speedy disposition of this matter. Cohesity therefore respectfully requests the Court's guidance

on whether it is amenable to a motion for default judgment at this time. Cohesity is not agreeable to a stipulation staying the litigation and disputes that any findings of fact in Canada would be applicable to a U.S. proceeding.

**CT's Statement:** CT is open to a stipulation (the terms of which would need to be negotiated) staying this litigation and accepting findings of fact in the more temporally and procedurally advanced Canadian Proceeding for purposes of this proceeding, which would avoid conflicting findings of fact and reduce the cost in terms of time and resources for the parties and the Court, of reaching resolution in this matter. CT's contemplated stipulation would accept findings of fact in Canada as binding only CT, and not Cohesity, in the US regardless of whether such findings would otherwise be binding on CT under US law. CT sees no wisdom in pursuing US infringement claims in the wake of a loss of an analogous claim in Canada.

Dated: July 22, 2025

Respectfully submitted,

JONES DAY

By: */s/ Michael C. Hendershot*
Michael C. Hendershot

*Attorney for Plaintiff Cohesity, Inc.*

Dated: July 22, 2025

By: */s/ Gary Shuster*
Gary Shuster

*Attorney for Defendant Cartesian Theatre Corp.*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatory.

Dated: July 22, 2025

By: */s/ Michael C. Hendershot*
Michael C. Hendershot

# [PROPOSED] ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____, 2025     By: _____
　　　　　　　　　　　　　　　　　　　　　HON. JON S. TIGAR
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE