GARY SHUSTER, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CARTESIAN THEATRE CORP., and DOES 1 - 25,<br><br>　　　　　　Defendants. | Case No. 4:24-CV-09104-JST<br><br>**DECLARATION OF POLINA H. FURTULA IN SUPPORT OF MOTION TO STAY**<br><br>**Date:**<br>**Time:.**<br>**Place: Courtroom 6 (Via Video Conference)**<br>**Judge: Hon. Jon. S. Tigar** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1.    I am a barrister and solicitor at Westpoint Law Group with an office located at 2200 – 1177 West Hastings Street, Vancouver, British Columbia, Canada. I am licensed to practice law before all of the courts of British Columbia, Canada, as well as the Federal Court. The Federal Court is Canada's national trial court, which hears and decides legal disputes arising in the federal domain.

2.    I was called to the bar on September 19, 2006. I am counsel of record in *Cartesian Theatre Corp. v. Cohesity, Inc.*, Federal Court File No. T-2636-24 (the "Canadian Proceeding") for the plaintiff, Cartesian Theatre Corp. ("CT").

3.    The Canadian Proceeding was commenced on October 7, 2024, via a "Statement of Claim", filed by CT, which is the document initiating the litigation in Federal Court. A true and correct copy of the Statement of Claim is attached hereto as Exhibit "A".

4.    On or about October 16, 2024, Cohesity, Inc. ("Cohesity"), through its counsel, Monique Couture ("Couture") and Martha Savoy ("Savoy") of Gowling WLG (Canada) LLP (collectively "Cohesity's Counsel") filed a Notice of Intention to Respond to the Canadian Proceeding, a true and correct copy of which is attached hereto as Exhibit "B".

5.    On or about November 18, 2024, Cohesity filed a Statement of Defence and Counterclaim, a true and correct copy of which is attached hereto as Exhibit "C".

6.    On or about December 18, 2024, CT filed a Defence to Counterclaim, a true and correct copy of which is attached hereto as Exhibit "D".

7.    On or about January 15, 2025, Cohesity filed a Reply to Defence to Counterclaim, a true and correct copy of which is attached hereto as Exhibit "E".

8.    With the filing of Cohesity's Reply to Defence to Counterclaim, the pleading stage in the Canadian Proceeding closed on or about January 15, 2025, per *Rule* 202 of the *Federal Courts Rules*. The *Federal Courts Rules* govern and dictate the procedures for civil trials and other proceedings in the Federal Court.

9.    On May 7, 2025, CT served its Affidavit of Documents, a form of pretrial discovery in Canada's Federal Court. This affidavit lists documents within the possession or control of the party that may be relevant in the action, but does not contain the documents themselves. It was sworn

on May 7, 2025, by Kipling Warner, principal and software engineer at CT.

10.    Pursuant to CT's Affidavit of Documents, CT listed 49 documents or bundles of documents, comprising of over 300 Megabytes of data spread across approximately 5,823 files.

11.    On May 9, 2025, Cohesity served its Affidavit of Documents, sworn on February 13, 2025, by Jonathan Bye, Corporate Counsel at Cohesity. Pursuant to that affidavit, Cohesity listed 164 documents or bundles of documents.

12.    On May 21, 2025, I wrote to Cohesity's Counsel requesting the documents listed in Cohesity's Affidavit of Documents and reiterated an earlier request made on March 27, 2025, for records relating to paragraph 33 of Cohesity's Counterclaim.

13.    On May 21, 2025, I advised Cohesity's Counsel's that we would like to schedule a judicially supervised mediation in the Canadian Proceeding. On May 27, 2025, I sought Cohesity's Counsel's  position again on judicial mediation.  On June 3, 2025, Cohesity's Counsel advised that Cohesity was "considering whether mediation can be productive at this stage", but have not yet confirmed their client's substantive position.

14.    On or about 26 June, 2025, the parties exchanged the documents listed in each party's respective  Affidavit of Documents. From the documents provided by Cohesity, I am unable to locate evidence in support of Cohesity's allegation of paragraph 33 of its Counterclaim.

15.    The parties are now in the process of scheduling examinations for discovery and CT has proposed a seven day trial be held between April 1, to July 31, 2026.

I **declare**  under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 24, 2025.

_____

Polina H. Furtula

# EXHIBIT A

Court File No. T-2636-24

**FEDERAL COURT**

BETWEEN:

CARTESIAN THEATRE CORP.

PLAINTIFF

AND

COHESITY, INC.

DEFENDANT

**STATEMENT OF CLAIM**

TO THE DEFENDANT:

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or a solicitor acting for you are required to prepare a statement of defence in Form 171B prescribed by the *Federal Courts Rules*, serve it on the plaintiff's solicitor or, if the plaintiff does not have a solicitor, serve it on the plaintiff, and file it, with proof of service, at a local office of this Court

WITHIN 30 DAYS after the day on which this statement of claim is served on you, if you are served in Canada or the United States; or

WITHIN 60 DAYS after the day on which this statement of claim is served on you, if you are served outside Canada and the United States.

TEN ADDITIONAL DAYS are provided for the filing and service of the statement of defence if you or a solicitor acting for you serves and files a notice of intention to respond in Form 204.1 prescribed by the *Federal Courts Rules*.

Copies of the *Federal Courts Rules*, information concerning the local offices of the Court and other necessary information may be obtained on request to the Administrator of this Court at Ottawa (telephone 613-992-4238) or at any local office.

IF YOU FAIL TO DEFEND THIS PROCEEDING, judgment may be given against you in your absence and without further notice to you.


Dated:                              Issued by:      _____
                                                    (Registry Officer)

                                    Address of local office:

                                    Pacific Centre
                                    P.O. Box 10065
                                    701 West Georgia Street
                                    Vancouver, BC   V7Y 1B6




TO:          The Administrator
             THE FEDERAL COURT OF CANADA


AND TO:      Cohesity, Inc.
             251 Little Falls Drive
             Wilmington, New Castle
             Delaware 19808
             United States of America

## CLAIM

1.    THE PLAINTIFF CLAIMS:

(a)    a declaration that the Defendant has infringed and is deemed to have infringed the Plaintiff's exclusive rights in the Helios Trademark as defined below, contrary to sections 19 and 20 of the *Trademarks Act*;

(b)    a declaration that the Defendant has used the Helios Trademark in a manner likely to have the effect of depreciating the value of the goodwill attaching thereto, contrary to section 22 of the *Trademarks Act*;

(c)    a declaration that the Defendant has directed public attention to their services and business in such a way as to cause or to be likely to cause confusion in Canada between the Defendant's services and business and the goods, services and business of the Plaintiff, contrary to section 7(b)  of the *Trademarks Act* and the tort of passing off;

(d)    a declaration that the Defendant has passed off their goods and services as and for those of the Plaintiff, contrary to section 7(c) of the *Trademarks Act*;

(e)    interlocutory and permanent injunctions restraining the Defendant, by itself and its servants, workmen, agents, contractors, and employees, and technology partners and all resale partners as defined in article 1.2 of Cohesity's  Global Terms and Conditions from directly or indirectly:

(i)    further infringing the Helios Trademark;

(ii)    using the Helios Trademark, and any words, or combination of words, or any other design, likely to be confusing with the Helios Trademark, as or in a trademark or trade name, or for any other purpose;

(iii)    depreciating the value of the goodwill attaching to the

Helios Trademark;

(iv)    directing public attention to any of the Defendant's services in such a way as to cause or to be likely to cause confusion between services and business of the Defendant and the goods, services and business of the Plaintiff; and

(v)    passing off the Defendant's services as and for those of the Plaintiff;

(f)    damages or an accounting of profits, which may exceed $100,000, as the Plaintiff may, after due inquiry and full discovery, elect;

(g)    exemplary, aggravated and punitive damages;

(h)    pre-judgment and post-judgment interest on such damages or profits from the date they arose to the date of payment;

(i)    an Order directing that the Defendant, at its own expense and within a time and upon such terms as may be fixed by this Honourable Court, destroy all articles in its possession, custody or power which offend in any way against any order which is made herein, and provide the Plaintiff with a signed representation under oath that such destruction has taken place;

(j)    an Order directing that the Defendant, at its own expense and within a time and upon such terms as may be fixed by this Honourable Court, remove any social media accounts bearing the Helios Trademark and remove all other publications bearing the Helios Trademarks or any words, or combination of words, or any other design, likely to be confusing with the Helios Trademark;

(k)    the Plaintiff's costs of the action on a solicitor-client scale together with

the Plaintiff's disbursements;

(l)     all applicable taxes; and

(m)    such further and other relief as to this Honourable Court may seem just.

