1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GARY SHUSTER, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

COHESITY, INC,

          Plaintiff,

v.

CARTESIAN THEATRE CORP., and DOES
1 - 25,

          Defendants.

Case No. 4:24-CV-09104-JST

**DECLARATION OF KIPLING WARNER
IN SUPPORT OF MOTION TO DISMISS
AND MOTION TO STAY**

**Date: September 11, 2025**
**Time: 2:00 p.m.**
**Place: Courtroom 6 (Via Video Conference)**
**Judge: Hon. Jon. S. Tigar**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1.    I am the Founder of Cartesian Theatre Corp. ("CT"), a Canadian corporation. I make this declaration based on my personal knowledge. CT has always had a small number of employees and contractors, of which I am the sole person serving as an officer of CT.  I make this declaration in support of CT's motion to dismiss and motion to stay proceedings within the United States pending final disposition of parallel action, *Cartesian Theatre Corp. v Cohesity, Inc.*, Court No T-2636-24, in the Federal Court of Canada (the "Canadian Proceeding").

2.    Each time I state that "CT wrote" or otherwise acted, unless I indicate otherwise, that means that I wrote or otherwise acted on behalf of CT. Likewise, when I write that "I wrote" or otherwise acted, unless I indicate otherwise, that means that I wrote or acted on behalf of CT.

## I. CT Will Have to Divert Resources from Research, Development, and Business Development if it is Forced to Defend the American Proceeding

3.    After being told by Cohesity's counsel that Cohesity was not interested in negotiating an agreement with CT regarding Canadian trademark registration number TMA1,260,843, CT commenced the Canadian Proceeding.

4.    After learning of this declaratory judgment case filed by Cohesity in the Northern District of California (the "American Proceeding"), CT attempted to find counsel for the American Proceeding.

5.    CT is a startup company, and like nearly all startups, CT faces a constant need to manage resources carefully. Because cases brought in the United States do not include the obligation for the losing party to reimburse the attorneys' fees of the winning party, or at least partially, and given the exceedingly high hourly rates I was quoted (when converted to Canadian dollars, rates ranging from almost $1,000 CAD per hour to well over $1,000 CAD per hour), even if CT won handily, the American Proceeding is an extraordinary financial risk to CT. One American attorney quoted $250,000 USD for a single motion to stay.[1] CT is not impecunious, but that is because I carefully manage CT's expenses and revenue. In my opinion, any small business

---

[1]On a side note, in my country a lawyer might get sanctioned for providing such a quote.

1    or startup such as CT would find such expenses an unacceptable drain on its ability to build its

2    business.

3          6.     CT did not want to sue in the United States, and does not wish to be forced to

4    evaluate whether it may or should counterclaim against Cohesity in the United States because CT

5    does not wish to expand this dispute unnecessarily. Because the United States does not award

6    attorneys' fees to the prevailing party, CT could not hire a US attorney in reliance on

7    reimbursement of CT's fees upon winning. Because this is a suit I must defend, rather than seek

8    recovery in, I could not hire counsel on a contingency fee basis in reliance on recovery on

9    counterclaims. I do not wish to be forced to determine whether trademark claims even exist against

10   Cohesity within the United States because my focus is on developing and building my company as

11   a Canadian entity. CT filed a trademark application in the United States, as it had long planned to.

12   Cohesity has prevented registration by requesting multiple extensions to oppose it. Even if CT

13   prevails over Cohesity's planned opposition before the TTAB, I have not budgeted time or funds

14   to have CT evaluate whether Cohesity's US activities may infringe that mark. The immediate

15   utility of the U.S. filing is to provide CT with some level of protection against claims that third

16   parties may make that CT may not use the term "Helios" within the United States. CT's focus is on

17   Canada, where it is located. If the US filing results in a registered mark issuing over Cohesity's

18   opposition, CT will then have to determine whether it has the resources, including my time, to

19   evaluate US trademark issues, whether with regard to Cohesity or any other party. Given

20   Cohesity's repeated requests for additional time to oppose registration of the mark in the United

21   States, this is a decision that will not be made before the mark is registered – if it is registered at

22   all.

23         7.     I ultimately prevailed on my friend and now counsel in this case, Gary Shuster

24   ("Shuster"), to represent CT. He was my first choice because he is intimately familiar with CT's

25   intellectual property, having drafted its first patent application and taking great personal interest in

26   my invention. However, Shuster had told me that he would not be able to appear in the American

27   Proceeding shortly after it commenced because he is the primary caregiver for his wife with stage

28

DECL. OF KIPLING WARNER IN SUPPORT OF MOTION TO STAY.
NO. 4:24-CV-09104-JST

1  breast cancer (while I have no reason to doubt his veracity, I note that I make the statement in

2  this paragraph to explain what my understanding was, and not to testify as to the actual health of

3  his wife or his role in caring for her).

4          8.      I am grateful for this Court's patience as CT engaged in a search for counsel.

5          9.      It would be unforgivably rude to accuse Cohesity of filing the American Proceeding

6  as part of an effort to deplete my resources so that I would have to settle both cases on terms

7  favorable to Cohesity – and I have minimal insight into the internal thought process at Cohesity

8  and Jones Day in any case. However, regardless of intent, the practical effect of having to litigate

9  the American Proceeding has been to deplete my available time and thereby impair my ability to

10  build my company and the software it depends on. Even more, despite his flexibility with regard to

11  timing, CT will have to pay Shuster for his work on this case, making his appearance one that will

12  delay, but not avoid, the practical resource impact of the duplicative American Proceeding in

13  depleting my ability to invest in additional developers, hardware, and the other things that an AI

14  startup needs.

15          10.     To state it plainly, the U.S. legal system, where each side bears its own attorney's

16  fees regardless of the outcome of the case, is simply too expensive for a small company like mine

17  to intentionally incur litigation in. Even if we win, we will be left with bills large enough to impair

18  our ability to develop our software with the rapidity necessary in the lightning-fast-developing AI

19  field. At the same time, the political tension between the U.S. and Canada is such that I am far

20  from certain that CT will continue to have non-tariffed, open access to the U.S. market, making

21  any efforts to protect trademarks within the United States an effort to preserve CT's rights in case

22  relations between the United States and Canada improve to the point where it makes sense to

23  initiate significant efforts to penetrate the U.S. market.

24          **II.  CT Never Attempted to Enforce US Trademark Rights**

25          11.     I have reviewed the complaint in this proceeding. CT never attempted to enforce

26  U.S. trademark rights, although the complaint attempts to imply that I did without stating any facts

27  to support that implication. I have communicated this to Cohesity's counsel numerous times and

28

---

DECL. OF KIPLING WARNER IN SUPPORT OF MOTION TO STAY.
NO. 4:24-CV-09104-JST

requested evidence showing such communications. Despite our discovery in the Canadian Proceeding, I am not aware of having received any documents from Cohesity that suggest this happened, or that Cohesity thinks suggests this happened, or even inadvertently. CT's efforts were never written or intended to extend to the enforcement of any trademark rights outside of Canada, and CT was careful to reference the Canadian trademark in all of the activities that Cohesity complains of in this case.

12.    It is possible that some recipients of a notice about CT's Canadian rights may have decided to act as if those rights extend beyond the Canadian borders, but that is not something that CT asked for – nor has Cohesity provided CT with any evidence of this having happened. If a third-party acted against Cohesity within the United States based on CT's assertion of Canadian rights in Canada, and if Cohesity were to tell me about such an incident, I will cooperate with them in telling such third-party that CT's Canadian registration rights do not extend beyond the borders of Canada. However, Cohesity has not told me of any such third-party activities, nor have they asked me to help them clarify the geographic reach of a Canadian trademark to such third-party (if one exists). Regardless of the ongoing litigation in the two countries, I will act with integrity, and to that end will work with Cohesity to clarify any misunderstanding any third-party may have leading to a belief that any US trademark rights are or have been asserted.

13.    I am confused that the only claim for relief Cohesity asks for is "Declaratory Judgment for Non-Infringement of Cohesity's HELIOS Trademark" (complaint page 11, line 13). I agree that CT has not infringed any Cohesity trademark. CT has been using the name "Helios" for its primary product in a commercial context in Canada since at least March 19, 2016, which predates the August 21, 2018 date that Cohesity has claimed is its first use of "Helios" by approximately 886 days.[2] Complaint ¶ 4.. As the heading is not supported by any of the allegations made under the heading, my assumption is that it was presented to the Court erroneously.

14.    I am also confused how a court in the United States can issue an order "enjoining

---

[2] Cohesity published its first press release publicly debuting their Helios product on August 21, 2018, according to the following: https://www.cohesity.com/newsroom/press/cohesity-helios-saas-solution-ushers-new-era-global-secondary-data-app-management/

1    Defendant from asserting or otherwise enforcing any alleged trademark rights against Cohesity."

2    Complaint page 13, lines 13 – 14. CT has not attempted to enforce any United States trademark

3    rights, whether at common law or state law. CT does not own a registered United States trademark

4    at this time, so it could not (and did not) assert any rights under a registered United States

5    trademark. The only CT trademark that Cohesity alleges that CT asserted is the Canadian

6    trademark for "HELIOS", Canadian trademark registration number TMA1,260,843.

7        15.    Attached as Exhibit "A" to this declaration is the certificate of registration for TMA

8    1,260,843 (the "Canadian CT Mark"). As can clearly be seen, the mark is issued in Canada with an

9    effective date of October 4, 2024. It is a standard character mark for "HELIOS", covering Nice

10   classifications 9 and 42. Nowhere in the document are rights in the United States described, and it

11   is my understanding that a Canadian registered trademark is only enforceable within Canada.

12   Although issued on October 4, 2024, CT first applied for the mark on or about February 26, 2020.

13   It was approved for publication on June 21, 2024; published for opposition on July 17, 2025 in the

14   federal *Trademarks Journal* Vol. 71 No. 3638, on page 617; the two-month opposition period

15   closing on September 17, 2025; and the registration formally issued on October 4, 2025.

16   **III. CT Tried to Resolve the Conflict With Cohesity Before Issuance of the Canadian Mark**

17       16.    I recognized that Cohesity may infringe the Canadian CT Mark after issuance, and I

18   wanted in good faith to ensure that Cohesity was aware that the mark was published for opposition

19   and had a fair opportunity to oppose the mark. On August 12, 2024 (four weeks before the

20   opposition period ended), I wrote to Carrie Kiedrowski ("Kiedrowski") of Jones Day and Monique

21   Couture ("Couture") of the Gowling WLG (Canada) law firms to apprise them[3] that "CT's CIPO

22   application was submitted as Application No 2013787 on 25 February, 2020…. It was approved on

23   21 June, 2024, with its registration status pending the rapidly approaching completion of the

24

25   _____

26   [3] I wrote them because Kiedrowski and Couture appeared to be listed as counsel of record in the CIPO docket for

27   Cohesity's application 2334939 for the HELIOS standard characters, filed on January 23, 2024, and currently still

28   unexamined. See https://ised-isde.canada.ca/cipo/trademark-search/2334939

advertising period per s 11.13 of the *Trademarks Act*, RSC 1985, c T-13". I also stated that "your client [Cohesity] may be wise to court a large and growing Canadian market" and "I think it is always better to try and find a constructive solution to what may be an unforeseen obstacle to both parties for Cohesity to continue to operate without encumbrance in the Canadian market", clarifying that my email was addressing Canadian trademark usage only. A true and correct copy of that email is attached hereto as Exhibit "B".

17.    At the time that I made my initial overtures to their counsel I would have been happy if they had simply stopped using it, even if no money had changed hands, signed a retroactive release, and that would have been the end of it. Even if they wanted to continue using it then, I would have been open to licensing it - even for zero or nominal money. I spent approximately a decade personally building the product bearing the mark, and so my primary concern was protecting the registration from eventually being canceled due to their dilution of it. These discussions were only with regard to the Canadian CT mark. At no time did I attempt to enforce any US trademark rights and this was always obvious from the correspondence.

18.    Jones Day responded to my correspondence on the same day, August 12, 2024, with Kiedrowski stating that "We are in receipt of your email and will discuss this with Cohesity." A true and correct copy of that email is attached hereto as Exhibit "C".

19.    I have reviewed the docket which is publicly available from the Canadian Intellectual Property Office ("CIPO") located at https://ised-isde.canada.ca/cipo/trademark-search/2013787 for CT's registration. There is no entry indicating that Cohesity took the opportunity I provided to oppose the mark, or file a notification of third-party rights, which would have been an excellent time to have done so if they wished to contest CT's position that Cohesity's usage in Canada is confusing with CT's usage.

20.    At the time I first put Cohesity on notice, I thought the gentlemanly approach was to do so *during* the opposition period - rather than waiting until its expiration and hoping they did not notice. I did not want Cohesity to be surprised by the issuance of the application, so I was concerned when I had not heard back from Jones Day until after more than a week. I again wrote

to Kiedrowski, on August 21, 2024, stating "I am following up to your correspondence of August 12, 2024. At that time you advised you were in the process of seeking instructions from your client in respect to my proposal to negotiate Cohesity's usage of the HELIOS mark in Canada", and "Do you require additional time? Please do not hesitate to ask if necessary." A true and correct copy of that email is attached hereto as Exhibit "D".

21.    I received a response from Kiedrowski the following day, August 22, 2024, stating "We are in receipt of your email and expect to provide you with a substantive response within the next two weeks." A true and correct copy of that email is attached hereto as Exhibit "E".

22.    Wanting to ensure that Cohesity had a fair opportunity to challenge the mark, I responded on the same day, August 22, 2024, stating "Thank you kindly, Carrie. Please cc legal, which I've added, if you intend to revert with an electronic courtesy copy of service of originating process in the TOB administrative tribunal or if you intend to initiate a civil proceeding in the FC." In this context, "TOB" referred to the Trademark Opposition Board, CIPO's analogue to USPTO's TTAB. "FC" referred to the Federal Court of Canada. "Revert" is a term used in Canada to refer to a response to a communication. A true and correct copy of that email is attached hereto as Exhibit "F".

23.    Cohesity did not notify me that they had initiated either type of proceeding, and based on my review of the CIPO docket and the lack of service of any initiating process in the Federal Court of Canada, it is my belief that Cohesity did not take the opportunity to file any form of opposition prior to their November 8, 2024 filing of a counterclaim in the Canadian litigation.

24.    Cohesity also did not take me up on my offer to discuss how and whether we could reach an agreement that would prevent Cohesity from being impacted by the soon-to-issue Canadian CT Mark until September 5, 2024. My conduct was always genteel in trying to reason with them. I was trying to do what I believed any reasonable person would do to deescalate the situation before the matter might have ended up being litigated because I was sympathetic to the possibility Cohesity's counsel or management, acting in good faith, had inadvertently missed CT's prior use of a confusingly similar product in Canada. I was not alone in my belief that there was a

high risk of confusion in Canada, given that CT's assigned CIPO Examiner had communicated to me by telephone some time in August 2024 that CT's application was likely to be cited as a basis for rejecting Cohesity's application 2334939.

25.     As part of these negotiations, on September 10, 2024, I wrote to Canadian counsel for Cohesity to apprise her that (a) "CT has been holding off as long as it can in order to facilitate an amicable resolution. But if the parties are unable to resolve this now, CT has to begin issuing the currently embargoed notices of infringement", and that "If CT fails to issue notices in a timely manner … it can lose its mark for failure to police it." A true and correct copy of that email is attached hereto as Exhibit "H". Again, this was with regard to the CT Canadian Mark only.

26.     My basis for my belief that CT was required to issue those notices was found in having reviewed the following three authorities that underscored the Canadian common law doctrine of mitigation, despite there being no statutory obligation to provide notice of unauthorized usage of a trademark. *Janiak v. Ippolito*, 1985 CanLII 62 (SCC), [1985] 1 SCR 146, at paras 32-33; *Southcott Estates Inc. v. Toronto Catholic District School Board*, 2012 SCC 51, [2012] 2 SCR 675, at paras 24-25; and *Red Deer College v. Michaels*, 1975 CanLII 15 (SCC), [1976] 2 SCR 324, at p. 331.

27.     My September 10, 2024, email (Exhibit "H") goes on to note that "The burden of issuing the notices themselves to the stakeholders could be significant, putting aside the consequences of doing so. Just one of the many identified domestic Cohesity resellers has at least 81 other subcontractors under its auspices with commercial offerings related to Cohesity's Helios. AWS Canada, Insight, and many others are also engaged in similar activity. That does not even begin to canvass all of the end-user customers of the aforementioned. ¶ The fallout would inevitably not be contained domestically. Cohesity has statutory obligations to notify the SEC with respect to any omitted material representations in their Form S-1 registration statement or its draft. The company proposing to sell securities in its current predicament would be problematic, to say the least." This statement was made to Canadian counsel for Cohesity, without copying any U.S. counsel. The statement "The fallout would inevitably not be contained domestically", in the

context of writing to Canadian counsel discussing notifying Cohesity's Canadian resellers and that infringement of the Canadian CT Mark in Canada would be material for SEC reporting purposes, was intended to communicate, and clearly did communicate, that Canadian infringement would impact Cohesity in a way that might require regulatory or other reporting in the United States. The complete context is self-explanatory and unambiguous. If it had not been, I never received communications seeking clarification from any of Cohesity's counsel.

28.     On September 12, 2024, Couture, Canadian counsel for Cohesity, wrote to me stating "I am instructed to advise that Cohesity has no further interest in discussions." A true and correct copy of that email is attached hereto as Exhibit "I".

**IV. <u>My Communications About Cohesity Only Addressed the CT Canadian Mark</u>**

29.     In light of Cohesity's termination of settlement discussions on September 12, 2024, and appreciating the risks of not policing the CT Canadian Mark issued on October 4, 2024, CT began to release notices of infringement to third parties. At no point did CT, whether through me or otherwise, attempt to enforce any trademark rights other than those granted in the Canadian CT Mark, and that enforcement was carefully limited to actions causing or comprising activities in Canada. No U.S. trademark rights, whether via a U.S. registered mark, via common law rights, or otherwise, were asserted. CT has not determined whether it holds U.S. rights, is currently focused on protecting its rights in its native Canada and does not currently have any intent to initiate a U.S. court action even if it were to determine that it holds U.S. rights. CT is pending on an unregistered mark in the United States, and Cohesity has requested multiple and received multiple extensions of time to oppose registration of that mark, meaning that CT does not know whether it will ever have a U.S. registered mark. As described below in paragraph 65 and 66, even if CT were to determine it had US rights, or obtains such in the future, asserting such rights may impair support from the Government of Canada, and as such I will cause CT to abstain from enforcement of rights within the United States until I have consulted with Canadian government officials to ensure that such enforcement would not impair CT's ability to obtain governmental assistance, support, partnerships, or undermine our government's current domestic or foreign policy objectives. With

that preface, I describe the various communications I had with entities about enforcement of rights, all of which were limited to the CT Canadian Mark.

30.     On October 4, 2024, CT wrote to the "Amazon.ca Legal Department" that "Cohesity's usage of the trademark stems from its AI-powered software product that targets enterprise users ("Cohesity Helios"). However, Cohesity has neither sought nor received CT's authorization to make use of the HELIOS trademark for any purpose in Canada." A true and correct copy of that email is attached hereto as Exhibit "J".

31.     On October 4, 2024, CT wrote to the "App Store Content Dispute" group at Apple Inc.  A true and correct copy of the document as submitted is attached hereto as Exhibit "K". While my selection is not visible in the copy, there is a selection box to "Select Disputed Territories". CT filled in that box indicating that the disputed territory is Canada. CT also clearly referenced only the CT Canadian Mark: "The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to my company, Cartesian Theatre Corp. ("CT"), under CIPO trademark registration TMA1260843. That application was submitted 25 February, 2020. A copy of that registration can be found in the publicly available docket at the link below: https://ised-isde.canada.ca/cipo/trademark-search/2013787".

32.     My expectation was that Apple would only consider my complaint in the context of the Apple App Store's distribution of Cohesity's Helios app in Canada. This was based on the understanding that Apple can selectively control the availability of any app on its platform in 175 different countries.[4] That is, an app could be available in the United States, but not in the Canadian Apple App Store.

33.     On October 7, 2024, Apple Inc. sent a "Notice of Complaint" to Cohesity, also clearly identifying the reporting as being based on the CT Canadian Mark. A true and correct copy of that document is attached hereto as Exhibit "L".

---

[4]See  https://developer.apple.com/help/app-store-connect/manage-your-apps-availability/manage-availability-for-your-app/

34.     On October 9, 2024, Couture sent Apple Inc. a letter ("Apple Opinion Letter") stating that "We [Gowling WLG] confirm that the Cohesity Helios App does not infringe Claimant's [CT's] rights."  The Apple Opinion Letter clearly states that Cohesity understood CT's communication with Apple Inc. to address only Canadian rights: "The Notice of Complaint alleges that Respondent's App infringes the Claimant's rights in its Canadian Trademark Registration No. TMA1260843 for  HELIOS…".  This is consistent with the intent and drafting of the notification CT sent to Apple Inc.

35.     On October 8, 2024, CT filed a Request for Assistance to the Canada Border Services Agency ("CBSA"), form BSF738. On October 9, 2024, after review the request was granted, providing for detention of goods infringing the CT Canadian Mark. Out of an abundance of caution, I do not attach a copy of Request for Assistance for public filing, as it holds "Protected B" status under Canadian law. Upon request by the Court, I will file a copy under seal. This filing was clearly and solely directed to Canadian activities, in line with CT's intent to protect Canadian rights only in undertaking the actions Cohesity complains of. It would be, in any event, impossible for the CBSA to seize goods located in any other country than Canada.

36.     On October 14, 2024, I filed a Trademark Report Form with Meta's Facebook. A true and correct copy of that report is attached hereto as Exhibit "N". I specified in that form that the report was about Canadian rights, stating "Cohesity has published through its Facebook / Meta channel various promotional related materials on your platform that make use of the "HELIOS" trademark in association with Cohesity Helios without authorization from CT (the "Infringing Materials"). **This is likely to lead to confusion in the Canadian marketplace**. Particulars have been provided below:". The boldface in the quote from the report above was not present in the original.

37.     While not relevant to any substantive trademark issues, as my understanding is that no action was taken in response by the recipient because it did not appear to be read by a real human being, the following is relevant to showing that my communications were carefully limited to Canadian infringement allegations. On October 11, 2024, I filed a Trademark Policy Violation

Report with GitHub (Microsoft). A true and correct copy of that report is attached hereto as Exhibit "O". I specified in that form that the report was about Canadian rights, expressly stating in the section asking "What would be the best solution for the alleged infringement?" the following: "The publications available in Canada need to be removed from the Cohesity repositories at this time."

38.     On October 4, 2024, I filed a Google Trademark complaint form with Alphabet's Google for its Google Play Store. A true and correct copy of the report (subject to the next two sentences) is attached hereto as Exhibit "P". Due to a glitch in web page rendering, there is a discontinuity on page 4 of the report. However, the contents of the report I filed with Google are accurately shown in Exhibit P. In the form, Google asks for "Country of registration/use rights". I selected "Canada" only.

39.     While not relevant to any substantive trademark issues, as my understanding is that no action was taken in response by the recipient because it did not appear to be read by a real human being, the following is relevant to showing that my communications were carefully limited to Canadian infringement allegations. On October 14, 2025, I filed a "Trademark Report Form" with Meta's Instagram. A true and correct copy of that report is attached hereto as Exhibit "Q". I filled out the portion of the form asking "Where is the trademark registered?" with a single entry, "Canada". I also stated in the form the following: (a) "Cohesity has published various promotional related materials on your platform that make use of the "HELIOS" trademark in association with Cohesity Helios without authorization from CT (the "Infringing Publications"). This is likely to lead to confusion in the Canadian marketplace"; (b) "CT put Cohesity on formal notice 12 August, 2024, of the risk of confusion in the Canadian marketplace between CT Helios and Cohesity Helios. CT is not aware of Cohesity having taken steps to mitigate since"; and (c) "On 8 October, 2024, CT commenced Federal Court action File No T-2636-24 where it seeks injunctive and declaratory relief against Cohesity to restrict its unauthorized usage of the "HELIOS" trademark in Canada. A copy of that pleading has been enclosed."  Like all of the other reports, this was carefully written to clarify that the CT Canadian Mark was being enforced in Canada, limiting the

1    reach of the report to Canada.

2        40.    While not relevant to any substantive trademark issues, as my understanding is that

3    no action was taken in response by the recipient because it did not appear to be read by a real

4    human being, the following is relevant to showing that my communications were carefully limited

5    to Canadian infringement allegations. On October 14, 2025, I filed a "Help with intellectual

6    property issues" form with X, formerly Twitter. A true and correct copy of that form is attached

7    hereto as Exhibit "R". In that form, I clearly identified Canada as the sole location where I

8    requested action. I stated on that form: (a) "Cohesity has published various promotional related

9    materials on your platform that make use of the "HELIOS" trademark in association with Cohesity

10   Helios without authorization from CT (the "Infringing Publications"). This is likely to lead to

11   confusion in the Canadian marketplace"; (b) "CT put Cohesity on formal notice 12 August, 2024,

12   of the risk of confusion in the Canadian marketplace between CT Helios and Cohesity Helios. CT

13   is not aware of Cohesity having taken steps to mitigate since"; (c) "CT put Cohesity on formal

14   notice 12 August, 2024, of the risk of confusion in the Canadian marketplace between CT Helios

15   and Cohesity Helios. CT is not aware of Cohesity having taken steps to mitigate since"; (d) "On 8

16   October, 2024, CT commenced Federal Court action File No T-2636-24 where it seeks injunctive

17   and declaratory relief against Cohesity to restrict its unauthorized usage of the "HELIOS"

18   trademark in Canada. I am unable to upload attachments to this submission form, but a copy of the

19   filed pleading can be obtained from here: https://www.fct-cf.gc.ca/en/court-files-and-

20   decisions/court-files; (e) "Would you kindly confirm that the Infringing Publications have been

21   removed from your platform in Canada?". As with the other notices, this one was specific to

22   actions in Canada and did not request any action be taken with outside of Canada.

