1

2

3

4                        **UNITED STATES DISTRICT COURT**

5                       **NORTHERN DISTRICT OF CALIFORNIA**

6

7    COHESITY, INC.                              Case No.  4:24-CV-09104-JST

8              Plaintiff,                        **[PROPOSED] STIPULATED**
                                                 **PROTECTIVE ORDER**
9         v.

10   CARTESIAN THEATRE CORP., and
     DOES 1 – 25,

11             Defendants.

12

13        Plaintiff Cohesity, Inc. and Defendant Cartesian Theatre Corp. hereby stipulate to the

14   below proposed protective order.  This proposed protective order is based on the Northern District

15   of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive

16   Confidential Information and/or Trade Secrets, with any deviations from that Model Protective

17   Order identified in the redline attached to the accompanying Declaration.

18   1.        PURPOSES AND LIMITATIONS

19        Disclosure and discovery activity in this action are likely to involve production of

20   confidential, proprietary, or private information for which special protection from public

21   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

23   Protective Order. The parties acknowledge that this Order does not confer blanket protections on

24   all disclosures or responses to discovery and that the protection it affords from public disclosure

25   and use extends only to the limited information or items that are entitled to confidential treatment

26   under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3,

27   below, that this Stipulated Protective Order does not entitle them to file confidential information

28
                                                 STIPULATED PROTECTIVE ORDER,
                                                 NO. 4:24-CV-09104-JST

United States District Court
Northern District of California

United States District Court
Northern District of California

1    under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards

2    that will be applied when a party seeks permission from the court to file material under seal.

3    2.        DEFINITIONS

4        2.1        Challenging Party: a Party or Non-Party that challenges the designation of

5    information or items under this Order.

6        2.2        "CONFIDENTIAL" Information or Items: information (regardless of how it is

7    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

8    of Civil Procedure 26(c).

9        2.3        Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

10    well as their support staff).

11        2.4        Designated House Counsel: House Counsel who seek access to "HIGHLY

12    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

13        2.5        Designating Party: a Party or Non-Party that designates information or items that it

14    produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

15    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16        2.6        Disclosure or Discovery Material: all items or information, regardless of the

17    medium or manner in which it is generated, stored, or maintained (including, among other things,

18    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

19    responses to discovery in this matter.

20        2.7        Expert: a person with specialized knowledge or experience in a matter pertinent to

21    the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as

22    a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

23    competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or

24    of a Party's competitor.

25        2.8        "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

26    Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

27

28

2

United States District Court
Northern District of California

1  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

2  less restrictive means.

3          2.10    House Counsel: attorneys who are employees of a party to this action. House

4  Counsel does not include Outside Counsel of Record or any other outside counsel.

5          2.11    Non-Party: any natural person, partnership, corporation, association, or other legal

6  entity not named as a Party to this action.

7          2.12    Outside Counsel of Record: attorneys who are not employees of a party to this

8  action but are retained to represent or advise a party to this action and have appeared in this action

9  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

10         2.13    Party: any party to this action, including all of its officers, directors, employees,

11 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12         2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

13 Material in this action.

14         2.15    Professional Vendors: persons or entities that provide litigation support services

15 (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

16 organizing, storing, or retrieving data in any form or medium) and their employees and

17 subcontractors.

18         2.16    Protected Material: any Disclosure or Discovery Material that is designated as

19 "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20         2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a

21 Producing Party.

22 3.      SCOPE

23         The protections conferred by this Stipulation and Order cover not only Protected Material

24 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

25 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

26 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

27

28

3

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

1    However, the protections conferred by this Stipulation and Order do not cover the following

2    information: (a) any information that is in the public domain at the time of disclosure to a

3    Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

4    result of publication not involving a violation of this Order, including becoming part of the public

5    record through trial or otherwise; and (b) any information known to the Receiving Party prior to

6    the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

7    the information lawfully and under no obligation of confidentiality to the Designating Party. Any

8    use of Protected Material at trial shall be governed by a separate agreement or order.

9    4.    DURATION

10    Even after final disposition of this litigation, the confidentiality obligations imposed by this

11    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

12    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

13    and defenses in this action, with or without prejudice; and (2) final judgment herein after the

14    completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

15    including the time limits for filing any motions or applications for extension of time pursuant to

16    applicable law.

17    5.    DESIGNATING PROTECTED MATERIAL

18    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

19    or Non-Party that designates information or items for protection under this Order must take care to

20    limit any such designation to specific material that qualifies under the appropriate standards. To

21    the extent it is practical to do so, the Designating Party must designate for protection only those

22    parts of material, documents, items, or oral or written communications that qualify – so that other

23    portions of the material, documents, items, or communications for which protection is not

24    warranted are not swept unjustifiably within the ambit of this Order.

25    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

26    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

27

28

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

United States District Court
Northern District of California

United States District Court
Northern District of California

1    unnecessarily encumber or retard the case development process or to impose unnecessary

2    expenses and burdens on other parties) expose the Designating Party to sanctions.

