1    Michael C. Hendershot (State Bar No. 211830)
     mhendershot@jonesday.com
2    Catherine T. Zeng (State Bar No. 251231)
     czeng@jonesday.com
3    JONES DAY
     1755 Embarcadero Road
4    Palo Alto, CA 94303
     Telephone: +1.650.739.3939
5    Facsimile:  +1.650.739.3900

6    Anna E. Raimer (State Bar No. 234794)
     aeraimer@jonesday.com
7    JONES DAY
     717 Texas Avenue, Suite 3300
8    Houston, TX 77002
     Telephone: +1.832.239.3939
9    Facsimile:  +1.832.239.3600

10    *Attorneys for Plaintiff Cohesity, Inc.*

11            **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13            **OAKLAND DIVISION**

14

15    COHESITY, INC.,         Case No. 4:24-CV-09104-JST

16          Plaintiff,      **DECLARATION OF ANNA E.**
                               **RAIMER IN SUPPORT OF**
17        v.             **STIPULATED PROTECTIVE ORDER**

18    CARTESIAN THEATRE CORP., and
     DOES 1 – 25,
19

20          Defendants.

21

22

23

24

25

26

27

28

1        I, Anna E. Raimer, hereby declare as follows:

2        1.       I am a partner with the law firm Jones Day, counsel for plaintiff Cohesity, Inc.

3    ("Cohesity") in the above-captioned lawsuit.  I am a member in good standing of the State Bar of

4    California.  I make this declaration in support of the parties Proposed Stipulated Protective Order.

5        2.       The Proposed Stipulated Protective Order is based on the Northern District of

6    California's Model Protective Order for Litigation Involving Patents, Highly Sensitive

7    Confidential Information and/or Trade Secrets ("Model Protective Order").  A redline against the

8    Model Protective Order is attached hereto as **Exhibit 1**.  Except for deletions of "Optional"

9    language, which are not expressly noted herein, the Proposed Stipulated Protective Order makes

10   the following changes:

11       a)   In Paragraphs 7.2 and 7.3, the parties identified additional non-parties who may have

12            access to information and items designated as "CONFIDENTIAL" and "HIGHLY

13            CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The parties agree that disclosure

14            to the additional non-parties identified in Paragraphs 7.2 and 7.3 of Exhibit 1 is

15            reasonable to facilitate the litigation and/or settlement of this case and is unlikely to

16            cause prejudice to either party.

17       b)   In Paragraph 7.4(a)(1), the parties replaced the existing language of Paragraph

18            7.4(a)(1) with the "Alternative" language contemplated by Footnote 6 of the Model

19            Protective Order, which permits the exchange of a certain number of Designated

20            House Counsel that may receive information and items designated as "HIGHLY

21            CONFIDENTIAL – ATTORNEYS' EYES ONLY" in lieu of the procedure proposed

22            by Paragraph 7.4(a)(1) of the Model Protective Order.

23       c)   In Paragraph 7.4(a)(2), the parties added the "Alternative" language contemplated by

24            Footnote 7 of the Model Protective Order, which permits the disclosure of information

25            or items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26            ATTORNEYS' EYES ONLY" to an Expert without disclosure of the identity of the

27            Expert as long as the Expert is not a current officer, director, or employee of a

28

1     competitor of a Party or anticipated to become one.

2         d)   In Paragraph 11, the parties added the "Alternative" language contemplated by

3              Footnote 20 of the Model Protective Order, which prohibits the sequestering, use, and

4              disclosure of information produced in discovery that is subject to a claim of privilege

5              or of protection as trial-preparation material after the party making the claim has

6              notified the other party and provided the basis for the claim.

7

8         I declare under penalty of perjury under the laws of the United States that the foregoing is

9     true and correct.

10        Executed on the 14th of August 2025, in Houston, Texas.

11

12                                                    _____

13                                                    Anna E. Raimer

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RAIMER DECL. ISO
STIPULATED PROTECTIVE ORDER,
NO. 4:24-CV-09104-JST

# EXHIBIT 1

1

2

3

4                       **UNITED STATES DISTRICT COURT**

5                     **NORTHERN DISTRICT OF CALIFORNIA**

6

7    COHESITY, INC.                              Case No. ~~C~~4:24-CV-09104-JST

8                    Plaintiff,                   **[PROPOSED] STIPULATED**
                                                  **PROTECTIVE ORDER** ~~FOR~~
9            v.                                   ~~LITIGATION INVOLVING PATENTS,~~
                                                  ~~HIGHLY SENSITIVE CONFIDENTIAL~~
10   CARTESIAN THEATRE CORP., and                 ~~INFORMATION AND/OR TRADE~~
     DOES 1 – 25,                                 ~~SECRETS~~
11                   ~~Defendant~~Defendants.