## FACTUAL BASIS

<u>The Parties</u>

1.     The Plaintiff, Cartesian Theatre Corp. ("**CT**"), is a federally incorporated company and registered in British Columbia with a delivery office located at 1750 - 1055 West Georgia Street, P.O. Box 11125, in the City of Vancouver, in the Province of British Columbia, V6J 3M3.

2.     The Defendant,  Cohesity, Inc. ("**Cohesity**") is a company incorporated under the laws of the State of Delaware, United States of America. Its registered agent office is located at c/o Corporation Service Company, 251 Little Falls Drive, in the City of Wilmington, in the State of Delaware 19808, in the United States of America.

<u>Business of the Plaintiff</u>

2.     CT is an independent software vendor ("**ISV**") in the business of developing and marketing software for commercial and other applications.

3.     CT has developed a U.S. patented and Canadian patent-pending software technology known as Helios ("**CT Helios**"). CT Helios is an AI-powered data management platform that combines several functions like analytics, large volumes of managed data in a single platform with respect to music. CT Helios targets enterprise customers amongst others for its music data management system.

4.     CT owns the following registered Canadian trademark, incorporating the

element "Helios" (the "**Helios Trademark**"):

| Trademark: | Registration Number: | Jurisdiction |
|------------|---------------------|--------------|
| HELIOS | TMA1,260,843 | Canada |

5.    The Helios Trademark is registered for use in Canada in association with a range of goods and services such as computer software and databases for use in analyzing music data.

6.    CT has performed, and continues to perform, resource intensive, research development, and related business activities in respect to CT Helios since 2015.

7.    CT adopted and used Helios as its trade name ("**Helios Trade Name**") in association with the advertisement and sale of its goods and services in Canada since 2016.

8.    CT sought to register the Helios Trade Name with the Canadian Intellectual Property Office ("**CIPO**") for the "HELIOS" standard characters and with international classifications 9 and 42. On February 25, 2020, CT filed application 2013787 (the "**CT Application**"). An Approval Notice was issued on June 21, 2024. The CT Application was then advertised in Vol. 71 Issue 3638 of the *Trademarks Journal* on July 17, 2024. No opposition proceeding was commenced during the advertising period, which closed on September 17, 2024, with the statutory rights of registration becoming available per section 40 of the *Trademarks Act*.

9.    As a result of CT's longstanding usage of the Helios Trade Name and Helios Trademark and the high quality of its goods and services, the Helios Trade Name and Helios Trade Mark is known in industry.  It is closely identified with CT and represents valuable goodwill in Canada.

10.    By virtue of the Helios Trademark and Helios Trade Name, CT has the

exclusive right to advertise, offer for sale and sell goods and services in association with the Helios Trademark and Helios Trade Name in Canada. By virtue of the trademark registration for the Helios Trademark, the Plaintiff also has the right to preclude others from:

(i) using the Helios Trademark, or any other trademarks, trade names, words or designs likely to be confusing therewith; and

(ii) using the Helios Trademark in a manner likely to depreciate the value of the goodwill attaching thereto.

11.    Further, by virtue of the reputation and goodwill associated with the Helios Trademark and Helios Trade Name, the Plaintiff has the right to prevent others from using the same or confusingly similar trademarks or trade names, in association with or in connection with goods, services or a business likely to cause confusion or to create a deception as to the source of those goods, services or business.

12.    The Helios Trade Name and the Helios Trademark has been continuously used by CT in Canada and has never been abandoned.

<u>Defendants' infringing activities</u>

13.    Cohesity is also an ISV that develops and markets commercial software to businesses.

14.    Since on or about August 21, 2018, the Defendant has been offering, selling and advertising an AI-driven data management platform and related services for data management similar to that of CT in Canada (the "**Impugned Services**") under the name "Helios" and "Cohesity Helios" that is confusingly similar to the Helios Trademark and Helios Trade Name (the "**Infringing Names**").

15.    The Impugned Services and Infringing Names relate to an AI-driven data management platform, which combines several functions like analytics of large

volumes of managed data and backup, through a single platform.

16.    In addition, the Defendant has used the Infringing Names in association with the advertisement and performance of the Impugned Services on internet-based platforms targeted at Canadian consumers. In particular, the Infringing Names are and have been displayed and used by the Defendant  on  their website, social media platforms, and through its various partner resellers.

17.    According to the Canadian Trademarks Database, Cohesity's application 2334939 to trademark "HELIOS" standard characters was filed on January 23, 2024 and Cohesity's application 2349560 to trademark "COHESITY HELIOS" standard characters was filed on September 12, 2024 ("**Cohesity's Applications**"). Both sought protection for international classifications 9 and 42.

18.    As of the date of this pleading Cohesity's Applications have not been examined, approved, or registered for use in Canada.

19.    Cohesity was at all materials times aware, knew, or had reasonable grounds for knowing that the Helios Trade Name had been extensively used by CT in Canada, and that substantial goodwill and reputation was attached to the Helios Trade Name in the minds of consumers.

20.    The CT Application, the Helios Trade Name and CT's rights therein were brought to the attention of Cohesity by letter dated August 12, 2024 (the "**Initial Notice**").

21.    The Initial Notice was delivered to Cohesity during the CT Application advertising period which did not close until September 17, 2024, allowing Cohesity to initiate an opposition proceeding if it wished to do so.

22.    Cohesity chose not to pursue opposition proceedings to CT's Application.

23.    At no time has Cohesity sought or received authorization by CT to use the Helios Trade Name or Helios Trademark for any goods or services in Canada.

24.    CT has demanded that the Defendant cease using the Helios Trade Name and the Helios Trademark and any other similar names or trademarks that are confusingly similar thereto. Notwithstanding, CT's demands, Cohesity and its resellers continue to use the Infringing Names to advertise, offer for sale, and sell the Impugned Services in Canada.

<u>Confusion</u>

25.    Both CT and Cohesity are engaged in a similar business offering similar products and services in the same geographic area.  The products, services and business model of CT and Cohesity substantially overlap, as do their partners and targeted customers.

26.    The use of the Infringing Names and offer and sale of the Impugned Services by the Defendant has caused confusion and is likely to cause confusion in Canada between the Defendant's services and business and the goods, services and business of the Plaintiff.

27.    In particular, CT's Helios Trade Name and its Helios Trademark and the Defendant's use of the Infringing Names and Impugned Services are both in association with goods and services that include the following similarities:

(a)    Software products for managing large volumes of managed data;

(b)    Capability to search and analyze large volumes of managed data;

(c)    Target enterprise customers ("B2B");

(d)    Encourage adoption in the media and entertainment space;

(e)    Integrate machine learning or artificial intelligence capabilities;

(f)    Adopt a software-as-a-service ("SaaS") licensing scheme;

(g)    Allow a platform-as-a-service ("PaaS")  deployment;

(h)    Allow on-premise deployment;

(i)    Available as white label products;

(j)    Share several of the same prominent corporate partnerships that market,

promote, distribute, or provide support for both CT Helios and the Impugned Services and Infringing Names; and

(k)    Such further particulars as may be provided.