23       41.    While not relevant to any substantive trademark issues, as my understanding is that

24   no action was taken in response by the recipient because it did not appear to be read by a real

25   human being, the following is relevant to showing that my communications were carefully limited

26   to Canadian infringement allegations. On October 14, 2024, I filed a "Trademark Complaint" with

27   Alphabet's subsidiary Google LLC's product YouTube. A true and correct copy of that complaint

28

is attached hereto as Exhibit "S". The form asked me to "Please select the country of your trademark registration", and I responded with the sole response "Canada". In the complaint, I clarified that (a) "Cartesian Theatre Corp. ("CT") is a Canadian federally incorporated company and Cohesity, Inc. ("Cohesity") is a company incorporated under the laws of the State of Delaware in the United States. Both have software products called Helios that they market in Canada"; (b) "This is likely to lead to confusion in the Canadian marketplace"; and (c) "CT has commenced Federal Court action File No T-2636-24 where it seeks injunctive and declaratory relief against Cohesity to restrict its unauthorized usage of the "HELIOS" trademark."   The complaint was directly only toward the CT Canadian Mark and did not request any action be taken with regard to activities in the United States.

## V. The Complaint's Allegations Are Inaccurate:

42.    I am aware that the purpose of litigation is to allow the parties to prove or disprove the allegations in the complaint, answer, and any counter or cross pleadings. At the same time, the complaint is so profoundly inaccurate that I wish to use this first opportunity to respond to address the complaint.

43.    In paragraph 1 of the complaint, Cohesity states that it "has been forced to bring this action seeking a declaration that, contrary to infringement assertions by Defendant, Cohesity's Helios Marks do not infringe Defendant's trademark rights."

44.    I don't understand what I did that "forced" them to commence such an action. The term "Helios Marks" is defined as Cohesity's "common law rights and its federally registered rights in the trademark HELIOS". They never say they are limiting the term to U.S. rights, but Canadian federal rights are already being litigated in Canada and I haven't taken any action with regard to trademark rights other than Canadian rights, so it must be the case that they really meant to address only U.S. and international non-Canadian common law and federally registered rights. I make this declaration with that understanding.

45.    In paragraph 2 of the complaint, Cohesity states that "Defendant also continues to falsely allege that Cohesity's use of its Helios Marks in the United States infringes Defendant's

trademark. Defendant has demanded Cohesity's partners in the United States stop carrying or supporting Cohesity's products and services offered under Cohesity's Helios Marks due to the alleged infringement." As shown above in my comprehensive walk-through of my communications with the companies I believe comprise the unidentified "Cohesity partners in the United States" that Cohesity may be referring to, I carefully limited each communication to requests to cease actions that would infringe within Canada only (Exhibits J – S, Amazon, the Apple App Store, Meta's Facebook, and Alphabet's Google Play Store).

46.     From my viewpoint as a Canadian, it feels quite injurious to my reputation to say that I would "falsely allege" something that my recollection and the evidence show to itself be inaccurate.

47.     Paragraph 4 of the complaint details the reasons "Defendant's allegation of trademark infringement fail". However, the only allegations I made of trademark infringement were with regard to the Canadian CT Mark, and even then only with regard to infringement within Canada. The issue of Canadian infringement is properly before the Federal Court of Canada and Cohesity has already sought (via Counterclaim) a determination that they are not infringing in Canada. Since my statements were limited to Canadian activities, it is beyond frustrating that I have been dragged into court in the United States despite my caution to limit CT's enforcement activities to present to the Canadian CT Mark only.

48.     Paragraph 5 of the complaint claims that the "Defendant continues to falsely allege that Cohesity's use of the Helios Marks in the United States infringes Defendant's trademark". I have not and do not now claim that Cohesity is infringing the CT Canadian Mark anywhere outside of Canada.

49.     Paragraph 14 says that "CT offered to enter into a licensing agreement with Cohesity and indicated that the resulting fallout for Cohesity would be 'catastrophic' if Cohesity refused." I have reviewed my correspondence with Cohesity to understand where they cited this from:

    a.   On September 10, 2024, I wrote to Cohesity's Canadian lawyer to underscore

the risks to CT if it failed to police the Canadian CT Mark in Canada. I stated "If CT fails to issue notices in a timely manner there may be grave consequences. The most important of which is, as you are well aware from the Canadian jurisprudence, it can lose its mark for failure to police it. That would cause catastrophic and irreparable harm to CT, a risk any responsible founder should not be prepared to gamble with." As this use of the term "catastrophic" referenced harm to the Canadian CT Mark, it is unlikely to be what Cohesity is complaining of. I also wrote in that same email, "Further, [Cohesity] has fully appreciated the importance of needing to protect its own IP in the past in having sought numerous equitable remedies, in Canada, to enforce negative covenants – expeditiously."

b. On March 27, 2025, I wrote to Michael Hendershot at Jones Day, counsel for Cohesity. I stated "If there is a likelihood of confusion, and that has obviously been our contention from the onset of the dispute, then entering such an agreement would release CT from future remedies against Cohesity if there is evidence of passing off or infringement (note that these are distinct causes of action in Canada). Our position is that there already is. That could, and probably would, eventually lead to a catastrophic loss in CT's registration." Like the September 10, 2024 communication, this use of "catastrophic" referenced harm to the Canadian CT Mark, and is unlikely to be what Cohesity is complaining of.

c. It is not impossible that the term is found elsewhere in my correspondence with Cohesity, but I have been quite careful to clearly limit any allegations of infringement to Canada. It should be obvious to Cohesity from the repeated references to Canada throughout all of my communications that any references to consequences to CT or Cohesity referenced consequences of Canadian infringement or Canadian failure to police a Canadian mark. That is,

1    "catastrophic" consequences to CT – not Cohesity.

2    50.    Paragraph 15 of the complaint is vexing to me. It alleges that CT "directly contacted

3    one of Cohesity's business partners in this District, regarding Defendant's false allegation that

4    Cohesity infringes Defendant's trademark and Defendant actively solicited that business partner to

5    stop carrying or supporting Cohesity's Helios products and services due to the alleged

6    infringement." I have been careful to limit my communications to the Canadian CT Mark, so I was

7    shocked to read the allegation that I falsely alleged that Cohesity infringes any mark (and CT only

8    has a single registered mark, the Canadian CT Mark) other than the Canadian CT Mark. However,

9    by deciding to make an anonymized allegation, Cohesity has effective prevented me from finding

10    the evidence to support the conclusion that I treated this unnamed business partner of Cohesity

11    differently than any other entity I communicated with, which is to say by strictly limiting the

12    communication to the Canadian CT Mark.

13    51.    Paragraph 16 of the complaint alleges that CT's "principle [sic] and founder

14    Kipling Warner also informed Cohesity of [CT's] intent to continue to send notices of

15    infringement to Cohesity 'stakeholders'." I believe that this paragraph references a settlement

16    communication sent to Canadian counsel for Cohesity on September 10, 2024. As Cohesity has

17    already breached its obligation to the Federal Court of Canada to keep settlement communications

18    confidential, I attach the full communication as Exhibit "T" hereto. To do otherwise would allow

19    Cohesity to use the settlement privilege as a sword and shield, which is unfair to CT. As is clear

20    from the communication, this remark was regarding actions required to protect the Canadian CT

21    Mark under "Canadian jurisprudence".

22    52.    Paragraph 17 alleges that CT stated that it sent "a thousand take-down requests

23    related to the HELIOS trademark." That is vague and misleading. I did not say that CT had

24    submitted a thousand take-down requests exclusively related to the HELIOS trademark against

25    Cohesity. What I said was that CT had taken enforcement action against anyone infringing against

26    its registration in Canada in which CT had achieved a "99.79 % success rate". That included

27    several publications of Cohesity's that were directed towards the Canadian geographical region,

28

but the vast majority of those requests were against the interests of other businesses (so non-parties to this litigation) operating in Canada. That figure also included takedown requests that CT did not submit, but that Amazon.ca had initiated unilaterally of its own volition and which it informs me it continues to do so regularly.

53.    I assume that the "HELIOS trademark" means the Canadian CT Mark. I was unable to find any such representation in my correspondence with Cohesity, but because no quoted language was included in paragraph 17, there is a likelihood that I searched incorrectly. Regardless, it is not wrong to say that I sent reports that could have impacted a thousand products or listings. Because of the way takedown notices work, a single notice can serve as a request for the takedown of thousands of products. For example, searching Microsoft's "Bing" for the term "photoshop software crack" – a term for software that permits use of Photoshop without payment – returned over 33,000 results. A single takedown request from Adobe to Microsoft could comprise tens of thousands of takedown requests. Attached hereto as Exhibit "U" is a true and correct copy of pages 1, 2, 15, 16, and 151 of a sample takedown notice sent on behalf of Fox to Google on August 27, 2023. That single notice includes a total of 3,233 takedown requests, although I do not know whether Google took down all of those sites or whether the notice itself was fully truthful. I include it because it is from documents such as this one that I learned that a single notice can easily encompass hundreds or thousands of takedown requests. I did not include all 151 pages because the document is simply intended to show the source of my understanding about how notices work.

54.    Paragraph 29 appears to arise from an erroneous reading of my August 12, 2024 correspondence with Canadian counsel for Cohesity, Exhibit "B" hereto. In that letter I did acknowledge that the products were not identical "to those directly involved in their development and commercialization" (otherwise we would be litigating a copyright dispute). However, the term "catastrophic" did not appear in that email. My recollection is that in other correspondence, I used "catastrophic" to describe what would happen to the Canadian CT Mark if not policed within Canada. That letter discussed the global nature of the music market, but clearly focused only on infringement within Canada: "With all that said I think it is always better to try and find a

constructive solution to what may be an unforeseen obstacle to both parties for Cohesity to continue to operate without encumbrance in the Canadian market."

55.     Paragraph 31 correctly states that CT filed trademark application 98724373 with the USPTO. A true and correct copy of the USPTO TTABVUE page for that application as retrieved on July 25, 2025 is attached hereto as Exhibit "V", and shows that multiple extensions of time to oppose issuance have been granted. A true and correct copy of correspondence downloaded from the TTAB page for that application is attached hereto as Exhibit "W" and shows that Cohesity, Inc. has obtained an extension of time to oppose registration of the mark until August 13, 2025.

56.     Paragraph 32 is particularly irksome, as it appears to arise out of a clear error in reading my correspondence with Cohesity's Canadian counsel Couture, on September 10, 2024. Paragraph 32 says that I "further threatened that, if an amicable resolution was not reached, ***"[t]he fallout would inevitably not be contained domestically"*** (*i.e.*, in Canada).… [the boldface and italics are in the original]. This leaves the reader of Cohesity's pleading with the impression that CT was threatening to take action in the United States, impliedly based on some U.S. trademark. However, as discussed in paragraphs 25 - 27 above, my September 10, 2024 email (Exhibit "H") when read in full, makes it clear that I was referencing the impact of losing Canadian litigation over the Canadian CT Mark: "AWS Canada, Insight, and many others are also engaged in similar activity. That does not even begin to canvass all of the end-user customers of the aforementioned. ¶ The fallout would inevitably not be contained domestically. Cohesity has statutory obligations to notify the SEC with respect to any omitted material representations in their Form S-1 registration statement or its draft. The company proposing to sell securities in its current predicament would be problematic, to say the least." This statement was made to Canadian counsel for Cohesity, without copying any U.S. counsel. The statement "The fallout would inevitably not be contained domestically", in the context of writing to Canadian counsel discussing notifying Cohesity's Canadian resellers and that infringement of the Canadian CT Mark would be material for SEC reporting purposes, was intended to communicate, and clearly did communicate, that Canadian infringement would impact Cohesity in a way that might require regulatory or other reporting in

the United States or elsewhere. The correspondence also stated "Cohesity … has fully appreciated the importance of needing to protect its own IP in the past in having sought numerous equitable remedies, in Canada, to enforce negative covenants – expeditiously." The correspondence also stated "If CT fails to issue notices in a timely manner there may be grave consequences. The most important of which is, as you are well aware from the Canadian jurisprudence, it can lose its mark for failure to police it. That would cause catastrophic and irreparable harm to CT, a risk any responsible founder should not be prepared to gamble with." The email took place in the context of discussions of settling the Canadian litigation. I did not anticipate Couture, or other Cohesity counsel, would misread the email such that my statement would not only be read incorrectly but also presented out of context in a complaint as evidence of doing exactly what the email did not do – threaten some form of trademark enforcement action in the United States.

57.    Paragraph 33 of the complaint continues this misunderstanding. It claims that the "Defendant then made good on Mr. Warner's threat." Since the "threat" was that SEC and other regulatory requirements might compel Cohesity to report on Canadian trademark litigation if it was material, I do not see how I could make good on anything of the sort, nor did I. I have never reported anything regarding Cohesity's business activities in any jurisdiction anywhere to the SEC. The paragraph goes on to claim "On information and belief, Defendant proceeded to contact major Cohesity business partners in the United States with false allegations that Cohesity infringes Defendant's trademark and encouraged each of them to stop supporting Cohesity's Helios products and/or services because of the infringement." My communications with U.S. entities are detailed above and were carefully crafted to address only infringement in Canada. Paragraph 33 implies, but doesn't expressly state, that I contacted them about infringement within the United States. This is flatly wrong, as the earlier portions of the declaration demonstrate.

58.    Paragraph 34 of the complaint's first two sentences are correct. CT did serve Cohesity on October 9, 2024, with Canadian trademark action, T-2636-24. The Canadian suit does involve a dispute regarding CT's rights to the Canadian CT Mark in Canada. If CT did have an issued mark in the United States and had threatened or sought to enforce it (neither of which is

true) Cohesity would also be correct in admitting that it involves a "similar dispute" regarding the use of the term "Helios". However, I have only ever contacted U.S. companies in an effort to protect the Canadian CT Mark so far as its usage was directed towards the Canadian geographical region. There is no similar dispute – it is an identical dispute. CT is litigating the Canadian CT Mark in Canada, and CT now finds itself in United States District Court over its efforts to protect the Canadian CT Mark from activities related to infringement in Canada.

59.    Paragraph 35 parallels paragraphs 15 and 17 of the complaint, and I refer to my statements with regard to those paragraphs above.

60.    Paragraph 36 covers ground already covered above, but also says that "Cohesity has a real and reasonable apprehension that it will be sued for infringement regarding use of the HELIOS trademark [SIC] the United States." Throughout CT's communications with Cohesity to date, such a suit was never on the table. To be clear, I have not asserted U.S. trademark rights or attempted to assert Canadian trademark rights against infringing activities in the United States (nor could I assert Canadian trademark rights to stop infringement within the United States). I have not reached a conclusion that Cohesity infringes any U.S. rights that CT might have despite Cohesity holding an issued U.S. mark and CT not holding an issued U.S. mark.  Cohesity may think that it is infringing CT's U.S. rights and want assurance that they would not be sued in the United States, but I cannot see how anything CT did would have given them a reasonable apprehension that it would take action.

61.    Paragraph 48 would only be partially correct if it referred to Cohesity's infringement of the Canadian CT Mark within Canada. To be fair, the entire complaint appears written in a way that creates confusion about where the infringement allegations apply – Canada, the United States, or globally. CT not only threatened action to protect its Canadian CT Mark in Canada, but filed suit to do so. CT has not threatened action anywhere outside of Canada and has not alleged infringement happening outside of Canada.

62.    I worry that the "Prayer for Relief" asks for "an order enjoining [CT] from asserting or otherwise enforcing any alleged trademark rights against Cohesity". CT is already asserting

rights in the Canadian CT Mark in the Federal Court of Canada. An order from a U.S. court forcing CT to drop Canadian litigation seeking to protect a Canadian trademark would create all sorts of problems. One problem I particularly worry about is that CT has a strong position in the Canadian litigation, yet if ordered by this Court to dismiss the Canadian litigation prior to an adjudication on the merits, Cohesity could take the position that CT has to pay all of its attorneys' fees incurred in the Canadian litigation (because in Canada, the loser usually pays a portion of the winner's fees). Moreover, neither party has explored with the other whether there are trademark rights outside of the United States and Canada, yet the relief Cohesity ask for seems to apply globally and would, as written, effectively invalidate all trademark rights CT may have in Canada and throughout the world, all as a consequence of policing its Canadian CT Mark.

## VI. I Cannot Travel to the United States Without Unacceptable Risk

63.    I am currently a full-time resident and citizen of Canada. I have no visa, green card, citizenship, or other status within the United States. I am of Indo-Germanic heritage and my appearance is consistent with a person of Punjabi heritage.

64.    On September 26, 2024, Canada was named Country of the Year for France's annual VivaTech 2025 tech conference.[5] On April 3, 2025, I was asked by my federal government and one of its industry partners for CT to join a national industry trade delegation to Paris where that conference would be hosted. The award and selection to join the trade delegation was because CT's Helios is considered by Canadian government and industry to be an important contribution to the Canadian economy. My government wanted to showcase CT as a leading example of Canadian innovation internationally.

65.    A purpose of the trade delegation to Paris was to assist Canadian industry to incrementally divest from the American economy, so far as is possible, in an effort to rebuff the incumbent President of the United States' tariffs on my country (which are deeply unpopular here)

---

[5] https://www.canada.ca/en/global-affairs/news/2024/09/canada-named-as-country-of-the-year-for-frances-2025-viva-technology.html

and to court foreign markets abroad to export our intellectual property to. To that end I was asked to showcase CT's Helios in Paris at VivaTech 2025, Europe's largest technology conference.[67] There I was joined by our federal Minister of Artificial Intelligence, the Hon. Evan Solomon, and numerous other cabinet level and senior government officials from Canada and around the world, including President Macron of France.

66.     Minister Solomon publicly lauded CT's Helios on June 12, 2025, at the Canadian ambassador's residence in Paris before many senior government officials, policy advisors, and many prominent members of industry as an example of how to rebuff the American tariffs.[8] The Minister's comments highlighted the important role CT's Helios can play in Canada's new economic policy to promote Canadian innovation domestically and abroad which would reduce our reliance on American technology giants.

67.     On May 26, 2025, CT was awarded Company of the Year by the BC Tech Association,[9] a well respected industry advocacy organization.[10] On May 28, 2025, of the approximately 14,000[11] startups present from around the globe at VivaTech 2025, only 12 were highlighted for attendees interested in AI. Of that list, CT was among those twelve (in addition to being the only Canadian company to make the list).[12] After I returned from Paris, on July 10, 2025, CT was named as one of the top 100 AI startups in Canada and asked to exhibit at another

---

[6] https://www.scaleai.ca/over-500-canadian-tech-leaders-at-vivatech-2025

[7] https://www.canada.ca/en/innovation-science-economic-development/news/2025/06/minister-solomon-concludes-a-successful-visit-to-vivatech-2025-in-paris.html

[8] https://www.linkedin.com/posts/kip-warner-470354331_vivatech-scaleai-activity-7339701958108192768-tQjF

[9] https://www.linkedin.com/posts/kip-warner-470354331_sorry-world-vanity-moment-thank-you-to-activity-7333376950301855744-72kR

[10] https://wearebctech.com/who-we-are/

[11] https://vivatechnology.com/media/press-releases/viva-tech-2025-a-record-setting-edition-with-180-000-visitors

[12] https://vivatechnology.com/news/tech-trails-the-curated-guide-to-viva-tech-2025

international conference in Montréal, Québec in September 2025.[13]

68.    I list the aforementioned accolades not for the sake of self-aggrandizement, but to emphasize that my government and affiliated industry are quite open about the fact that CT is a critical component of a broader national strategy being implemented at the highest levels of Canadian economic and foreign policy to improve the lives of Canadians, particularly in the face of unprecedented U.S. hostility to Canada. But with my professional and civic work comes certain risks. CT's association with the Canadian Minister of AI and role in Canada's efforts to extricate itself from economic dependence on the U.S. is such that it will not assert rights against a U.S. company for infringement within the U.S. without first consulting with Canadian government officials, lest it undermine such efforts.

69.    I have been alarmed about the risks Canadians without a history of taking actions that displease the incumbent American administration face when attempting to cross into the United States. I *do* have a history of taking actions that would likely anger the current American administration, including vocal opposition to certain portions of American foreign and domestic policy and staunch support for Canada in the face of his threats to its national sovereignty,[14] given the aforementioned. This makes me particularly reluctant to risk crossing the border.

70.    I take very seriously the reported 12-day detention of fellow Vancouver-based entrepreneur Jasmine Mooney, who described being detained for attempting to enter the United States while applying for a TN visa at the border (which I understand to be permissible). The reporting that alarmed me included the comment "I'm telling you from the second I got there to now, like, I can't even process what just happened because there was no heads up. Next thing you know, I'm taken. And for two weeks, I haven't been told anything. Moved in different cells. Sleeping on cement, sleeping in different jail cells. Like, it's just, nothing makes sense to me and

---

[13]https://allinevent.ai/blogs/blog/2025-top-100

[14]As a former Canadian infantry officer previously responsible for the defense of my country I take personal offense to his threats of annexation, as I understand many other Canadians also do.

I'm still trying to process the entire situation."[15]  I don't know if the quote or story are accurate (although they are both very widely reported), but I do know that the concern it has induced in me is quite real and profound. I hear similar concerns from other Canadians regularly, all of which has caused me true alarm at the risks associated with attempting to enter the United States.

71.    I believe the reporting that Ms. Mooney claimed to have been detained in conjunction with applying for a visa at the border, and I am quite aware that travel to the United States to testify at any trial as part of my job requires a business visa, typically a B-1. Normally I just apply for such a visa at the border or via customs at the airport.

72.    On or about March 13, 2025, I read that David Eby, the Premier of British Columbia (akin to a state governor in the U.S.), my home province, stated that "The nature of our relationship [with the United States] is so fraught right now that this case [of Ms. Mooney] makes us all wonder, what about our relatives who are working in the States?"[16] I believed he made this statement and I believed it was truthful, and as a result I am exceedingly reluctant to travel to the United States.

73.    Cannabis use has been legal within Canada since October 17, 2018. However, an admission of legal use of cannabis within Canada results in a permanent ban on travel to the United States. At the same time, refusing to answer such a question would result in a denial of entry to the United States, while falsely answering such a question at the border would result in criminal penalties.

74.    My understanding of Canadian law is that a Canadian citizen in a preclearance area (if flying to the United States from certain Canadian airports) retains their Charter rights, including the section 7 right to life, liberty, and security of the person, which encompasses the right to remain silent and the right against self-incrimination.

---

[15]https://globalnews.ca/news/11085168/canadian-woman-detained-ice-experience-jasmine-mooney/

[16]https://halifax.citynews.ca/2025/03/15/canadian-woman-returns-home-after-being-detained-by-u-s-immigration-officials/

75.    I do not admit to such use or deny such use. I believe nobody should face an impossible choice: commit perjury (risking criminal penalties) or tell the truth and (if the truth is that the person has used it legally within Canada) be summarily excluded and banned for life from a country that commanded my physical presence to begin with. Ethically, I believe a government punishing or excluding people for engaging in lawful conduct is wrong, and on those moral grounds I would exercise my right at this time to refuse to answer such a question at the border. Refusal to answer would very likely result in refusal of entry to the United States, or just as bad be initially granted entry, subsequently detained, and then be unavailable to testify in the Canadian Proceeding

76.    If this matter were to go to trial in the United States, I would not want to be disadvantaged by my inability to enter the United States. There is simply no way to explain my absence that would leave CT able to get a fair jury trial, as telling the truth would likely be seen as a political statement and risk prejudicing certain jury members based on the profound political polarization that exists in the United States. For purposes of testimony, I am CT's primary witness as to the facts.

## VII. CT Did Not Take Actions Making Personal Jurisdiction Proper in the Northern District of California:

77.    I am a citizen and resident of Canada, and I have never been a resident of any U.S. state. CT is incorporated and headquartered in Vancouver, British Columbia. CT does not maintain, and has never maintained, any office, place of business, mailing address, post office box, or telephone listing in California or anywhere else in the United States. CT has no bank accounts or real estate in California, and it pays no taxes in California. CT also has no employees or agents based in California. In short, CT has no physical presence or ongoing operations in California.

78.    CT has not purposefully directed any commercial activities at California, nor has it availed itself of the benefits or protections of California law. CT does not target advertising or marketing of its products or services to California consumers, and it has not entered into any contracts to supply goods or services in California. Except as noted in the next paragraph, the only

communications that I (on behalf of CT) have had with any entities in California were limited to enforcing CT's Canadian intellectual property rights. Specifically, I sent a few notice communications to certain U.S.-based companies (such as Apple, Amazon, Meta, and Google) that were offering, supporting or promoting Cohesity's "Helios" product, solely to request that they cease offering or supporting that product to customers in Canada because it infringed CT's Canadian trademark rights. In these communications, I was careful to reference only CT's Canadian trademark (Canadian Registration No. TMA1,260,843) and to limit my requests to conduct within Canada. I did not demand or request that any company stop doing business with Cohesity in the United States, nor did I threaten any legal action under U.S. law. Aside from those limited enforcement-related notices concerning Canadian rights, CT has not conducted any activities in California. CT has never sued anyone in the United States, and it has never attempted to enforce any U.S. trademark or other U.S. legal rights. Given these facts, CT has virtually no contacts with California. I do not believe that CT should be subject to personal jurisdiction in the Northern District of California based on its minimal and Canada-focused activities.