3           If it comes to a Designating Party's attention that information or items that it designated

4    for protection do not qualify for protection at all or do not qualify for the level of protection

5    initially asserted, that Designating Party must promptly notify all other parties that it is

6    withdrawing the mistaken designation.

7           5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

8    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

9    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

10   designated before the material is disclosed or produced.

11          Designation in conformity with this Order requires:

12          (a) for information in documentary form (e.g., paper or electronic documents, but

13   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

14   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15   ONLY" to each page that contains protected material. If only a portion or portions of the material

16   on a page qualifies for protection, the Producing Party also must clearly identify the protected

17   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

18   portion, the level of protection being asserted.

19          A Party or Non-Party that makes original documents or materials available for inspection

20   need not designate them for protection until after the inspecting Party has indicated which material

21   it would like copied and produced. During the inspection and before the designation, all of the

22   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

24   copied and produced, the Producing Party must determine which documents, or portions thereof,

25   qualify for protection under this Order. Then, before producing the specified documents, the

26   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

27

28

5

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and

United States District Court
Northern District of California

6

the level of protection being asserted by the Designating Party. The Designating Party shall inform

the court reporter of these requirements. Any transcript that is prepared before the expiration of a

21-day period for designation shall be treated during that period as if it had been designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as actually

designated.

(c) for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container

or containers in which the information or item is stored the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated

in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis

7

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

United States District Court
Northern District of California

1    for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

2    notice must recite that the challenge to confidentiality is being made in accordance with this

3    specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

4    good faith and must begin the process by conferring directly (in voice to voice dialogue; other

5    forms of communication are not sufficient) within 14 days of the date of service of notice. In

6    conferring, the Challenging Party must explain the basis for its belief that the confidentiality

7    designation was not proper and must give the Designating Party an opportunity to review the

8    designated material, to reconsider the circumstances, and, if no change in designation is offered, to

9    explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

10   the challenge process only if it has engaged in this meet and confer process first or establishes that

11   the Designating Party is unwilling to participate in the meet and confer process in a timely

12   manner.

13         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

14   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

15   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of

16   the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

17   process will not resolve their dispute, whichever is earlier. Each such motion must be

18   accompanied by a competent declaration affirming that the movant has complied with the meet

19   and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

20   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

21   shall automatically waive the confidentiality designation for each challenged designation. In

22   addition, the Challenging Party may file a motion challenging a confidentiality designation at any

23   time if there is good cause for doing so, including a challenge to the designation of a deposition

24   transcript or any portions thereof. Any motion brought pursuant to this provision must be

25   accompanied by a competent declaration affirming that the movant has complied with the meet

26   and confer requirements imposed by the preceding paragraph.

27

28

8

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

1    The burden of persuasion in any such challenge proceeding shall be on the Designating

2   Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

3   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

4   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

5   file a motion to retain confidentiality as described above, all parties shall continue to afford the

6   material in question the level of protection to which it is entitled under the Producing Party's

7   designation until the court rules on the challenge.

8   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9       7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

10   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

12   the categories of persons and under the conditions described in this Order. When the litigation has

13   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

14   DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving Party at a location and in

16   a secure manner that ensures that access is limited to the persons authorized under this Order.

17       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

18   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19   information or item designated "CONFIDENTIAL" only to:

20       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

21   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

22   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

23   attached hereto as Exhibit A;

24       (b) the officers, directors, and employees (including House Counsel) of the Receiving

25   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

26   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27
9

28
STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

United States District Court
Northern District of California

United States District Court
Northern District of California

(c) Experts (as defined in this Order) of the Receiving Party and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel, or discovery masters, special masters, mediators, or other third parties who are appointed by the court or retained by the parties for settlement purposes or resolution of discovery or other dispute in this litigation, and their necessary personnel;

(e) court reporters and their staff, professional jury, trial consultants, jury consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or any current employee of the party that produced the document; and

(h) any persons to whom the Parties agree in writing or whom the court has ordered can have access and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

1    said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

2    this litigation;

3              (b) Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably

4    necessary for this litigation, and (2) as to whom the procedures set forth in paragraph 7.4(a)(1),

5    below, have been followed;

6              (c) Experts of the Receiving Party and their staff (1) to whom disclosure is reasonably

7    necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be

8    Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below

9    have been followed;

10             (d) the court and its personnel, or discovery masters, special masters, mediators, or other

11   third parties who are appointed by the court or retained by the parties for settlement purposes or

12   resolution of discovery or other dispute, and their necessary personnel;

13             (e) court reporters and their staff, professional jury, trial consultants, jury consultants and

14   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

15   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16             (f) the author or recipient of a document containing the information, a custodian or other

17   person who otherwise possessed or knew the information, or any current employee of the party

18   that produced the document; and

19             (g) any persons to whom the Parties agree in writing or whom the court has ordered can

20   have access and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

21   A).

22             7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

23   – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

24             (a)(1) Each party may provide the other party with up to three names of Designated House

25   Counsel that may receive any information or item that has been designated "HIGHLY

26   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b).