12

13       Plaintiff Cohesity, Inc. and Defendant Cartesian Theatre Corp. hereby stipulate to the

14   below proposed protective order.  This proposed protective order is based on the Northern District

15   of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive

16   Confidential Information and/or Trade Secrets, with any deviations from that Model Protective

17   Order identified in the redline attached to the accompanying Declaration.

18   1.       PURPOSES AND LIMITATIONS

19           Disclosure and discovery activity in this action are likely to involve production of

20   confidential, proprietary, or private information for which special protection from public

21   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

23   Protective Order. The parties acknowledge that this Order does not confer blanket protections on

24   all disclosures or responses to discovery and that the protection it affords from public disclosure

25   and use extends only to the limited information or items that are entitled to confidential treatment

26   under the applicable legal principles. The parties further acknowledge, as set forth in Section

27   ~~14.4~~12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

28

*United States District Court*
*Northern District of California*

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    [*Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2

United States District Court
Northern District of California

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     [*Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16     Protected Material: any Disclosure or Discovery Material that is designated as

3

"CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

[*Optional*: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

United States District Court
Northern District of California

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection,

5

United States District Court
Northern District of California

the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" *[Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE]*) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire

6

transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and

the level of protection being asserted by the Designating Party. The Designating Party shall inform

the court reporter of these requirements. Any transcript that is prepared before the expiration of a

21-day period for designation shall be treated during that period as if it had been designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as actually

designated.

(c) for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container

or containers in which the information or item is stored the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY

CONFIDENTIAL – SOURCE CODE"]. If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected

portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

7

right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under

8

United States District Court
Northern District of California

Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

---

[1] ~~Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.~~

9

1    been terminated, a Receiving Party must comply with the provisions of section ~~15~~13 below

2    (FINAL DISPOSITION).

3          Protected Material must be stored and maintained by a Receiving Party at a location and in

4    a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

5          7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

6    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7    information or item designated "CONFIDENTIAL" only to:

8          (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

9    said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

10   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

11   attached hereto as Exhibit A;

12         (b) the officers, directors, and employees (including House Counsel) of the Receiving

13   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15         (c) Experts (as defined in this Order) of the Receiving Party <u>and their staff </u>to whom

16   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

17   and Agreement to Be Bound" (Exhibit A);

18         (d) the court and its personnel~~;~~<u>, or discovery masters, special masters, mediators, or other</u>

19   <u>third parties who are appointed by the court or retained by the parties for settlement purposes or</u>

20   <u>resolution of discovery or other dispute in this litigation, and their necessary personnel;</u>

21         (e) court reporters and their staff, professional jury ~~or~~<u>,</u> trial <u>consultants, jury </u>consultants,

22   and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

23   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24         (f) during their depositions, witnesses in the action to whom disclosure is reasonably

25

26         ─────────────────────

27   ~~[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.~~

28

necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.~~.~~;

(g) the author or recipient of a document containing the information ~~or,~~ a custodian or other person who otherwise possessed or knew the information~~.~~, or any current employee of the party that produced the document; and

(h) any persons to whom the Parties agree in writing or whom the court has ordered can have access and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: ~~and "HIGHLY CONFIDENTIAL – SOURCE CODE"~~] Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: ~~or "HIGHLY CONFIDENTIAL – SOURCE CODE"~~] only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation ~~and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A~~;

[(b) *Optional as deemed appropriate in case-specific circumstances:* Designated House Counsel of the Receiving Party[3] (1) ~~who has no involvement in competitive decision-making, (2~~) to whom disclosure is reasonably necessary for this litigation, ~~(3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),~~ and (4~~2~~) as to whom the procedures set forth in paragraph

_____

[3] ~~It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.~~

11

1   7.4(a)(1), below, have been followed];[4]

2        (c) Experts of the Receiving Party and their staff (1) to whom disclosure is reasonably

3   necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be

4   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

5   have been followed];

6        (d) the court and its personnel, or discovery masters, special masters, mediators, or other

7   third parties who are appointed by the court or retained by the parties for settlement purposes or

8   resolution of discovery or other dispute, and their necessary personnel;