28.    The quality of the services advertised, offered for sale, and/or sold by the Defendant differs from the quality of the Plaintiff's legitimate goods and services in material respects. Accordingly, the Defendants' use of the Infringing Names depreciate the value of the goodwill attached to the Helios Trademark and the Helios Trade Name.

Damages

29.    The Defendant has used the Infringing Names for a business purpose, namely, to profit commercially from the substantial goodwill and reputation attached to the Helios Trademark and Helios Trade Name in the minds of consumers.

30.    The use of the Infringing Names and offer and sale of the Impugned Services have depreciated the value of the goodwill and reputation of the Helios Trademark and Helios Trade Name, and will continue to result in loss by and damages to the Plaintiff.

31.    The Plaintiff is unaware of the full extent of the Defendant's acts of infringement and passing off. Full particulars of the Defendant's acts of infringement and passing off are within the knowledge of the Defendant and not within the knowledge of the Plaintiff. The Plaintiff's claim is in respect of all infringing and passing off activities of the Defendant.

32.    By reason of the aforesaid acts of the Defendant, the Defendant has made and will make a profit, and the Plaintiff has suffered and will continue to suffer damages, until the Defendant is restrained.

33.    The aforesaid activities of the Defendant will continue and/or recur unless restrained by this Honourable Court.

34.   The Plaintiff claims monetary relief that exceeds $50,000, exclusive of interest and costs.

35.   This action is not being proceeded with as a simplified action as the claim is not exclusively for monetary relief in an amount not exceeding $100,000, exclusive of interest and costs.

36.   The Plaintiff proposes that this action be tried at Vancouver, British Columbia.

Dated:   October  7, 2024

Westpoint Law Group
Barristers & Solicitors
Suite 2200, 1177 West Hastings Street
Vancouver, B.C.  V6E 3T4

**Polina H. Furtula**

07-OCT-2024
08-OCT-2024
Fitter, Natasha

Digitally signed by
Fitter, Natasha
Date: 2024.10.08
14:45:24 -07'00'

Telephone:  604-718-6886

Email: service@westpointlawgroup.com

Email: legal@cartesiantheatre.com

**<u>Solicitor for the Plaintiff</u>**

TO:        The Administrator
           THE FEDERAL COURT OF CANADA

AND TO:
           Cohesity, Inc.
           251 Little Falls Drive
           Wilmington, New Castle
           Delaware 19808
           United States of America

# EXHIBIT B

Court File No. T-2636-24

**FEDERAL COURT**

B E T W E E N :

**CARTESIAN THEATRE CORP.**

Plaintiff

– and –

**COHESITY, INC.**

Defendant

**NOTICE OF INTENTION TO RESPOND**

The Defendant intends to respond to this action.

Dated this 16th day of October 2024

_____

**GOWLING WLG (CANADA) LLP**
160 Elgin Street, Suite 2600
Ottawa, Ontario K1P 1C3

**Monique Couture**
Monique.Couture@gowlingwlg.com

**Martha J. Savoy**
Martha.savoy@gowlingwlg.com

Tel:  613-233-1781
Fax: 613-563-9869

Solicitors for the Defendant

TO:   **THE ADMINISTRATOR**
     Federal Court
     Pacific Centre
     701 W Georgia St
     Vancouver, BC
     V7Y 1K8


AND TO:  **WESTPOINT LAW GROUP**
     Barristers & Solicitors
     Suite 2200, 1177 West Hastings Street
     Vancouver, B.C.
     V6E 3T4

     Polina H. Furtula
     service@westpointlawgroup.com

     Tel: 604-718-6886

     Solicitors for the Plaintiff

# EXHIBIT C

**Court File No. T-2636-24**

**FEDERAL COURT**

BETWEEN:

**CARTESIAN THEATRE CORP.**

Plaintiff

-and-

**COHESITY, INC.**

Defendant

AND BETWEEN:

**COHESITY, INC.**

Plaintiff by Counterclaim

-and-

**CARTESIAN THEATRE CORP.**

Defendant by Counterclaim

---

**STATEMENT OF DEFENCE AND COUNTERCLAIM**

---

**STATEMENT OF DEFENCE**

1.      Except where expressly admitted herein, the Defendant, Cohesity, Inc. ("**Cohesity**"), denies each and every allegation in the Statement of Claim and puts the Plaintiff, Cartesian Theatre Corp. ("**Cartesian**") to the strict proof thereof.

2.      Cohesity admits the allegations contained in the first paragraph 2 of the Statement of Claim under the heading "The Parties", and paragraph 22 of the Statement of Claim.

3.      Cohesity denies the allegations in paragraph 1(a)-(m), the second paragraph 2 of the Statement of Claim under the heading "Business of the Plaintiff", and paragraphs 3-21 and 23-36.

4.      Cohesity has no knowledge of, and therefore denies, the allegations contained in the second paragraph 1 of the Statement of Claim under the heading "The Parties".

5.      Cohesity specifically denies that the Plaintiff is entitled to any of the relief claimed in paragraph 1(a) – (m) of the Statement of Claim. Cohesity denies that the Plaintiff has suffered any loss or damage and therefore asserts that even if the Plaintiff succeeds in this action in whole or in part it is not entitled to any of the relief claimed in paragraph 1(a) – (m) of the Statement of Claim.

6.      With respect to paragraphs 1(f), 34 and 35 of the Statement of Claim specifically, the Plaintiff has improperly exaggerated its claim for monetary relief as exceeding $100,000 in order to avoid the mandatory operation of *Federal Courts Rules* 292 and 294 to 299. To the extent the Plaintiff is entitled to any monetary relief, which is denied, such entitlement is to an amount that is less than $100,000. As such, and for the additional reasons stated below, Cohesity seeks solicitor-client costs against the Plaintiff, irrespective of the outcome of the Claim and Cohesity's counterclaim.

7.      With respect to paragraph 1(g) of the Statement of Claim specifically, Cohesity denies that the Plaintiff is entitled to any exemplary, aggravated or punitive damages. Cohesity vehemently denies the allegation that its conduct warrants any such damages. Cohesity has at all times conducted itself in good faith. The Plaintiff's allegations in this regard are baseless, and as a result, Cohesity claims costs at the highest amount that this honourable Court will allow.

**The Defendant Cohesity, Inc.**

8.      Cohesity is a corporation incorporated pursuant to the laws of the State of Delaware, United States of America with a place of business at 300 Park Avenue, San Jose, California, 95110. Cohesity was founded in 2013 and then publicly launched in June 2015, at which time it adopted and began using the COHESITY trademark.

9.      Cohesity is one of the largest and fastest growing providers of artificial intelligence-powered data security and data management software solutions. Cohesity's goods and services are designed to secure, protect, manage and gain valuable insights and analytics from data stored in global computer networks across local, remote, edge and cloud computing networks. Cohesity provides its services to all manner of businesses, institutions and government agencies with substantial data management needs both in Canada and around the world. This includes many of the world's most sophisticated and widely recognized companies, including nearly half of the companies listed on the Fortune 100 list.

10.     Since at least as early as June 2015, Cohesity has broadly and consistently used its COHESITY trademark in association with the advertisement, promotion, sale, and performance of its products and services. Through extensive use and promotion by Cohesity for more than a decade, Cohesity's COHESITY trademark has become well known to Canadian consumers and has attracted exceptional reputation and goodwill to the benefit of Cohesity.