79.    I have reviewed the complaint in this case, with special attention to paragraphs 9 through 18 (the section titled "Jurisdiction and Venue"). Paragraph 12 lists "partners" it claims are located in the Northern District of California. I never traveled to California to meet with any of these entities, and do not have personal knowledge of whether or not they are located in the Northern District of California. However, these "partners" are not actually partners in the sense of a legal partnership. Rather, these entities run programs designed to provide resources, such as chipsets, to startup companies in the hopes of helping those companies develop in a way that will leave them reliant on (or at least familiar with) those companies' technologies once they reach a level of success where they can purchase products and services from those "partners". For example, IBM lists CT as a "Silver Business Partner", but that partnership has involved providing CT with specialized hardware, shipped to Vancouver, so that CT's code will be written in a manner compatible with IBM's specialized hardware. If I thought that allowing U.S. companies to provide CT with resources intended to make CT dependent on/compatible with their products

would subject CT to suit throughout the United States, I probably would have refused their offers. These "partners" were solely for the purpose of developing CT as a viable technology company and building the underlying technology, having nothing to do with trademark matters.

80.     Outside of the AI music context, CT has worked with NASA's Jet Propulsion Laboratory in late 2013 to recover previously inaccessible mission data from the first successful mission to the surface of Mars in 1975. In 2015, CT's ultra high definition digital surround sound technology was shown at the Consumer Electronics Show in Las Vegas, Nevada. I have provided engineering services to entities in the United States, including California, in the past. However, they were not related to the Helios music product, and all took place prior to current dispute with Cohesity.

81.     CT is incorporated and headquartered in Canada and maintains no offices, employees, bank accounts, real property, or continuous operations in California.

82.     Contrary to Paragraph 13 of the complaint, I personally know that Gary Shuster lives in Vancouver, British Columbia. I do not have personal knowledge of where Dean Becker lives, but I have personal knowledge that, while listed as "Chief IP Strategist", Mr. Becker does not provide any trademark-related advice, was in no way involved with trademark policing or enforcement efforts, and was limited to monetization (other than via enforcement, threats, or legal actions) of copyright and patent rights.

**VIII.  Half a Year After Filing the Complaint, Cohesity Told the Trademark Trial and Appeal Board that it Has Not Investigated Whether the CT Application for a US Mark Should Issue:**

83.     Attached hereto as Exhibit "X" is a true and correct copy of an entry from the TTAB file from CT's US application for a trademark, TTAB docket no. 136730-001004. In that document, Jones Day states that it should get a second, 60-day extension of time to oppose registration of a Helios mark to CT because "The potential opposer needs additional time to investigate the claim".

I **declare** under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed outside the United States, in Vancouver, British Columbia, Canada,  on July 27, 2025.

DATED: July 27, 2025

_____

Kipling Warner

DECL. OF KIPLING WARNER IN SUPPORT OF MOTION TO STAY.
NO. 4:24-CV-09104-JST

# Exhibit A

Canadian Trademark Registration Certificate TMA 1,260,843



Innovation, Sciences et
Développement économique Canada
Office de la propriété intellectuelle du Canada

Innovation, Science and
Economic Development Canada
Canadian Intellectual Property Office

# Marque de commerce / Trademark
## CERTIFICAT D'ENREGISTREMENT  CERTIFICATE OF REGISTRATION

**LMC TMA 1,260,843**

*Numéro d'enregistrement*
*Registration number*

Numéro de la demande / Application number
2013787

Date d'enregistrement / Registration date
04 oct/Oct 2024

*La présente certifie que la marque de commerce identifiée sur ce certificat a été enregistrée. L'extrait ci-joint est une copie conforme de l'inscription de son enregistrement.*

*Conformément aux dispositions de la Loi sur les marques de commerce, cet enregistrement est sujet à un renouvellement tous les 10 ans à compter de la date d'enregistrement.*

*This is to certify that the trademark identified on this certificate has been registered and that the attached extract is a true copy of the record of its registration.*

*In accordance with the provisions of the Trademarks Act, this registration is subject to renewal every 10 years from the registration date.*

**HELIOS**

*Registraire des marques de commerce*
*Registrar of Trademarks*



**APPL'N/DEM. NO**    **2 013 787    REGISTRATION/ENREGISTREMENT NO TMA1,260,843**

**FILING DATE/DATE DE PRODUCTION:**    **25 fév/Feb 2020**
**REGISTRATION DATE/DATE D'ENREGISTREMENT:**    **04 oct/Oct 2024**

**REGISTRANT/PROPRIÉTAIRE ORIGINAL:**
Cartesian Theatre Corp.
108 - 2115 Cypress St.
Vancouver
BRITISH COLUMBIA
V6J 3M3

**AGENT:**
SEASTONE IP LLP
Suite 520 - 800 West Pender Street
Vancouver
BRITISH COLUMBIA V6C 2V6

**TRADEMARK DETAILS/DÉTAILS DE LA MARQUE DE COMMERCE**

# HELIOS

**TRADEMARK TYPE/TYPE DE MARQUE DE COMMERCE**

Standard Characters

**GOODS/PRODUITS:**

9    Computer software and databases for use in analyzing music.

**SERVICES:**

42    Software as a service for music analysis and management; advisory services in the field of music software development.

# Exhibit B

2024-08-12 Warner to Jones Day and Gowling

Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

**Subject:** Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

**From:** Kip Warner <kip@heliosmusic.io>

**Date:** 8/12/24, 18:07

**To:** "Carrie L. Kiedrowski" <clkiedrowski@jonesday.com>, "Monique M. Couture" <monique.couture@gowlingwlg.com>

Hello Carrie & Monique,

I am the principal and founder behind Vancouver based Cartesian Theatre
Corp. ("CT"). I am corresponding with you on a without prejudice
basis.

My company specializes in AI powered SaaS database software for the
commercial music space. CT's flagship AI offering is a patent and
trademark protected product called Helios. Helios has been under
development since 2015:

   https://www.heliosmusic.io

One of CT's solicitors recently brought to my attention your California
based client Cohesity, Inc.'s ("Cohesity") international WIPO / Madrid
Protocol application 1796292 which seeks Canadian domestic protection
for "HELIOS" via CIPO application 2334939 (the "Cohesity Application").

   https://ised-isde.canada.ca/cipo/trademark-search/2334939

You appear to be listed as the agents of record. I note Carrie is
listed for the WIPO application and Monique for CIPO. But by all means
please advise if that information is obsolete.

I am advised that the Cohesity Application is one of several pending
international applications that may be refused because of CT's pending
trademark registration.

CT's CIPO application was submitted as Application No 2013787 on 25
February, 2020 (the "CT Application"). It was approved on 21 June,
2024, with its registration status pending the rapidly approaching
completion of the advertising period per s 11.13 of the Trademarks Act,
RSC 1985, c T-13 (the "Act").

   https://ised-isde.canada.ca/cipo/trademark-search/2013787

Like the Cohesity Application, the CT Application describes the same
proposed trademark "HELIOS", for Nice Classifications 9 and 42, and for
an AI powered software database with a software-as-a-service ("SaaS")
deployment model.

9/23/24, 18:53

Cohesity, Inc.'s CIPO 'HELIOS' trademark application 2334939

The two companies are clearly not attempting to build, maintain, and
commercialize identical technologies and, while the distinctions may be
obvious to those directly involved in their development and
commercialization, I am concerned that they may not be to many others.
I suspect your Examiner may come to the same conclusion after one is
assigned.

The CT Application currently has no recorded oppositions or s 45 cases,
nor do we anticipate there being any likely statutory or common law
grounds for commencing any at this time.

CT is seeking international protection for its technology because there
is an international opportunity to commercialize it not limited by
geographic borders. The global commercial music industry was $20B USD a
year in 2019 and growing annually:

  https://www.toptal.com/finance/market-research-analysts/state-of-music-industry

A substantial sum has already been invested in prosecuting a recently
allowed USPTO utility patent since 2020, a pending continuation
application, a pending continuation-in-part application, a pending
international PCT application, and other forms of protection. In short,
CT's product was costly to develop and protect with substantial
resources having already been expended.

As you are aware it is often difficult to do international searches for
priority of use on behalf of clients to mitigate all foreseeable risks
whenever seeking trademark protection. It is a large planet.
Nevertheless, your client may be wise to court a large and growing
Canadian market.

On the one hand I have a fiduciary duty to advance the interests of CT,
its business processes, and ensure my current and future users are not
confused. To that end the Deputy Director of the Examination Division
of the CIPO Trademarks Office was provided with a formal Notification
of Third Party Rights by CT today in respect to the Cohesity
Application. A copy of that notice is available in the online docket
linked above for your records.

I have not instructed counsel to initiate formal opposition proceeding
per s 38 of the Act at this time.

With all that said I think it is always better to try and find a
constructive solution to what may be an unforeseen obstacle to both
parties for Cohesity to continue to operate without encumbrance in the
Canadian market.

Cohesity, Inc.'s CIPO 'HELIOS' trademark application 2334939

If the parties can come to an agreement I am generally amenable to
licensing CT's trademark for Canadian domestic usage. Without getting
into details, suffice it to say I may not be in a position to do so in
the future. New owners may not be amenable, but would still be bound by
any existing licensing agreement that predated them.

If you would like to seek instructions from your client and revert when
ready, you can reach me either at this email address; through my main
switchboard at (604) 757-2188, ext 308; or via my direct line at (604)
551-7988. Note that you are free to correspond directly with me per BC
Code Rule 7.2-6.

If I do not hear from you by end of business day 20 August, 2024, I
will assume my proposal to enter negotiations was declined.

I ask that you kindly acknowledge receipt of this correspondence.

Yours truly,

--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://www.heliosmusic.io

# Exhibit C

2024-08-12 Jones Day response to Warner

RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

**Subject:** RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939
**From:** "Kiedrowski, Carrie L." <clkiedrowski@jonesday.com>
**Date:** 8/12/24, 18:11
**To:** "Kip Warner" <kip@heliosmusic.io>, "Monique M. Couture" <monique.couture@gowlingwlg.com>
**CC:** "McKeown, Megan L." <mmckeown@jonesday.com>

Kip,

We are in receipt of your email and will discuss this with Cohesity.

Thanks so much,

Carrie

Carrie L. Kiedrowski(bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
901 Lakeside Avenue
Cleveland, Ohio 44114
Office +1.216.586.7129
Facsimile +1.216.579.0212
Email clkiedrowski@jonesday.com

---

**From:** Kip Warner <kip@heliosmusic.io>
**Date:** Monday, Aug 12, 2024 at 9:07 PM
**To:** Kiedrowski, Carrie L. <clkiedrowski@jonesday.com>, Monique M. Couture <monique.couture@gowlingwlg.com>
**Subject:** Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

Hello Carrie & Monique,

9/23/24, 18:52

RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

I am the principal and founder behind Vancouver based Cartesian Theatre
Corp. ("CT"). I am corresponding with you on a without prejudice
basis.

My company specializes in AI powered SaaS database software for the
commercial music space. CT's flagship AI offering is a patent and
trademark protected product called Helios. Helios has been under
development since 2015:

  https://urldefense.com/v3/__https://www.heliosmusic.io__;!!Dahw-A9d0CA!
2ScK2Iuie6thye9cLKDg3OnkUoO5wWCHxJ3U5giuf9ANH9VNtE9xVfvc35bInwZoEOF96_RqolGZ6C_SDH0o$

One of CT's solicitors recently brought to my attention your California
based client Cohesity, Inc.'s ("Cohesity") international WIPO / Madrid
Protocol application 1796292 which seeks Canadian domestic protection
for "HELIOS" via CIPO application 2334939 (the "Cohesity Application").

  https://urldefense.com/v3/__https://ised-isde.canada.ca/cipo/trademark-search/2334939__;!!Dahw-A9d0CA!
2ScK2Iuie6thye9cLKDg3OnkUoO5wWCHxJ3U5giuf9ANH9VNtE9xVfvc35bInwZoEOF96_RqolGZ6IyZqtmo$

You appear to be listed as the agents of record. I note Carrie is
listed for the WIPO application and Monique for CIPO. But by all means
please advise if that information is obsolete.

I am advised that the Cohesity Application is one of several pending
international applications that may be refused because of CT's pending
trademark registration.

CT's CIPO application was submitted as Application No 2013787 on 25
February, 2020 (the "CT Application"). It was approved on 21 June,
2024, with its registration status pending the rapidly approaching

9/23/24, 18:52

RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

completion of the advertising period per s 11.13 of the Trademarks Act,
RSC 1985, c T-13 (the "Act").

https://urldefense.com/v3/__https://ised-isde.canada.ca/cipo/trademark-search/2013787__;!!Dahw-A9d0CA!
2ScK2Iuie6thye9cLKDg3OnkUoO5wWCHxJ3U5giuf9ANH9VNtE9xVfvc35bInwZoEOF96_RqolGZ6GAnBZke$

Like the Cohesity Application, the CT Application describes the same
proposed trademark "HELIOS", for Nice Classifications 9 and 42, and for
an AI powered software database with a software-as-a-service ("SaaS")
deployment model.

The two companies are clearly not attempting to build, maintain, and
commercialize identical technologies and, while the distinctions may be
obvious to those directly involved in their development and
commercialization, I am concerned that they may not be to many others.
I suspect your Examiner may come to the same conclusion after one is
assigned.

The CT Application currently has no recorded oppositions or s 45 cases,
nor do we anticipate there being any likely statutory or common law
grounds for commencing any at this time.

CT is seeking international protection for its technology because there
is an international opportunity to commercialize it not limited by
geographic borders. The global commercial music industry was $20B USD a
year in 2019 and growing annually:

https://urldefense.com/v3/__https://www.toptal.com/finance/market-research-analysts/state-of-music-industry__;!!Dahw-
A9d0CA!2ScK2Iuie6thye9cLKDg3OnkUoO5wWCHxJ3U5giuf9ANH9VNtE9xVfvc35bInwZoEOF96_RqolGZ6DXQqJq5$

A substantial sum has already been invested in prosecuting a recently

RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

allowed USPTO utility patent since 2020, a pending continuation application, a pending continuation-in-part application, a pending international PCT application, and other forms of protection. In short, CT's product was costly to develop and protect with substantial resources having already been expended.

As you are aware it is often difficult to do international searches for priority of use on behalf of clients to mitigate all foreseeable risks whenever seeking trademark protection. It is a large planet. Nevertheless, your client may be wise to court a large and growing Canadian market.

On the one hand I have a fiduciary duty to advance the interests of CT, its business processes, and ensure my current and future users are not confused. To that end the Deputy Director of the Examination Division of the CIPO Trademarks Office was provided with a formal Notification of Third Party Rights by CT today in respect to the Cohesity Application. A copy of that notice is available in the online docket linked above for your records.

I have not instructed counsel to initiate formal opposition proceeding per s 38 of the Act at this time.

With all that said I think it is always better to try and find a constructive solution to what may be an unforeseen obstacle to both parties for Cohesity to continue to operate without encumbrance in the Canadian market.

If the parties can come to an agreement I am generally amenable to licensing CT's trademark for Canadian domestic usage. Without getting into details, suffice it to say I may not be in a position to do so in

RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

the future. New owners may not be amenable, but would still be bound by
any existing licensing agreement that predated them.

If you would like to seek instructions from your client and revert when
ready, you can reach me either at this email address; through my main
switchboard at (604) 757-2188, ext 308; or via my direct line at (604)
551-7988. Note that you are free to correspond directly with me per BC
Code Rule 7.2-6.

If I do not hear from you by end of business day 20 August, 2024, I
will assume my proposal to enter negotiations was declined.

I ask that you kindly acknowledge receipt of this correspondence.

Yours truly,

--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://urldefense.com/v3/__https://www.heliosmusic.io__;!!Dahw-A9d0CA!
2ScK2Iuie6thye9cLKDg3OnkUoO5wWCHxJ3U5giuf9ANH9VNtE9xVfvc35bInwZoEOF96_RqolGZ6C_SDH0o$

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-
client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.***

9/23/24, 18:52

# Exhibit D

2024-08-21 Warner to Jones Day

Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

**Subject:** Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939
**From:** Kip Warner <kip@heliosmusic.io>
**Date:** 8/21/24, 11:31
**To:** "Kiedrowski, Carrie L." <clkiedrowski@jonesday.com>
**CC:** "Monique M. Couture" <monique.couture@gowlingwlg.com>, "McKeown, Megan L." <mmckeown@jonesday.com>


Hello Carrie et al.,

I hope you are all well.

I am following up to your correspondence of 12 August, 2024. At that
time you advised you were in the process of seeking instructions from
your client in respect to my proposal to negotiate Cohesity's usage of
the HELIOS mark in Canada.

Do you require additional time? Please do not hesitate to ask if
necessary.

Yours truly,


--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://www.heliosmusic.io

# Exhibit E

2024-08-22 Jones Day to Warner

RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

**Subject:** RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939
**From:** "Kiedrowski, Carrie L." <clkiedrowski@jonesday.com>
**Date:** 8/22/24, 14:40
**To:** Kip Warner <kip@heliosmusic.io>
**CC:** "Monique M. Couture" <monique.couture@gowlingwlg.com>, "McKeown, Megan L." <mmckeown@jonesday.com>

Dear Mr. Warner,

We are in receipt of your email and expect to provide you with a substantive response within the next two weeks.

Sincerely,

Carrie

Carrie L. Kiedrowski(bio)
Partner
**JONES DAY® - One Firm Worldwide**℠
901 Lakeside Avenue
Cleveland, Ohio 44114
Office +1.216.586.7129
Facsimile +1.216.579.0212
Email clkiedrowski@jonesday.com

---

**From:** Kip Warner <kip@heliosmusic.io>
**Sent:** Wednesday, August 21, 2024 2:32 PM
**To:** Kiedrowski, Carrie L. <clkiedrowski@jonesday.com>
**Cc:** Monique M. Couture <monique.couture@gowlingwlg.com>; McKeown, Megan L. <mmckeown@jonesday.com>
**Subject:** Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

Hello Carrie et al.,

I hope you are all well.

I am following up to your correspondence of 12 August, 2024. At that time you advised you were in the process of seeking instructions from your client in respect to my proposal to negotiate Cohesity's usage of the HELIOS mark in Canada.

Do you require additional time? Please do not hesitate to ask if necessary.

Yours truly,

--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://urldefense.com/v3/__https://www.heliosmusic.io__;!!Dahw-A9d0CA!zk7Okh1RZvY8mURx4pbr9OSiMZaEHr7VmZWYjB9Z-AtIobCJWI6PdASkNWgLi2TW3Paf_kvowsXZRumIjNvW$

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received

RE: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# Exhibit F

2024-08-22 Warner to Jones Day

Re: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

**Subject:** Re: Cohesity, Inc.'s CIPO "HELIOS" trademark application 2334939

**From:** Kip Warner <kip@heliosmusic.io>

**Date:** 8/22/24, 18:01

**To:** "Kiedrowski, Carrie L." <clkiedrowski@jonesday.com>

**CC:** legal@cartesiantheatre.com, "Monique M. Couture" <monique.couture@gowlingwlg.com>, "McKeown, Megan L." <mmckeown@jonesday.com>

```
On Thu, 2024-08-22 at 21:40 +0000, Kiedrowski, Carrie L. wrote:
```

> We are in receipt of your email and expect to provide you with a
> substantive response within the next two weeks.

```
Thank you kindly, Carrie. Please cc legal, which I've added, if you
intend to revert with an electronic courtesy copy of service of
originating process in the TOB administrative tribunal or if you intend
to initiate a civil proceeding in the FC.

--
Kip Warner -- Founder
Cartesian Theatre Corp.
```
https://www.heliosmusic.io

# Exhibit G

2024-09-03 Jones Day to Warner

Cohesity

**Subject:** Cohesity
**From:** "Kiedrowski, Carrie L." <clkiedrowski@jonesday.com>
**Date:** 9/3/24, 18:37
**To:** "kip@thevertigo.com" <kip@thevertigo.com>
**CC:** "McKeown, Megan L." <mmckeown@jonesday.com>, Monique Couture <Monique.Couture@gowlings.com>

Mr. Warner,

As you know from our prior communications, Cohesity is represented by counsel and we ask you to immediately cease contacting Cohesity employees directly.  All communications must be directed solely to my attention.  If you have a lawyer representing you, we ask that you inform us of his or her name and provide such contact information at this time.

Sincerely,

Carrie L. Kiedrowski(bio)
Partner
**JONES DAY® - One Firm Worldwide**℠
901 Lakeside Avenue
Cleveland, Ohio 44114
Office +1.216.586.7129
Facsimile +1.216.579.0212
Email clkiedrowski@jonesday.com
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

9/23/24, 18:52

# Exhibit H

2024-09-10 Warner to Gowling

Negotiations with Cohesity

**Subject:** Negotiations with Cohesity
**From:** Kip Warner <kip@heliosmusic.io>
**Date:** 9/10/24, 15:55
**To:** "Couture, Monique M." <Monique.Couture@gowlingwlg.com>
**CC:** "Gibbons, Karen" <Karen.Gibbons@gowlingwlg.com>, "legal@cartesiantheatre.com" <legal@cartesiantheatre.com>

Hello Monique,

I just tried your line but was unable to reach you. I hope your weekend went well.

As you are aware CT has a duty to mitigate in good faith at common law, hence the early notice provided to Cohesity on 12 August, 2024. Compounding this CT has additional obligations arising in contract to notify potentially affected third-party stakeholders. Cohesity likely does too.

These stakeholders include, but are not limited to, those that are currently delivering goods or services using CT's mark on behalf of Cohesity, some of their investors which CT has contractual relationships with, and others.

CT has been holding off as long as it can in order to facilitate an amicable resolution. But if the parties are unable to resolve this now, CT has to begin issuing the currently embargoed notices of infringement. These notices may demand certain remedies and assurances from the stakeholders.

Some of these stakeholders will inevitably attempt to seek comfort behind indemnity clauses, which is not unusual where a licensor is unable to provide certainty to its licensees as to the provenance of its purported IP.

If CT fails to issue notices in a timely manner there may be grave consequences. The most important of which is, as you are well aware from the Canadian jurisprudence, it can lose its mark for failure to police it. That would cause catastrophic and irreparable harm to CT, a risk any responsible founder should not be prepared to gamble with.

The burden of issuing the notices themselves to the stakeholders could be significant, putting aside the consequences of doing so. Just one of the many identified domestic Cohesity resellers has at least 81 other subcontractors under its auspices with commercial offerings related to Cohesity's Helios. AWS Canada, Insight, and many others are also

Negotiations with Cohesity

engaged in similar activity. That does not even begin to canvass all of
the end-user customers of the aforementioned.

The fallout would inevitably not be contained domestically. Cohesity
has statutory obligations to notify the SEC with respect to any omitted
material representations in their Form S-1 registration statement or
its draft. The company proposing to sell securities in its current
predicament would be problematic, to say the least.

In trying to survey and itemize the list of stakeholders it appears to
be endless. Thus, I am trying as delicately as possible to extricate my
company from the situation. But in fairness, Cohesity created it.

I appreciate management at Cohesity has some difficult decisions to
make right now, but the clock is not working in anyone's favour. In
fairness, they have had a month to commit to a decision. Further, it
has fully appreciated the importance of needing to protect its own IP
in the past in having sought numerous equitable remedies, in Canada, to
enforce negative covenants - expeditiously.

If Cohesity does not wish to consummate an agreement, which is
certainly its prerogative, I need to know now. CT would then proceed
with the next appropriate procedural steps, not having waived any of
its rights in law or in equity to date.

I am sorry, but there are things that are beyond my control.

Yours truly,


--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://www.heliosmusic.io

# Exhibit I

2024-09-12 Gowling to Warner refusing further discussions

RE: Negotiations with Cohesity

**Subject:** RE: Negotiations with Cohesity
**From:** "Couture, Monique M." <Monique.Couture@gowlingwlg.com>
**Date:** 9/12/24, 10:47
**To:** 'Kip Warner' <kip@heliosmusic.io>
**CC:** "Gibbons, Karen" <Karen.Gibbons@gowlingwlg.com>, "'legal@cartesiantheatre.com'" <legal@cartesiantheatre.com>

Dear Kip,

I write further to our below exchange.

I am instructed to advise that Cohesity has no further interest in discussions.

Best regards,

Monique

Monique Couture
Partner
Gowling WLG


-----Original Message-----
From: Couture, Monique M.
Sent: September 12, 2024 12:52 PM
To: Kip Warner <kip@heliosmusic.io>
Cc: Gibbons, Karen <Karen.Gibbons@ca.gowlingwlg.com>; legal@cartesiantheatre.com
Subject: RE: Negotiations with Cohesity

Dear Kip,

Thank you for your below.  I am seeking instructions, but note that my instructing counsel is away.

I will revert once I have instructions.


Best regards,

Monique

Monique Couture
Partner
Gowling WLG

9/23/24, 18:52

RE: Negotiations with Cohesity

-----Original Message-----
From: Kip Warner <kip@heliosmusic.io>
Sent: September 10, 2024 6:55 PM
To: Couture, Monique M. <Monique.Couture@ca.gowlingwlg.com>
Cc: Gibbons, Karen <Karen.Gibbons@ca.gowlingwlg.com>; legal@cartesiantheatre.com
Subject: Negotiations with Cohesity

This message originated from outside of Gowling WLG. | Ce message provient de l'extérieur de Gowling WLG.

Hello Monique,

I just tried your line but was unable to reach you. I hope your weekend went well.

As you are aware CT has a duty to mitigate in good faith at common law, hence the early notice provided to Cohesity on 12 August, 2024. Compounding this CT has additional obligations arising in contract to notify potentially affected third-party stakeholders. Cohesity likely does too.

These stakeholders include, but are not limited to, those that are currently delivering goods or services using CT's mark on behalf of Cohesity, some of their investors which CT has contractual relationships with, and others.