27                                                          11

28                                            STIPULATED PROTECTIVE ORDER,
                                             NO. 4:24-CV-09104-JST

1      (a)(2) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2   ONLY" information or items may be disclosed to an Expert without disclosure of the identity of

3   the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a

4   Party or anticipated to become one.  If the Expert is a current officer, director, or employee of a

5   competitor of a Party or anticipated to become one, a Party that seeks to disclose to an Expert (as

6   defined in this Order) any information or item that has been designated "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a

8   written request to the Designating Party that (1) identifies the general categories of "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks

10  permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and

11  state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

12  identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

13  Expert has received compensation or funding for work in his or her areas of expertise or to whom

14  the expert has provided professional services, including in connection with a litigation, at any time

15  during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date,

16  and location of court) any litigation in connection with which the Expert has offered expert

17  testimony, including through a declaration, report, or testimony at a deposition or trial, during the

18  preceding five years.[2]

19      (b) A Party that makes a request and provides the information specified in the preceding

20  respective paragraphs may disclose the subject Protected Material to the identified Designated

21  House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a

22

23

24  [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the
    Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality
25  agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating
    Party regarding any such engagement.

26  [2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to
    the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY
27  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

12

28                                                  STIPULATED PROTECTIVE ORDER,
                                                    NO. 4:24-CV-09104-JST

United States District Court
Northern District of California

written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

1    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

2    other litigation that some or all of the material covered by the subpoena or order is subject to this

3    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

4    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

5    Designating Party whose Protected Material may be affected.[3]

6    If the Designating Party timely seeks a protective order, the Party served with the subpoena

7    or court order shall not produce any information designated in this action as "CONFIDENTIAL"

8    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

9    court from which the subpoena or order issued, unless the Party has obtained the Designating

10   Party's permission. The Designating Party shall bear the burden and expense of seeking protection

11   in that court of its confidential material – and nothing in these provisions should be construed as

12   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

13   another court.

14   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

15         LITIGATION

16   (a)    The terms of this Order are applicable to information produced by a Non-Party in

17   this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with

19   this litigation is protected by the remedies and relief provided by this Order. Nothing in these

20   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

21   (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-

22   Party's confidential information in its possession, and the Party is subject to an agreement with the

23   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

24         1.    promptly notify in writing the Requesting Party and the Non-Party that

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

14

some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

United States District Court
Northern District of California

1  produced material is subject to a claim of privilege or other protection, the obligations of the

2  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

3       If information is produced in discovery that is subject to a claim of privilege or of

4  protection as trial-preparation material, the Party making the claim may notify any Party that

5  received the information of the claim and the basis for it.  After being notified, a Party must

6  promptly return or destroy the specified information and any copies it has and may not sequester,

7  use or disclose the information until the claim is resolved.  This includes a restriction against

8  presenting the information to the court for a determination of the claim.

9       This provision is not intended to modify whatever procedure may be established in an e-

10  discovery order that provides for production without prior privilege review. Pursuant to Federal

11  Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

12  disclosure of a communication or information covered by the attorney-client privilege or work

13  product protection, the parties may incorporate their agreement in the stipulated protective order

14  submitted to the court.

15  12.    MISCELLANEOUS

16       12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

17  seek its modification by the court in the future.

18       12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

19  Order no Party waives any right it otherwise would have to object to disclosing or producing any

20  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

21  Party waives any right to object on any ground to use in evidence of any of the material covered

22  by this Protective Order.

23       12.3    Filing Protected Material. Without written permission from the Designating Party

24  or a court order secured after appropriate notice to all interested persons, a Party may not file in

25  the public record in this action any Protected Material. A Party that seeks to file under seal any

26  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

27

28

16

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

1    under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

2    issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

3    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

4    otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

5    Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving

6    Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless

7    otherwise instructed by the court.

8    13.    FINAL DISPOSITION

9        Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

10    Party must return all Protected Material to the Producing Party or destroy such material. As used in this

11    subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

12    format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

13    or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

14    same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

15    where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

16    Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

17    reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

18    entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

19    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

20    consultant and expert work product, even if such materials contain Protected Material. Any such archival

21    copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

22    Section 4 (DURATION).

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

United States District Court
Northern District of California

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: August 14, 2025          /s/ Michael C. Hendershot
                                      Attorney for Plaintiff

4

5    DATED: August 14, 2025          /s/ Gary Shuster
                                      Attorney for Defendant

6

7

8                                FILER'S ATTESTATION

9          Pursuant to Civil L.R. 5-1(i)(3), the undersigned filer hereby attests that all signatories

10   listed, and on whose behalf the filing is submitted, concur in the filing's content and have

11   authorized the filing.

12   DATED: August 14, 2025          /s/ Michael C. Hendershot
                                      Attorney for Plaintiff

13

14

15

16       PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18   DATED: _____   _____
                                      Honorable Jon Tigar
19                                    United States District Judge

20

21

22

23

24

25

26

27                                           18

28                                           STIPULATED PROTECTIVE ORDER,
                                             NO. 4:24-CV-09104-JST

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of *Cohesity, Inc. v.*

*Cartesian Theatre Corp.*, Case No. 4:24-CV-09104-JST (N.D. Cal.). I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]

19

STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

United States District Court
Northern District of California