9        (e) court reporters and their staff, professional jury or, trial consultants,[5] jury consultants

10  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

11  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

12       (f) the author or recipient of a document containing the information or, a custodian or other

13  person who otherwise possessed or knew the information., or any current employee of the party

14  that produced the document; and

15       (g) any persons to whom the Parties agree in writing or whom the court has ordered can

16  have access and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

17  A).

United States District Court
Northern District of California

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

[5] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

12

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ~~[*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~ Information or Items to Designated House Counsel[6] or Experts.[7]

(a)(1) ~~Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to~~ Each party may provide the other party with up to three names of Designated House Counsel that may receive any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) ~~first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[8]~~.

(a)(2) ~~Unless otherwise ordered by the court or agreed to in writing by the Designating Party~~ "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.  If the Expert is a current officer, director, or employee of a competitor of a Party or anticipated to become one, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ~~[*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~

---

[6] ~~*Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.~~

[7] ~~*Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.~~

[8] ~~It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later arising competitive decision-making responsibilities.~~

13

United States District Court
Northern District of California

pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[9][1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[10][2]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

---

[9][1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[10][2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

14

United States District Court
Northern District of California

United States District Court
Northern District of California

1   provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

2   seeking permission from the court to do so. Any such motion must describe the circumstances

3   with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

4   the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

5   suggest any additional means that could be used to reduce that risk. In addition, any such motion

6   must be accompanied by a competent declaration describing the parties' efforts to resolve the

7   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

8   setting forth the reasons advanced by the Designating Party for its refusal to approve the

9   disclosure.

10          In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

11   Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

12   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

13   Material to its Designated House Counsel or Expert.

14   8.      PROSECUTION BAR [*OPTIONAL*]

15          Absent written consent from the Producing Party, any individual who receives access to "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL –

17   SOURCE CODE"] information shall not be involved in the prosecution of patents or patent applications

18   relating to [insert subject matter of the invention and of highly confidential technical information to be

19   produced], including without limitation the patents asserted in this action and any patent or application

20   claiming priority to or otherwise related to the patents asserted in this action, before any foreign or

21   domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[11] For

22   purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

23   otherwise affecting the scope or maintenance of patent claims.[12] To avoid any doubt, "prosecution" as used

24

25

26   [11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to
     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

27   [12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

28

United States District Court
Northern District of California

1   in this paragraph does not include representing a party challenging a patent before a domestic or foreign

2   agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

3   reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL —

4   ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL — SOURCE CODE"]

5   information is first received by the affected individual and shall end two (2) years after final termination of

6   this action.[13]

7   9.      SOURCE CODE [*OPTIONAL*]

8       (a)     To the extent production of source code becomes necessary in this case, a Producing Party

9   may designate source code as "HIGHLY CONFIDENTIAL — SOURCE CODE" if it comprises or includes

10  confidential, proprietary or trade secret source code.

11      (b)     Protected Material designated as "HIGHLY CONFIDENTIAL — SOURCE CODE" shall

12  be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL — SOURCE CODE" shall be

13  subject to all of the protections afforded to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

14  information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only

15  to the individuals to whom "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information

16  may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House

17  Counsel.[14]

18      (c)     Any source code produced in discovery shall be made available for inspection, in a format

19  allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually

20  agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon

21  location.[15] The source code shall be made available for inspection on a secured computer in a secured room

22

23  [13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another
    party's "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" technical or source code information pursuant

24  to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY
    CONFIDENTIAL — ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY

25  CONFIDENTIAL — SOURCE CODE" information.

26  [14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including
    "HIGHLY CONFIDENTIAL — SOURCE CODE" information, such as exhibits to motions or expert reports.

27  [15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through

28

                                                16

United States District Court
Northern District of California

1    without Internet access or network access to other computers, and the Receiving Party shall not copy,

2    remove, or otherwise transfer any portion of the source code onto any recordable media or recordable

3    device. The Producing Party may visually monitor the activities of the Receiving Party's representatives

4    during any source code review, but only to ensure that there is no unauthorized recording, copying, or

5    transmission of the source code.[16]

6         (d)    The Receiving Party may request paper copies of limited portions of source code that are

7    reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

8    deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other

9    than electronically as set forth in paragraph (e) in the first instance. The Producing Party shall provide all

10   such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL -

11   SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy

12   form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

13   Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes

14   of dispute resolution.