11.    Cohesity has consistently been recognized for its high-quality products and services and has earned numerous rankings year over year including:

a.    named to the Forbes 2024 Cloud 100, the definitive ranking of the top 100 private cloud companies in the world;

b.    named as a Leader in the Gartner Magic Quadrant for Enterprise Backup and Recovery Software Solutions for four years in a row;

c.    named in the Gartner Peer Insights Customers' Choice for Enterprise Backup and Recovery Software Solutions for six years in a row;

d.    named HPE Global Momentum Technology Partner of the Year;

e.    among CRN's Security 100, Storage 100, and Cloud 100 Companies for 2024;

f.    among CRN's inaugural AI 100 Companies for 2024;

g.    earned a five-star rating in CRN's 2024 Partner Program Guide for five years in a row;

h.    named a Leader in the IDC MarketScape for Worldwide Cyber Recovery;

i.    selected in D.A. Davidson & Co.'s The Heard report for 2024, recognizing the top 100 private software companies globally;

j.    awarded the NorthFace Scoreboard Award for excellence in customer service for eight years in a row;

k.    named the Gold Winner for Best User Interface at the 2023 London Design Awards;

l.    designated a 2023 Leader in the Omdia Universe: Protecting and Recovering Data in the Cloud Era, 2022–23 report;

m.    ranked among the top four vendors in the industry and as an Outperformer in the 2023 GigaOm Radar Report for Enterprise Scale-Out File Systems;

n.    named a Leader in The Forrester Wave: Data Resilience Solution Suites, Q4 2022 report;

o.    recognized for Helios in NetworkWorld's Hot Products at VMworld 2018; and

p.    honored for Helios as a TechTarget 2018 Best of VMworld Finalist in the Data Protection category.

**Cohesity's Helios Goods and Services**

12.     Cohesity's Helios products and services are a software-based management
        solution that enable customers to view and manage their data and applications
        from a single dashboard. The Helios solution consolidates secondary data and
        applications, such as backup, test / development, archives and analytics all in
        a single unified user interface. The Helios platform allows businesses to view,
        manage, and secure their global data and software applications, no matter
        where they may be located across a business's many and various computer
        networks.   In addition, Cohesity's Helios offering includes downloadable
        software for data management and data storage.  Software may be downloaded
        from Cohesity's online marketplace, or users may download the COHESITY
        HELIOS mobile app from the Apple App Store.

13.     In 2024, Cohesity filed Canadian Trademark Application No. 2334939 for
        HELIOS and No. 2349560 for COHESITY HELIOS (the "**Cohesity Marks**")
        for the goods and services listed in the applications (the "**Cohesity Goods and
        Services**") all as detailed at **Schedule A**.

14.     Cohesity has used the Cohesity Marks in Canada since at least as early as
        August 2018 in association with the Cohesity Goods and Services. As a result
        of Cohesity's continuous and extensive use and promotion of the Cohesity
        Marks in connection with the Cohesity Goods and Services, and the
        commercial success of the Cohesity Goods and Services the Cohesity Marks
        have become well known in Canada and have developed significant reputation
        and goodwill to the benefit of Cohesity.

**The Plaintiff's Alleged Rights**

15.     With respect to paragraph 4 of the Statement of Claim, Cohesity admits only
        that the Canadian Intellectual Property Office records indicate that Cartesian
        Theatre Corp. is the Registrant for Canadian Trademark Registration No.
        TMA1,260,843 but otherwise denies the allegations in this paragraph.

Cohesity specifically denies that Canadian Trademark Registration No. TMA1,260,843 is valid or was ever validly issued in the name of the Plaintiff. Cohesity also denies that the Plaintiff enjoys the rights that are pleaded at paragraph 10 of the Statement of Claim.

16.    With respect to paragraphs 5 and 8 of the Statement of Claim, Cohesity admits that Cartesian Theatre Corp. filed Canadian Trademark Application No 2013787, which resulted in Canadian Trademark Registration No. TMA1,260,843 but otherwise denies the allegations in these paragraphs. The goods and services listed in TMA1,260,843 are expressed very narrowly and highly tailored to the music industry, covering:

> *Computer software and databases for use in analyzing music*
> *Software as a service for music analysis and management; advisory*
> *services in the field of music software development*

17.    With respect to paragraphs 6 and 7 of the Statement of Claim Cohesity denies that the Plaintiff has used HELIOS as a trademark or a trade name in Canada. The Plaintiff has no customers, or clients, and its products and services are not and were not available in Canada. Cohesity states that "research, development and related business activities" do not constitute use of a trademark pursuant to section 4 of the *Trademarks Act* R.S.C. 19856, c. T-13 (the "*Trademarks Act*"). If the Plaintiff has used HELIOS in Canada, which is denied, any such use commenced in 2020 and has been limited to software that searches music libraries.

18.    Cohesity specifically denies the allegations at paragraphs 9 through 12 of the Statement of Claim. The Plaintiff has not used HELIOS as a trademark or a trade name in Canada, it is not known in any industry, the Plaintiff has no reputation or goodwill in HELIOS, and HELIOS is not distinctive of the Plaintiff. The Plaintiff therefore has no enforceable rights in HELIOS.

**No Trademark Infringement, Passing Off or Depreciation of Goodwill**

19.     Cohesity specifically denies the allegations at paragraphs 13 through 28 of the Statement of Claim. Cohesity states that there is no infringement, passing off or deprecation of goodwill of any rights of the Plaintiff as a result of Cohesity's use of the Cohesity Marks.

20.     The Cohesity Marks are not confusing with, nor likely to be confused with any alleged trademark of the Plaintiff including Canadian Trademark Registration No. TMA1,260,843 for HELIOS.

21.     With respect to paragraphs 21 and 22 of the Statement of Claim Cohesity states that it did not oppose Canadian Trademark Application No. 2013787 because there is no likelihood of confusion between the HELIOS trademark and Cohesity's Cohesity Marks.

22.     The Plaintiff's rights if any in the HELIOS trademark, which rights are denied, are limited to the highly specific field of music analysis, music management and music software development. The Plaintiff's rights do not extend to cover all software, or all data management products and services. The Plaintiff is decidedly overreaching by way of this action.  Moreover, the Plaintiff cannot assert exclusive rights to HELIOS per se in Canada. There are myriad HELIOS trademarks on the Canadian Trademark Register and used in the Canadian marketplace for various goods and services as shown in attached **Schedule B** such that the Plaintiff's rights in HELIOS are very narrow.

23.     With respect to paragraphs 14, 25 and 27 of the Statement of Claim, Cohesity specifically denies that the Cohesity Goods and Services are similar to any product or service of the Plaintiff. Cohesity is not and has never been in the business of music analysis, music management, or consulting in the field of music software development. Cohesity's Goods and Services are offered exclusively through Cohesity and its channel network.  They are marketed and sold to businesses, institutions and government agencies with vast data

management needs. In contrast, the Plaintiff's customers, if any, are interested in music identification and selection. The fundamental nature of the goods, services and business, and the channels of trade of the Plaintiff and Cohesity therefore differ significantly.

24.    With respect to paragraph 26 of the Statement of Claim, Cohesity specifically denies that there has been any confusion in the marketplace as a result of Cohesity's use of the Cohesity Marks for the Cohesity Goods and Services. HELIOS is typically used by Cohesity in conjunction with Cohesity's well known COHESITY trademark. There is no likelihood of confusion as it is abundantly clear to consumers that the source of the Cohesity Goods and Services is Cohesity.

25.    To the extent that there has been any use by the Plaintiff of HELIOS, which is denied, Cohesity's Cohesity Marks and the Plaintiff's alleged HELIOS mark have coexisted in the marketplace without any instances of confusion.

26.    The Plaintiff has not used the HELIOS trademark and does not enjoy any goodwill in HELIOS in Canada so as to be able to sustain a cause of action under either sections 7(b) or 7(c) of the *Trademarks Act* and these claims ought therefore to be dismissed.  Cohesity has not directed public attention to its goods, services or business in such a way as to cause or be likely to cause confusion in Canada with the Plaintiff's goods, services or business nor has it passed off its goods and services as and for those of the Plaintiff. The Plaintiff has no goodwill in the HELIOS trademark, there has been no misrepresentation by Cohesity, and the Plaintiff has not suffered any damage.