CT has been holding off as long as it can in order to facilitate an amicable resolution. But if the parties are unable to resolve this now, CT has to begin issuing the currently embargoed notices of infringement. These notices may demand certain remedies and assurances from the stakeholders.

Some of these stakeholders will inevitably attempt to seek comfort behind indemnity clauses, which is not unusual where a licensor is unable to provide certainty to its licensees as to the provenance of its purported IP.

If CT fails to issue notices in a timely manner there may be grave consequences. The most important of which is, as you are well aware from the Canadian jurisprudence, it can lose its mark for failure to police it. That would cause catastrophic and irreparable harm to CT, a risk any responsible founder should not be prepared to gamble with.

The burden of issuing the notices themselves to the stakeholders could be significant, putting aside the consequences of doing so. Just one of the many identified domestic Cohesity resellers has at least 81 other subcontractors under its auspices with commercial offerings related to Cohesity's Helios. AWS Canada, Insight, and many others are also engaged in similar activity. That does not even begin to canvass all of

RE: Negotiations with Cohesity

the end-user customers of the aforementioned.

The fallout would inevitably not be contained domestically. Cohesity has statutory obligations to notify the SEC with respect to any omitted material representations in their Form S-1 registration statement or its draft. The company proposing to sell securities in its current predicament would be problematic, to say the least.

In trying to survey and itemize the list of stakeholders it appears to be endless. Thus, I am trying as delicately as possible to extricate my company from the situation. But in fairness, Cohesity created it.

I appreciate management at Cohesity has some difficult decisions to make right now, but the clock is not working in anyone's favour. In fairness, they have had a month to commit to a decision. Further, it has fully appreciated the importance of needing to protect its own IP in the past in having sought numerous equitable remedies, in Canada, to enforce negative covenants - expeditiously.

If Cohesity does not wish to consummate an agreement, which is certainly its prerogative, I need to know now. CT would then proceed with the next appropriate procedural steps, not having waived any of its rights in law or in equity to date.

I am sorry, but there are things that are beyond my control.

Yours truly,

--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://urldefense.com/v3/__https://www.heliosmusic.io__;!!K_MlPo8izw!
IgWABdbMAfV8bCURvPw4nm3I9Dyyeptvd2gkw2RxRJxxZu6rINyCI7Xzl5EfO4R9HOiWAkEtMnaBqJFFhIgjjBt5UQ$

The information in this email is intended only for the named recipient and may be privileged or confidential. If you are not the intended recipient please notify us immediately and do not copy, distribute or take action based on this email. If this email is marked 'personal' Gowling WLG is not liable in any way for its content. E-mails are susceptible to alteration. Gowling WLG shall not be liable for the message if altered, changed or falsified.

Gowling WLG (Canada) LLP is a member of Gowling WLG, an international law firm which consists of independent and autonomous entities providing services around the world. Our structure is explained in more detail at www.gowlingwlg.com/legal.

References to 'Gowling WLG' mean one or more members of Gowling WLG International Limited and/or any of their affiliated businesses as the context requires. Gowling WLG (Canada) LLP has offices in Montréal, Ottawa, Toronto, Hamilton, Waterloo Region, Calgary and Vancouver.

9/23/24, 18:52

# Exhibit J

2024-09-04 Warner to Amazon

# Notice of Infringement - HELIOS standard characters

**From:** Kip Warner <kip@heliosmusic.io>

**To:** copyright@amazon.com, contracts-legal@amazon.com

**Cc:** legal@cartesiantheatre.com, Polina H. Furtula <phf@westpointlawgroup.com>

**Date:** Fri, 04 Oct 2024 17:05:08 -0700

**Disposition-Notification-To:** [kip@heliosmusic.io](kip@heliosmusic.io)

**User-Agent:** Evolution 3.52.3-0ubuntu1

Hello Amazon.ca Legal Department,

I note that your reporting procedure for claims of trademark
infringement are set out on the following page which provided the email
address I am contacting you through now:


https://www.amazon.ca/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM

I am writing you in respect to Cohesity,

Inc.'s commercial offerings, publications, and related promotional materials that make use of the "HELIOS" trademark on various websites, platforms, and social media accounts that appear to be under your possession or control (the "Unauthorized Usage"). Non-exhaustive particulars have been provided below:

https://aws.amazon.com/partners/aws-and-cohesity/

https://www.youtube.com/watch?v=E68ufJOduio

https://pages.awscloud.com/apn-tv-other-ep-200.html

https://pages.awscloud.com/apn-tv-other-ep-201.html

https://aws.amazon.com/blogs/apn/simplify-protection-of-aws-workloads-with-cohesity-data-management-as-a-service/

The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to my

company, Cartesian Theatre
Corp. ("CT"), under CIPO trademark
registration TMA1260843. That
application was submitted 25 February,
2020. A copy of that
registration can be found in the publicly
available docket at the link
below:

   https://ised-
isde.canada.ca/cipo/trademark-
search/2013787

Cohesity, Inc. ("Cohesity") also sought to
register the same standard
characters with the same international
classifications on 23 January,
2024, and again with the variation of
"COHESITY HELIOS" on 12
September, 2024. Neither application has
been registered, advertised,
approved, or even examined for use in
Canada:

   https://ised-
isde.canada.ca/cipo/trademark-
search/2334939

   https://ised-
isde.canada.ca/cipo/trademark-
search/2349560

Cohesity's usage of the trademark stems from its AI-powered software
product that targets enterprise users ("Cohesity Helios"). However,
Cohesity has neither sought nor received CT's authorization to make use
of the HELIOS trademark for any purpose in Canada.

CT also has an AI-powered software product that targets enterprise
users called Helios ("CT Helios"). Its earliest commercial use was in
2016:

   https://www.heliosmusic.io

Cohesity was first put on notice by CT of the risk of confusion on 12
August, 2024, by way of letter. It does not appear to have taken any
corrective action since.

My company was asked by AWS to join your AWS Startups program on 14
April, 2022, specifically because of CT Helios and its perceived value
to future AWS customers. CT then joined your program. CT has had an NDA
in effect with AWS since 21 April, 2022.

Would you kindly confirm that the Unauthorized Usage has been removed from all websites, platforms, and social media accounts under your possession or control? Kindly acknowledge receipt at your earliest convenience.

If I can be of further assistance please do not hesitate to reach me either by email or by telephone in Vancouver at (604) 551-7988.

Yours truly,

--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://www.heliosmusic.io

# Exhibit K

2024-10-07 Apple Dispute Form

# App Store Content Dispute

## Select Disputed Content

Please use the drop-down menus below to select the nature of your dispute and the territories in which you are asserting rights. Please note: Apple does not investigate claims regarding branded terms used as Search Ad keywords. In the comments box, you should provide a detailed explanation of the issue, including identification of the intellectual property that you claim has been infringed. Anything you write in the comments field will be shared with the provider of the app selected. After a dispute has been opened, you will have an opportunity to provide attachments or additional materials via email.



### Dispute Content

**Cohesity Helios**
Cohesity, Inc

| 1 Issue(s) Selected ⌄ | Select Disputed Territories ⊘ |

Description

The Cohesity Helios mobile application makes use of the "HELIOS" trademark without authorization of its registered owner.

**Legal**    Hardware  Software  Sales & Support  Internet Services  Intellectual Property  More Resources

Trademark

The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to my company, Cartesian Theatre Corp. ("CT"), under CIPO trademark registration TMA1260843. That application was submitted 25 February, 2020. A copy of that registration can be found in the publicly available docket at the link below:

https://ised-isde.canada.ca/cipo/trademark-search/2013787

Cohesity, Inc. ("Cohesity") also sought to register the same standard characters with the same international classifications on 23 January, 2024, and again with the variation of "COHESITY HELIOS" on 12 September, 2024. Neither application has been registered, advertised, approved, or even examined for use in Canada:

https://ised-isde.canada.ca/cipo/trademark-search/2334939

https://ised-isde.canada.ca/cipo/trademark-search/2349560

Add additional disputed content ⊕

☑ By checking this box, I represent that the information in this submission is accurate and swear under penalty of perjury that I am the owner, or agent authorized to act on behalf of the owner, of the rights that are allegedly infringed. I believe in good faith that the disputed use is not authorized by the intellectual property owner, its agent, or the law.

Back    Submit

# Exhibit L

2024-10-07 Apple to Cohisity

# Apple Inc. (our ref# APP216657-A) Notice of Complaint

**From:** App Store Notices <AppStoreNotices@apple.com>

**Date:** Mon, 07 Oct 2024 12:17:54 -0700

**Cc:** kip@heliosmusic.io, phf@westpointlawgroup.com

**To:** appstore@cohesity.com, corrina.dilloughery@cohesity.com, kamesh.singh@cohesity.com

**X-Mailer:** Apple Mail (2.3818.100.11.1.3)

**\*\*Please include APP216657-A in the subject line of any future correspondence on this matter as failure to do so may prevent our system from properly recording your response.\*\***

Hello,

On 10/4/2024, we received a notice from Cartesian Theatre Corp. (WestPoint LawGroup) ("Claimant") that Claimant believes the app listed below infringes its intellectual property rights.  In particular, Claimant believes you are infringing its trademark.  Please see their comments below.

A. Developer: Cohesity, Inc
Provider: Cohesity, Inc.
App Title: Cohesity Helios
Apple ID: 1488058040

Comment:

The Cohesity Helios mobile application makes use of the "HELIOS" trademark without authorization of its registered owner.

Trademarks:

The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to my company, Cartesian Theatre Corp. ("CT"), under CIPO trademark registration TMA1260843. That application was submitted 25 February, 2020. A copy of that registration can be found in the publicly available docket at the link below:

https://ised-isde.canada.ca/cipo/trademark-search/2013787

Cohesity, Inc. ("Cohesity") also sought to register the same standard characters with the same international classifications on 23 January, 2024, and again with the variation of "COHESITY HELIOS" on 12 September, 2024.

Neither application has been registered, advertised, approved, or even examined for use in Canada:

https://ised-isde.canada.ca/cipo/trademark-search/2334939

https://ised-isde.canada.ca/cipo/trademark-search/2349560

-

You can reach Claimant through Kip Warner (email: kip@heliosmusic.io) or Polina Furtula (email: phf@westpointlawgroup.com), copied on this email. Please exchange correspondence directly with Claimant.

We look forward to receiving written assurance that your application does not infringe Claimant's rights, or that the parties are taking steps to promptly resolve the matter. Please keep us apprised of your progress.

Please note that during the course of this matter:

1.  Correspondence to Apple must include the reference number noted above in the subject line and copy the other party.  All correspondence sent to Apple may be shared with the other party.

2.  Written assurance of rights may include confirmation

that your application does not infringe Claimant's rights, an express authorization from Claimant, or other evidence acceptable to Apple, and should include documentation wherever possible.

3.  Should you choose to remove your application (for example, while you make any necessary changes), visit App Store Connect at https://appstoreconnect.apple.com and access your app in the Manage Your Application module.

•    Access your app in the "My Apps" module
•    Click on the "Pricing and Availability" tab from the App Summary Page and select "Edit" by "Availability"
•    Select and deselect "All" territories to uncheck all App Store territories
•    Click on the "Done" button

4.  Developers with a history of allegations of repeat infringement, or those who misrepresent facts to Apple and/or the Claimant are at risk of termination from the Developer Program.

5.  Failure to respond to the Claimant or to take steps toward resolving a dispute may lead to removal of the app(s) at issue as in violation of the App Store Review Guidelines and/or the iOS Developer Program License Agreement.  Please keep Apple apprised of your progress.

Thank you for your immediate attention.

Sincerely,

Abe

 Apple Legal | Apple | One Apple Park Way Cupertino, CA 95014 |

The information in this e-mail and any attachment(s) is intended solely for the personal and confidential use of the designated recipients.  This message may be an attorney-client communication protected by privilege.  If you are not the intended recipient, you may not review, use, copy, forward, or otherwise disseminate this message.  Please notify us of the transmission error by reply e-mail and delete all copies of the message and any attachment(s) from your systems.  The use of the sender's name in this message is not intended as an electronic signature under any applicable law.  Thank you.

# Exhibit M

2024-10-09 - Gowling to Apple

# Apple Inc. (Apple ref# APP216657-A) Notice of Complaint

**From:** "Couture, Monique M." <Monique.Couture@gowlingwlg.com>

**To:** appstore@cohesity.com <appstore@cohesity.com>

**Cc:** kip@heliosmusic.io <kip@heliosmusic.io>, phf@westpointlawgroup.com <phf@westpointlawgroup.com>, corrina.dilloughery@cohesity.com <corrina.dilloughery@cohesity.com>, kamesh.singh@cohesity.com <kamesh.singh@cohesity.com>, "Kiedrowski, Carrie L." <clkiedrowski@JonesDay.com>, "McKeown, Megan L." <mmckeown@jonesday.com>, "Couture, Monique M." <Monique.Couture@gowlingwlg.com>, "Robert, Luke" <Luke.Robert@gowlingwlg.com>, "Gibbons, Karen" <Karen.Gibbons@gowlingwlg.com>

**Date:** Wed, 9 Oct 2024 22:46:47 +0000 (*10/09/2024 03:46:47 PM*)

**Attachments:** 4

*PRIVILEDGED AND CONFIDENTIAL*

Dear Sir/Madam,

We write further to your email of October 7, 2024.  We are Canadian intellectual property counsel to Cohesity, Inc.

We are writing to provide our written assurance that our client's application **does not** infringe the Claimant's rights, for the reasons expressed in our enclosed response.

We look forward to confirmation that Apple is fully satisfied with our response, and will not remove our client's application from the App Store since there is no basis for doing so.

Please let us know if you have any questions whatsoever.

Best regards,

*Sent on behalf of Monique M. Couture*
Karen Gibbons
*Legal Administrative Assistant*
**T** +1 613 233 1781 x57450
karen.gibbons@gowlingwlg.com

Assistant To: Monique Couture

**T** +1 613 786 0183

[monique.couture@gowlingwlg.com](mailto:monique.couture@gowlingwlg.com)



Gowling WLG (Canada) LLP
Suite 2600, 160 Elgin Street
Ottawa ON  K1P 1C3
Canada



**gowlingwlg.com**

**Gowling WLG** | 1,400+ legal professionals | 18 offices worldwide

The information in this email is intended only for the named recipient and may be privileged or confidential. If you are not the intended recipient please notify us immediately and do not copy, distribute or take action based on this email. If this email is marked 'personal' Gowling WLG is not liable in any way for its content. E-mails are susceptible to alteration. Gowling WLG shall not be liable for the message if altered, changed or falsified.

Gowling WLG (Canada) LLP is a member of Gowling WLG, an international law firm which consists of independent and

autonomous entities providing services around the world. Our structure is explained in more detail at www.gowlingwlg.com/legal.

References to 'Gowling WLG' mean one or more members of Gowling WLG International Limited and/or any of their affiliated businesses as the context requires. Gowling WLG (Canada) LLP has offices in Montréal, Ottawa, Toronto, Hamilton, Waterloo Region, Calgary and Vancouver.

**Attachments**

| Name | Size |
| --- | --- |
| Schedule 3 - United States _ HELIOS (Reg. No. 7,095,707).pdf (Schedule 3 - United States _ HELIOS (Reg. No. 7,095,707).pdf) | 507.2 kB |
| Response to Apple Legal re Alleged Infringement of HELIOS Trademark.pdf (Response to Apple Legal re Alleged Infringement of HELIOS Trademark.pdf) | 483.0 kB |
| Schedule 1 - Canada.pdf (Schedule 1 - Canada.pdf) | 427.3 kB |
| Schedule 2 - Foreign Registrations.pdf (Schedule 2 - Foreign Registrations.pdf) | 4.8 MB |



October 9, 2024

**Via Electronic Mail: appstore@cohesity.com**

**Monique M. Couture**
Direct Dial (613) 786-0183
Monique.Couture@gowlingwlg.com

Abe
Apple Legal
One Apple Park Way
Cupertino, California 95014
United States of America

**PRIVILEDGED AND CONFIDENTIAL**

Dear Abe:

Re:   Alleged Infringement of HELIOS by Cartesian Theatre Corp - APP216657-A
      Trademark          :   **COHESITY HELIOS**
      Owner              :   Cohesity, Inc.
      Our Reference      :   06763955INF

This letter is in response to your email dated October 7, 2024, informing Cohesity, Inc. ("**Respondent**") of the Notice of Complaint submitted by Cartesian Theatre Corp. (WestPoint LawGroup) ("**Claimant**") against an app owned by the Respondent and currently listed on the Apple App Store under the name "Cohesity Helios" (the "**Cohesity Helios App**" or "**Respondent's App**").

We confirm that the Cohesity Helios App **does not** infringe Claimant's rights.

The Notice of Complaint alleges that the Respondent's App infringes the Claimant's rights in its Canadian Trademark Registration No. TMA1260843 for HELIOS (the "**Claimant's Trademark**"), the particulars of which are set out below:

| Jurisdiction | Trademark | Application Date / Registration Date | Owner |
|---|---|---|---|
| Canada | **HELIOS** Reg. No. TMA1260843 | App. Date: 2020-02-25 Reg. Date: 2024-10-04 | Cartesian Theatre Corp. |
| | **Goods & Services** [9] Computer software and databases for use in analyzing music [42] Software as a service for music analysis and management; advisory services in the field of music software development | | |

The Notice of Complaint also notes that the Respondent is the owner of Canadian Application Nos. 2349560 for COHESITY HELIOS and 2334939 for HELIOS (together, the "**Respondent's Trademark Applications**"), the particulars of which are set out below. Please note that only a single Goods & Services Description has been included for the sake of brevity, as the goods and services claimed are identical:

| Jurisdiction | Trademark | Application Date / Registration Date | Owner |
|---|---|---|---|

**Gowling WLG (Canada) LLP**
Suite 2600 160 Elgin Street
Ottawa, Ontario Canada K1P 1C3
64495523\4

**T**+1 (613) 233-1781
**F**+1 (613) 563-9869
**gowlingwlg.com**

Gowling WLG (Canada) LLP is a member of Gowling WLG, an international law firm which consists of independent and autonomous entities providing services around the world. Our structure is explained in more detail at gowlingwlg.com/legal



| Canada | **COHESITY HELIOS** App. No. 2349560 | App. Date: 2024-01-23 | Cohesity, Inc. |
|---|---|---|---|
| | **HELIOS** App. No. 2334939 | App. Date: 2024-09-12 | Cohesity, Inc. |

**Goods & Services**

[9] (1) Hyperconverged infrastructure (HCI) data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security.

[42] (1) Software-as-a-service (saas) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (saas) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (paas) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (paas) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (paas) featuring computer software platforms for use in data management and data protection; platform-as-a-service (paas) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery,



| | electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development. |
|---|---|

The Respondent's Trademark Applications have yet to be examined by the Canadian Intellectual Property Organization.

For the reasons that follow, the Respondent submits that the Cohesity Helios App **does not** infringe the Claimant's rights in the Claimant's Trademark.

1) **Differences Between the Claimant's Trademark and COHESITY HELIOS**

The Respondent Cohesity Helios App differs materially from the Claimant's Trademark, HELIOS, as shown in the below screenshot from the Apple App Store page:



Notably, the name of the Respondent's App is "COHESITY HELIOS", with COHESITY as its first and most distinctive element. Under Canadian law, and in many other jurisdictions around the world, the first word of a mark is the most important factor in assessing the degree of resemblance in the context of trademark infringement.[1]

The word "COHESITY" is also the most distinctive element of the mark, as it is a coined (*i.e.* invented) word that has no dictionary definition, whereas "HELIOS" is the well-known name of the god of the sun in Greek mythology, and defined as such in many well-known dictionaries.[2]

---

1 Conde Nast Publications Inc. v. Union des Editions Modernes (1979), 46 C.P.R. (2d) 183 at 188.

2 https://www.collinsdictionary.com/dictionary/english/helios; https://www.merriam-webster.com/dictionary/Helios; https://www.dictionary.com/browse/helios



As the first and most distinctive word in the name of the Respondent's App, the word "COHESITY" is therefore most important in assessing whether the name of the Cohesity Helios App infringes upon the Claimant's Trademark rights.

Additionally, COHESITY functions as a strong differentiator, as it is a registered trademark owned by the Respondent under Canadian Trademark Registration No. TMA1233201. This readily distinguishes the Respondent's App from the Claimant's Trademark, and ensures that consumers will infer that the Respondent is the source of the Respondent's App, rather than the Claimant. This makes infringement highly unlikely.

We note that the COHESITY registration is registered in association with goods and services in Classes 9 and 42 which are similar and overlapping with those claimed for use with the Respondent's Trademark Applications. A certificate of registration for this registration has been attached as **Schedule 1**, with particulars set out below:

| Jurisdiction | Trademark | Application Date / Registration Date | Owner |
|---|---|---|---|
| Canada | **COHESITY**<br>Reg. No. TMA1233201 | App. Date: 2019-12-26<br>Reg. Date: 2024-05-17 | Cohesity, Inc. |
| | **Goods & Services**<br>[9] Hyperconverged infrastructure (HCI) data management platform comprising computer hardware and downloadable software for integrating computer servers, computer networks, and data storage of data created and collected by third party businesses, into a single solution for purposes of data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses and managing information technology infrastructure and applications in the fields of data security, compliance assessment, and cybersecurity; downloadable computer software, namely, a single data management downloadable computer software platform for managing data for ingesting, storing, organizing and maintaining data created and collected by third party businesses distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data, for use in the fields of data security, compliance assessment, and cybersecurity distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface in the fields of data security, compliance assessment, and cybersecurity; computer hardware; computer hardware for data management; computer hardware for data storage and data backup; downloadable computer software for data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses; downloadable computer software for data storage of data created and collected by third party businesses, data backup, data protection, data migration, data archival, for searching structured and unstructured data, for use in the field of data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable computer software for data disaster recovery and replication; downloadable computer software development programs for creating and developing computer programs, computer databases, and computer mobile applications for others to be used on cloud-based, public, and private virtual servers; downloadable cloud-based software for data management for | | |



ingesting, storing, organizing and maintaining data created and collected by third party businesses; downloadable educational software featuring instruction in software application development for third-party developers; downloadable electronic publications featuring instruction in software application development for third-party developers; downloadable electronic publications in the nature of white papers, briefs, articles, factsheets, and eBooks all in the field of data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses; downloadable mobile application for accessing and viewing status and alerts for a data management system for ingesting, storing, organizing and maintaining data created and collected by third party businesses, data backup, data protection, data migration, data archival, for searching structured and unstructured data, for use in the field of data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cybersecurity Services (Nice class & Statement)

[35] Operating an on-line marketplace via a website featuring downloadable cloud based software applications

[41] Educational and training services, namely, providing online and in-person classes and workshops, and non-downloadable webinars and instructional videos via a video-on-demand service, all in the fields of data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses, data storage, data backup and recovery, computer software development, computer software and hardware, computer systems, enterprise communications infrastructures, cloud computing, computer security and disaster recovery; online publication of electronic journals featuring information in the fields of data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses, data storage, data backup and recovery, computer software development, computer software and hardware, computer systems, enterprise communications infrastructures, cloud computing, computer security and disaster recovery

[42] Platform-as-a-service (PaaS) featuring a single computer software platform for ingesting, storing, organizing and maintaining data created and collected by third party businesses distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (PaaS) featuring computer software analytics platforms in the field of big data for business data analytics and user behavior analytics for analyzing, visualizing, and manipulating large quantities of data created and collected by third party businesses in a single user interface; providing temporary use of on-line non-downloadable software for use in data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses, data storage of data created and collected by third party businesses, data backup, data protection, data migration, data archival, for searching structured and unstructured data, for use in the field of data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; providing temporary use of on-line non-downloadable computer software development tools that support interaction between computer applications with computer data from application programming interfaces (APIs), digital databases and digital files; software-as-a-service (SaaS) services featuring software for use in data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses, data storage of data created and collected by third party businesses, data backup, data protection, data migration, data archival, for searching structured and unstructured data, for use in the field of data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and



|  | replication; software-as-a-service (SaaS) services featuring software for configuring and controlling networks for cybersecurity and computer security purposes; electronic data storage for archiving electronic data created and collected by third party businesses; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (PaaS) featuring computer software platforms for use in data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses and data protection; platform-as-a-service (PaaS) featuring computer software platforms being computer software development programs for creating and developing computer programs, computer databases, and computer mobile applications for others to be used on cloud-based, public, and private virtual servers; platform-as-a-service (PaaS) featuring computer software platforms for enabling data processing and data management for ingesting, storing, organizing and maintaining data created and collected by third party businesses; information technology consulting services in the fields of data security, compliance assessment, and cybersecurity; consulting services in the field of cloud computing technology, infrastructure-as-a-service (IaaS) cloud computing technology, software-as-a-service (SaaS) cloud computing technology, and platform-as-a-service (PaaS) cloud computing technology; computer technology support services, namely, help desk services, including remote help desk services; technical support services, namely, remote and on-site infrastructure management services for monitoring, administration and management of public and private cloud computing IT and application systems in the fields of data security, compliance assessment, and cybersecurity; remote and on-site computer technology consultancy services in the fields of data protection, computer hardware and computer software; computer services, namely, cloud hosting provider services; computer services, namely, integration of private and public cloud computing environments on a subscription or pay-per-use basis; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer programming for others; computer software development for others; computer software development in the field of mobile applications; customizing computer software; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data to cloud servers, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development |
| --- | --- |

2) **Differences Between the Parties' Goods and Services**

The Respondent further submits that the Claimant is over-reaching in asserting that the Respondent is infringing its rights. The Claimant's Trademark **does not** grant it rights to the exclusive use of HELIOS in association with <u>all</u> software. Rather, the Claimant's Trademark is registered in Canada in association with a very narrow range of goods and services, namely: computer software and database goods for use in *analyzing music*, software as a service for *music analysis and management*, and advisory services in the field of *music software development*.