15        (e)    The Receiving Party shall maintain a record of any individual who has inspected any

16   portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies

17   of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create

18   any electronic or other images of the paper copies and shall not convert any of the information contained in

19   the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if

20   such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a

21   testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the

22   preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party

23   _____

24   which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times
     at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be
25   disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different
     jurisdiction than counsel and/or experts for the Receiving Party.

26   [16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the
     names of any individuals inspecting the source code and dates and times of inspection, and the names of any
27   individuals to whom paper copies of portions of source code are provided.

     17

28

1 ~~at the end of each day and must not be given to or left with a court reporter or any other unauthorized~~

2 ~~individual.[17]~~

3 ~~10~~8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

4          LITIGATION

5          If a Party is served with a subpoena or a court order issued in other litigation that compels

6 disclosure of any information or items designated in this action as "CONFIDENTIAL" or

7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ~~[*Optional*: or "HIGHLY~~

8 ~~CONFIDENTIAL – SOURCE CODE"]~~ that Party must:

9          (a) promptly notify in writing the Designating Party. Such notification shall include a copy

10 of the subpoena or court order;

11          (b) promptly notify in writing the party who caused the subpoena or order to issue in the

12 other litigation that some or all of the material covered by the subpoena or order is subject to this

13 Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

14          (c) cooperate with respect to all reasonable procedures sought to be pursued by the

15 Designating Party whose Protected Material may be affected.~~18~~3

16          If the Designating Party timely seeks a protective order, the Party served with the subpoena

17 or court order shall not produce any information designated in this action as "CONFIDENTIAL"

18 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ~~[*Optional*: or "HIGHLY~~

19 ~~CONFIDENTIAL – SOURCE CODE"]~~ before a determination by the court from which the

20 subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

21 Designating Party shall bear the burden and expense of seeking protection in that court of its

22

23 _____

24 ~~[17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For~~
~~example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the~~
25 ~~Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing,~~
~~pleading, or expert report.~~

26 ~~18~~3 The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and
to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from
27 which the subpoena or order issued.

18

28

confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

~~11~~9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ~~[Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

19

by the court.[19]4 Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

1210.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

1311.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20]

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it.  After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester,

---

[19]4 The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

20

use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court for a determination of the claim.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.12.   MISCELLANEOUS

14.1.12.1          Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.12.2          Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     [Optional: Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]

14.4.12.3          Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

21

issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving ~~Party's~~Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

~~15~~13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

United States District Court
Northern District of California

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____  ~~_____~~ __/s/ Michael C. Hendershot_____

~~Attorneys~~Attorney for Plaintiff

DATED: _____  ~~_____~~ __/s/ Gary Shuster_____

~~Attorneys~~Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  _____

~~[Name of Judge]~~
Honorable Jon Tigar
United States District ~~Magistrate~~ Judge

23

1

2

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of perjury that I have read

5    in its entirety and understand the Stipulated Protective Order that was issued by the United States

6    District Court for the Northern District of California on [date] in the case of ~~_____ [insert~~

7    ~~formal name of the case and the number and initials assigned to it by the court]~~*Cohesity, Inc. v.*

8    *Cartesian Theatre Corp.*, Case No. 4:24-CV-09104-JST (N.D. Cal.). I agree to comply with and to

9    be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

10    that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

11    solemnly promise that I will not disclose in any manner any information or item that is subject to

12    this Stipulated Protective Order to any person or entity except in strict compliance with the

13    provisions of this Order.

14    I further agree to submit to the jurisdiction of the United States District Court for

15    the Northern District of California for the purpose of enforcing the terms of this Stipulated

16    Protective Order, even if such enforcement proceedings occur after termination of this action.

17    I hereby appoint _____ [print or type full name] of

18    _____ [print or type full address and telephone number]

19    as my California agent for service of process in connection with this action or any proceedings

20    related to enforcement of this Stipulated Protective Order.

21

22    Date: _____

23    City and State where sworn and signed: _____

24    Printed name: _____
                [printed name]

25

26    Signature: _____
                [signature]

27

24

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25

| Summary report: Litera Compare for Word 11.9.1.1 Document comparison done on 8/10/2025 6:10:44 PM | |
|---|---|
| **Style name:** JD Color | |
| **Intelligent Table Comparison:** Inactive | |
| **Original filename:** ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised (3).docx | |
| **Modified filename:** Draft Stipulated Protective Order(5002222941.1).docx | |
| **Changes:** | |
| Add | 62 |
| Delete | 133 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 195 |