27.    With respect to paragraph 28 of the Statement of Claim, Cohesity denies that it has depreciated the value of any alleged goodwill in Canadian Trademark Registration No. TMA1,260,843 contrary to section 22 of the *Trademarks Act*. The Plaintiff has not used the HELIOS trademark and has no goodwill in the mark. Given the disparate businesses of Cohesity and the Plaintiff, use by Cohesity of the Cohesity Marks has no effect on any alleged goodwill of the

Plaintiff and the Plaintiff has suffered no damage. Cohesity states specifically that Cohesity's award winning products and services are of high quality.

28.   Cohesity requests that the action be dismissed in its entirety with costs awarded to Cohesity at the highest amount that this honourable Court will allow.


# COUNTERCLAIM

29.   Cohesity claims:

(a)  a Declaration that:

   (i)   Canadian Trademark Registration No. TMA1,260,843 for HELIOS is invalid and unenforceable pursuant to section 18 of the *Trademarks Act*, on the grounds that the application for registration was filed in bad faith;

   (ii)   regardless of whether or not Canadian Trademark Registration No. TMA1,260,843 is struck or declared invalid, a Declaration that Cohesity's use or promotion of HELIOS, COHESITY HELIOS or any other trademark incorporating HELIOS in association with the Cohesity Goods and Services does not violate any right of the Defendant by Counterclaim, including for the reason that all such conduct is not contrary to sections 7, 19, 20 or 22 of the *Trademarks Act*;

   (iii)   the Defendant by Counterclaim has made false and misleading statements tending to discredit Cohesity's business, goods and services in violation of section 7(a) of the *Trademarks Act*;

   (iv)   The Defendant by Counterclaim has made representations to the public that are false and misleading in a material respect for the purpose of promoting the supply or use of the Defendant by Counterclaim's products and for the purpose of promoting the

Defendant by Counterclaim's business interests all contrary to Section 52 of the *Competition Act,* R.S.C., 1985, c. C-34, s. 52;

(v)  By virtue of its false statements, the Defendant by Counterclaim has depreciated the value of the goodwill attaching to Cohesity's Canadian Trademark Registration No. TMA1,233,201 for COHESITY contrary to section 22 of the *Trademarks Act*;

(b) An Order:

(i)  directing that Canadian Trademark Registration No. TMA1,260,843 be struck from the Register of Trademarks pursuant to section 57 of the *Trademarks Act*;

(c) interim, interlocutory and permanent relief in the form of an injunction prohibiting the Defendant by Counterclaim and its officers, directors, servants, agents, employees and any persons or entities under its control from:

(i)  objecting to Cohesity's use of HELIOS, COHESITY HELIOS or any other trademark that incorporates HELIOS in association with the Cohesity Goods and Services;

(ii)  communicating to third parties the false allegation that Cohesity's use of the Cohesity Marks violates any right, title or interest of the Defendant by Counterclaim;

(iii)  objecting to or opposing Cohesity's Canadian Trademark Application No 2349560 for COHESITY HELIOS or Canadian Trademark Registration No 2334939 for HELIOS or any other trademark application of Cohesity that incorporate HELIOS;

(iv)  making any false or misleading statements tending to discredit Cohesity's business, goods or services in violation of section 7(a) of the *Trademarks Act*;

(v)  making representations to the public that are false and misleading

in a material respect for the purpose of promoting the supply or use of the Defendant by Counterclaim's products and for the purpose of promoting the Defendant by Counterclaim's business interests all contrary to Section 52 of the *Competition Act*;

(vi) depreciating the value of the goodwill attaching to Cohesity's Canadian Trademark Registration No. TMA1,233,201 for COHESITY contrary to section 22 of the Trademarks Act;

(d) damages or an accounting of profits as Cohesity may elect as a result of the Defendant by Counterclaim's conduct in violation of Cohesity's rights under the *Trademarks Act;*

(e) Damages as compensation for the loss and damage suffered by Cohesity as a result of the Defendant by Counterclaim's conduct in violation of the *Competition Act*;

(f) punitive and exemplary damages;

(g) pre-judgment and post-judgment interest;

(h) Cohesity's costs of this action on a solicitor-client basis, plus all applicable taxes; and

(i) such further and other relief as this Honourable Court may deem just.

30. Cohesity repeats and relies on the allegations in the Statement of Defence.

**Canadian Trademark Registration No. TMA1,260,843 is invalid**

*The Application was filed in Bad Faith*

31. The Defendant by Counterclaim did not use and did not intend to use the trademark which is the subject of Canadian Trademark Registration No. TMA1,260,843 in association with all of the listed goods and services. Rather, the Defendant by Counterclaim registered the trademark in a bad faith attempt to monopolize the use of HELIOS and to unfairly prevent other traders from

legitimately using their own trademarks.

32.    By its actions, the Defendant by Counterclaim is attempting to improperly present itself as holding a monopoly over HELIOS and as having a scope of protection broader than what it in fact enjoys. The Defendant by Counterclaim is using the threat of litigation to improperly bully those third-party traders into complying with its unreasonable demands.

33.    Indeed, the Defendant by Counterclaim has contacted numerous third parties with the improper demand that they cease any use of HELIOS or otherwise pay for a license from the Defendant by Counterclaim and has commenced infringement proceedings against Cohesity and others in an attempt to secure an improper monopoly over use of HELIOS for any goods or services, or otherwise extort a payment.

34.    The Defendant by Counterclaim is attempting to unreasonably monopolize HELIOS and HELIOS-formative marks beyond its own industry and its registration ought therefore to be expunged on the basis that it was filed in bad faith all contrary to section 18(1)(e) of the *Trademarks Act.*

35.    Cohesity is a person interested within the meaning of sections 2 and 57 of the *Trademarks Act*.

**The Defendant by Counterclaim's False and Misleading Statements**

36.    The Defendant by Counterclaim is attempting to enforce an improper monopoly over the HELIOS trademark by engaging in a pattern of planned and deliberate vexatious and malicious conduct directed at harming Cohesity's business, goodwill and reputation.

37.    As part of said conduct, the Defendant by Counterclaim has made numerous false and misleading statements tending to discredit the business, goods and services of Cohesity, including numerous complaints lodged with Apple, Inc. ("Apple") and Amazon Web Services ("Amazon"). In particular, the

Defendant by Counterclaim lodged a complaint with Apple dated October 4, 2024 in which the Defendant by Counterclaim sought the removal of Cohesity's Cohesity Helios mobile software application from the Apple App Store. The Defendant by Counterclaim falsely advised Apple that the Cohesity Helios mobile application infringes the Defendant by Counterclaim's intellectual property rights.

38.    In addition, on October 7, 2024 the Defendant by Counterclaim contacted executives at Amazon and falsely stated that Cohesity's use of HELIOS in connection with data management as a service infringes the Defendant by Counterclaim's HELIOS trademark.

39.    The Defendant by Counterclaim's statements above are false and misleading, and the object and effect was to injure the reputation of Cohesity, discredit its business, goods and services, damage its relationships with Apple and Amazon, and cause it to suffer damages and monetary loss.

40.    By virtue of the above statements, the Defendant by Counterclaim has made false and misleading statements tending to discredit Cohesity's business, goods or services in violation of section 7(a) of the *Trademarks Act*.

41.    In addition, by virtue of the above statements, the Defendant by Counterclaim has made representations to the public that are false and misleading in a material respect for the purpose of promoting the supply or use of the Defendant by Counterclaim's products and for the purpose of promoting the Defendant by Counterclaim's business interests contrary to Section 52 of the *Competition Act*. The statements made by the Defendant by Counterclaim were made knowing that they were false and misleading, or with reckless disregard as to whether they were false or misleading.

42.    In addition, the Defendant by Counterclaim's actions have depreciated the value of the goodwill attaching to Cohesity's Canadian Trademark Registration No. TMA1,233,201 for COHESITY contrary to section 22 of the

*Trademarks Act*.