As such, there are vital differences between the parties' goods and services: the Respondent's App is wholly unrelated to music, including the analysis and development of music, or development of music software. Rather, the Respondent's App references "Cluster Management by Cohesity", and pertains to data and database management, data storage, and the operation and management of virtual computer systems. Indeed, the "Preview" section on the Cohesity Helios App Store page prominently



Page 7

advertises the Cohesity Helios App as granting the user the ability to "[a]ccess the power of data management on the go", as shown below:



A more fulsome description of the Respondent's App is also included further down on its Apple App Store Page, further clarifying that the Respondent's App does not relate to music in any way:





The Respondent further submits that the nature and function of the Cohesity Helios App corresponds directly with the goods and services claimed for use with the Respondent's Applications, including those related to data and database management, data storage, and the operation and management of virtual computer systems.

In sum, the Claimant's Trademark rights only extend to a very narrow range software goods and services related to music. Importantly, these rights do not extend to software related to data and database management, data storage, and the operation and management of virtual computer systems, all of which are the subject of the Respondent's App and the Respondent's Trademark Applications.

The Claimant thus has no basis to assert that the Respondent's App infringes upon the Respondent's Trademark rights.

3) **Coexistence of Other HELIOS Trademark Registrations in Canada**

The Claimant is under the mistaken impression that its registration entitles it to the exclusive use of HELIOS in association with <u>all</u> software, when it is registered only in association with the below very narrow range of goods and services:

| Class 9 | *Computer software and databases for use in analyzing music* |
|---|---|
| Class 42 | *Software as a service for music analysis and management; advisory services in the field of music software development* |

The Claimant overstates the scope if its rights, and misrepresents the facts to Apple in stating that "the standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to my company, Cartesian Theatre Corp. ("CT"), under CIPO trademark registration TMA1260843."

Instead, the public record shows that in Canada, the Claimant **already co-exists** with a number of third-party trademark registrations for HELIOS and HELIOS-formative marks in international classes 9 and 42, all claiming use with various types of software.  Particulars of a number of these third-party trademark registrations are reproduced below:

| Jurisdiction | Trademark | Application Date / Registration Date | Owner |
|---|---|---|---|
| Canada | **HELIOS**<br>Reg. No. TMA736470 | App. Date: 2006-12-01<br>Reg. Date: 2009-03-18 | Helios, LLC (a Corporation of the State of Indiana) |
| | **Goods**<br>[9] Computer software namely a management business software application for hair care salons, tanning salons, beauty salons and spas, featuring, appointment scheduling, database management and security, spreadsheets, creating and sending invoices, processing sales and electronic payment authorizations, inventory tracking, equipment usage tracking, accounting, employee payroll software, employee training, generating marketing reports and generating directed mailing. | | |



| | | | |
|---|---|---|---|
| **HELIOS**<br>Reg. No. TMA816267 | App. Date: 2011-02-14<br>Reg. Date: 2012-01-26 | Société GRICS | |
| **Goods**<br>[9] Energy management and energy billing analysis software. | | | |
| **HELIOS**<br>Reg. No. TMA1202120 | App. Date: 2018-06-18<br>Reg. Date: 2023-10-04 | Tecoustics Limited | |
| **Goods & Services**<br>[…]<br>[42] […] Installation, maintenance and repair of computer software for vibrational, seismic, solar energy, waste water, and thermal activity management and monitoring; Installation, maintenance and repair of computer software for industrial and commercial building automation; […] | | | |
| **HELIOS PLATFORM**<br>Reg. | App. Date: 2014-04-02<br>Reg. Date: 2015-06-02 | Gigataur Corporation | |
| **Goods & Services**<br>[9] [35] [42]<br>Products: Software development tool for the creation of mobile & touch games; mobile and touch software, namely, game engine software for video game development and operation<br>Services: Providing downloadable mobile & touch games; interactive game design; downloadable game development; software development in the field of mobile & touch games, deployment and distribution | | | |

The above referenced third-party registrations demonstrate that the Canadian Trademarks Office is satisfied that even *identical* HELIOS marks claiming software can coexist with the Claimant's Trademark without infringing upon their owners' respective rights so long as the nature of the software being claimed is dissimilar.

We note that the CIPO Examination Manual requires that trademark applications identity the *specific* function of computer software and, if the area of use is not obvious from the function of the computer software, the *specific* area of use[3]. This is to avoid giving an applicant an unreasonably wide ambit of protection.

---

3 https://manuels-manuals.opic-cipo.gc.ca/w/ic/TM-en#!fragment/zoupio-_Toc75334916/BQCwhgziBcwMYgK4DsDWszIQewE4BUBTADwBdoAvbRABwEtsBaAfX2zgHYBWAZh4BYAnAEYAbAEoANMmylCEAIqJCuAJ7QA5BskRCYXAiUr1EbADNSAd32EdegyADKeUgCF1AJQCiAGS8A1AEEAOQBhL0lSMAAjaF19BHFxIA



Page 10

Given that the Respondent is using COHESITY HELIOS, and that its Cohesity Helios App features wholly dissimilar data and database management software, data storage software, and software for the operation and management of virtual computer systems, the Claimant has no basis to assert that the Respondent's App infringes upon the Respondent's Trademark rights.

### 4)  **The Respondent's Trademarks Are Registered in Other Jurisdictions**

The Respondent acknowledges that the Respondent's Trademark Applications have yet to be examined in Canada. However, the Respondent notes that it has obtained trademark registrations for its HELIOS trademark in association with similar and identical goods and services in the United States, Brazil and Israel. The particulars of these registrations are reproduced below:

| Jurisdiction | Trademark | Application Date / Registration Date | Owner |
|---|---|---|---|
| Brazil | **HELIOS** Reg. No. 928622762 | App. Date: 11/10/2022 Reg. Date: 3/26/2024 | Cohesity, Inc. |
| | **Goods** [9] hyperconverged infrastructure being hci data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security. | | |
| | **HELIOS** Reg. No. 928622703 | App. Date: 11/10/2022 Reg. Date: 4/2/2024 | Cohesity, Inc. |
| | **Services** | | |



| | [35]  operation of an online market (marketplace) through a website with downloadable cloud-based software applications; the sale and distribution of food products are excluded | | |
|---|---|---|---|
| | **HELIOS**<br>Reg. No.<br>928622860 | App. Date: 11/10/2022<br>Reg. Date: 3/26/2024 | Cohesity, Inc. |
| | **Services**<br>[41]  educational and training services, namely, providing online and in-person classes and workshops, and non-downloadable webinars and instructional videos via a video-on-demand service, all in the fields of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery; online journals, namely, blogs on the subjects of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery. | | |
| | **HELIOS**<br>Reg. No.<br>928623777 | App. Date: 11/10/2022<br>Reg. Date: 3/26/2024 | Cohesity, Inc. |
| | **Services**<br>[42]  information technology consulting services; consulting services in the field of cloud computing technology, infrastructure-as-a-service (iaas) cloud computing technology, software-as-a-service (saas) cloud computing technology, and platform-as-a-service (paas) cloud computing technology; computer technology support services, namely, help desk services, namely, including remote help desk services; technical support services, namely, remote and onsite infrastructure management services for monitoring, administration and management of public and private cloud computing it and application systems; remote and on-site computer technology consultancy services in the fields of data protection, computer hardware and computer software; computer services, namely, cloud hosting provider services; computer programming for others; computer software development for others; computer software development in the field of mobile applications; customizing computer software; computer services, namely, integration of private and public cloud computing environments on a subscription or pay-per-use basis; platform-as-a-service (paas) featuring computer software platforms being computer software development tools. | | |
| Israel | **HELIOS**<br>Reg. No. 361255 | App. Date: 2/19/2023<br>Reg. Date: 5/2/2024 | Cohesity, Inc. |
| | **Goods & Services**<br>[9]  hyperconverged infrastructure being hci data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy | | |



and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security

[35] providing an online marketplace for buyers and sellers of goods and services

[41]  educational and training services, namely, providing online and in-person classes and workshops, and non-downloadable webinars and online instructional videos via a video-on-demand service, all in the fields of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery; online journals, namely, blogs on the subjects of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery

[42] software-as-a-service (saas) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (saas) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (paas) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (paas) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (paas) featuring computer software platforms for use in data management and data protection; platform-as-a-service (paas) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development; information technology consulting services; consulting services in the field of cloud computing technology, infrastructure-as-a-service (iaas) cloud computing technology, software-as-a-service (saas) cloud computing technology, and platform-as-a-service (paas) cloud computing technology; computer technology support services, namely, help desk services, namely, including remote help desk services; technical support services, namely, remote and onsite infrastructure management services for monitoring, administration and management of public and private cloud computing it and application systems; remote and on-site computer technology consultancy services in the fields of data protection, computer hardware and computer software; computer services, namely, cloud hosting provider



| | | | |
|---|---|---|---|
| | services; computer programming for others; computer software development for others; computer software development in the field of mobile applications; customizing computer software; computer services, namely, integration of private and public cloud computing environments on a subscription or pay-per-use basis; platform-as-a-service (paas) featuring computer software platforms being computer software development tools | | |
| United States of America | **HELIOS**<br>Reg. No. 7095707 | App. Date: 7/2/2020<br>Reg. Date: 4/18/2023 | Cohesity, Inc. |
| | **Goods & Services**<br>9 hyperconverged infrastructure being hci data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security 42  software-as-a-service (saas) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (saas) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (paas) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (paas) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (paas) featuring computer software platforms for use in data management and data protection; platform-as-a-service (paas) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through | | |



| | | | |
|---|---|---|---|
| | cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development | | |
| International Registration<br><br>WIPO (Madrid) | **HELIOS**<br>Reg. No. 1796292 | App. Date: 7/2/2020<br>Reg. Date: 1/23/2024 | Cohesity, Inc. |
| | 9  Hyperconverged infrastructure (HCI) data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security.<br><br>42 Software-as-a-service (saas) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (saas) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (paas) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (paas) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy | | |



| | and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (paas) featuring computer software platforms for use in data management and data protection; platform-as-a-service (paas) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development. |
|---|---|

Copies of the certificates registrations for the above marks are attached to this letter as **Schedule 2**, with the United States Trademark Registration No. 7,095,707 enclosed as **Schedule 3**.

In the United States in particular, the Respondent notes that it owns a valid trademark registration for HELIOS under Trademark Registration No. 7,095,707 (the "**Respondent's US Registration**"), whereas the Claimant only owns a pending trademark application for HELIOS under Trademark Application No. 98,724,373 (the "**Claimant's US Application**"), which has not yet been registered, advertised, approved or even examined for use in the United States.

The particulars and pending status of the Claimant's US Application can be found at the following link: https://tsdr.uspto.gov/#caseNumber=98724373&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch

5) <u>**Conclusion**</u>

The Respondent submits that the above reasons and the associated supporting documentation provided by the Respondent are sufficient for Apple to conclude that the Claimant has no basis to assert that the Respondent's App infringes the Claimant's rights in the Claimant's Trademark.

We thus assure Apple that the Respondent's App does not infringe Claimant's rights,


Yours very truly,


Monique M. Couture

MMC:lr

# Schedule 1

Innovation, Sciences et
Développement économique Canada
Office de la propriété intellectuelle du Canada

Innovation, Science and
Economic Development Canada
Canadian Intellectual Property Office

# Marque de commerce / Trademark
CERTIFICAT D'ENREGISTREMENT                    CERTIFICATE OF REGISTRATION

LMC
TMA **1,233,201**
*Numéro d'enregistrement*
*Registration number*

Numéro de la demande / Application number
2053364

Numéro EI / IR number
1551725

Date d'enregistrement / Registration date
17 mai/May 2024

*La présente certifie que la marque de commerce identifiée sur ce certificat a été enregistrée. L'extrait ci-joint est une copie conforme de l'inscription de son enregistrement.*

*This is to certify that the trademark identified on this certificate has been registered and that the attached extract is a true copy of the record of its registration.*

## COHESITY

*Registraire des marques de commerce*
*Registrar of Trademarks*



# Schedule 2



**WIPO | MADRID**
The International
Trademark System

## CERTIFICATE OF REGISTRATION

The International Bureau of the World Intellectual Property Organization (WIPO) certifies that the indications appearing in the present certificate conform to the recording made in the International Register of Marks maintained under the Madrid Agreement and Protocol.

| | |
|---|---|
| *Reproduction of the mark where the mark is represented in standard characters* | # HELIOS |
| *Registration number* | **1 796 292** |
| *Registration date* | **January 23, 2024** |
| *Date next payment due* | **January 23, 2034** |
| *Name and address of holder* | Cohesity, Inc.<br>300 Park Avenue, San Jose CA 95110 (United States of America) |
| *Legal nature of the holder (legal entity) and place of organization* | CORPORATION, Delaware, United States |
| *Name and address of the representative* | Carrie L. Kiedrowski Jones Day, 250 Vesey Street, New York NY 10281-1047 (United States of America) |
| *List of goods and services NCL(12-2024)* | 9  Hyperconverged infrastructure (HCI) data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security. |

WORLD
**INTELLECTUAL PROPERTY**
ORGANIZATION

34, chemin des Colombettes
1211 Geneva 20, Switzerland
www.wipo.int

## CERTIFICATE OF REGISTRATION

(continued) **1 796 292**

42 Software-as-a-service (saas) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (saas) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (paas) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (paas) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (paas) featuring computer software platforms for use in data management and data protection; platform-as-a-service (paas) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development.

*Basic application* United States of America, July 2, 2020, 90033868

*Basic registration* United States of America, July 4, 2023, 7095707

*Designations under the Madrid Protocol* Australia, Canada, European Union, India, Indonesia, Japan, Malaysia, Mexico, Singapore, Thailand

*Declaration of intention to use the mark* India, Malaysia, Singapore

*Date of notification* June 27, 2024

*Language of the international application* English

Hongbing Chen
Director, Madrid Operations Division
Madrid Registry
Brands and Designs Sector

Geneva, June 27, 2024

 

רשות הפטנטים
ISRAEL PATENT OFFICE
سلطة براءات الاختراع

משרד המשפטים
MINISTRY OF JUSTICE وزارة العدل

## תעודת רישום סימן מסחר
# CERTIFICATE OF TRADEMARK REGISTRATION

This is to certify that the following particulars have been recorded in the Register of Trade Marks.

זאת לתעודה כי הפרטים להלן נרשמו בפנקס סימני המסחר.

## HELIOS

| | | |
|---|---|---|
| Trade Mark No. | 361255 | מספר סימן |
| Application Date | 19/02/2023 | תאריך הגשה |
| Expiration Date | 19/02/2033 | תאריך תום תוקף |

**Goods/Services**

Class 9:
Hyperconverged infrastructure being HCI data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable

**סחורות/שירותים**

סוג 9:
תשתית אחודה בהיותה פלטפורמת ניהול נתונים של תשתית אחודה הכוללת תוכנות ניתנות להורדה לשילוב של שרתי מחשב, של רשתות מחשבים ושל אחסון נתונים בפתרון יחיד לשימוש בניהול נתונים ובניהול תשתית מערכות מידע וייישומי טכנולוגיית מידע; תוכנות מחשב הניתנות להורדה, דהיינו, פלטפורמת תוכנות מחשב אחת לניהול נתונים לצורך ניהול נתונים המבוזרים על פני מספר מיקומים, מרכזי נתונים, עננים ציבוריים, עננים פרטיים ועננים היברידיים; פלטפורמת ניתוח תוכנות מחשב הניתנות להורדה מסוג של תוכנות מחשוב ענן הניתנות להורדה לצורך ניתוח, ליזואליזציה ולתפעול של כמויות גדולות של נתונים לא מובנים, של נתונים מובנים ושל נתונים חצי מובנים המבוזרים על פני מספר מיקומים, מרכזי נתונים, עננים ציבוריים, עננים פרטיים ועננים היברידיים; תוכנת מחשב הניתנת להורדה המאפשרת ניהול של מקורות נתונים מבוזרים בממשק משתמש יחיד; תוכנת מחשב הניתנת להורדה לניהול נתונים; תוכנת מחשב הניתנת להורדה לאחסון נתונים, גיבוי נתונים, הגנת נתונים, ניוד נתונים, אחסון נתונים בארכיון, ניתוח נתונים, חיפוש נתונים, אינדוקס נתונים, אחזור נתונים, דיווח נתונים, מניעת כפילות נתונים, יתירות נתונים ושחזור ושכפול נתונים; תוכנת



computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security

-

Class 35:
Providing an online marketplace for buyers and sellers of goods and services

Class 41:
Educational and training services, namely, providing online and in-person classes and workshops, and non-downloadable webinars and online instructional videos via a video-on-demand service, all in the fields of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery; online journals, namely, blogs on the subjects of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery

Class 42:
Software-as-a-service (SaaS) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (SaaS) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (PaaS) featuring a single computer software

מחשב לניהול בסיסי נתונים הניתנות להורדה לשימוש בתחום ניהול נתונים ומידע ארגוני; תוכנות מחשב הניתנות להורדה לשחזור ולשכפול נתונים לאחר התאוששות מאסון; כלי תכנות הניתנים להורדה; תוכנות מבוססת ענן הניתנות להורדה לניהול נתונים; אפליקציית מובייל ניתנת להורדה לניהול נתונים מסוג של אחסון נתונים, גיבוי נתונים, הגנת נתונים, ניוד נתונים, אחסון נתונים בארכיון, ניתוח נתונים, חיפוש נתונים, אינדוקס נתונים, אחזור נתונים, התראות נתונים, ניטור נתונים, דיווח נתונים, מניעת כפילות נתונים, יתירות נתונים ושחזור ושכפול נתונים; אפליקציית מובייל ניתנת להורדה לשחזור ולשכפול נתונים לאחר התאוששות מאסון; אפליקציית מובייל, ניתנת להורדה לניהול ולתפעול תוכנות בתחומי אבטחת נתונים, הערכת תאימות לתקנות ואבטחת סייבר.

-

סוג 35:
אספקת שוק מקוון לקונים ומוכרים של טובין ושירותים.

-

סוג 41:
שירותים חינוכיים ושירותי אימונים, דהיינו, אספקת שיעורים וסדנאות מקוונים ואספקת שיעורים וסדנאות באופן אישי, ווובינרים שאינם ניתנים להורדה וסרטוני הדרכה מקוונים שאינם ניתנים להורדה באמצעות שירות וידאו על פי דרישה, כולם בתחומי ניהול נתונים, אחסון נתונים, גיבוי ושחזור נתונים, טכנולוגיית מידע, תוכנות וחומרת מחשב, מערכות מחשבים, טכנולוגיה ארגונית, מחשוב ענן, אבטחת מחשבים ותוכנית התאוששות מאסון; כתבי עת מקוונים, דהיינו, בלוגים בנושאים של ניהול נתונים, אחסון נתונים, גיבוי ושחזור נתונים, טכנולוגיית מידע, תוכנות וחומרת מחשב, מערכות מחשבים, טכנולוגיה ארגונית, מחשוב ענן, אבטחת מחשבים ותוכנית התאוששות מאסון.

-

סוג 42:
שירותי תוכנה כשירות (אס.אי.אי.אס) המציגים תוכנות לשימוש בניהול נתונים, באחסון נתונים, בגיבוי נתונים, בהגנת נתונים, בניוד נתונים, באחסון נתונים בארכיון, בניתוח נתונים, בחיפוש נתונים, באינדוקס נתונים, באחזור נתונים, בדיווח נתונים, במניעת כפילות נתונים, ביתירות נתונים ובשחזור ובשכפול נתונים; שירותי תוכנה כשירות (אס.אי.אי.אס) המציגים תוכנות לשימוש בניתוח הגנת נתונים למטרות אבטחת סייבר ואבטחת מחשבים; פלטפורמה כשירות (פי.אי.אי.אס) המציגה פלטפורמת תוכנות מחשב אחת לניהול נתונים מבוזרים על פני מספר מיקומים, מרכזי נתונים, עננים ציבוריים,



platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (PaaS) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (PaaS) featuring computer software platforms for use in data management and data protection; platform-as-a-service (PaaS) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development; Information technology consulting services; consulting services in the field of cloud computing technology, infrastructure-as-a-service (IaaS) cloud computing technology, software-as-a-service (SaaS) cloud computing technology, and platform-as-a-service (PaaS) cloud computing technology; computer technology support services, namely, help desk services, namely, including remote help desk services; technical support services, namely, remote and onsite infrastructure management services for monitoring, administration and management of public and private cloud computing it and application systems; remote and on-site computer technology consultancy services in the fields of data protection, computer hardware and computer software; computer services, namely, cloud hosting provider services; computer programming for others; computer software development for others; computer software development in the field of mobile applications; customizing computer software; computer services, namely, integration of private and public cloud computing environments on a subscription or pay-per-use basis; platform-as-a-service (PaaS) featuring computer software platforms being computer

עננים פרטיים ועננים היברידיים; פלטפורמה כשירות (פי.איי.איי.אס) המציגה פלטפורמות לניתוח תוכנות מחשב לצורך ניתוח, ליזואליזציה ולתפעול של כמויות גדולות של נתונים בממשק משתמש יחיד; אספקת שימוש זמני בתוכנה מקוונות שאינן ניתנות להורדה לשימוש בניהול נתונים, באחסון נתונים, בגיבוי נתונים, בהגנת נתונים, בנידי נתונים, באחסון נתונים בארכיון, בניתוח נתונים, בחיפוש נתונים, באינדוקס נתונים, באחזור נתונים, בדיווח נתונים, במניעת כפילות נתונים, ביתירות נתונים ובשחזור ובשכפול נתונים; אחסון נתונים אלקטרוניים לאחסון נתונים אלקטרוניים בארכיון; שירותי מחשב, דהיינו, הערכת וניתוח איומי אבטחת מחשב ברשת להגנה על נתונים על מנת להבטיח עמידה בתקני התעשייה; פלטפורמה כשירות (פי.איי.איי.אס) המציגה פלטפורמות תוכנת מחשב לשימוש בניהול נתונים ובהגנת נתונים; פלטפורמה כשירות (פי.איי.איי.אס) המציגה פלטפורמות תוכנת מחשב המאפשרות עיבוד נתונים וניהול נתונים; אספקת מערכות מחשב וירטואלי וסביבות מחשב וירטואלי באמצעות מחשוב ענן על בסיס מנוי או על בסיס תשלום לפי שימוש; תכנון תוכנית התאוששות מאסון; מחשוב ענן המציע תוכנות לגיבוי נתונים אלקטרוניים, לשחזור נתונים לאחר אסון, אחסון אלקטרוני לאחסון נתונים אלקטרוניים בארכיון וניתוח איומי אבטחת מחשב ברשת להגנה על נתונים; מחשוב ענן המציג תוכנות לשימוש בפיתוח תוכנות מחשב; שירותי ייעוץ לגבי טכנולוגיית מידע; שירותי ייעוץ בתחום טכנולוגיית מחשוב ענן, טכנולוגיית מחשוב ענן מסוג תשתית כשירות (איי.איי.איי.אס), טכנולוגיית מחשוב ענן מסוג תוכנה כשירות (אס.איי.איי.אס) וטכנולוגיית מחשוב ענן מסוג פלטפורמה כשירות (פי.איי.איי.אס); שירותי תמיכה בטכנולוגיית מחשבים, דהיינו, שירותם לקוחות ושירותי מוקד תמיכה ללקוחות, דהיינו, לרבות שירות לקוחות ושירותי מוקד תמיכה ללקוחות מרחוק; שירותי תמיכה טכנית, דהיינו, שירותם ניהול תשתית מרחוק ובמקום עצמו לניטור, לטיפול ולניהול של טכנולוגיית מידע מחשוב ענן ציבורי ושל מחשוב ענן פרטי ומערכות יישום; שירותי ייעוץ טכנולוגיה מחשבים מרחוק ובמקום עצמו בתחומי הגנת נתונים, חומרת מחשב ותוכנת מחשב; שירותי מחשב, דהיינו, שירותי ספק אחסון בענן; תכנות מחשב עבור אחרים; פיתוח תוכנת מחשב עבור אחרים; פיתוח תוכנות בתחום אפליקציות מובייל; התאמה אישית של תוכנות מחשב; שירותי מחשב, דהיינו, אינטגרציה של סביבות מחשוב ענן פרטית וציבורי על בסיס מנוי או על בסיס תשלום לפי שימוש; פלטפורמה כשירות (פי.איי.איי.אס) המציגה פלטפורמות תוכנת מחשב שהן כלי תכנות.

software development tools

**Owners**
Name: Cohesity, Inc.
(Delaware Corporation)
Address: 300 Park Avenue, San Jose,
California, 95110, U.S.A.

| | | |
|---|---|---|
| Publication Date | 01/02/2024 | תאריך פרסום |
| Entry in Register | 02/05/2024 | נרשם בפנקס |

ז׳קלין ברכה Jacqueline Bracha
סגנית רשם הפטנטים
**Deputy Commissioner of Patents**

תעודה זו, כשהיא מוטבעת בחותם הרשות, הינה אישור כי הסימן נרשם בפנקס סימני המסחר.
This Certificate when impressed with the seal of the Office certifies, that the mark has been recorded in the Register of Trade Marks

מספר זיהוי: 6
מספרכם: 105/23



JONES DAY

# TRADE/SERVICE MARK REGISTER
# INFORMATION RECORD

**COUNTRY:** ISRAEL

| | |
|---|---|
| **TRADE/SERVICE MARK:** | HELIOS |
| **REGISTRANT:** | COHESITY, INC. |
| **APP. DATE:** | FEBRUARY 19, 2023 |
| **REG. NUMBER:** | 361255 |
| **REG. DATE:** | MAY 2, 2024 |
| **DURATION:** | 10 YEARS |
| **RENEWAL DUE:** | FEBRUARY 19, 2033 |
| **BASED ON:** | |
| **GOODS/SERVICES:** | SPECIFICATION OF GOODS/SERVICES ATTACHED |

## RENEWAL RECORD

LAST
**RENEWED:**

## SPECIAL ACTION

**None**

## SPECIAL REMARKS

**USER REQUIREMENTS:**  If the trademark has not been used within three years from the date of registration or has not been used for at least three consecutive years, it may be vulnerable to cancellation.