43.    The Defendant by Counterclaim's inflammatory allegations are baseless and serve only as an improper attempt to harm Cohesity's reputation. Such baseless and inflammatory allegations are an additional basis upon which to award Cohesity solicitor-client costs against the Defendant by Counterclaim irrespective of the outcome of the Defendant by Counterclaim's action and Cohesity's counterclaim.

44.    The Defendant by Counterclaim's activities as pleaded above are high-handed, malicious, vindictive, and highly reprehensible and merit an award of punitive damages. The Defendant by Counterclaim knew, or ought to have known, that there was no violation of the Defendant by Counterclaim's alleged rights in HELIOS by it but nevertheless proceeded to knowingly interfere with Cohesity's legitimate and ongoing business activities in Canada causing damage to Cohesity's business and the goodwill and reputation in Cohesity's COHESITY, COHESITY HELIOS and HELIOS trademarks.

45.    By reason of the aforesaid acts of the Defendant by Counterclaim, Cohesity has suffered and will continue to suffer damages, unless and until the Defendant by Counterclaim is restrained.

46.    Cohesity is unaware of the full extent of the Defendant by Counterclaim's false statements in violation of the *Trademarks Act* and the *Competition Act.* Full particulars are within the knowledge of the Defendant by Counterclaim and not within the knowledge of Cohesity. Cohesity claims in respect of all such activities of the Defendant by Counterclaim.

47.    This counterclaim is not being proceeded with as a Simplified Action.

14

48.    Cohesity proposes that this action be tried in Ottawa, Ontario, Canada.

Dated at Ottawa, Ontario, this 18th day of November, 2024.



_____

**GOWLING WLG (Canada) LLP**
Barristers and Solicitors
Suite 2600-160 Elgin Street
Ottawa, Ontario K1P 1C3

Monique Couture
Monique.Couture@gowlingwlg.com
Tel: 613.786.0183

Martha J. Savoy
Martha.Savoy@gowlingwlg.com
Tel. 613.786.0180

Counsel for the Defendant/Plaintiff by
Counterclaim Cohesity, Inc.


**TO:    WESTPOINTE LAW GROUP**

Barristers and Solicitors
2200-1177 West Hastings Street
Vancouver, BC, V6E 3T4

Polina H. Furtula
service@westpointelawgroup.com
Tel: 604.718.6886

Counsel for the Plaintiff / Defendant by Counterclaim
Cartesian Theatre Corp.

**Schedule A**

| No. | Trademark | Owner | Status | Application No. | Claims |
|---|---|---|---|---|---|
| 1 | HELIOS | Cohesity, Inc.<br>300 Park Avenue<br>San Jose CA 95110<br>United States | Formalized (Pending) | 2334939 | **Filed:** 23-JAN-2024 |

**Wares and Services**

9 42

(1) Hyperconverged infrastructure (HCI) data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security.

(1) Software-as-a-service (saas) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (saas) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (paas) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (paas) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data

| No. | Trademark | Owner | Status | Application No. | Claims |
|---|---|---|---|---|---|

storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (paas) featuring computer software platforms for use in data management and data protection; platform-as-a-service (paas) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development.

| No. | Trademark | Owner | Status | Application No. | Claims |
|---|---|---|---|---|---|
| 2 | COHESITY HELIOS | Cohesity, Inc.<br>300 Park Avenue<br>San Jose, CA 95110<br>United States | Formalized (Pending) | 2349560 | **Filed:** 12-SEP-2024 |

**Wares and Services**

9 42

(1) Hyperconverged infrastructure (HCI) data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security.

17

| No. | Trademark | Owner | Status | Application No. | Claims |
|-----|-----------|-------|--------|-----------------|--------|
| (1) Computer disaster recovery planning<br><br>(2) Software-as-a-service (SaaS) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (SaaS) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (PaaS) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (PaaS) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (PaaS) featuring computer software platforms for use in data management and data protection; platform-as-a-service (PaaS) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development. | | | | | |

## Schedule B

| Mark | Owner | |
|---|---|---|
| **HELIOS**<br>Reg. No.<br>TMA736470<br>Reg. Date: 2009-03-18 | Helios, LLC<br>Indianapolis, Indiana<br>United States | <br>https://www.gohelios.com/index.php |

**Goods & Services**

9 (1) Computer software namely a management business software application for hair care salons, tanning salons, beauty salons and spas, featuring, appointment scheduling, database management and security, spreadsheets, creating and sending invoices, processing sales and electronic payment authorizations, inventory tracking, equipment usage tracking, accounting, employee payroll software, employee training, generating marketing reports and generating directed mailing.

| **HELIOS**<br>Reg. No.<br>TMA816267<br>Reg. Date: 2012-01-26 | Société GRICS<br>Montréal, Québec<br>Canada | <br>https://grics.ca/en/product/helios/#first-section |

**Goods & Services**
9 (1) Logiciel de gestion de l'énergie et d'analyse de la facturation énergétique.

| **HELIOS**<br>Reg. No.<br>TMA1202120<br>Reg. Date: 2023-10-04 | Tecoustics Limited<br>Burlington, Ontario<br>Canada | |

**Goods & Services**
[…]
42(1) […] Installation, maintenance and repair of computer software for vibrational, seismic, solar energy, waste water, and thermal activity management and monitoring; Installation, maintenance and repair of computer software for industrial and commercial building automation;
[…]

| | |
|---|---|
| ▲helios<br>Reg. No.<br>TMA1173057<br>Reg. Date: 2023-03-27 | Tecoustics Limited<br>Burlington, Ontario<br>Canada |

**Goods & Services**

[…]

42(1) […]; installation, maintenance and repair of computer software for vibrational, seismic, solar energy, waste water, and thermal activity management and monitoring; installation, maintenance and repair of computer software for industrial and commercial building automation; […]

| | |
|---|---|
| HELIOS PLATFORM<br>Reg. No.<br>TMA905073<br>Reg. Date: 2015-06-02 | Gigataur Corporation<br>Ottawa, Ontario<br>Canada |

**Goods & Services**

(1) Software development tool for the creation of mobile & touch games; mobile and touch software, namely, game engine software for video game development and operation

(1) […]; software development in the field of mobile & touch games, deployment and distribution

| | |
|---|---|
| HELIOS<br>App. No. 2134340<br>App. Date: 2021-09-17 | Eqonex Limited 40<br>Singapore |

**Goods & Services**

9(1) […]; downloadable computer software for electronic data storage, namely, electronic storage for others of cryptocurrency coins on offline devices;

[…]

42(3) Providing temporary use of on-line non-downloadable software for electronic storage for others of cryptocurrency coins on offline devices.

| | | |
|---|---|---|
| **HELIOS**<br>App. No. 2349757<br>App. Date: 2024-09-13 | Hélios Communication-Marketing inc.<br>Montréal Québec<br>Canada | <br>https://helios.agency/ |

**Goods & Services**

[...]

42(3) Conception et développement de sites web pour des tiers; conception graphique; services de conseils technologiques en transformation numérique; conseils en intelligence artificielle; conseils techniques dans le domaine de l'intelligence artificielle.

**Unofficial Translation**

[...]