**MARKING:**          "Registered Trademark" OR "®" optional

JONES DAY

## <u>SPECIFICATION OF GOODS/SERVICES</u>

Class 9:    Hyperconverged infrastructure being HCI data management platform comprising downloadable software for integrating computer servers, computer networks, and data storage into a single solution for purposes of data management and managing information technology infrastructure and applications; downloadable computer software, namely, a single data management computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software analytics platform in the nature of downloadable cloud computing software for analyzing, visualizing, and manipulating large quantities of unstructured, structured, and semi-structured data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; downloadable computer software that enables management of distributed data sources in a single user interface; downloadable computer software for data management; downloadable computer software for data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable database management computer software for use in the field of enterprise data and information management; downloadable computer software for data disaster recovery and replication; downloadable computer software development tools; downloadable cloud-based software for data management; downloadable mobile application for data management in the nature of data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data notifications, data monitoring, data reporting, data deduplication, data redundancy and data recovery and replication; downloadable mobile application for data disaster recovery and replication; downloadable mobile application for managing and operating software in the fields of data security, compliance assessment, and cyber security

Class 35:    Providing an online marketplace for buyers and sellers of goods and services

Class 41:    Educational and training services, namely, providing online and in-person classes and workshops, and non-downloadable webinars and online instructional videos via a video-on-demand service, all in the fields of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery; online journals, namely, blogs on the subjects of data management, data storage, data backup and recovery, information technology, computer software and hardware, computer systems, enterprise technology, cloud computing, computer security and disaster recovery

Class 42:    Software-as-a-service (SaaS) services featuring software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data

reporting, data deduplication, data redundancy and data recovery and replication; software-as-a-service (SaaS) services featuring software for use in data protection analysis for cybersecurity and computer security purposes; platform-as-a-service (PaaS) featuring a single computer software platform for managing data distributed across multiple locations, data centers, public clouds, private clouds and hybrid clouds; platform-as-a-service (PaaS) featuring computer software analytics platforms for analyzing, visualizing, and manipulating large quantities of data in a single user interface; providing temporary use of on-line non-downloadable software for use in data management, data storage, data backup, data protection, data migration, data archival, data analytics, data searching, data indexing, data retrieval, data reporting, data deduplication, data redundancy and data recovery and replication; electronic data storage for archiving electronic data; computer services, namely, computer security threat evaluation and analysis for protecting data to assure compliance with industry standards; platform-as-a-service (PaaS) featuring computer software platforms for use in data management and data protection; platform-as-a-service (PaaS) featuring computer software platforms for enabling data processing and data management; providing virtual computer systems and virtual computer environments through cloud computing on a subscription or pay-per-use basis; computer disaster recovery planning; cloud computing featuring software for electronic data back-up, disaster data recovery, electronic storage for archiving electronic data, and computer security threat analysis for protecting data; cloud computing featuring software for use in computer software development; information technology consulting services; consulting services in the field of cloud computing technology, infrastructure-as-a-service (IaaS) cloud computing technology, software-as-a-service (SaaS) cloud computing technology, and platform-as-a-service (PaaS) cloud computing technology; computer technology support services, namely, help desk services, namely, including remote help desk services; technical support services, namely, remote and onsite infrastructure management services for monitoring, administration and management of public and private cloud computing it and application systems; remote and on-site computer technology consultancy services in the fields of data protection, computer hardware and computer software; computer services, namely, cloud hosting provider services; computer programming for others; computer software development for others; computer software development in the field of mobile applications; customizing computer software; computer services, namely, integration of private and public cloud computing environments on a subscription or pay-per-use basis; platform-as-a-service (PaaS) featuring computer software platforms being computer software development tools



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, Indústria, Comércio e Serviços
Instituto Nacional da Propriedade Industrial
Diretoria de Marcas, Desenhos Industriais e Indicações Geográficas

# Certificado de registro de marca

### Processo nº: 928622703

**O Instituto Nacional da Propriedade Industrial, para garantia da propriedade e do uso exclusivo, certifica que a marca abaixo reproduzida encontra-se registrada nos termos das normas legais e regularmente em vigor, mediante as seguintes características e condições:**

### HELIOS

Data de depósito: 10/11/2022
Data da concessão: 02/04/2024
Fim da vigência: 02/04/2034

Titular: COHESITY, INC. [US]
Endereço: 300 Park Avenue, San Jose, California 95110,        , ESTADOS UNIDOS

Apresentação: Nominativa
Natureza: Marca de Produto/Serviço
NCL(11): 35
Especificação: Operação de um mercado on-line [marktplace] através de um site [website] com aplicativos de software baixáveis baseados em nuvem. Exclui-se a venda e distribuição de produtos alimentícios. (da classe 35)

Rio de Janeiro, 02/04/2024

**Schmuell Lopes Cantanhêde
Diretor**

A proteção conferida pelo presente registro de marca tem como limite o disposto no art. 124, incisos II, VI, VIII, XVIII e XXI, da Lei nº 9.279, de 14 de maio de 1996.



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, Indústria, Comércio e Serviços
Instituto Nacional da Propriedade Industrial
Diretoria de Marcas, Desenhos Industriais e Indicações Geográficas

## Certificado de registro de marca

**Processo nº: 928623777**

**O Instituto Nacional da Propriedade Industrial, para garantia da propriedade e do uso exclusivo, certifica que a marca abaixo reproduzida encontra-se registrada nos termos das normas legais e regularmente em vigor, mediante as seguintes características e condições:**

### HELIOS

Data de depósito: 10/11/2022
Data da concessão: 26/03/2024
Fim da vigência: 26/03/2034

Titular: COHESITY, INC. [US]
Endereço: 300 Park Avenue, San Jose, California 95110,        , ESTADOS UNIDOS

Apresentação: Nominativa
Natureza: Marca de Produto/Serviço
NCL(11): 42
Especificação: Serviços de consultoria em tecnologia da informação; serviços de consultoria no domínio da tecnologia de computação em nuvem, tecnologia de computação em nuvem de infraestrutura como serviço (iaas), tecnologia de computação em nuvem de software como serviço (saas) e plataforma como serviço (paas) de tecnologia de computação nuvem; serviços de suporte tecnológico computacional, a saber, serviços de help desk, a saber, serviços de help desk remoto; serviços de apoio técnico, a saber, serviços de gestão de infraestruturas remotas e no local [on-site] para monitoramento, administração e gestão de sistemas computacionais e de aplicações de computação em nuvem pública e privada; serviços de consultoria computacional remota e no local [on-site] nos domínios da proteção de dados, hardware e software computacionais; serviços computacionais, a saber, serviços de provedor de hospedagem em nuvem; programação de computadores para terceiros; desenvolvimento de software computacional para terceiros; desenvolvimento de software no domínio dos aplicativos móveis; customização de software de computador; serviços computacionais, a saber, integração de ambientes de computação em nuvem privados e públicos por assinatura ou pagamento por utilização [pay-per-use]; plataforma como serviço (paas) com plataformas de software de computador sendo ferramentas de desenvolvimento de software de computador.  (da classe 42)



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, Indústria, Comércio e Serviços
Instituto Nacional da Propriedade Industrial
Diretoria de Marcas, Desenhos Industriais e Indicações Geográficas

# Certificado de registro de marca

**Processo nº: 928623777**

Rio de Janeiro, 26/03/2024

**Schmuell Lopes Cantanhêde**
**Diretor**

A proteção conferida pelo presente registro de marca tem como limite o disposto no art. 124, incisos II, VI, VIII, XVIII e XXI, da Lei nº 9.279, de 14 de maio de 1996.

 REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, Indústria, Comércio e Serviços
Instituto Nacional da Propriedade Industrial
Diretoria de Marcas, Desenhos Industriais e Indicações Geográficas

# Certificado de registro de marca

### Processo nº: 928622762

**O Instituto Nacional da Propriedade Industrial, para garantia da propriedade e do uso exclusivo, certifica que a marca abaixo reproduzida encontra-se registrada nos termos das normas legais e regularmente em vigor, mediante as seguintes características e condições:**

### HELIOS

Data de depósito: 10/11/2022
Data da concessão: 26/03/2024
Fim da vigência: 26/03/2034

Titular: COHESITY, INC. [US]
Endereço: 300 Park Avenue, San Jose, California 95110,         , ESTADOS UNIDOS

Apresentação: Nominativa
Natureza: Marca de Produto/Serviço
NCL(11): 9
Especificação: Infraestrutura hiperconvergente sendo uma plataforma de gerenciamento de dados HCI com software baixável para integração de servidores de computadores, redes de computador e armazenamento de dados em uma única solução para fins de gerenciamento de dados e gerenciamento de infraestrutura e aplicativos de tecnologia da informação; software de computador baixável, a saber, uma plataforma de software de computador de gerenciamento de dados única para gerenciamento de dados distribuídos em vários locais, centros de dados, nuvens públicas, nuvens privadas e nuvens híbridas; plataforma de análise de software de computador baixável sob a forma de software de computação em nuvem baixável para análise, visualização e manipulação de grandes quantidades de dados não estruturados, estruturados e semiestruturados distribuídos por vários locais, centros de dados, nuvens públicas, nuvens privadas e nuvens híbridas; software baixável que permite o gerenciamento de fontes de dados distribuídas numa única interface de usuário; software de computador baixável para gerenciamento de dados; software baixável para armazenamento de dados, backup de dados, proteção de dados, migração de dados, arquivamento de dados, análise de dados, pesquisa de dados, indexação de dados, recuperação de dados, relatórios de dados, desduplicação de dados, redundância de dados e recuperação e replicação de dados; software de gestão de bases de dados baixável para uso no domínio do gerenciamento de dados e informações empresariais; software de computador baixável para recuperação e replicação de dados em caso de desastre; ferramentas de desenvolvimento de software baixáveis; software baixável



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, Indústria, Comércio e Serviços
Instituto Nacional da Propriedade Industrial
Diretoria de Marcas, Desenhos Industriais e Indicações Geográficas

# Certificado de registro de marca

### Processo nº: 928622762

baseado em nuvem para gerenciamento de dados; aplicativo móvel baixável para gerenciamento de dados sob a forma de armazenamento de dados, backup de dados, proteção de dados, migração de dados, arquivamento de dados, análise de dados, pesquisa de dados, indexação de dados, recuperação de dados, notificações de dados, monitoramento de dados, relatórios de dados, desduplicação de dados, redundância de dados e recuperação e replicação de dados; aplicativo móvel baixável para recuperação e replicação de desastres de dados; aplicativo móvel baixável para gerenciamento e operação de software nas áreas de segurança de dados, avaliação de conformidade e segurança cibernética. (da classe 9)

Rio de Janeiro, 26/03/2024

**Schmuell Lopes Cantanhêde**
**Diretor**

A proteção conferida pelo presente registro de marca tem como limite o disposto no art. 124, incisos II, VI, VIII, XVIII e XXI, da Lei nº 9.279, de 14 de maio de 1996.



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, Indústria, Comércio e Serviços
Instituto Nacional da Propriedade Industrial
Diretoria de Marcas, Desenhos Industriais e Indicações Geográficas

# Certificado de registro de marca

## Processo nº: 928622860

**O Instituto Nacional da Propriedade Industrial, para garantia da propriedade e do uso exclusivo, certifica que a marca abaixo reproduzida encontra-se registrada nos termos das normas legais e regularmente em vigor, mediante as seguintes características e condições:**

### HELIOS

Data de depósito: 10/11/2022
Data da concessão: 26/03/2024
Fim da vigência: 26/03/2034

Titular: COHESITY, INC. [US]
Endereço: 300 Park Avenue, San Jose, California 95110,     , ESTADOS UNIDOS

Apresentação: Nominativa
Natureza: Marca de Produto/Serviço
NCL(11): 41
Especificação: Serviços de educação e treinamento, a saber, fornecimento de aulas e workshops online e presenciais, bem como webinários e vídeos de instrução não baixáveis através de um serviço de vídeo sob demanda [on-demand], todos nos domínios de gerenciamento de dados, armazenamento de dados, cópia de segurança e recuperação de dados, tecnologia da informação, software e hardware de computador, sistemas computacionais, tecnologia empresarial, computação em nuvem, segurança informática e recuperação de desastres; jornais online, a saber, blogues sobre gerenciamento de dados, armazenamento de dados, backup e recuperação de dados, tecnologia da informação, software e hardware computacionais, sistemas computacionais, tecnologia empresarial, computação em nuvem, segurança computacional e recuperação de desastres. (da classe 41)



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, Indústria, Comércio e Serviços
Instituto Nacional da Propriedade Industrial
Diretoria de Marcas, Desenhos Industriais e Indicações Geográficas

# Certificado de registro de marca

**Processo nº: 928622860**

Rio de Janeiro, 26/03/2024

**Schmuell Lopes Cantanhêde**
**Diretor**

A proteção conferida pelo presente registro de marca tem como limite o disposto no art. 124, incisos II, VI, VIII, XVIII e XXI, da Lei nº 9.279, de 14 de maio de 1996.

# United States of America

## United States Patent and Trademark Office

# HELIOS

**Reg. No. 7,095,707**

**Registered Jul. 04, 2023**

**Int. Cl.: 9, 42**

**Service Mark**

**Trademark**

**Principal Register**

Cohesity, Inc.  (DELAWARE CORPORATION)
300 Park Avenue
San Jose, CALIFORNIA 95110

CLASS 9: HYPERCONVERGED INFRASTRUCTURE BEING HCI DATA MANAGEMENT PLATFORM COMPRISING DOWNLOADABLE SOFTWARE FOR INTEGRATING COMPUTER SERVERS, COMPUTER NETWORKS, AND DATA STORAGE INTO A SINGLE SOLUTION FOR PURPOSES OF DATA MANAGEMENT AND MANAGING INFORMATION TECHNOLOGY INFRASTRUCTURE AND APPLICATIONS; DOWNLOADABLE COMPUTER SOFTWARE, NAMELY, A SINGLE DATA MANAGEMENT COMPUTER SOFTWARE PLATFORM FOR MANAGING DATA DISTRIBUTED ACROSS MULTIPLE LOCATIONS, DATA CENTERS, PUBLIC CLOUDS, PRIVATE CLOUDS AND HYBRID CLOUDS; DOWNLOADABLE COMPUTER SOFTWARE ANALYTICS PLATFORM IN THE NATURE OF DOWNLOADABLE CLOUD COMPUTING SOFTWARE FOR ANALYZING, VISUALIZING, AND MANIPULATING LARGE QUANTITIES OF UNSTRUCTURED, STRUCTURED, AND SEMI-STRUCTURED DATA DISTRIBUTED ACROSS MULTIPLE LOCATIONS, DATA CENTERS, PUBLIC CLOUDS, PRIVATE CLOUDS AND HYBRID CLOUDS; DOWNLOADABLE COMPUTER SOFTWARE THAT ENABLES MANAGEMENT OF DISTRIBUTED DATA SOURCES IN A SINGLE USER INTERFACE; DOWNLOADABLE COMPUTER SOFTWARE FOR DATA MANAGEMENT; DOWNLOADABLE COMPUTER SOFTWARE FOR DATA STORAGE, DATA BACKUP, DATA PROTECTION, DATA MIGRATION, DATA ARCHIVAL, DATA ANALYTICS, DATA SEARCHING, DATA INDEXING, DATA RETRIEVAL, DATA REPORTING, DATA DEDUPLICATION, DATA REDUNDANCY AND DATA RECOVERY AND REPLICATION; DOWNLOADABLE DATABASE MANAGEMENT COMPUTER SOFTWARE FOR USE IN THE FIELD OF ENTERPRISE DATA AND INFORMATION MANAGEMENT; DOWNLOADABLE COMPUTER SOFTWARE FOR DATA DISASTER RECOVERY AND REPLICATION; DOWNLOADABLE COMPUTER SOFTWARE DEVELOPMENT TOOLS; DOWNLOADABLE CLOUD-BASED SOFTWARE FOR DATA MANAGEMENT; DOWNLOADABLE MOBILE APPLICATION FOR DATA MANAGEMENT IN THE NATURE OF DATA STORAGE, DATA BACKUP, DATA PROTECTION, DATA MIGRATION, DATA ARCHIVAL, DATA ANALYTICS, DATA SEARCHING, DATA INDEXING, DATA RETRIEVAL, DATA NOTIFICATIONS, DATA MONITORING, DATA

*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



REPORTING, DATA DEDUPLICATION, DATA REDUNDANCY AND DATA RECOVERY AND REPLICATION; DOWNLOADABLE MOBILE APPLICATION FOR DATA DISASTER RECOVERY AND REPLICATION; DOWNLOADABLE MOBILE APPLICATION FOR MANAGING AND OPERATING SOFTWARE IN THE FIELDS OF DATA SECURITY, COMPLIANCE ASSESSMENT, AND CYBER SECURITY

FIRST USE 8-21-2018; IN COMMERCE 8-21-2018

CLASS 42: SOFTWARE-AS-A-SERVICE (SAAS) SERVICES FEATURING SOFTWARE FOR USE IN DATA MANAGEMENT, DATA STORAGE, DATA BACKUP, DATA PROTECTION, DATA MIGRATION, DATA ARCHIVAL, DATA ANALYTICS, DATA SEARCHING, DATA INDEXING, DATA RETRIEVAL, DATA REPORTING, DATA DEDUPLICATION, DATA REDUNDANCY AND DATA RECOVERY AND REPLICATION; SOFTWARE-AS-A-SERVICE (SAAS) SERVICES FEATURING SOFTWARE FOR USE IN DATA PROTECTION ANALYSIS FOR CYBERSECURITY AND COMPUTER SECURITY PURPOSES; PLATFORM-AS-A-SERVICE (PAAS) FEATURING A SINGLE COMPUTER SOFTWARE PLATFORM FOR MANAGING DATA DISTRIBUTED ACROSS MULTIPLE LOCATIONS, DATA CENTERS, PUBLIC CLOUDS, PRIVATE CLOUDS AND HYBRID CLOUDS; PLATFORM-AS-A-SERVICE (PAAS) FEATURING COMPUTER SOFTWARE ANALYTICS PLATFORMS FOR ANALYZING, VISUALIZING, AND MANIPULATING LARGE QUANTITIES OF DATA IN A SINGLE USER INTERFACE; PROVIDING TEMPORARY USE OF ON-LINE NON-DOWNLOADABLE SOFTWARE FOR USE IN DATA MANAGEMENT, DATA STORAGE, DATA BACKUP, DATA PROTECTION, DATA MIGRATION, DATA ARCHIVAL, DATA ANALYTICS, DATA SEARCHING, DATA INDEXING, DATA RETRIEVAL, DATA REPORTING, DATA DEDUPLICATION, DATA REDUNDANCY AND DATA RECOVERY AND REPLICATION; ELECTRONIC DATA STORAGE FOR ARCHIVING ELECTRONIC DATA; COMPUTER SERVICES, NAMELY, COMPUTER SECURITY THREAT EVALUATION AND ANALYSIS FOR PROTECTING DATA TO ASSURE COMPLIANCE WITH INDUSTRY STANDARDS; PLATFORM-AS-A-SERVICE (PAAS) FEATURING COMPUTER SOFTWARE PLATFORMS FOR USE IN DATA MANAGEMENT AND DATA PROTECTION; PLATFORM-AS-A-SERVICE (PAAS) FEATURING COMPUTER SOFTWARE PLATFORMS FOR ENABLING DATA PROCESSING AND DATA MANAGEMENT; PROVIDING VIRTUAL COMPUTER SYSTEMS AND VIRTUAL COMPUTER ENVIRONMENTS THROUGH CLOUD COMPUTING ON A SUBSCRIPTION OR PAY-PER-USE BASIS; COMPUTER DISASTER RECOVERY PLANNING; CLOUD COMPUTING FEATURING SOFTWARE FOR ELECTRONIC DATA BACK-UP, DISASTER DATA RECOVERY, ELECTRONIC STORAGE FOR ARCHIVING ELECTRONIC DATA, AND COMPUTER SECURITY THREAT ANALYSIS FOR PROTECTING DATA; CLOUD COMPUTING FEATURING SOFTWARE FOR USE IN COMPUTER SOFTWARE DEVELOPMENT

FIRST USE 8-21-2018; IN COMMERCE 8-21-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 90-033,868, FILED 07-02-2020

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO).  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# Exhibit N

Facebook Canadian TM notice

## Trademark Report Form

A trademark is a word, slogan, symbol or design (e.g. a brand name or logo) that a person or company uses to distinguish their products or services from those offered by others. This form is to be used only for reporting alleged infringements of your trademark rights. Abuse of this form may result in the termination of your account.

- ● **Continue with my trademark report**

- ○ **I've found content that I believe offers counterfeit goods**

Describe your relationship to the rights owner.

- ○ **I am the rights owner**
- ● **I am reporting on behalf of my organisation or client**
- ○ **I am reporting on behalf of someone else**

### Your contact information

If you choose to submit this report, we will provide the rights owner's name, your email address and the nature of your report to the person who posted the content that you are reporting. This person may use the information that you provide to contact you about the report and attempt to resolve the issue. For this reason, you may wish to provide a valid business or professional email address.

Your full name

> Kipling Conrad Singh Warner

Postal address

> Suite 1750 - 1055 West Georgia Street
> Vancouver, BC  V6E 3P3
> Canada

Email address

Please provide a valid email address that can be used to contact you. This may be a professional or business email address. Bear in mind that the reported party may use this email address to contact you.

> kip@heliosmusic.io

Confirm your email address

**Rights owner information**

Name of the rights owner

This may be your full name or the name of the organisation for which you are the authorised representative.

CARTESIAN THEATRE CORP.

Attachment

Please provide any documentation proving that you are the rights owner or that you are authorized to submit this form on behalf of the rights owner.

Browse... No files selected.

× 2022-02-22 - Consent to Act as Director.pdf

Please provide a link to the rights owner's official online presence.

(E.g. a website, Facebook Page etc.)

https://www.heliosmusic.io

What is the trademark?

Please provide information for one trademark at a time. You will have an opportunity to list additional trademarks at the end of this section.

HELIOS

Where is the trademark registered?

Canada ⌄

What is the trademark registration number (if applicable)?

If possible, also provide a link (URL) leading directly to the trademark registration.

TMA1260843:

https://ised-isde.canada.ca/cipo/trademark-search/2013787

☐ I have additional trademarks

Attachment

If possible, please provide a scanned copy of your trademark registration certificate(s) or screenshot of your registration on the website or database of the applicable national or community intellectual property office(s).

Please note that we only support the following file formats: JPG, GIF, PNG, TIFF and PDF.

Browse... No file selected.

✕ 2024-10-04 - Registration Certificate.pdf
✕ 2024-10-04 - Registration Page.pdf

## Content that you want to report

Why do you believe that this content infringes the rights owner's trademark rights?

- ☑ **This photo, video, post, story or ad uses the rights owner's trademark**
- ☐ **The rights owner's trademark is used in the profile picture, name, username or bio**
- ☐ **Other**

Please provide links (URLs) leading directly to the specific content that you are reporting.