42(3) Design and development of websites for third parties; graphic design; technological consulting services in digital transformation; artificial intelligence consulting; technical consulting in the field of artificial intelligence.

| | | |
|---|---|---|
| **HELIOS COMMODITIES INC.**<br><br>Corp. Reg. No. 1447069-9<br><br>Reg. Date: 2022-10-21<br><br>Jurisdiction: Federal | Helios Commodities Inc.<br>Toronto, Ontario<br>Canada | |

| **HELIOS WEB SOFTWARE INC.** | Helios Web Software Inc. |
| --- | --- |
| Corp. Reg. No. 956664-3 | Ottawa, Ontario Canada |
| Reg. Date: 2024-01-01 | |
| Jurisdiction: Federal | |
| **HELIOS CREATORS INC.** | Helios Creators Inc. Toronto, Ontario Canada |
| Corp. Reg. No. 1369448-8 |  |
| Reg. Date: 2022-01-18 | |
| Jurisdiction: Federal | Software platform for music streaming, facilitating music artist-fan interactions, creating NFTs, and selling band merchandise and music concert tickets |

**HELIOS WIRE**

Corp. Reg. No.
GM0791241

Reg. Date: 2019-10-31

Jurisdiction: BC

Helios Wire
Vancouver, British Columbia
Canada



(https://www.linkedin.com/company/helios-wire-iot/)

monitoring and messaging service to track and provide communication for transmitters

| HELIOS |  https://www.helios.sc/<br><br>Predictive artificial intelligence-based software for predicting price and supply availability of agricultural commodities by geographic region | Helios Artificial, Mc Lean, VA United States |
| --- | --- | --- |
| HELIOS | https://heliossoftware.com/<br><br>Database software for healthcare and clinical data and information, and software and technology consultancy services in the fields of healthcare | Helios Software Inc. Boston, Massachusetts United States |

| **HELIOS BY HELIOS ED** | Helios Ed<br>San Mateo, California<br>United States | https://play.google.com/store/apps/details?id=com.heliosed.HeliosMobile&gl=ca<br><br>Mobile phone software for facilitating the onboarding process of personal information of newly hired employees |
|---|---|---|
| **HELIOS DATA** | Helios Data Inc.<br>Palo Alto, California<br>United States | https://www.heliosdata.com/<br><br>Software which provides secure utilization and analysis of datasets composed of sensitive or confidential information |

| | | |
|---|---|---|
| **HELIOS** | Acer Inc.<br>New Taipei City 221<br>Taiwan | <br>https://www.acer.com/us-en/predator/laptops/helios<br>Computers |
| **HELIOS MOBILE** | Aldor s.r.o<br>Prague 4<br>Czechia | https://play.google.com/store/apps/details?id=cz.aldor.heliosmobile&gl=ca<br>Workflow management software for the installation, maintenance and monitoring of information technology systems |

| | | |
|---|---|---|
| **HELIOS BY UTILITY** | Utility, Inc.<br>Decatur, Georgia<br>United States | https://www.utility.com/helios-solution/<br>Digital evidence management system |
| **HELIOS TECHNOLOGIES** | Helios Technologies, Inc.<br>Sarasota, Florida<br>United States | https://www.heliostechnologies.com/<br>Motion control and electronic control hardware and software |

| HELIOS SOLUTIONS | Helios Solutions Gujarat, India |  https://www.heliossolutions.co/ Computer software and application development |
| HELIOS | Svetlana Polishchuk / Nova Moscow Russia | https://apps.apple.com/ca/app/helios/id789749891 Mobile time tracking software application |

| HELIOS | Corrugated Solutions<br>Lake Forest, Illinois<br>United States | <br>https://corrugatedsolutions.com/products/corrugated-machine-learning-iiot<br><br>Artificial intelligence-based software for analyzing datasets, optimizing maintenance and reducing downtime of machine equipment in the corrugated converting industry |
| HELIOS | Helios Quantitative<br>Research LLC<br>Granite Bay, California<br>United States | https://heliosdriven.com/<br><br>Asset management software |

| **HELIOS** | Helios Group<br>Chicago, Illinois<br>United States | <br>https://www.helios.io/<br>Workforce management software for payroll and Human Resource management, and for employee on-boarding and off-boarding |
| **SINGLESTORE HELIOS** | SingleStore, Inc.<br>San Francisco, California<br>United States | https://docs.singlestore.com/<br>Database software |

| HELIOS | NV5 Geospatial Solutions, Inc. Hollywood, Florida United States | <br><br>https://www.nv5geospatialsoftware.com/Products/Helios<br>Software providing real-time hyperlocal ground weather analytics |
| --- | --- | --- |
| HELIOS3D | STÖHR+SAUER CAD - und Computersystem GmbH Germany | https://www.helios3d.com/<br>Software for photovoltaic plant design and management |

| QUANTINUUM HELIOS | Quantinuum, Ltd. Broomfield, Colorado United States | https://www.quantinuum.com/products-solutions/quantinuum-systems/helios<br><br>Quantum computing hardware as a service |
| --- | --- | --- |
| HELIOS | Helios Sports, Inc. Portsmouth, New Hampshire United States | https://app.helioshockey.com/<br><br>Athlete performance tracking and development software |

| HELIOS VIRTUALHEALTH | Virtualhealth New York, New York United States |  |
| --- | --- | --- |
| **HELIOS DEFENSE SOLUTIONS** | Helios Defense Solutions LLC Maryland United States | |

https://www.virtualhealth.com/products/care-management-solution-helios/

Case management software for use in the field of healthcare

https://www.heliosdsllc.com/

Hardware and software development and consultation in the field of national defense



| HELIOS | Softeam SpA<br>Lecco, Italy | **Cited term**<br># Helios - ERP & MES<br>Integrated and efficient management with one software. For SMEs and beyond<br>Helios software is our solution for the **agile management of the production cycle and all business processes.** Through a **modular solution** easily integrated with<br><br>https://www.softeam.it/en/products/helios/<br>Business management software |
|---|---|---|
| HELIOS | ARC Healthcare Technologies<br>Orion Michigan<br>United States | Sales: 248.475.4455<br>**ARC Healthcare Technologies**<br>Home   Helios™   About Us   Contact Us   Our Partners   AHRAM<br><br>**Cited term**<br>*Helios*<br><br>INVENTORY MANAGEMENT SYSTEM<br><br>Intuitively designed and developed by ARC Healthcare Technologies, Helios™ is an integrated Inventory Management System providing real-time, efficient and automated decision support for the healthcare supply chain. Using the latest barcode and RFID-enabled technologies, coupled with the options of Smart Cabinets, check in/out Kiosks, handheld scanners and more, the Helios platform is capable of cost-effectively managing the totality of inventory found in today's largest healthcare settings.<br><br>https://archlt.com/helios-platform-overview/<br>Inventory management software for use in the field of healthcare |

| HELIOS | Paisso Technology Private Limited New York, New York United State |  https://heliostechlabs.com/  https://www.upwork.com/agencies/heliostechlabs/ Software and computer application consulting and development services |

| **HELIOS DESIGN SYSTEM** | HashiCorp, Inc.<br>San Francisco,<br>California<br>United States | <br><br>https://helios.hashicorp.design/<br>Software for developing software User Interfaces |
| --- | --- | --- |
| **HELIOS** | HELIOS Software<br>GmbH<br>Garbsen<br>Germany | https://www.helios.de/web/EN/company.html<br>Software development services |

| HELIOS | Helios Automazioni srl<br>San Salvo<br>Italy | https://www.heliosautomazioni.com/en/home-en.html<br><br>Software for use in the stone processing industry |
| --- | --- | --- |
| HELIOS | Righthub Limited<br>London, United<br>Kingdom | https://heliosip.com/<br><br>Software for Intellectual property onboarding, monitoring and reporting |

| HELIOS SHED LIGHT | Helios Technology Solutions Inc. Oakville, Ontario Canada |  https://www.heliotech.ca/about-us<br>Website design and development, mobile app development, research, and services in digital marketing, |
|---|---|---|
| HELIOS | Forterro Sweden AB London, United Kingdom | https://www.forterro.com/en/product/helios |



**HELIOS**

Helios Ventilatoren Villingen-Schwenningen, Germany

https://www.getapp.ca/software/2070516/helios-erp

Enterprise resource planning software for use in the aerospace industry

http://helios.biz

Ventilation system operation mobile application and Building Informaiton Model Data

for ventilation sysems for use in CAD software

| HELIOS | Helios Software Development Ltd. Victoria, Malta |  |
| | | **HELIOS SOFTWARE DEVELOPMENT LTD.** |
| | | https://helios-software.com/ |
| | | Software development services |
| **HELIOS SOFTWARE DEVELOPER** | Helios Software Developer Taguig City 1634 Philippines | http://heliossoftwaredeveloper.com/ |
| | | Mobile and web application software development services |

# EXHIBIT D

Court File No. T-2636-24

**FEDERAL COURT**

BETWEEN:

CARTESIAN THEATRE CORP.