You can report multiple links (URLs) in this report. To do so, enter the links (URLs) in the box below, separated by spaces or commas.

https://www.facebook.com/cohesity/videos/1176743512673849/
https://www.facebook.com/cohesity/videos/709335963222932/
https://www.facebook.com/cohesity/videos/626120098304774/
https://www.facebook.com/cohesity/videos/943983183910672/
https://www.facebook.com/cohesity/videos/1036966863835819/
https://www.facebook.com/cohesity/videos/260380845196858/
https://www.facebook.com/cohesity/videos/559140188096293/
https://www.facebook.com/cohesity/videos/1105128700318899/
https://www.facebook.com/cohesity/videos/1455752108178416/
https://www.facebook.com/cohesity/videos/368196947573949/
https://www.facebook.com/cohesity/videos/1373046229763304/
https://www.facebook.com/cohesity/videos/519150566138558/
https://www.facebook.com/cohesity/videos/532764207802970/
https://www.facebook.com/cohesity/videos/384684810089241/
https://www.facebook.com/cohesity/videos/1632845903746121/
https://www.facebook.com/cohesity/videos/1028771774329227/
https://www.facebook.com/cohesity/videos/4794152897344207/
https://www.facebook.com/cohesity/videos/1701292490064916/
https://www.facebook.com/cohesity/videos/660610428188409/
https://www.facebook.com/cohesity/videos/274012953646824/
https://www.facebook.com/cohesity/videos/1226107704466754/

https://www.facebook.com/cohesity/posts/
pfbid0K3ZpDUkFTdk1jL2Am4juDHV5BceymP2RVrgKM4rANzGi1QDGucBMcWjahJj3az2CI
https://www.facebook.com/cohesity/posts/
pfbid0zwcuu3TvXDDvo1tyYnnRaLKGxKCDPiUJ2td9R61sQghfGb6vTzce7FDCpzKXPsRnl

https://www.facebook.com/cohesity/posts/
pfbid0Z2m04JyJaulEVpipDowmcen37-3waild8wHiled-07/j27/i2aNboxage
https://www.facebook.com/cohesity/posts/
pfbid025eKMKsQ4pgUsHcLcsKaExRjKr2ah5rKrk5N5x9ZHtqYzDKRBSWYQvWXzs7heDz99I
https://www.facebook.com/cohesity/posts/
pfbid0xtFd4Hu9yPVh5JvaJ2qArqvrsPgrXnKYQvhyzSCrnYd6DAjYUap7Nvq45VDwyiRuI
https://www.facebook.com/cohesity/posts/
pfbid0yg81GeXbjLDZFmehgzdvdu7auCcwqrXpXXoGq58U5NLNRjGKYjHWNX6AbZJokPNFl
https://www.facebook.com/cohesity/posts/
pfbid02ec9e91RnhYWocmZxcBoyiPfNDrHnKS8myQUbsREcZo7cBJrS9zRVL4z1jBVLmKk5l
https://www.facebook.com/cohesity/posts/
pfbid0A3DQG7rD4o36ML5CW9JZPhKARMQ9txSbm1TZpzwFzsmRJD3cChfYqEtQC9ZdYnh8l
https://www.facebook.com/cohesity/posts/
pfbid0h2vU3UBSoGUTTF9oeRFk7QURLjwHSZuHw2wfZXhdaBQR2KkCMPbkBFbTuvL6JNaAl

https://www.facebook.com/photo/?fbid=1022292467945371&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1517080505133229&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1018829388291679&set=a.483397335168223
https://www.facebook.com/photo/?fbid=2051836518324289&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1702830176558260&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1125778127596804&set=a.483397335168223
https://www.facebook.com/photo/?fbid=2055125337995407&set=a.483397335168223
https://www.facebook.com/photo/?fbid=2050239331817341&set=a.483397335168223
https://www.facebook.com/photo?fbid=10220476014430624&set=pcb.10220476017870710
https://www.facebook.com/photo?fbid=10220476014070615&set=pcb.10220476017870710
https://www.facebook.com/photo?fbid=10220476016710681&set=pcb.10220476017870710
https://www.facebook.com/photo/?fbid=1215907908583825&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1716746315166646&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1039178172923467&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1028494023991882&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1964145700426705&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1114027255438558&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1034913370016614&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1034377016736916&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1120357014805582&set=a.483397335168223

For more information on how to locate and report active ad URLs using the Ad Library, visit our Help Centre.

Please provide any additional information that can help us understand your report.

Good day,

Cartesian Theatre Corp. ("CT") is a Canadian federally incorporated company. CT has a software product called Helios ("CT Helios") that it markets in Canada. CT Helios manages, searches, and analyses large volumes of managed data; targets B2B enterprise customers; encourages adoption in the media and entertainment space; integrates machine learning or artificial intelligence capabilities; and allows on-premise deployment, among other things:

  https://www.heliosmusic.io

Cohesity, Inc. ("Cohesity") is a company incorporated under the laws of the State of Delaware in the United States. It has a software product called Helios ("Cohesity Helios") that it markets in Canada. CT Helios manages, searches, and analyses large volumes of managed data; targets B2B enterprise customers; encourages adoption in the media and entertainment space; integrates machine learning or artificial intelligence capabilities; and allows on-premise deployment, among other things:

  https://shorturl.at/xrzIN
  https://shorturl.at/0yV6p
  https://shorturl.at/zx8j4

The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to CT under CIPO trademark registration TMA1260843. A copy of that registration can be found in the publicly available docket at the link below:

  https://ised-isde.canada.ca/cipo/trademark-search/2013787

Cohesity has published through its Facebook / Meta channel various promotional related materials on your platform that make use of the "HELIOS" trademark in association with Cohesity Helios without authorization from CT (the "Infringing Materials"). This is likely to lead to confusion in the Canadian marketplace. Particulars have been provided below:

  https://www.facebook.com/cohesity/videos/1176743512673849/
  https://www.facebook.com/cohesity/videos/709335963222932/
  https://www.facebook.com/cohesity/videos/626120098304774/
  https://www.facebook.com/cohesity/videos/943983183910672/
  https://www.facebook.com/cohesity/videos/1036966863835819/
  https://www.facebook.com/cohesity/videos/260380845196858/
  https://www.facebook.com/cohesity/videos/559140188096293/
  https://www.facebook.com/cohesity/videos/1105128700318899/
  https://www.facebook.com/cohesity/videos/1455752108178416/
  https://www.facebook.com/cohesity/videos/368196947573949/
  https://www.facebook.com/cohesity/videos/1373046229763304/
  https://www.facebook.com/cohesity/videos/519150566138558/

https://www.facebook.com/cohesity/videos/532764207802970/
https://www.facebook.com/cohesity/videos/384684819089241/
https://www.facebook.com/cohesity/videos/1632845903746121/
https://www.facebook.com/cohesity/videos/1028771774329227/
https://www.facebook.com/cohesity/videos/4794152897344207/
https://www.facebook.com/cohesity/videos/1701292490064916/
https://www.facebook.com/cohesity/videos/660610428188409/
https://www.facebook.com/cohesity/videos/274012953646824/
https://www.facebook.com/cohesity/videos/1226107704466754/

https://www.facebook.com/cohesity/posts/
pfbid0K3ZpDUkFTdk1jL2Am4juDHV5BceymP2RVrgKM4rANzGi1QDGucBMcWjahJj3az2Cl
https://www.facebook.com/cohesity/posts/
pfbid0zwcuu3TvXDDvo1tyYnnRaLKGxKCDPiUJ2td9R61sQghfGb6vTzce7FDCpzKXPsRnl
https://www.facebook.com/cohesity/posts/
pfbid026x7GzXBf7MQndh6yiTfadEVppDmwMC2L5BP8saYd8wHhVwGT1Jjf2RNpKNboX5UEl
https://www.facebook.com/cohesity/posts/
pfbid025eKMKsQ4pgUsHcLcsKaExRjKr2ah5rKrk5N5x9ZHtqYzDKRBSWYQvWXzs7heDz99l
https://www.facebook.com/cohesity/posts/
pfbid0xtFd4Hu9yPVh5JvaJ2qArqvrsPgrXnKYQvhyzSCrnYd6DAjYUap7Nvq45VDwyiRul
https://www.facebook.com/cohesity/posts/
pfbid0yg81GeXbjLDZFmehgzdvdu7auCcwqrXpXXoGq58U5NLNRjGKYjHWNX6AbZJokPNFl
https://www.facebook.com/cohesity/posts/
pfbid02ec9e91RnhYWocmZxcBoyiPfNDrHnKS8myQUbsREcZo7cBJrS9zRVL4z1jBVLmKk5l
https://www.facebook.com/cohesity/posts/
pfbid0A3DQG7rD4o36ML5CW9JZPhKARMQ9txSbm1TZpzwFzsmRJD3cChfYqEtQC9ZdYnh8l
https://www.facebook.com/cohesity/posts/
pfbid0h2vU3UBSoGUTTF9oeRFk7QURLjwHSZuHw2wfZXhdaBQR2KkCMPbkBFbTuvL6JNaAl

https://www.facebook.com/photo/?fbid=1022292467945371&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1517080505133229&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1018829388291679&set=a.483397335168223
https://www.facebook.com/photo/?fbid=2051836518324289&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1702830176558260&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1125778127596804&set=a.483397335168223
https://www.facebook.com/photo/?fbid=2055125337995407&set=a.483397335168223
https://www.facebook.com/photo/?fbid=2050239331817341&set=a.483397335168223
https://www.facebook.com/photo?fbid=10220476014430624&set=pcb.10220476017870710
https://www.facebook.com/photo?fbid=10220476014070615&set=pcb.10220476017870710
https://www.facebook.com/photo?fbid=10220476016710681&set=pcb.10220476017870710
https://www.facebook.com/photo/?fbid=1215907908583825&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1716746315166646&set=a.483397335168223
https://www.facebook.com/photo/?fbid=10391781729934678&set=a.483397335168223

https://www.facebook.com/photo/?fbid=1028494023991882&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1964145700426705&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1114027255438558&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1034913370016614&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1034377016736916&set=a.483397335168223
https://www.facebook.com/photo/?fbid=1120357014805582&set=a.483397335168223

CT put Cohesity on formal notice 12 August, 2024, of the risk of confusion in the Canadian marketplace between CT Helios and Cohesity Helios. CT is not aware of Cohesity having taken steps to mitigate since.

On 8 October, 2024, CT commenced Federal Court action File No T-2636-24 where it seeks injunctive and declaratory relief against Cohesity to restrict its unauthorized usage of the "HELIOS" trademark in Canada. A copy of that filed pleading has been enclosed.

Would you kindly confirm that the Infringing Materials have been removed from your platform in Canada? Your prompt cooperation is greatly appreciated.

## Attachment

Please note that we only support the following file formats: JPG, GIF, PNG, TIFF and PDF.

Browse...    No files selected.

✕ 2024-10-08 - Statement of Claim (filed).pdf

## Declaration statement

By submitting this notice, you state that you have a good faith belief that the reported use described above, in the manner that you have complained of, is not authorised by the intellectual property rights owner, its agent or the law; that the information contained in this notice is accurate; and, under penalty of perjury, that you are authorised to act on behalf of the owner of the intellectual property rights at issue.

## Electronic signature

Your electronic signature should match your full name.

Kipling Conrad Singh Warner

Submit

# Exhibit O

2024-10-11 Github Canadian TM notice

 GitHub Service Status

**Copilot** is currently status **red**, with an update as of about 5 hours ago. This may affect Copilot behavior and performance.

Please check [GitHub Status](GitHub Status) for more information.

# Submit a Trademark Policy Violation Report

If you believe someone is using your registered trademark in an unauthorized way on GitHub, please fill out the form below to submit a Trademark Policy Violation report to request that the content be changed or removed. Before you begin, please read GitHub's [Trademark Policy](Trademark Policy).

As with all legal matters, it is always best to consult with a professional about your specific questions or situation. We strongly encourage you to do so before taking any action that might impact your rights. Our guides aren't legal advice and shouldn't be taken as such.

In order to prevent unnecessary processing delays, please note the following before submitting your notice:

- As a first step, please inquire within your company to determine if the account or repository you are reporting may actually be owned one of your coworkers. This is often the fastest way to resolve things. Don't send duplicate notices.
- If you believe multiple accounts or repositories are infringing the same trademarked content, you may include links to those accounts or repositories in a single notice. However, be sure to provide a separate and detailed description of confusion for each instance of trademark infringement you are reporting. Please ensure your notice includes an adequate description of confusion for each alleged infringement. Please note that mere mention of your brand name or trademarked term is not, in itself, a violation of our Trademark policy.
- Our Trademark Policy Violation process is intended only for trademarked content. If you are reporting code or content that is protected by copyright, please review our [Copyright - DMCA Takedown Policy](Copyright - DMCA Takedown Policy). If you are seeking the removal of data that is sensitive or poses a security risk to you or your organization, please review our [Sensitive Data Removal Policy](Sensitive Data Removal Policy).

**From** *

| Kip (kip@thevertigo.com) |  |
|---|---|

**Are you the trademark holder or authorized to act on their behalf?** *

| Yes, I am authorized to act on the trademark owner's behalf. |  |
|---|---|

**Do you have a registered trademark?** *

| Yes, I have a registered trademark. |  |
|---|---|

Please provide the trademark registration number, the office where the trademark is registered (e.g. USPTO) and a working, clickable link to where the trademark registration can be viewed on that office's website, if available. Please note that we specifically require the registration information of the trademark you claim is being infringed. Sending copies of your company registration or power of attorney documentation is not sufficient for us to evaluate your trademark infringement claim.

**Registration number**

| TMA1260843 |
|---|

**Registration office**

| CIPO |
|---|

**Are you submitting a revised Trademark notice after GitHub Trust & Safety requested you make changes to your original notice?** *

| No |  |
|---|---|

**Please provide URL(s) to the account or repository you are reporting.** *

https://github.com/cohesity/SecureX

https://github.com/cohesity/search
https://github.com/cohesity/cohesity_sdk
https://github.com/cohesity/cohesity-powershell-module
https://github.com/cohesity/go-sdk

Examples of PRs to the above repositories containing the infringing material:
https://github.com/search?q=org%3Acohesity+helios&type=commits

**Please provide a detailed description of confusion (be sure to include specific descriptions of how the content and/or behavior is confusing). Please note that mere mention of your brand name or trademarked term is not, in itself, a violation of our Trademark policy - you must be able to explain how your customers could be misled into thinking that the account or repository is operated by your company.** *

Please refer to pp. 7, paras. 13-28 of the Statement of Claim served on Cohesity, Inc., of 8 October, 2024, and screenshots of the infringing materials.

I had attempted to attach all of the aforementioned, but your form keeps saying "Something went really wrong, and we can't process that file." Please provide an alternative electronic method of providing you with files in respect to this complaint.

**What would be the best solution for the alleged infringement? Are there specific changes the user can make other than removal? (e.g., transfer of trademarked username to an existing company account, removal of trademarked logo or references to company)** *

The publications available in Canada need to be removed from the Cohesity repositories at this time.

**Company name of trademark holder** *

CARTESIAN THEATRE CORP.

**Company website of trademark holder** *

https://www.heliosmusic.io

**Company GitHub account** *

Cartesian Theatre Corp. (Free Plan)

**File attachments (if applicable)**

Something went really wrong, and we can't process that file. Try again with another file.

☑ I have read and understand GitHub's Trademark Policy.

☑ I have a good faith belief that use of the trademark described above is not authorized by the trademark owner, or its agent, or the law. I have taken nominative, parody, and other fair uses into consideration.

☑ I swear, under penalty of perjury, that the information in this notification is accurate and that I am the trademark owner, or am authorized to act on behalf of the owner, of an exclusive right that is allegedly infringed.

**Please type your full legal name (i.e. your first and last name(s)) below to sign this request.** *

Kip Warner

Send request

# Exhibit P

Google Canadian TM complaint

# Google Trademark complaint form

For the most efficient review of your complaints, please make sure you are logged in to a Google Account associated with your corporate email address when submitting the complaint form. See how to sign out or switch accounts, or how to use an existing email address to create a Google Account.

*Legal removal requests are subject to automated processing. For more information, see the Legal Help Center.*

* Required field

## Your information

Full legal name *

Kipling Conrad Singh Warner

Your own name, even if you are making the request on behalf of someone else who you are authorized to represent. If you are representing someone else, you must have the legal authority to act on their behalf.

Company name

CARTESIAN THEATRE CORP.

If applicable.

Country of Residence *

Canada ▾

Contact email address *

kip@heliosmusic.io

Please ensure that you have access to this email address, as you will be asked to verify it.

Relationship to trademark owner



○ I am the trademark owner

○ I am the trademark owner's attorney of record (as listed on one or more of their trademark registrations)

○ Other/No relationship to trademark owner

> Your email address domain must match a corporate domain or website. If you do not have a corporate email address, you will need to provide a PDF of a signed statement on company letterhead confirming that you are an employee of the trademark owner.

| 2022-02-22 - Consent to Act a... | 140.4 kB | ✕ |

[ + Choose file ]

## Trademark details

**Trademark at issue:** Please provide us with a list of trademarks and relevant countries below. If you have more than one trademark at issue, you may attach a schedule of your marks to the complaint form in PDF or Microsoft Word file formats.

Trademark *

> HELIOS

Country of registration/use rights *

> Canada ▾

Registered? *

● Yes

○ No, I claim use rights

Registration number *

> TMA1260843

Add additional field

Attach a file for multiple trademarks

| 2024-10-04 - Registration Cer... | 386.6 kB | ✕ |

**+ Choose files**

In your attached list, include:
- Exact trademark
- Country of registration
- Registration number

Trademark owner name *

CARTESIAN THEATRE CORP.

Trademark owner website/URL

https://www.heliosmusic.io

# Infringement details

URL * ⑦

ps/details?id=app.cohesity.helios&hl=en_CA

**Add additional field**

Please provide a brief description of how this allegedly infringes your trademark. *

The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to my company, Cartesian Theatre Corp. ("CT"), under CIPO trademark registration TMA1260843. That application was submitted to CIPO on 25 February, 2020. A copy of that registration can be found in the publicly available docket at the link below:

https://ised-isde.canada.ca/cipo/trademark-search/2013787

Cohesity has neither sought nor received authorization to make use of the HELIOS trademark in Canada for any purpose from CT.

Note that I have an NDA in place with Google.

Screenshot of the infringement

2024-10-04 - Cohesity Helios ...     786.7 kB    ✕

＋  Choose file

☐  Yes

## Sworn Statements

I represent that the information in this notification is true and correct and that I am authorized to act on behalf of the trademark owner: *

☑  Check to confirm

I have a good faith belief that use of the trademarks described above are not authorized by the trademark owner or its agent, nor is such use otherwise permissible under law: *

☑  Check to confirm

I acknowledge that a copy of the notice, including the submitter name and email address, may be forwarded to the owner of the affected content to allow for direct resolution of trademark-related disputes. *

☑  Please check to confirm



protected by reCAPTCHA
Privacy · Terms

Submit

Some account and system information will be sent to Google, and support calls and chats may be recorded. We will use this information to improve support quality and training, to help address technical issues, and to improve our products and services, subject to our Privacy Policy and Terms of Service. Translation services may be used in chats and email.

# Exhibit Q

2024-10-14 Instagram Canadian TM report

# Trademark Report Form

A trademark is a word, slogan, symbol or design (for example: a brand name or logo) that a person or company uses to distinguish their products or services from those offered by others. This form is to be used only for reporting alleged infringements of your trademark rights. Please note that any other types of claims will not be addressed through this form. Abuse of this form may result in the termination of your account.

- ◉ Continue with my trademark report

- ◯ I found content that I believe offers counterfeit goods

Describe your relationship to the rights owner.

- ◯ I am the rights owner.

- ◉ I am reporting on behalf of my organization or client.

- ◯ I am reporting on behalf of someone else.

## Contact Information

If you choose to submit this report, we will provide the rights owner's name, your email address, and the nature of your report to the person who posted the content you are reporting. This person may use the information you provide to contact you about the report and attempt to resolve the issue. For this reason, you may wish to provide a valid business or professional email address.

Your full name

Kip Warner

Mailing address

Suite 1750 - 1055 West Georgia Street
Vancouver, BC  V6E 3P3
Canada

Email address

Please provide a valid email address that can be used to contact you. This may be a professional or business email address. Keep in mind the reported party may use this email to contact you.

kip@heliosmusic.io

Confirm your email address

## Rights Owner Information

**Name of the rights owner**

This may be your full name or the name of the organization for whom you are the authorized representative.

CARTESIAN THEATRE CORP.

**Attachment**

Please provide any documentation proving that you are the rights owner or that you are authorized to submit this form on behalf of the rights owner.

Browse... No files selected.

✖ 2022-02-22 - Consent to Act as Director.pdf

**Please provide a link to the rights owner's official online presence.**

(Ex: website, Facebook Page, etc.)

https://www.heliosmusic.io

**What is the trademark?**

Please provide information for one trademark at a time. You will have an opportunity to list additional trademarks at the end of this section.

HELIOS

**Where is the trademark registered ?**

Canada

**What is the trademark registration number (if applicable)?**

If possible, also provide a link (URL) leading directly to the trademark registration.

TMA1260843
https://ised-isde.canada.ca/cipo/trademark-
search/2013787

**Attachment**

If possible, please provide a scanned copy of your trademark registration certificate(s) or screenshot of your registration on the website or database of the applicable national or community intellectual property office(s). Please note that we only support the following file formats: JPG, GIF, PNG, TIFF and PDF.

Browse... No files selected.

✖ 2024-10-04 - Registration Certificate.pdf

×2024-10-04 - Registration Certificate.pdf

×2024-10-04 - Registration Page.pdf

☐ I have additional trademarks.

## Content You Want to Report

Why do you believe this content infringes rights owner's trademark rights?

☑ This photo, video, post, story or ad uses the rights owner's trademark

☐ The rights owner's trademark is used in the profile picture, name, username or bio

☐ Other

Please provide links (URLs) leading directly to the specific content you are reporting.

You can report multiple links (URLs) in this report. To do this, enter links (URLs) in the box below. Enter one link per line.

Second image:
https://www.instagram.com/cohesity/p/C51KMuBLsqo/

Fourth image:
https://www.instagram.com/cohesity/p/C-sXKjauNVe/

For more information on how to report ads, visit our Help Center.

Please provide any additional information that can help us understand your report.

Good day,

Cartesian Theatre Corp. ("CT") is a Canadian federally incorporated company. It has a software product called Helios ("CT Helios") that it markets in Canada. CT Helios manages, searches, and analyses large volumes of managed data; targets B2B enterprise customers; encourages adoption in the media and entertainment space; integrates machine learning or artificial intelligence capabilities; and allows on-premise deployment, among other things:

https://www.heliosmusic.io

Cohesity, Inc. ("Cohesity") is a company incorporated under the laws of the State of Delaware in the United States. It has a software product called Helios ("Cohesity Helios") that it markets in Canada. CT Helios manages, searches, and analyses large volumes of managed data; targets B2B enterprise customers; encourages adoption in the media and entertainment space; integrates machine learning or artificial intelligence capabilities; and allows on-premise deployment, among other things:

https://shorturl.at/xrzlN
https://shorturl.at/0yV6p
https://shorturl.at/zx8j4

The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to CT under CIPO trademark registration TMA1260843. A copy of that registration can be found in the publicly available docket at the

CIPO trademark registration TMA1200043. A copy of that registration can be found in the publicly available docket at the link below:

https://ised-isde.canada.ca/cipo/trademark-search/2013787

Cohesity has published various promotional related materials on your platform that make use of the "HELIOS" trademark in association with Cohesity Helios without authorization from CT (the "Infringing Publications"). This is likely to lead to confusion in the Canadian marketplace. Particulars have been provided below:

https://www.instagram.com/cohesity/p/C51KMuBLsqo/ (second image)
https://www.instagram.com/cohesity/p/C-sXKjauNVe/ (fourth image)

CT put Cohesity on formal notice 12 August, 2024, of the risk of confusion in the Canadian marketplace between CT Helios and Cohesity Helios. CT is not aware of Cohesity having taken steps to mitigate since.

On 8 October, 2024, CT commenced Federal Court action File No T-2636-24 where it seeks injunctive and declaratory relief against Cohesity to restrict its unauthorized usage of the "HELIOS" trademark in Canada. A copy of that pleading has been enclosed.

Would you kindly confirm that the Infringing Publications have been removed from your platform in Canada? Your prompt cooperation is greatly appreciated.

**Attachment**

Note that we only support the following file formats: JPG, GIF, PNG, TIFF and PDF.

Browse...    No files selected.

✖2024-10-08 - Statement of Claim (filed).pdf

## Declaration Statement

Electronic signature

Your electronic signature should match your full name.

Kipling Conrad Singh Warner

By submitting this notice, you state that you have a good faith belief that the reported use described above, in the manner you have complained of, is not authorized by the intellectual property rights owner, its agent, or the law; that the information contained in this notice is accurate; and, under penalty of perjury, that you are authorized to act on behalf of the owner of the intellectual property rights at issue.

Send

# Exhibit R

2024-10-14 X Canadian TM report

# Help with intellectual property issues

What issue are you having? (required)

I need to report possible trademark infringement ⌄

Your relationship to the trademark owner (required)

I am the trademark owner or I work directly for the trademark owner ⌄

## We're sorry you're having this experience.

X does not allow the misuse of another's intellectual property, including copyrighted or trademarked content. We have more information about our trademark policy on our Help Center. Please fill out the form below and our team will respond as soon as possible.

## Your information

Please provide your first and last name (required)

Kip Warner

What is your job title? (required)

Director

Your email address (required)
This should be an official email address, such as person@twitter.com.

kip@heliosmusic.io

☑ I acknowledge that I am reporting from my company's email address

Your phone number

+1-604-551-7988

Confirm your identity ⓘ
If applicable, please upload a copy of your valid government-issued photo ID to confirm you are the trademark owner. Your ID is used only to confirm your identity.

File: Veteran's Card.png                                    ×

File: 2022-02-22 - Consent to Act as Director.png           ×

## The account being reported

Which platform is this account located on? (required)

◉ Twitter

◯ Periscope

Username of the account you are reporting (required)

@Cohesity

Please provide more details about this issue

Good day,

Cartesian Theatre Corp. ("CT") is a Canadian federally incorporated company. It has a software product called Helios ("CT Helios") that it markets in Canada. CT Helios manages, searches, and analyses large volumes of managed data; targets B2B enterprise customers; encourages adoption in the media and entertainment space; integrates machine learning or artificial intelligence capabilities; and allows on-premise deployment, among other things:

https://www.heliosmusic.io

Cohesity, Inc. ("Cohesity") is a company incorporated under the laws of the State of Delaware in the United States. It has a software product called Helios ("Cohesity Helios") that it markets in Canada. CT Helios manages, searches, and analyses large volumes of managed data; targets B2B enterprise customers; encourages adoption in the media and entertainment space; integrates machine learning or artificial intelligence capabilities; and allows on-premise deployment, among other things:

https://shorturl.at/xrzlN
https://shorturl.at/0yV6p
https://shorturl.at/zx8j4

The standard characters for the "HELIOS" trademark under international classifications of 9 and 42 belong to CT under CIPO trademark registration TMA1260843. A copy of that registration can be found in the publicly available docket at the link below:

https://ised-isde.canada.ca/cipo/trademark-search/2013787

Cohesity has published various promotional related materials on your platform that make use of the "HELIOS" trademark in association with Cohesity Helios without authorization from CT (the "Infringing Publications"). This is likely to lead to confusion in the Canadian marketplace. Particulars have been provided below:

https://x.com/Cohesity/status/1492165829236035587
https://x.com/cohesity/status/1388977193578008578
https://x.com/cohesity/status/1339305664187928576

https://x.com/cohesity/status/1317191371225223174
https://x.com/cohesity/status/1277255547398619136
https://x.com/Cohesity/status/1066388985570893825

CT put Cohesity on formal notice 12 August, 2024, of the risk of confusion in the Canadian marketplace between CT Helios and Cohesity Helios. CT is not aware of Cohesity having taken steps to mitigate since.