PLAINTIFF

AND

COHESITY, INC.

DEFENDANT

AND BETWEEN:

COHESITY, INC.

PLAINTIFF BY COUNTERCLAIM

AND

CARTESIAN THEATRE CORP.

DEFENDANT BY COUNTERCLAIM

**DEFENCE TO COUNTERCLAIM**

The defendant to the counterclaim admits the allegations contained in paragraphs NONE of the counterclaim.

The defendant to the counterclaim denies the allegations contained in paragraphs 30 to 48 of the counterclaim.

The defendant to the counterclaim has no knowledge of the allegations contained in paragraphs NONE of the counterclaim.

1.    Except where expressly admitted herein, the Defendant by Counterclaim,

Cartesian Theatre Corp. ("**CT**"), denies each and every allegation in the Counterclaim and puts the Plaintiff by Counterclaim, Cohesity, Inc. ("**Cohesity**") to the strict proof thereof.

2.    CT specifically denies that Cohesity is entitled to any of the relief claimed in paragraph 29 of the Counterclaim.

3.    In further response to paragraph 29(b), Cohesity has no grounds to seek to invalidate the Helios Trademark (as defined in the Statement of Claim). Cohesity had an opportunity to oppose its registration during the advertising period but failed to do so.

4.    In response to paragraphs 31 to 44, CT denies it has commenced this action or registered the Helios Trademark in bad faith, or acted with dishonesty, or with malice and further says that Cohesity has no evidence on which to make such unmeritorious accusations and seeks an award of enhanced costs, on a solicitor-client basis or alternatively, on a substantial indemnity basis.

5.    In further response to paragraph 31, CT did use and did intend to use the Helios Trademark in association with all of the listed goods and services.

6.    In further response to paragraph 31, Cohesity does not own any trademark for "Helios", "Cohesity Helios" or any other HELIOS-formative marks in Canada.

7.    In response to paragraph 32, CT is not bullying Cohesity or third party traders, but is simply seeking to protect its Helios Trademark as alleged in the Statement of Claim.

8.    CT specifically denies the allegations in paragraph 33.

9.    In response to paragraph 34, CT is seeking to protect its trademark within its own industry.

10.    In response to paragraph 35, Cohesity is not a person interested as defined in section 2 of the *Trademarks Act.*

11.    In response to paragraph 36, CT is only seeking to enforce the Helios Trademark, which it owns.

12.    In response to paragraphs 37, 38, 39, and 40, CT has taken the step to notify third-parties that there may be a risk of confusion with Cohesity's Impugned Services and Infringing Names but denies making any false and misleading statements, nor statements that discredit the business, goods and services of Cohesity.

13.    In response to paragraphs 41 and 46, CT denies making statements as

alleged or any that are contrary to s.52 of the *Competition Act.*

14.  In response to paragraphs 42 and 45, CT denies that Cohesity has suffered any loss or damage as alleged and is not entitled to any of the relief claimed in paragraph 29 of the Counterclaim.

15.  In response to paragraphs 43 and 44, Cohesity's unmeritorious accusations of dishonesty, malice and bad faith that are pleaded an award of enhanced costs, on solicitor-client basis or alternatively on a substantial indemnity basis.

16.  In response to paragraph 47, Cohesity has improperly exaggerated its claim for monetary relief as exceeding $50,000. To the extent that Cohesity is entitled to any monetary relief, which is denied, such entitlement is to an amount that is less than $50,000.

17.  In response to paragraphs 43, 44 and 48 and all other allegations in the Counterclaim, Cohesity has commenced this Counterclaim in an effort to intimidate and stifle the legitimate enforcement efforts of a small Canadian business which has done nothing but seek to enforce its Helios Trademark in accordance with the law.


Dated:   December 18, 2024

_____
Westpoint Law Group
Barristers & Solicitors
Suite 2200, 1177 West Hastings Street
Vancouver, B.C.  V6E 3T4

**Polina H. Furtula**

Telephone:  604-718-6886

Email:
service@westpointlawgroup.com


**Solicitors for the defendant by counterclaim**


TO:       Cohesity, Inc.
          c/o Gowlings (Canada) LLP
          Suite 2600-160 Elgin Street

Ottawa, Ontario K1P 1C3

Monique Couture
Monique.Couture@gowlingwlg.com
Tel: 613.786.0183

Martha J. Savoy
Martha.Savoy@gowlingwlg.com
Tel. 613.786.0180
Counsel for the Defendant/Plaintiff by Counterclaim Cohesity, Inc.

# EXHIBIT E

Court File No. T-2636-24

**FEDERAL COURT**

BETWEEN:

**CARTESIAN THEATRE CORP.**

Plaintiff

-and-

**COHESITY, INC.**

Defendant

AND BETWEEN:

**COHESITY, INC.**

Plaintiff by Counterclaim

-and-

**CARTESIAN THEATRE CORP.**

Defendant by Counterclaim

---

**REPLY TO DEFENCE TO COUNTERCLAIM**

---

1.      The Defendant/Plaintiff by Counterclaim, Cohesity, Inc., ("Cohesity") repeats and relies upon all the allegations set forth in Cohesity's Statement of Defence and Counterclaim dated November 18, 2024.

2.      Cohesity denies all allegations in the Plaintiff/Defendant by Counterclaim, Cartesian Theatre Corp.'s ("Cartesian") Defence to Counterclaim dated December 18, 2024 (the "Defence to Counterclaim").

3.      With respect to paragraph 3 of the Defence to Counterclaim Cohesity states that the decision not to oppose a trademark application has no bearing on whether a party can seek to invalidate a trademark registration pursuant to section 18 of the Canadian Trademarks Act.

4.      With respect to paragraphs 4 and 15 of the Defence to Counterclaim Cohesity states that Cartesian has no basis for seeking increased costs. Cohesity's allegations in its Statement of Defence and Counterclaim are valid and properly asserted.

5.      With respect to paragraph 6 of the Defence to Counterclaim Cohesity specifically denies the allegation that Cohesity does not own any trademark for HELIOS, COHESITY HELIOS or any other HELIOS-formative marks in Canada. Cohesity specifically repeats and relies on the allegations set forth at paragraphs 13 and 14 of the Statement of Defence and Counterclaim in this regard.

6.      Cohesity specifically denies the allegations at paragraph 17 of the Defence to Counterclaim. Cartesian commenced a frivolous proceeding against Cohesity in an attempt to improperly monopolize the HELIOS trademark. Cohesity is entitled to defend itself in this proceeding, to seek the relief detailed at paragraph 29 of the Statement of Defence and Counterclaim including damages and costs for Cartesian's improper conduct.

Dated at Ottawa, Ontario, this 15th day of January, 2025.



_____

**GOWLING WLG (CANADA) LLP**
Barristers and Solicitors
Suite 2600-160 Elgin Street
Ottawa, Ontario K1P 1C3

Monique Couture
Monique.Couture@gowlingwlg.com
Tel: 613.786.0183

Martha J. Savoy
Martha.Savoy@gowlingwlg.com
Tel. 613.786.0180

Counsel for the Defendant/Plaintiff by Counterclaim
Cohesity, Inc.

**TO:    WESTPOINT LAW GROUP**

Barristers and Solicitors
2200-1177 West Hastings Street
Vancouver, BC, V6E 3T4

Polina H. Furtula
service@westpointelawgroup.com
Tel: 604.718.6886

Counsel for the Plaintiff / Defendant by Counterclaim
Cartesian Theatre Corp.