On 8 October, 2024, CT commenced Federal Court action File No T-2636-24 where it seeks injunctive and declaratory relief against Cohesity to restrict its unauthorized usage of the "HELIOS" trademark in Canada. I am unable to upload attachments to this submission form, but a copy of the filed pleading can be obtained from here:

https://www.fct-cf.gc.ca/en/court-files-and-decisions/court-files

Would you kindly confirm that the Infringing Publications have been removed from your platform in Canada? Your prompt cooperation is greatly appreciated.

Please give us more information about how this content may be violating our trademark policy. Please note, you may be liable for any damages, including attorney fees, if you knowingly misrepresent the reported material. We have more information about this on our Help Center.

In the event that X is made party to a suit, X will defend its rights vigorously and seek fees and costs associated with such defense.

**Username use (required)**
Please keep in mind, we cannot guarantee access to this username, but we will take your request into consideration.

○ Our company would like to use this username on Twitter.

⦿ Our company does not want to actively use this username on Twitter.

# Trademark holder's information

Please provide information about the company, brand, or organization that holds the trademark.

Trademark holder's name (required)

CARTESIAN THEATRE CORP.

Trademark holder's address (required)

Suite 1750 - 1055 West Georgia Street, Vancouver, BC  V6E 3P3  Canada

Trademark holder's country (required)

Canada

Trademark holder's website (required)

https://www.heliosmusic.io

Trademark holder's Twitter username

@

## Trademark information

Trademarked word, symbol (required)
Please provide the exact registered mark.

HELIOS

Trademark registration number (required)
Note: A federal or international trademark registration number is required. Pending trademark applications are not sufficient.

TMA1260843

Trademarked goods and services class (required)

Class 9

Registration office (required)
The agency you registered your trademark with, such as the USPTO.

CIPO

Direct link to trademark record or trademark search page
If you have a direct link to your trademark record, please provide that URL.

https://ised-isde.canada.ca/cipo/trademark-search/2013787

Please confirm the following statements to complete this report (required)

✓ I understand that Twitter may provide third parties, for example contracted agencies and/or the reported user, with details of this report. Your contact information will not be disclosed.

✓ I am authorized to act on behalf of the trademark holder.

✓ I declare under penalty of perjury that all of the information provided above is accurate.

**Submit**

# Exhibit S

Youtube Canadian TM complaint

# Trademark Complaint

Please understand that YouTube is not in a position to mediate trademark disputes between users and trademark owners. YouTube is willing to perform a limited investigation of reasonable complaints and will remove content in clear cases of infringement. Please note, abuse of our legal forms may result in termination of your YouTube account.

YouTube offers robust Privacy Guidelines and other Community Guidelines that outline the type of content that is and isn't allowed on YouTube. To expedite the review, you should report content that violates these YouTube policies before submitting a YouTube legal request.

\* Required field

## Complainant's information

Full legal name *

Kipling Conrad Singh Warner

(Aliases, usernames, or initials are not accepted)

Contact email address *

kip@heliosmusic.io

Title *

Founder

Company name *

CARTESIAN THEATRE CORP.

Trademark owner *

CARTESIAN THEATRE CORP.

Relationship to trademark owner *

(What is your authority to make this complaint?)

# Trademark Details

How many trademarks would you like to report? *

| One | ▼ |

---

**First Trademark to Report**

---

Select your brand *

| Wordmark | ▼ |

Registered? *

◉ Yes

◯ No, I claim use rights

Please select the jurisdiction of your trademark registration *

| Other | ▼ |

Please select the country of your trademark registration *

| Canada | ▼ |

Registration Number *

| TMA1260843 |

# Supporting Documents

Please provide images of documents (JPG, GIF, PNG, PDF or XPS) from your country's Trademark Office as proof of your ownership of the mark in question.

| 2024-10-04 - Registration Cer... | 386.6 kB | ✕ |

[ + Choose file ]

## Content Details

Please select the type of infringing content you are reporting *

| Video | ▾ |

Video URL *

https://www.youtube.com/watch?v=E68ufJOduio, https://www.youtube.com/watch?v=W4cU6xNeoIs, https://www.youtube.com/watch?v=doceauiUeDI, https://www.youtube.com/watch?v=0jWobdu_0Yg, https://www.youtube.com/watch?v=LNvfX4m5OsQ, https://www.youtube.com/watch?v=BkzPxpq7Swg, https://www.youtube.com/watch?v=S-JfmpeUe7I, https://www.youtube.com/watch?v=5ivdX3yzhGA, https://www.youtube.com/watch?v=lC5IlQ9dcTM, https://www.youtube.com/watch?v=FIo9zRn9ToU

*Enter the video URLs comma separated (e.g. http://www.youtube.com/watch?v=dQw4w9WgXcQ, https://www.youtube.com/watch?v=4WXs3sKu41I)*

## Clarifications

Describe specifically how the trademark is allegedly infringed *

Cartesian Theatre Corp. ("CT") is a Canadian federally incorporated company and Cohesity, Inc. ("Cohesity") is a company incorporated under the laws of the State of Delaware in the United States. Both have software products called Helios that they market in Canada. Both products manage, search, and analyze large volumes of managed data; target B2B enterprise customers; encourages adoption in the media and entertainment space; integrates machine learning or artificial intelligence capabilities; and allow on-premise deployment, among other things.

Cohesity and various third-parties have published videos on your platform that make use of the "HELIOS" trademark in association with Cohesity's Helios without authorization from CT. This is likely to lead to confusion in the Canadian marketplace.

CT has commenced Federal Court action File No T-2636-24 where it seeks injunctive and declaratory relief against Cohesity to restrict its unauthorized usage of the "HELIOS" trademark.

# Legal Affirmations

Please check if you agree with the following statements. We will not accept your claim if you do not check these boxes:

Agree to the following statement: *

 I have a good faith belief that the use of the trademarks described above with the content described above are not authorized by the trademark owner or its agent, nor is such use otherwise permissible under law.

Agree to the following statement: *

 I represent that the information in this notification is true and correct and that I am authorized to act on behalf of the trademark owner.

Agree to the following statement: *

 I consent for my complaint to be forwarded to the user that posted the allegedly infringing content

We encourage parties to resolve trademark disputes directly.

Typing out your full name in this box will act as your digital signature *

Kipling Conrad Singh Warner


protected by reCAPTCHA
Privacy - Terms

**Submit**

Some account and system information will be sent to Google, and support calls and chats may be recorded. We will use this information to improve support quality and training, to help address technical issues, and to improve our products and services, subject to our Privacy Policy and Terms of Service. Translation services may be used in chats and email.

# Exhibit T

2024-09-10 Warner to Gowling

Negotiations with Cohesity

**Subject:** Negotiations with Cohesity
**From:** Kip Warner <kip@heliosmusic.io>
**Date:** 9/10/24, 15:55
**To:** "Couture, Monique M." <Monique.Couture@gowlingwlg.com>
**CC:** "Gibbons, Karen" <Karen.Gibbons@gowlingwlg.com>, "legal@cartesiantheatre.com" <legal@cartesiantheatre.com>

Hello Monique,

I just tried your line but was unable to reach you. I hope your weekend went well.

As you are aware CT has a duty to mitigate in good faith at common law, hence the early notice provided to Cohesity on 12 August, 2024. Compounding this CT has additional obligations arising in contract to notify potentially affected third-party stakeholders. Cohesity likely does too.

These stakeholders include, but are not limited to, those that are currently delivering goods or services using CT's mark on behalf of Cohesity, some of their investors which CT has contractual relationships with, and others.

CT has been holding off as long as it can in order to facilitate an amicable resolution. But if the parties are unable to resolve this now, CT has to begin issuing the currently embargoed notices of infringement. These notices may demand certain remedies and assurances from the stakeholders.

Some of these stakeholders will inevitably attempt to seek comfort behind indemnity clauses, which is not unusual where a licensor is unable to provide certainty to its licensees as to the provenance of its purported IP.

If CT fails to issue notices in a timely manner there may be grave consequences. The most important of which is, as you are well aware from the Canadian jurisprudence, it can lose its mark for failure to police it. That would cause catastrophic and irreparable harm to CT, a risk any responsible founder should not be prepared to gamble with.

The burden of issuing the notices themselves to the stakeholders could be significant, putting aside the consequences of doing so. Just one of the many identified domestic Cohesity resellers has at least 81 other subcontractors under its auspices with commercial offerings related to Cohesity's Helios. AWS Canada, Insight, and many others are also

9/23/24, 18:52

Negotiations with Cohesity

engaged in similar activity. That does not even begin to canvass all of
the end-user customers of the aforementioned.

The fallout would inevitably not be contained domestically. Cohesity
has statutory obligations to notify the SEC with respect to any omitted
material representations in their Form S-1 registration statement or
its draft. The company proposing to sell securities in its current
predicament would be problematic, to say the least.

In trying to survey and itemize the list of stakeholders it appears to
be endless. Thus, I am trying as delicately as possible to extricate my
company from the situation. But in fairness, Cohesity created it.

I appreciate management at Cohesity has some difficult decisions to
make right now, but the clock is not working in anyone's favour. In
fairness, they have had a month to commit to a decision. Further, it
has fully appreciated the importance of needing to protect its own IP
in the past in having sought numerous equitable remedies, in Canada, to
enforce negative covenants - expeditiously.

If Cohesity does not wish to consummate an agreement, which is
certainly its prerogative, I need to know now. CT would then proceed
with the next appropriate procedural steps, not having waived any of
its rights in law or in equity to date.

I am sorry, but there are things that are beyond my control.

Yours truly,


--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://www.heliosmusic.io

# Exhibit U

DtecNet DMCA (Copyright) Complaint to Google-Lumen



Search          Topics          Research and Media Mentions

About

🔍 Search all notices...                                                    Go

☐ Exact search

## DtecNet DMCA (Copyright) Complaint to Google

**SENDER**                              **RECIPIENT**

**DtecNet**                             **Google LLC**
on behalf of **Fox**                    [Private]
[Private]                               Mountain View, CA, 94043, US
, , , US

Sent on August 27, 2013
COUNTRY: US us

OTHER ENTITIES:   **PRINCIPAL**

## Re: Websearch Infringement Notification via Online Form Complaint

SENT VIA: ONLINE FORM

**NOTICE TYPE:**          DMCA

## Copyright claim 1

**KIND OF WORK:**         Unspecified

**DESCRIPTION**           WOLVERINE (2013), THE BURN NOTICE AXE COP TAKEN 2 HEAT (2013), THE
                          GLADES, THE FAMILY GUY WILFRED (2010) GRACELAND (2013) BRIDGE
                          (2013), THE INTERNSHIP, THE ARRESTED DEVELOPMENT TURBO (2013) GLEE
                          KILLING (2011), THE RAISING HOPE CROODS, THE CLEVELAND SHOW, THE
                          AMERICAN HORROR STORY LINCOLN (2012) AMERICANS, THE HOMELAND
                          SIMPSONS, THE MODERN FAMILY GOOD DAY TO DIE HARD, A AMERICAN
                          DAD STOKER EPIC (2013) BOB'S BURGERS HOW I MET YOUR MOTHER
                          PARENTAL GUIDANCE (2012) BROKEN CITY DIARY OF A WIMPY KID: DOG

DAYS AVATAR TRANCE (2013) ARCHER BONES JUSTIFIED SONS OF ANARCHY
LIFE OF PI (2012) LOUIE ICE AGE: CONTINENTAL DRIFT WATCH (2012), THE
DRAGONS: RIDERS OF BERK BIBLE, THE HITCHCOCK (2012) IT'S ALWAYS
SUNNY IN PHILADELPHIA NEW GIRL (2011) HIGH SCHOOL USA! KDABRA

**ORIGINAL URLS:**

01. http://www.imdb.com/title/tt0096697/
02. http://www.imdb.com/title/tt0182576/
03. http://www.imdb.com/title/tt0367279/
04. http://www.imdb.com/title/tt0397306/
05. http://www.imdb.com/title/tt0443272/
06. http://www.imdb.com/title/tt0454876/
07. http://www.imdb.com/title/tt0460627/
08. http://www.imdb.com/title/tt0460649/
09. http://www.imdb.com/title/tt0472954/
10. http://www.imdb.com/title/tt0481499/
11. http://www.imdb.com/title/tt0499549/
12. http://www.imdb.com/title/tt0810788/
13. http://www.imdb.com/title/tt0848537/
14. http://www.imdb.com/title/tt0975645/
15. http://www.imdb.com/title/tt1047540/
16. http://www.imdb.com/title/tt1124373/
17. http://www.imdb.com/title/tt1195935/
18. http://www.imdb.com/title/tt1235522
19. http://www.imdb.com/title/tt1298649/
20. http://www.imdb.com/title/tt1327801/
21. http://www.imdb.com/title/tt1397280/
22. http://www.imdb.com/title/tt1430132/
23. http://www.imdb.com/title/tt1442437/
24. http://www.imdb.com/title/tt1486217/
25. http://www.imdb.com/title/tt1489428/
26. http://www.imdb.com/title/tt1492966/
27. http://www.imdb.com/title/tt1552112/
28. http://www.imdb.com/title/tt1558643/
29. http://www.imdb.com/title/tt1561755/
30. http://www.imdb.com/title/tt1606378/
31. http://www.imdb.com/title/tt1611224/
32. http://www.imdb.com/title/tt1615919/
33. http://www.imdb.com/title/tt1637727/

472. http://www.imdb.com/title/tt1430132/

473. http://www.imdb.com/title/tt1442437/

474. http://www.imdb.com/title/tt1486217/

475. http://www.imdb.com/title/tt1489428/

476. http://www.imdb.com/title/tt1492966/

477. http://www.imdb.com/title/tt1552112/

478. http://www.imdb.com/title/tt1558643/

479. http://www.imdb.com/title/tt1561755/

480. http://www.imdb.com/title/tt1606378/

481. http://www.imdb.com/title/tt1611224/

482. http://www.imdb.com/title/tt1615919/

483. http://www.imdb.com/title/tt1637727/

484. http://www.imdb.com/title/tt1667889/

485. http://www.imdb.com/title/tt1682180/

486. http://www.imdb.com/title/tt1703925/

487. http://www.imdb.com/title/tt1796960/

488. http://www.imdb.com/title/tt1826940/

489. http://www.imdb.com/title/tt1860353/

490. http://www.imdb.com/title/tt1924429/

491. http://www.imdb.com/title/tt2023453/

492. http://www.imdb.com/title/tt2149175/

493. http://www.imdb.com/title/tt2234155/

494. http://www.imdb.com/title/tt2254092/

495. http://www.imdb.com/title/tt2325846/

496. http://www.imdb.com/title/tt2393813/

497. http://www.imdb.com/title/tt2404463/

498. http://www.imdb.com/title/tt2406376/

499. http://www.imdb.com/title/tt2497834/

500. http://www.imdb.com/title/tt3012976/

ALLEGEDLY
INFRINGING
URLS:

01. http://fulldls.com/download-movies-5219475-Diary+of+a+Wimpy+Kid+Dog+Days+2012+720p+BRRip+x264+aac+vice.torrent

02. http://fulldls.com/download-movies-5930562-Turbo+2013+CAM+x264+AACKiSSMYACE+(SilverTorrent).torrent

03. http://fulldls.com/download-movies-5939803-The+Glades+S04E11+720p+HDTV+x264IMMERSE.torrent

04. http://fulldls.com/download-movies-5939863-The+Glades+S04E11+HDTV+XviDAFG.torrent

05. http://fulldls.com/download-movies-5939888-The+Glades+S04E11+720p+HDTV+x264IMMERSE.torrent

06. http://fulldls.com/download-movies-5939968-Stoker+2013+SWESUB+DVDRip+XviDRobblowe.torrent

07. http://fulldls.com/download-movies-5940030-Epic+2013+REPACK+BDRip+1080p+AAC+x264tomcat12.torrent

08. http://fulldls.com/download-movies-5940150-Epic+2013+BDRip+720p+x264+10bit+AAC+5+1MZON3.torrent

09. http://fulldls.com/download-movies-5940513-Trance+2013+NORDiC+MULTiSUBS+720p+BluRay+DTSRobblowe.torrent

10. http://fulldls.com/download-movies-5940864-Epic+2013+DVDR+R4+NTSC+ANGELiC.torrent

11. http://fulldls.com/download-movies-5940943-The+Glades+S04E11+720p+WEBDL+DD5+1+H+264KiNGS.torrent

12. http://fulldls.com/download-movies-5941031-Stoker+2013+NORDiC+MULTiSUBS+720p+BluRay+DTSRobblowe.torrent

13. http://fulldls.com/download-movies-5941159-The+Bridge+US+S01E06+720p+HDTV+x264EVOLVE.torrent

14. http://fulldls.com/download-movies-5941176-The+Bridge+US+S01E06+HDTV+XviDFUM.torrent

15. http://fulldls.com/download-movies-5941192-The+Bridge+US+S01E06+HDTV+XviDAFG.torrent

16. http://fulldls.com/download-movies-5941249-The+Bridge+US+S01E06+720p+HDTV+x264EVOLVE.torrent

17. http://fulldls.com/download-movies-5941253-The+Bridge+US+S01E06+720p+HDTV+x264EVOLVE.torrent

18. http://fulldls.com/download-movies-5941254-The+Bridge+US+S01E06+HDTV+x264EVOLVE.torrent

19. http://fulldls.com/download-movies-5941337-The+Simpsons+Complete+Season+2+DVD+RIP+199091.torrent

20. http://fulldls.com/download-tv-4248505-Family+Guy+Seizoen+6+DVDR+XviD++NLsubs+DutchReleaseTeam.torrent

21. http://fulldls.com/download-tv-5885754-How+I+Met+Your+Mother+S08E21480pmp4.torrent

22. http://fulldls.com/torrent-movies-5939803.html

23. http://fulldls.com/torrent-movies-5939863.html

24. http://fulldls.com/torrent-movies-5939888.html

25. http://fulldls.com/torrent-movies-5940943.html

26. http://fulldls.com/torrent-movies-5941159.html

27. http://fulldls.com/torrent-movies-5941176.html

28. http://fulldls.com/torrent-movies-5941192.html

322 3. http://rapidgator.net/file/0e043e6cdce9e7c0c4ea646a93c3a648/raising. hope.s02e03.dvdrip.xvid-demand.avi.html

322 4. http://rapidgator.net/file/0e249c021444548482babec7a7c0ec60/New.Gir l.S02E20.ITA.LD.480p.WEB-DL.x264-DpHs.mkv.html

322 5. http://rapidgator.net/file/0e341a8b2e76e16d2a4c2a358f5682a8/Broken. City.2013.WEBRiP.XViD.AC3-LEGi0N.part04.rar

322 6. http://rapidgator.net/file/0e36c6fe665d0de1014ffe8aeb779b7f/axe.cop. s01e05.720p.hdtv.x264-bajskorv.mkv

322 7. http://rapidgator.net/file/0e472c7d29688c1dea09d2d914c329ce

322 8. http://rapidgator.net/file/0e59bf7af5a98dfacf8f6b9db4095445/America n.Dad.S08E08.720p.HDTV.X264-DIMENSION.mkv.html

322 9. http://rapidgator.net/file/0e59dcbc1a406697f38436cae72988d7/Wilfred. US.S03E11.720p.HDTV.x264-IMMERSE.mkv

323 0. http://rapidgator.net/file/0e8dd149fc5dee6f5f4eb0b3d0ebb9f5/Modern. Family.S04.HDTV.x264-IPT.part05.rar

323 1. http://rapidgator.net/file/0e91ce15c5a5c5a6d7646fd8f5d5ba97/Sons.Of. Anarchy.S05E10.DVDRip.X264-DEMAND.mkv.html

323 2. http://rapidgator.net/file/0e9e483f95864df32f097b6079e55e19/new.girl. s01e01.dvdrip.xvid-clue.avi.html

323 3. http://rapidgator.net/file/0ea114554e9d9fa3fe8cedc68bf8e8bb/New.Gir l.S01E21.DVDRip.XviD-CLUE.avi.html

**JURISDICTIONS**      US

**Original Documents**

TOPICS                                                 TAGS

Copyright, DMCA Safe Harbor

© 2017            Legal        Licenses        Privacy        Researchers        Blog Archive
Lumen

Spring '22 Research Sprint        Sign In

# Exhibit V

USPTO TTAB Cohesity Extensions to Oppose

Received by Electronic Filing ... Document 37-3 ... Filed 07/27/25 ... Page 157 of 162



# United States Patent and Trademark Office

**Home** | **Site Index** | **Search** | **Guides** | **Contacts** | **eBusiness** | **eBiz alerts** | **News** | **Help**



**TTABVUE. Trademark Trial and Appeal Board Inquiry System**　　　　　　　**v2.6.0**

## Extension of Time

| | | | |
|---|---|---|---|
| **Number:** 98724373 | | **Filing Date:** 05/05/2025 | |
| **Status:** Extension of Time to Oppose Filed | | **Status Date:** 05/05/2025 | |
| **General Contact Number:** 571-272-8500 | | | |
| **Paralegal Name:** KELLY M YOUNG | | | |
| **Opposition #:** | | | |

### Defendant

**Name:** Cartesian Theatre Corp.

**Correspondence:** JESSICA S. SACHS
HARNESS, DICKEY & PIERCE, PLC
5445 CORPORATE DRIVE, SUITE 200
TROY, MI 48098
UNITED STATES
troymailroom@harnessip.com, jsachs@harnessip.com, hrowe@harnessip.com, agrubb@harnessip.com
Phone: 248-641-1600

**Serial #:** 98724373　　　　　Application File　　　　　Assignment

**Application Status:** REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION

**Mark:** HELIOS

### Potential Opposer

**Name:** Acer Incorporated

**Correspondence:** SETH I. APPEL
PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
200 S. WACKER DRIVE, SUITE 2900
CHICAGO, IL 60606
UNITED STATES
sia@pattishall.com, rws@pattishall.com, aca@pattishall.com, lkn@pattishall.com
Phone: (312) 554-8000

**Granted To Date:** 08/13/2025

### Potential Opposer

**Name:** Cohesity, Inc.

**Correspondence:** ANNA E. RAIMER
JONES DAY
717 TEXAS AVENUE, SUITE 3300
HOUSTON, TX 77002
UNITED STATES
aeraimer@jonesday.com, mmckeown@jonesday.com, nytef@jonesday.com, clkiedrowski@jonesday.com, mhendershot@jonesday.com
Phone: 832.239.3786

**Granted To Date:** 08/13/2025

### Prosecution History

| # | Date | History Text |
|---|---|---|
| 6 | 06/09/2025 | EXT GRANTED |
| 5 | 06/09/2025 | ADD'L 60-DAY REQUEST TO EXT TIME TO OPPOSE |
| 4 | 05/13/2025 | EXT GRANTED |
| 3 | 05/13/2025 | FIRST 30-DAY REQUEST TO EXT TIME TO OPPOSE |

**Prosecution History**

| # | Date | History Text |
|---|------|--------------|
| 2 | 05/05/2025 | EXT GRANTED |
| 1 | 05/05/2025 | FIRST 90-DAY REQUEST TO EXT TIME TO OPPOSE |

Results as of 07/25/2025 09:36 PM

**Search:**

# Exhibit W

USPTO TTAB to Jones Day

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

ANNA E. RAIMER
JONES DAY
717 TEXAS AVENUE, SUITE 3300

HOUSTON, TX 77002

June 9, 2025

Serial No.: **98724373**

**ESTTA TRACKING NO: ESTTA1440889**

The request to extend time to oppose is granted until **08/13/2025** on behalf of potential opposer **Cohesity, Inc..**

Please do not hesitate to contact the Trademark Trial and Appeal Board at (571)272-8500 if you have any questions relating to this extension.

# Exhibit X

Jones Day to USPTO requesting extension of time to oppose

| ESTTA Tracking number: | **ESTTA1440889** |
|---|---|
| Filing date: | **06/09/2025** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Applicants | Cartesian Theatre Corp. |
|---|---|
| Application serial no. | 98724373 |
| Application filing date | 08/29/2024 |
| Mark | HELIOS |
| Date of publication | 04/15/2025 |
| Potential opposer's Correspondence information | ANNA E. RAIMER<br>JONES DAY<br>717 TEXAS AVENUE, SUITE 3300<br>HOUSTON, TX 77002<br>UNITED STATES<br>Primary email: aeraimer@jonesday.com<br>Secondary email(s): mmckeown@jonesday.com, nytef@jonesday.com, clkied-rowski@jonesday.com, mhender-shot@jonesday.com<br>832.239.3786 |
| Docket no. | 136730-001004 |

## 60 Day Request for Extension of Time to Oppose for Good Cause

Pursuant to 37 C.F.R. Section 2.102, Cohesity, Inc., 2625 AUGUSTINE DR., SANTA CLARA, CA 95054, UNITED STATES respectfully requests that he/she/it be granted an additional 60-day extension of time to file a notice of opposition against the above-identified mark for cause shown.

Potential opposer believes that good cause is established for this request by:

-   The potential opposer needs additional time to investigate the claim

The time within which to file a notice of opposition is set to expire on 06/14/2025. Cohesity, Inc. respectfully requests that the time period within which to file an opposition be extended until 08/13/2025.

Respectfully submitted,
/Megan L. McKeown/
Megan L. McKeown, Attorney for Cohesity, Inc., Texas Bar Member
mmckeown@jonesday.com, aeraimer@jonesday.com, nytef@jonesday.com
06/09/2025