1   Michael C. Hendershot (State Bar No. 211830)
    mhendershot@jonesday.com
2   Catherine T. Zeng (State Bar No. 251231)
    czeng@jonesday.com
3   JONES DAY
    1755 Embarcadero Road
4   Palo Alto, CA 94303
    Telephone: +1.650.739.3939
5   Facsimile:  +1.650.739.3900

6   Anna E. Raimer (State Bar No. 234794)
    aeraimer@jonesday.com
7   JONES DAY
    717 Texas Avenue, Suite 3300
8   Houston, TX 77002
    Telephone: +1.832.239.3939
9   Facsimile:  +1.832.239.3600

10  *Attorneys for Plaintiff Cohesity, Inc.*

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                  **OAKLAND DIVISION**

14

15  COHESITY, INC.,                          Case No. 4:24-CV-09104-JST

16              Plaintiff,                    **PLAINTIFF COHESITY, INC.'S**
                                              **OPPOSITION TO DEFENDANT'S**
17        v.                                  **MOTION TO DISMISS, OR IN THE**
                                              **ALTERNATIVE FOR A MORE**
18  CARTESIAN THEATRE CORP., and              **DEFINITE STATEMENT, FOR A**
    DOES 1 – 25,                              **STAY, OR TO STRIKE (ECF NO. 37)**
19
                                              Hearing: October 23, 2025
20              Defendants.                   Time: 2:00 p.m.
                                              Place: Courtroom 6
21                                            Judge: Hon. Jon. S. Tigar

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.     INTRODUCTION .......................................................................................................... 1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................... 1

    A.     Cohesity's Reasonable Apprehension Of Suit. ....................................................... 1

    B.     CT's Failure To Timely File An Answer Or Respond To The Complaint. ............. 3

    C.     CT's California and U.S. Contacts and Activities. .................................................. 3

III.   ARGUMENT ................................................................................................................. 5

    A.     The Court Has Subject Matter Jurisdiction Over This Action. ............................... 5

        1.     Legal Standard. ........................................................................................... 5

        2.     An Actual, Justiciable Case or Controversy Exists. ..................................... 5

        3.     The *Brillhart* Factors and Ninth Circuit Considerations Support the
             Exercise of Jurisdiction. ............................................................................. 8

    B.     The Court Has Personal Jurisdiction Over CT. ...................................................... 9

        1.     Legal Standard. ........................................................................................... 9

        2.     CT Waived Its Personal Jurisdiction Defense. ........................................... 10

        3.     In Any Case, The Court Has Specific Jurisdiction Over CT. .................... 10

        4.     Alternatively, This Court Has Jurisdiction Over CT Pursuant to
             Rule 4(k)(2). ............................................................................................. 16

    C.     The Motion To Dismiss Under Rule 12(b)(3) And Forum Non Conveniens
        Should Be Denied ............................................................................................... 18

        1.     Venue Is Proper In the Northern District of California. ............................ 18

        2.     CT Failed to Meet Its Burden to Show That Forum Non
             Conveniens Dismissal Is Appropriate ....................................................... 19

    D.     Due Process Does Not Require Dismissal. ............................................................ 21

    E.     Cohesity's Claim Is Sufficiently Pled. ................................................................. 22

        1.     Paragraphs 2, 5, 14, 15, and 33 Are Sufficiently Pled. ............................. 22

        2.     The Court Should Deny CT's Request for a More Definite
             Statement. ................................................................................................. 24

IV.    COHESITY'S EVIDENTIARY OBJECTIONS TO WARNER DECLARATION ........ 25

V.     CONCLUSION ............................................................................................................ 25

1

**TABLE OF AUTHORITIES**

2

Page

3

CASES

4

5
*A.F.P. v. United States*,
No. 121CV00780, 2022 WL 2704570 (E.D. Cal. July 12, 2022)..........................................21

6

7
*Automattic Inc. v. Steiner*,
82 F. Supp. 3d 1011 (N.D. Cal. 2015) ....................................................................... 11, 12, 13

8

9
*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,
223 F.3d 1082 (9th Cir. 2000).......................................................................................... 12, 14

10

11
*Benny v. Pipes*,
799 F.2d 489 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987) ........................... 10

12

13
*Brayton Purcell LLP v. Recordon & Recordon*,
606 F.3d 1124 (9th Cir. 2010)............................................................................................... 10

14
*Brillhart v. Excess Ins. Co.*,
316 U.S. 491 (1942) ................................................................................................................ 8

15

16
*Caesars World, Inc. v. Milanian*,
247 F. Supp. 2d 1171 (D. Nev. 2003) ...................................................................................... 7

17

18
*Cal. Beach Co., LLC v. Han Xian Du*,
No. 19-CV-08426, 2020 WL 6276987 (N.D. Cal. Aug. 13, 2020) ........................................ 12

19

20
*Calder v. Jones*,
465 U.S. 783 (1984) .............................................................................................................. 11

21

22
*Cellars v. Pac. Coast Packaging, Inc.*,
189 F.R.D. 575 (N.D. Cal. 1999) ........................................................................................... 24

23
*Chambers v. Mississippi*,
410 U.S. 284 (1973) .............................................................................................................. 21

24

25
*Chesebrough-Pond's, Inc. v. Faberge, Inc.*,
666 F.2d 393 (9th Cir. 1982).................................................................................................... 6

26

27
*City of Almaty v. Ablyazov*,
278 F. Supp. 3d 776 (S.D.N.Y. 2017) ................................................................................... 15

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Coheso, Inc. v. Can't Live Without It, LLC*,
    No. 17-CV-03381-LHK, 2017 WL 10434396 (N.D. Cal. Dec. 18, 2017) .......................... 8, 9

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ........................................................................................... 13

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) .......................................................................................................... 16

*Cruz v. Bondi*,
    No. 24-2865, 2025 WL 2026174 (9th Cir. July 21, 2025) .................................................... 22

*CYBERsitter, LLC v. People's Republic of China*,
    805 F. Supp. 2d 958 (C.D. Cal. 2011) ............................................................................... 21

*Dole Food Co., Inc. v. Watts*,
    303 F. 3d 1104 (9th Cir. 2002) ............................................................................. 14, 16, 19

*Dreier v. United States*,
    106 F.3d 844 (9th Cir. 1996), *as amended* (Feb. 4, 1997) ...................................................... 5

*Expensify, Inc. v. Swappoint AG*,
    No. 22-CV-05720, 2023 WL 6323103 (N.D. Cal. Sept. 28, 2023) ........................................ 17

*Freecyclesunnyvale v. Freecycle Network, Inc.*,
    No. C 06-00324, 2006 WL 870688 (N.D. Cal. 2006) .......................................................... 6, 7

*Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*,
    754 F.2d 591 (5th Cir. 1985) ............................................................................................. 19

*Gerber v. Riordan*,
    649 F.3d 514 (6th Cir. 2011) ............................................................................................. 10

*Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*,
    470 F. Supp. 3d 735 (E.D. Mich. 2020) .............................................................................. 22

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) .......................................................................................................... 21

*Halcyon Syndicate Ltd., LLC v. Graham Beck Enters. (PTY), Ltd.*,
    No. 19-CV-04278, 2020 WL 4051865 (N.D. Cal. July 20, 2020) .......................................... 20

*Impossible Foods Inc. v. Impossible X LLC*,
    80 F.4th 1079 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561, 219 L. Ed. 2d
    1227 (2024) ..................................................................................... 10, 11, 13, 14

**TABLE OF AUTHORITIES**
(continued)

Page

*Innovus Prime, LLC v. Panasonic Corp.*,
No. C-12-00660-RMW, 2013 WL 3354390 (N.D. Cal. July 2, 2013) .................................. 25

*Insalaco v. Fire Ins. Exch.*,
No. 20-CV-00664-JST, 2020 WL 13561583 (N.D. Cal. Dec. 15, 2020) (Tigar,
J.) ............................................................................................................................................. 9

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ............................................................................................... 23

*Lloyds Plumbing, Inc. v. Dutton Plumbing, Inc.*,
No. CV 18-2353, 2018 WL 6164327 (C.D. Cal. Aug. 20, 2018) ........................................... 23

*Mathews v. Eldridge*,
424 U.S. 319 (1976) ............................................................................................................... 22

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ............................................................................................... 10

*Moletech Glob. Hong Kong Ltd. v. Pojery Trading Co.*,
No. 4:09-CV-00027-SBA, 2009 WL 3151147 (N.D. Cal. Sept. 25, 2009) ........................... 21

*Monster Cable Prods., Inc. v. Euroflex S.R.L.*,
642 F. Supp. 2d 1001 (N.D. Cal. 2009) ........................................................................... 17, 18

*Neilmed Prods., Inc. v. Med-Sys., Inc.*,
472 F. Supp. 2d 1178 (N.D. Cal. 2007) ......................................................................... 5, 6, 9

*Nibirutech Ltd v. Jang*,
75 F. Supp. 3d 1076 (N.D. Cal. 2014) ....................................................................... 19, 20, 21

*Nike, Inc. v. Adidas Am., Inc.*,
No. CV 05-541, 2005 WL 2757293 (D. Or. Oct. 24, 2005) ..................................................... 8

*Pacific Gas & Elec. Co. v. Lynch*,
216 F. Supp. 2d 1016 (N.D. Cal. 2002) ................................................................................. 25

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998) ............................................................................................... 14

*PHC, Inc. v. Pioneer Healthcare, Inc.*,
75 F.3d 75 (1st Cir. 1996) ....................................................................................................... 7

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) ............................................................................................................... 19

PL.'S OPPOSITION TO DEF'S MOTIONS,
NO. 4:24-CV-09104-JST

*Platform Sci., Inc. v. Fleet Connect Sols. LLC*,
No. 25-CV-457-DMS-SBC, 2025 WL 2308101 (S.D. Cal. Aug. 11, 2025) ......................... 18

*Rakuten Med., Inc. v. Illumina, Inc.*,
No. 20-CV-05430-LHK, 2021 WL 1530999 (N.D. Cal. Apr. 19, 2021)................................ 9

*Rhoades v. Avon Prods., Inc.*,
504 F.3d 1151 (9th Cir. 2007) .......................................................................................... 6

*Riot Games, Inc. v. Suga PTE, Ltd.*,
638 F. Supp. 3d 1102 (C.D. Cal. 2022) ..................................................................... 16, 17

*Rolex Watch U.S.A., Inc. v. Agarwal*,
No. CV-12-06400, 2012 WL 12886444 (C.D. Cal. Dec. 17, 2012) ................................ 23

*Roth v. Garcia*,
942 F.2d 617 (9th Cir. 1991).......................................................................................... 14

*S.E.C. v. Bardman*,
216 F. Supp. 3d 1041 (N.D. Cal. 2016) ......................................................................... 23

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004)......................................................................................... 5

*Sagan v. Apple Computer, Inc.*,
874 F. Supp. 1072 (C.D. Cal. 1994) ......................................................................... 24, 25

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*,
65 F.4th 1012 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 190, 217 L. Ed. 2d 77
(2023) ............................................................................................................................. 5

*Santander Consumer USA Inc. v. Drive.Car LLC*,
No. 3:23-CV-00288-SLG, 2024 WL 4880668 (D. Alaska Nov. 25, 2024).......................... 23

*Sinatra v. Nat'l Enquirer, Inc.*,
854 F.2d 1191 (9th Cir. 1988).......................................................................................... 15

*Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*,
655 F.2d 938 (9th Cir. 1981)........................................................................................... 5

*Tuazon v. R.J. Reynolds Tobacco Co.*,
433 F.3d 1163 (9th Cir. 2006)......................................................................................... 20

*Twitter, Inc. v. VoIP-Pal.com, Inc.*,
No. 3:21-CV-09773-JD, 2022 WL 2905065 (N.D. Cal. July 22, 2022)................................. 18

**TABLE OF AUTHORITIES**
(continued)

Page

*Ubiquiti Networks, Inc. v. Kozumi USA Corp.,*
    No. C 12-2582 CW, 2012 WL 2343670 (N.D. Cal. June 20, 2012) ...................................... 17

*Updateme Inc. v. Axel Springer SE,*
    No. 17-CV-05054-SI, 2017 WL 5665669 (N.D. Cal. Nov. 27, 2017)............................. 16, 20

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003)..................................................................................... 23, 24

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.,*
    704 F.3d 668 (9th Cir. 2012).............................................................................................. 11

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,*
    433 F.3d 1199 (9th Cir. 2006) (en banc)................................................................. 11, 12, 13

*Yelp, Inc. v. ReviewVio, Inc.,*
    No. C 23-06508, 2024 WL 2883668 (N.D. Cal. June 6, 2024) ............................................. 24

**STATUTES**

15 U.S.C. § 1125(a) ....................................................................................................... 7, 8, 23

28 U.S.C. § 1338 ................................................................................................................... 17

28 U.S.C. § 1391 ................................................................................................................... 18

**RULES**

Fed. R. Civ. P. 4(k)(2)................................................................................................. 16, 17, 18

Fed. R. Civ. P. 9(b) ............................................................................................................... 23

Fed. R. Civ. P. 43(a)........................................................................................................ 21, 22

Local Rule 7-3(a) .................................................................................................................. 25

Local Rule 7-5(b) .................................................................................................................. 25

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

This case presents a concrete and justiciable controversy over the right to use the HELIOS trademark in the United States.  Cartesian Theatre Corp. ("CT") directly and indirectly threatened Cohesity, Inc. ("Cohesity") with infringement allegations, casting a cloud over Cohesity's U.S. trademark rights and business operations and compelling Cohesity to seek declaratory relief.  CT's motion to dismiss is meritless: this Court has subject matter and personal jurisdiction, venue is proper, and the Complaint is sufficiently pled.  CT's motion should be denied in its entirety.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**A.    Cohesity's Reasonable Apprehension Of Suit.**

Cohesity is one of the largest U.S. providers of artificial intelligence-powered data security and data management software products and services, providing enterprises with vital data backup and recovery solutions.  ECF No. 1, at ¶¶ 19-20.  On August 21, 2018, Cohesity announced the release of its HELIOS offering, including a software-based management solution that enables Cohesity customers to view and manage their Cohesity applications from a single dashboard.  *Id*. ¶ 23.  In addition to Cohesity's nationwide common law rights in the HELIOS mark resulting from its extensive marketing and sales of HELIOS products and services, Cohesity obtained a U.S. trademark registration for HELIOS on July 4, 2023 (Reg. No. 7,095,707), entitling Cohesity to the presumptively valid and exclusive right to use the HELIOS mark in U.S. commerce in connection with the goods and services covered by the registration.  *Id*. ¶ 25, Ex. A.

CT also claims to own U.S. rights in the mark HELIOS, but in connection with a very different kind of software focused on music analysis.  *Id*. ¶¶ 31-35.  Nevertheless, on August 12, 2024, CT's founder, Kipling Warner, first contacted Cohesity (through its U.S. counsel) alleging that Cohesity's HELIOS mark infringes on CT's trademark and seeking a "licensing" arrangement. *See* ECF No. 37-3, Declaration of Kipling Warner ("Warner Decl."), Ex. C.  Then, on September 5, 2024, Mr. Warner specifically advised Cohesity of CT's purported U.S. trademark rights and ability to corroborate its claimed use of the mark in U.S. commerce since 2016, stating it could be "catastrophic" for Cohesity going public if it did not enter into an agreement with CT, a problem

that could be solved on a "win-win" basis. *See* Declaration of Carrie Kiedrowski ("Kiedrowski Decl.") ¶¶ 3-4. Mr. Warner also threatened to "notify . . . third-party stakeholders" with "notices of infringement," and promised that "[t]he fallout would inevitably not be contained domestically" (i.e., in Canada). *See* Warner Decl., Ex. H.

CT followed its threats with action, including issuing "notices of infringement" and contacting Cohesity's major U.S. business partners and service providers, demanding they stop carrying or supporting Cohesity's HELIOS products and services based on alleged infringement. ECF No. 1, ¶¶ 2, 15, 33. CT issued takedown notices to Amazon, Apple, Facebook, the Google Play Store, GitHub, Instagram, X (formerly Twitter), and YouTube, and CT was successful in the takedown of "several publications of Cohesity's." *See* Warner Decl. ¶¶ 30-31, 33-34, 36-41, 45, 52 & Exhs. J-S; Raimer Decl. ¶¶ 2-4, Exhs. A (CT_100268), B (CT_100107) & C (150:22-152:11). In communications with Apple, CT represented that it sent "approximately a thousand takedown requests to various platforms" regarding the use of the HELIOS trademark, including some that have resulted in the removal of Cohesity publications. ECF No. 1, ¶ 35; *see also* Warner Decl. ¶ 52; Raimer Decl. ¶¶ 3-4, Exhs. B (CT_100107) & C (150:22-152:11). CT's takedown demands were not limited to information available in Canada, but broadly sought the removal of "unauthorized" materials "from all websites, platforms, and social media accounts under [the] possession or control" of various platforms. *See, e.g.*, Warner Decl. ¶ 30, Ex. J. Cohesity and these platforms interpreted CT's demands as targeting U.S. publications and information, as shown by responses from Amazon, Facebook, and Instagram that advise CT was attempting to remove materials available to U.S. consumers. Raimer Decl. ¶¶ 3, 5-6, Ex. D (Amazon responding that "each of the allegedly infringing uses of the HELIOS trademark that you identified in your email targets consumers in the United States"), Exh. A (Facebook responding that "the reported content doesn't appear to be directed at the geographic location(s) where you claim trademark rights"), Exh. E (Instagram responding that "the reported content doesn't appear to be directed at the geographic location(s) where you claim trademark rights"), & Exh. C (166:6-23, 168:14-169:12).

In the midst of its threats to Cohesity, CT also filed a use-based U.S. trademark application for the HELIOS trademark, claiming use of the HELIOS mark in U.S. commerce since as early as

PL.'S OPPOSITION TO DEF'S MOTIONS,
NO. 4:24-CV-09104-JST

March 25, 2016, for downloadable software and as early as November 29, 2021, for software-as-a service services.  ECF No. 1, ¶ 17; Warner Decl. ¶ 55 (admitting to this filing); Raimer Decl. ¶¶ 4, 7, Exhs. F & C (30:23-33:5).  CT has suggested that it will seek damages for infringement after this registration issues.  Raimer Decl. ¶ 9, Ex. H.  And CT has already done so in Canada by suing Cohesity after CT's Canadian registration issued for the same HELIOS mark at issue in this proceeding.  ECF No. 37-2, Declaration of Polina H. Furtula ("Furtula Decl.") ¶ 3, Ex. A.

**B.    CT's Failure To Timely File An Answer Or Respond To The Complaint.**

Based on its real and reasonable apprehension of suit given the foregoing conduct, Cohesity filed its Complaint on December 17, 2024.  ECF No. 1.  CT's answer to the Complaint was originally due January 10, 2025.  ECF No. 13.  Following an agreed-upon extension for CT to answer or otherwise respond to the Complaint, CT moved "pro se" for more time to file an answer or dispositive motion.  ECF No. 16, at ¶ 1.  The Court granted in part CT's motion, but CT ultimately failed to respond to Cohesity's Complaint by the Court's March 28, 2025 deadline.  Instead, on April 1, 2025, CT moved "pro se" for the Court to stay this action, which Cohesity moved to strike, and alternatively requested more time to obtain counsel.  ECF Nos. 19, 22.  On May 12, 2025, the Court issued an Order granting Cohesity's motion to strike and ordering CT to show cause why default should not be entered for its failure to appear.  *Id.*  Although a written response to the order to show cause was due July 1, 2025, CT did not respond.  Instead, CT's listed "US General Counsel" (Raimer Decl. ¶ 20, Ex. S, at COHESITY_000587), who was served with a copy of the Complaint in December (ECF No. 13) and who had been communicating with Cohesity on CT's behalf since February (Raimer Decl. ¶ 9, Ex. H), formally appeared on July 8, 2025 (ECF No. 30), lodging additional filings the following day.  ECF Nos. 31-34.  CT filed the pending Motion on July 27, 2025.  ECF No. 37.

**C.    CT's California and U.S. Contacts and Activities.**

Although CT's litigation conduct resulted in waiver of its personal-jurisdiction defense, CT expressly aimed its conduct at California in a manner establishing jurisdiction.  For example, CT directed numerous communications to California, including to Cohesity through its U.S. trademark counsel.  Warner Decl. Exhs. B, D, F, H.  CT also contacted ***thirteen*** of Cohesity's employees in

1    an attempt to gain information about Cohesity's use of HELIOS.[1]  Raimer Decl. ¶¶ 4, 10, Exhs. I

2    & C (133:17-135:14).   Moreover, CT's many takedown activities were focused on platforms

3    located in California, including Apple, Facebook, Google, Instagram, Github, X (previously

4    Twitter and located in California), and YouTube.  Warner Decl. ¶¶ 31, 33-34, 36-41, Exhs. K-S;

5    Raimer Decl. ¶ 4, Ex. C, at 167:16-19, 169:13-170:13.   CT directed these communications and

6    takedown activities to the United States despite CT's knowledge that Cohesity is a "California

7    based" company.  *See* Warner Decl. Ex. B; Raimer Decl. ¶ 4, Ex. C (131:7-10 (Q. "You were aware

8    that Cohesity was located in California when you reached out to Cohesity's counsel, correct?" A.

9    "Yes.")); ECF No. 1 ¶ 14.

10    CT's California connections include half its "Leadership Team," who help CT "make

11    important decisions" and have ties to California.   Raimer Decl. ¶¶ 4, 20, Exhs. S

12    (COHESITY_000587) & C (82:16-84:15); ECF No. 1 ¶ 13.   Additionally, CT has self-described

13    "[p]artners" located in this District related to CT's HELIOS technology, including: Intel, Nvidia,

14    SiFive, the OpenPOWER Foundation, Magnatune, and Palo Alto Networks.[2]  ECF No. 1, ¶ 12;

15    Raimer Decl. ¶¶ 4, 11-16, 18-20, Exhs. S (COHESITY_000579), J-O, Q-R, C (74:1-25, 96:14-

16    113:16, 119:1-121:3).   CT entered contracts with these California-based partners, and in some

17    instances, even consented to jurisdiction in California for disputes.  *See id.*

18    Beyond California, CT has significant HELIOS-related contacts with the United States.  CT

19    filed a U.S. trademark application for the HELIOS mark, claiming use of the mark in U.S.

20    commerce.  *See* Raimer Decl. ¶¶ 4, 7, Exhs. F & C (30:23-33:5).  The alleged first use date in this

21    application appears to be based on a U.S. demonstration of CT's HELIOS technology.   Raimer

22    Decl. ¶ 4, Ex. C, at 87:5-89:4.  CT also has partnerships with Washington-based Amazon (AWS)

23    (Raimer Decl. ¶¶ 4, 21, Exhs. T & C (41:2-4, 113:17-115:24)), Arizona-based Microchip (Raimer

24    Decl. ¶¶ 4, 22, Exhs. U & C (115:25-117:5)), New York-based IBM (Raimer Decl. ¶¶ 4, 23-25,

25    Exhs. V-X, & C (121:4-125:3)), and Texas-based Oracle (Raimer Decl. ¶¶ 4, 17, Exhs. P & C

26

---

27    [1] Although the employees that CT contacted were not all located in California, they are nevertheless employees of Cohesity, Inc. based in California.

28    [2] Cohesity respectfully requests that the Court take judicial notice of the fact that these companies are headquartered in California.  *See* Request for Judicial Notice ("RJN"), filed herewith.

(112:7-113:16)) related to its HELIOS technology.

## III.    ARGUMENT

### A.    The Court Has Subject Matter Jurisdiction Over This Action.

#### 1.    Legal Standard.

In an action for declaratory judgment in the trademark context, "a plaintiff has standing to seek declaratory relief of non-infringement if he demonstrates 'a real and reasonable apprehension that he will be subject to liability' if he continues with his course of conduct." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1023 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 190, 217 L. Ed. 2d 77 (2023) (citation omitted). "Such an apprehension can exist even absent an explicit threat to sue" because "a defendant can harm a plaintiff by engaging in conduct that compels the plaintiff to 'chill[]' its use of its mark." *Id.* at 1023-1024 (citation omitted). To determine whether the plaintiff's apprehension is real and reasonable, courts consider the "position and perceptions of the plaintiff'" and the "acts of the defendant . . . in view of their likely impact on competition and the risks imposed upon the plaintiff.'" *Neilmed Prods., Inc. v. Med-Sys., Inc.*, 472 F. Supp. 2d 1178, 1180 (N.D. Cal. 2007) (citation omitted). Additionally, the fact that a defendant "has not indicated that it will not sue" the plaintiff for infringement is "relevant" because "dismissal of [the] suit would leave [the plaintiff] with the 'Damoclean threat' of litigation hanging over its head." *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 945 (9th Cir. 1981).

In cases where a defendant mounts a "factual attack" on subject matter jurisdiction, i.e., the defendant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," the district court "may review evidence beyond the complaint." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). However, in such cases, all disputes of fact are to be resolved "in favor of the non-movant." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996), *as amended* (Feb. 4, 1997).

#### 2.    An Actual, Justiciable Case or Controversy Exists.

Cohesity has a real and reasonable apprehension that it will be subject to a trademark infringement suit in light of CT's conduct, which goes well beyond the mere assertion of Canadian

rights and includes direct threats to Cohesity and its U.S. partners.  *See Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982) (noting the "reasonable apprehension" standard is a "flexible approach" that focuses on "the reasonable perceptions of the plaintiff").  Noticeably absent from CT's briefing or correspondence is any covenant not to ever sue Cohesity in the United States, strongly supporting the reasonableness of Cohesity's apprehension of suit.  *See Neilmed Prods.*, 472 F. Supp. 2d at 1181 (finding fact defendant "ha[d] not agreed not to sue" supported plaintiff's reasonable apprehension).  In a weak attempt to avoid that glaring issue, CT claims it "does not wish to be forced to evaluate whether it may or should counterclaim against Cohesity in the United States."[3]  Warner Decl. ¶ 6; Raimer Decl. ¶ 4, Ex. C (49:13-16, 176:2-15).  Yet, CT fails to explain what it needs to evaluate, particularly when it admits that its suit against Cohesity in Canada involves the same marks and goods/services at issue in this case.  Raimer Decl. ¶ 4, Ex. C (46:23-49:20).  Furthermore, CT has suggested Cohesity will be subject to liability once CT's U.S. trademark registration issues.  *Id.* ¶ 9, Ex. H.

CT's articulated threats to Cohesity are also sufficient to demonstrate subject matter jurisdiction.  For example, in *Freecyclesunnyvale v. Freecycle Network, Inc*., No. C 06-00324 CW, 2006 WL 870688, at *4 (N.D. Cal. Apr. 4, 2006), the court held that the defendant's email to plaintiff threatening to report the plaintiff to Yahoo! for "trademark and copyright infringement" if plaintiff did not cease use of the Freecycle mark "impl[ied] a harsh response" and therefore plaintiff had reasonable apprehension "that it would be subject to liability."  Similarly, here, CT not only made claims regarding its early use of the HELIOS mark in U.S. commerce, but it warned of "catastrophic" consequences for Cohesity (Kiedrowski Decl. ¶ 4; Raimer Decl. ¶ 4, Ex. C, at 131:11-23) and threatened to issue "notices of infringement" with "fallout" that "would inevitably not be contained domestically."  Warner Decl. Ex. H.  Although CT maintains the meanings of such statements are clear to any reasonable party, "concrete threats are not required" for jurisdiction.  *See Rhoades v. Avon Prods., Inc*., 504 F.3d 1151, 1158 (9th Cir. 2007) (noting "concrete threats are not required, under our circuit's 'flexible approach,' in order to demonstrate

---

[3] CT suggests that it would need to coordinate with "Canadian government officials" before asserting its rights in the United States (Mot. 10-11), but Mr. Warner admitted there is no such requirement to do so.  Raimer Decl. ¶ 4, Ex. C (139:24-140:11).

1     a reasonable apprehension of an infringement suit").

2          Additionally, Cohesity faced a reasonable apprehension of liability based on CT's

3     communications with third parties aimed at Cohesity's use of the HELIOS mark in the United

4     States, along with the successful and attempted takedowns of Cohesity's U.S.-targeted materials.

5     *See Freecyclesunnyvale*, 2006 WL 870688, at *4 (finding "threat of reporting Plaintiff to Yahoo!"

6     was "enough to create a reasonable apprehension").   Although certain of CT's notices may cite

7     CT's Canadian trademark registration (as the forms require entry of a trademark registration

8     number), CT's demands were not limited to Canada and were directed specifically to U.S. websites

9     and platforms.  As one example, CT demanded the removal of Cohesity's "commercial offerings,

10    publications, and related promotional materials that make use of the 'HELIOS' trademark" from

11    "***all websites, platforms, and social media accounts under [Amazon's] possession or control***."

12    Warner Decl. Ex. J (emphasis added).  Cohesity reasonably perceived this threat as directed to the

13    United States.   And it was not alone; multiple service providers that received CT's notices—

14    including Amazon, Facebook, and Instagram—advised CT that its threats were directed to the

15    United States.  Raimer Decl. ¶¶ 2, 4-6, Exhs. A, D, E, & C (166:6-23, 168:14-169:12).  Moreover,

16    CT filed a U.S. trademark application a few weeks after its first communication with Cohesity's

17    counsel, claiming use of the HELIOS mark in U.S. commerce since 2016.  Warner Decl. ¶ 16, Ex.

18    B; Raimer Decl. ¶¶ 4, 7, Exhs. F & C (30:23-33:5).  This timing demonstrates an attempt to obtain

19    registered rights to assert against Cohesity. *See Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d

20    1171, 1184, 1191 (D. Nev. 2003) (defendant's trademark application filed "less than two weeks"

21    after plaintiffs' announcement of a new construction using the same mark and defendant's phone

22    calls alleging trademark violations supported reasonable apprehension).  CT's argument that its

23    unregistered trademark rights "do not create justiciable controversy" (Mot. at 12) is erroneous

24    because subject matter jurisdiction may exist without a registration. *See, e.g.*, *PHC, Inc. v. Pioneer*

25    *Healthcare, Inc.*, 75 F.3d 75, 79 (1st Cir. 1996) (letter alleging use was "misleading, confusing,

26    and will result in irreparable harm" made "a section 43(a) claim . . . a reasonable prospect" creating

27

28

PL.'S OPPOSITION TO DEF'S MOTIONS,
NO. 4:24-CV-09104-JST

federal subject-matter jurisdiction).[4]  Cohesity reasonably apprehends suit based on both CT's purported common law rights, as asserted in CT's application, and the registered rights that will issue soon—and which CT has already suggested will subject Cohesity to liability.  Raimer Decl. ¶¶ 7-9, Exhs. F-H.[5]

Finally, after CT's trademark registration issued in Canada, CT filed suit against Cohesity in Canada based on the same HELIOS mark used with the same goods and services at issue in this proceeding.  Raimer Decl. ¶ 4, Ex. C, at 46:23-49:20.  Cohesity has every reason to believe CT will do the same in the United States once its U.S. trademark registration issues.  *See, e.g.*, *Nike, Inc. v. Adidas Am., Inc.*, No. CV 05-541-BR, 2005 WL 2757293, at *3 (D. Or. Oct. 24, 2005) (fact that defendants "prosecuted trademark claims" in Europe involving marks both parties own and use in the United States supported plaintiff's reasonable apprehension).

### 3.    The *Brillhart* Factors and Ninth Circuit Considerations Support the Exercise of Jurisdiction.

Once a court determines that a case or controversy exists, it must then "decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny.'"  *Coheso, Inc. v. Can't Live Without It, LLC*, No. 17-CV-03381-LHK, 2017 WL 10434396, at *7 (N.D. Cal. Dec. 18, 2017).  The *Brillhart* factors instruct district courts to: (1) "avoid needless determination of state law issues," (2) "discourage litigants from filing declaratory actions as a means of forum shopping," and (3) "avoid duplicative litigation."  *Id.* (citing *Brillhart*, 316 U.S. at 672).  The Court should exercise jurisdiction based on the *Brillhart* factors because: "[t]here are no state [or foreign] law claims at issue—the only issues concern federal trademark law"; there is no "indication that Plaintiff is forum shopping, because Plaintiff is based in the Northern District of California"; and "this suit is not duplicative of other suits."

---

[4] *See also* 5 McCarthy On Trademarks And Unfair Competition § 32:57 (5th ed. 2025) (noting that a cease and desist letter mentioning state law "may create a reasonable apprehension of also being sued under federal Lanham Act § 43(a) for infringement of an unregistered mark").

[5] No oppositions were filed against CT's HELIOS application, and a registration should issue in the next month.  Raimer Decl. ¶ 8, Ex. G.  To the extent CT asserts its HELIOS registration against Cohesity by way of a counterclaim or other threat to Cohesity's rights in the HELIOS mark, Cohesity reserves its right to amend its Complaint to seek cancellation of the registration, which evidence of record shows is void *ab initio* and obtained by way of fraud on the U.S. Patent and Trademark Office.  *Id.* ¶ 4, Ex. C (41:14-45:7, 174:16-176:1).

1    *Coheso*, 2017 WL 10434396, at \*8; *see also Neilmed Prods*, 472 F. Supp. 2d at 1182 (taking

2    jurisdiction over declaratory judgment action covering "only federal trademark issues"); *Insalaco*

3    *v. Fire Ins. Exch.*, No. 20-CV-00664-JST, 2020 WL 13561583, at \*5 (N.D. Cal. Dec. 15, 2020)

4    (Tigar, J.) (exercising discretion to take jurisdiction over declaratory judgment action where

5    resolution of other action would "not avoid needless resolution of state law claims by this Court").

6        The Ninth Circuit's additional considerations also support the exercise of jurisdiction.

7    ***First***, this Court's determination of the parties' respective U.S. trademark rights and a finding that

8    Cohesity's use of its HELIOS trademark in U.S. commerce does not infringe any of CT's purported

9    U.S. rights will "settle all aspects of the controversy" and "serve a useful purpose in clarifying the

10   legal relations at issue" as it relates to the parties' trademark claims in the United States. *Rakuten*

11   *Med., Inc. v. Illumina, Inc.*, No. 20-CV-05430-LHK, 2021 WL 1530999, at \*6 (N.D. Cal. Apr. 19,

12   2021) (exercising discretion to take jurisdiction over a declaratory judgment action involving

13   trademark infringement claims). ***Second***, Cohesity has not engaged in procedural fencing because

14   this declaratory judgment action does not prevent CT from pursuing its case in Canada.

15   Furthermore, should this Court issue a decision in Cohesity's favor, it would not dispose of the

16   Canadian proceeding, which necessarily must be decided based on the parties' rights in Canada and

17   the application of trademark laws in Canada.[6]  ***Third***, there is no danger of "entanglement" between

18   this Court and the Canadian court "because the causes of action in this case are federal." *See*

19   *Coheso, Inc.*, 2017 WL 10434396, at \*8.  ***Fourth***, this suit is convenient for the parties because

20   Cohesity is "based in the Northern District of California" and "determining the validity or invalidity

21   of [CT's] trademark" rights in the United States through this suit "may remove any need to litigate

22   the infringement issue." *Id.*

23       **B.    The Court Has Personal Jurisdiction Over CT.**

24           **1.    Legal Standard.**

25   On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the initial burden

26

27   [6] Indeed, CT has already admitted in prior filings in this case that "[t]he Canadian Proceeding
     focuses on infringement of CT's trademark under Canadian law (within Canada), while this case
     seeks a declaration concerning infringement of, or interference with, CT's trademark rights under
28   United States law."  ECF No. 19, at 7-8.

of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). When the motion is decided on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to survive the motion. *Id.* In this context, the court must accept as true all "uncontroverted allegations in [the] complaint" and resolve "conflicts between the facts" in the plaintiff's favor. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010).

### 2. CT Waived Its Personal Jurisdiction Defense.

The Court need not conduct an analysis of personal jurisdiction because CT waived this defense. CT appeared time and time again in this case: seeking extensions (ECF No. 16), requesting a stay (ECF No. 19), and filing a case management statement (ECF No. 28). None of these appearances included a response or answer to the Complaint. CT finally appeared through counsel on July 8, 2025 (ECF No. 30), without the filing of any motion to dismiss or answer alleging a lack of personal jurisdiction, which also constituted a voluntary "general appearance" that subjects CT to the jurisdiction of the Court. *See, e.g.*, *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."); *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011) ("Defendants' attorney's entry of a general appearance with the district court on behalf of Defendants on October 16, 2006 constituted a waiver of Defendants' personal jurisdiction defense."). Accordingly, the Court should deny CT's motion to dismiss for lack of personal jurisdiction based on waiver.

### 3. In Any Case, The Court Has Specific Jurisdiction Over CT.

Under the Ninth Circuit's three-prong test for analyzing specific jurisdiction (including for declaratory judgments of trademark non-infringement), the Court has jurisdiction over CT because: [1] CT "purposefully direct[ed its] activities toward the forum or purposefully avail[ed] [it]self of the privileges of conducting activities in the forum"; [2] Cohesity's claim "arises out of or relates to [CT's] forum-related activities"; and [3] the exercise of jurisdiction is "reasonable." *See Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1087 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561, 219 L. Ed. 2d 1227 (2024) (applying three-part test in action seeking declaratory

judgment of non-trademark infringement).  Moreover, CT failed to show a "compelling case" that

the exercise of jurisdiction would "not be reasonable."  *Id.* (explaining that where a plaintiff meets

its burden on the first two prongs, defendant must demonstrate a "compelling case" that the exercise

of jurisdiction would not be reasonable").

**(a)    CT Purposely Directed Its Activities to the Forum and/or Purposefully Availed Itself of the Forum.**

CT both purposely directed its activities to this forum and purposefully availed itself of the

privileges of conducting activities here.  *Impossible Foods*, 80 F.4th at 1089.  The "purposeful

direction" analysis requires the Court to look at whether the defendant purposefully directs its

activities at the forum state and to apply the "effects test," which focuses on the forum where the

defendant's actions were felt.  *Id.*  The analysis is based on the Supreme Court's decision in *Calder

v. Jones*, 465 U.S. 783 (1984), and requires that "the defendant allegedly [must] have (1) committed

an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

is likely to be suffered in the forum state."  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et

L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (citations omitted).  Purposeful

availment is satisfied when "the defendant has taken deliberate action within the forum state or . . .

has created continuing obligations to forum residents." *Impossible Foods*, 80 F.4th at 1088 (citation

omitted).  In declaratory judgment of non-infringement cases, the Ninth Circuit analyzes both tests

to measure the defendant's "purposefulness" vis-à-vis the forum state.  *Id.* at 1089.  While satisfying

either test is sufficient, in this case, both tests support the exercise of personal jurisdiction over CT.

*CT's Acts Were Intentional/Deliberate.*  An intentional act is "an external manifestation of

the actor's intent to perform an actual, physical act in the real world, not including any of its actual

or intended results." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012).

CT does not dispute that its actions were intentional.  Indeed, CT does not discuss that factor at all.

*CT Acts Were Expressly Aimed At California.*  The "express aiming" requirement "is

satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff

whom the defendant knows to be a resident of the forum state." *Automattic Inc. v. Steiner*, 82 F.

Supp. 3d 1011, 1023 (N.D. Cal. 2015) (citation omitted).  Cohesity's uncontroverted allegations

1   and evidence show a *prima facie* case of express aiming. First, CT admitted its awareness that

2   Cohesity is a "California based" company at the time it first contacted Cohesity's counsel regarding

3   Cohesity's use of the HELIOS mark. *See* Warner Decl. Ex. B; Raimer Decl. ¶ 4, Ex. C (131:7-10);

4   ECF No. 1 ¶ 14. CT directed numerous communications to California-based Cohesity, including

5   to its U.S. counsel (Warner Decl. Exhs. B, D, F, H; Kiedrowski Decl. ¶¶ 3-4), and to **thirteen** of

6   Cohesity's employees. Raimer Decl. ¶¶ 4, 10, Exhs. I & C (133:17-135:14). CT also sent "notices

7   of infringement" (Warner Decl. Ex. H) related to Cohesity's use of the HELIOS trademark to

8   multiple service providers, many of which are (or were) located in California, including Apple,

9   Facebook, Google, Instagram, Github, X, and YouTube. Warner Decl. ¶¶ 31, 33-34, 36-41, Exhs.

10   K-S; Raimer Decl. ¶ 4, Ex. C (167:16-19, 169:13-170:13); RJN. These allegations and evidence

11   constitute a *prima facie* case of CT's express aiming of conduct at California. *See, e.g.*, *Automattic*,

12   82 F. Supp. 3d at 1024 (U.K. defendant's issuance of takedown notices to service provider

13   "individually targeted" plaintiff and constituted conduct "expressly aimed" at California); *Cal.*

14   *Beach Co., LLC v. Han Xian Du*, No. 19-CV-08426-YGR (LB), 2020 WL 6276987, at *3 (N.D.

15   Cal. Aug. 13, 2020) (finding personal jurisdiction over Chinese defendant "who directed his

16   activities [to California] by submitting takedown notices" to Facebook and Instagram).[7]

17         ***CT Availed Itself of the State's Privileges.*** CT has additional contacts with the forum

18   related to its HELIOS mark that show it purposefully availed itself of California's privileges. First,

19   two of the four "Leadership Team" members identified on CT's website that help CT "make

20   important decisions" have ties to California. Raimer Decl. ¶¶ 4, 20, Exhs. S (COHESITY_000587)

21   & C (82:16-84:15); ECF No. 1 ¶ 13. CT also has "[p]artners" located in this District related to

22   CT's HELIOS technology, including Intel, Nvidia, SiFive, the OpenPOWER Foundation,

---

[7] CT cites *Yahoo!* to argue that "a cease-and-desist notice to a forum resident, without more, is insufficient to establish purposeful direction." Mot. at 14. As described herein, CT has done much more than merely send a cease-and-desist letter. Moreover, the Ninth Circuit clarified that "[t]his is not to say that a cease and desist letter can never be the basis for personal jurisdiction." *Yahoo!*, 433 F.3d at 1208. Indeed, the Ninth Circuit in *Bancroft v. Masters*, which the Ninth Circuit specifically discusses in *Yahoo!*, affirmed a decision on personal jurisdiction in a trademark dispute based on a letter to a Virginia-based domain registrar and a cease-and-desist letter that was sent to the plaintiff. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (noting that the letter to the Virginia-based registrar was "expressly aimed" at California because it "individually targeted [plaintiff], a California corporation" and the "effects of the letter" were felt in California).

1    Magnatune, and Palo Alto Networks. ECF No. 1, ¶ 12; Raimer Decl. ¶¶ 4, 11-16, 18-20, Exhs. S

2    (COHESITY_000579), J-O, Q-R, C (74:1-25, 96:14-113:16, 119:1-121:3). And CT has admittedly

3    entered contracts with these California-based partners and agreed to jurisdiction in California. *See*

4    *id.* Certain California partners have advertised CT's HELIOS technology, including Intel,

5    OpenPOWER Foundation,[8] and SiFive. *Id.* ¶¶ 4, 13, 16, 26, Exhs. L, O, Y, & C (74:1-25, 96:14-

6    103:3, 107:16-111:11). All of CT's California-based partners also have the option to provide CT's

7    HELIOS as a white-label product. *Id.*, Ex. C (94:21-95:20). Therefore, it is "hardly novel" to say

8    that a company like CT that has such extensive contacts with California "availed itself of th[e]

9    state's privileges and directed its activities there." *Impossible Foods*, 80 F.4th at 1090; *see also*

10   *Yahoo*, 433 F.3d at 1207, 1208 (stating court "must evaluate all of a defendant's contacts with the

11   forum state" relating to the dispute in question, "irrespective of whether they involve wrongful

12   actions").

13       ***CT Knew Its Acts Would Cause Harm in California.*** The final element of the *Calder*

14   "effects" test is satisfied "[w]hen a forum in which a plaintiff corporation has its principal place of

15   business is in the same forum toward which defendants expressly aim their acts." *Automattic Inc.*,

16   82 F. Supp. 3d at 1024-1025. Cohesity has its principal place of business in California, a fact CT

17   admits it knew from the start. *See* Warner Decl. Ex. B; ECF No. 1 ¶¶ 6, 14; Raimer Decl. ¶ 4, Ex.

18   C (131:7-10). As CT expressly aimed its acts to California, this factor is met. *See, e.g.*,

19   *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) ("We have

20   repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of

21   its principal place of business.").

22       **(b)    Cohesity's Claim Arises From CT's Forum-Related Activities.**

23       In analyzing the second prong of the specific personal jurisdiction inquiry, courts consider

24   "the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit

25   is related to those contacts." *Impossible Foods*, 80 F.4th at 1091. A "single contact with the forum"

26   may be sufficient if the action "arise[s] out of that particular purposeful contact of the defendant

27

28   ───────────────
     [8] Mr. Warner is admittedly the co-chair of two steering committees for the OpenPOWER
     Foundation. Raimer Decl. ¶ 4, Ex. C (22:17-21, 73:1-12).

with the forum state." *Id.* "[T]rademark enforcement activities" in the forum are plainly relevant in trademark declaratory judgment cases like this one. *Id.* at 1095.

Cohesity's claims arise out of or relate to CT's contacts with California because CT enforced its rights in California. CT threatened California-based Cohesity by directing communications to Cohesity. CT then issued notices of infringement to service providers attacking Cohesity's California-based apps and publications. And notably, many of those service providers, including Apple, Facebook, Google, Instagram, Github, X (previously), and YouTube, are also located in California.[9] *See, e.g.*, Warner Decl. Exhs. K-S; *see also* RJN. CT's contacts with California therefore "give rise" to the suit, satisfying this prong of the analysis. *See Bancroft & Masters*, 223 F.3d at 1088 (arising under prong satisfied where defendant sent a cease and desist letter to a Virginia-based domain name registrar challenging California-based plaintiff's use of its domain name); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (finding claim arose out of defendant's forum-related activities where defendant registered plaintiff's trademark as his domain name, injuring plaintiff in California).

### (c)    The Exercise of Jurisdiction Is Not Unreasonable

Where the first two prongs favor jurisdiction, jurisdiction exists unless the defendant demonstrates a "compelling case" that the exercise of jurisdiction would be unreasonable. *Roth v. Garcia*, 942 F.2d 617, 625 (9th Cir. 1991) (citations omitted). In analyzing reasonableness, courts consider "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Dole Food Co., Inc. v. Watts*, 303 F. 3d 1104, 1114 (9th Cir. 2002) (citations omitted).[10] Because the presumption of reasonableness is strong, CT's burden of showing the reasonableness factors weigh in its favor is "heavy." *Id.* at 1117.

---

[9] Although Amazon is based in Washington, it too has a significant presence in this District.
[10] CT cites five factors without any citation. Mot. at 15.

***Purposeful Interjection.***  CT makes no argument as to this factor.  CT purposefully injected itself into California through the conduct discussed above.  *See supra* III.B.3(a).

***Burden on Defendant***.  It would not be burdensome for CT to litigate in California.  Northern California is a short flight from Vancouver, Canada.  Moreover, CT's "US General Counsel" who is representing CT in this matter is also affiliated with the California law firm Coleman & Horowitt, LLP.  Raimer Decl. ¶ 20, Ex. S (COHESITY_000587); ECF No. 35.  The manufactured barriers of CT's founder in traveling to the United States are insufficient to show that the exercise of personal jurisdiction would be unreasonable.[11]  *See, e.g.*, *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 793-94 (S.D.N.Y. 2017) (motion to dismiss denied where defendants claimed they were barred from travel and feared arrest).  CT cannot suggest travel is "impossible" when it has made no attempt to travel for this case.  Raimer Decl. ¶ 4, Ex. C (138:1-140:15).

***Conflict with Sovereignty of Defendant's State.***  There is no conflict with Canada because Cohesity seeks a determination of the parties' respective trademark rights under U.S. trademark law and a finding that Cohesity's use of its HELIOS trademark in U.S. commerce does not infringe any alleged rights CT may have in the United States.  In contrast, the Canadian proceeding involves "causes of action under the Canadian Trademarks Act" and "seeks remedies . . . to stop Cohesity's use of HELIOS in Canada, . . . and other relief under Canadian law."  ECF No. 19, at 4.  In other words, the relevant law, trademark rights, and potential remedies are different.

***Forum State's Interest in Adjudicating Dispute.***  As Cohesity is headquartered in California, "California maintains a strong interest" in adjudicating this dispute and providing Cohesity with redress.  *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1200 (9th Cir. 1988).  The Canadian action will not resolve Cohesity's U.S. declaratory judgment claim.  Therefore, this factor favors Cohesity.

***Efficient Judicial Resolution.***  CT argues that judicial efficiency favors a dismissal (or stay)[12] because this proceeding is "duplicative."  Mot. at 16.  This is false for the reasons discussed

---

[11] Cohesity addresses CT's alleged barriers to entering the country in greater detail in response to CT's motion to dismiss based on forum non conveniens and due process.  *See infra* III.C.2-III.D.
[12] CT makes a fleeting request for a stay (Mot. at 16, 25) but fails to show why a stay would be appropriate.  As discussed in Cohesity's opposition to CT's "Pro Se" Motion to Stay (ECF No. 21),

above.  Litigating this case in California is efficient because it will resolve the parties' respective

trademark rights in the United States.  Where (as here) the substantive law to be applied is the

forum's law, this factor favors Cohesity.  *Dole*, 303 F.3d at 1116.

   ***Importance of the Forum to Plaintiff.***  Cohesity resides in California (ECF No. 1 ¶ 6) and

seeks redress under U.S. law.  There is no other jurisdiction in the United States that CT has

identified as an alternative.  Therefore, this factor favors Cohesity.

   ***Existence of an Alternative Forum.***  CT has not and cannot show the existence of an

alternative forum.  This action involves U.S. trademark law and seeks to vindicate Cohesity's right

to use the HELIOS trademark in the United States.  The trademark rights at issue in this case will

not—and cannot—be decided in the Canadian action.

   As all of the "reasonableness" factors weigh in Cohesity's favor, CT has not demonstrated

a compelling case that the exercise of jurisdiction would be unreasonable.  Accordingly, the Court

has specific jurisdiction over CT.

    **4. Alternatively, This Court Has Jurisdiction Over CT Pursuant to Rule 4(k)(2).**

   Jurisdiction over CT alternatively lies under Federal Rule of Civil Procedure 4(k)(2).  ECF

No. 1 ¶ 17.  Rule 4(k)(2) allows a federal court to exercise personal jurisdiction over a foreign

defendant based on the foreign defendant's contacts with the United States where the following

requirements are met: (1) the "claim against the defendant must arise under federal law"; (2) "the

defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction";

and (3) "the federal court's exercise of personal jurisdiction must comport with due process," i.e.,

is reasonable.  *See Riot Games, Inc. v. Suga PTE, Ltd.*, 638 F. Supp. 3d 1102, 1113 (C.D. Cal.

2022).  All three requirements are met.

---

a stay is inappropriate because "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" to the "virtually unflagging" obligation of federal courts "to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976).  Moreover, the same factors from *Brillhart* and the Ninth Circuit discussed above that do not support dismissal of this action for lack of subject matter jurisdiction equally do not support a stay.  *See supra* III.A.3; *see also Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI, 2017 WL 5665669, at *6 (N.D. Cal. Nov. 27, 2017) (declining to abstain from trademark infringement action despite parallel proceeding in Germany where "California and U.S. [trademark] law will necessarily differ from German law" and different facts, like ownership of U.S. trademark registration, "significantly alter[]" the analysis).

*First*, because Cohesity sues under the federal Declaratory Judgment Act for trademark non-infringement, the first Rule 4(k)(2) requirement is met. *See Expensify, Inc. v. Swappoint AG*, No. 22-CV-05720-LB, 2023 WL 6323103, at *4 (N.D. Cal. Sept. 28, 2023) (federal trademark claims, including for declaratory judgment of trademark non-infringement, arise under federal law such that the first element of Rule 4(k)(2) is satisfied); *see also* 28 U.S.C. § 1338.

*Second*, Cohesity "is not required to establish a lack of jurisdiction in every other state; rather, the second requirement is met if [d]efendant[] fails to select another state where jurisdiction is appropriate." *Riot Games, Inc.*, 638 F. Supp. 3d at 1113. CT "does not argue that there is another state where jurisdiction would be proper" and therefore the second requirement "is also met." *Id.*

*Third*, the "due process" analysis is "nearly identical to traditional personal jurisdiction analysis" but considers the defendant's "contacts with the nation as a whole" rather than contacts with the forum state. *Id.* Importantly, CT purposefully directed its activities to the United States through the filing of its use-based U.S. trademark application for the HELIOS trademark, which will soon proceed to registration. *See* ECF No. 1 ¶ 31; Warner Decl. ¶ 55; Raimer Decl. ¶¶ 4, 7-8, Exhs. F-G, & C (30:23-33:5, 45:14-18). CT's filing of its HELIOS application is alone sufficient to establish jurisdiction. *See, e.g., Expensify*, 2023 WL 6323103, at *6 (holding "the defendants' U.S. trademark registration supports personal jurisdiction" under Rule 4(k)(2)); *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. C 12-2582 CW, 2012 WL 2343670, at *11 (N.D. Cal. June 20, 2012) ("[Defendant's] filing a trademark registration application . . . in the United States, allegedly knowing that the mark was identified and used by [plaintiff], is an intentional act of purposeful direction sufficient to satisfy the first requirement for personal jurisdiction."); *Monster Cable Prods., Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1010 (N.D. Cal. 2009) (finding Rule 4(k)(2) personal jurisdiction over foreign defendant was established based on U.S. trademark application filing). CT also purposefully directed its activities to the United States through its forum-specific contacts discussed above (*supra* III.B.3(a)), as well as its HELIOS-related contacts with the United States as a whole, including (1) CT's partnership with Washington-based Amazon (AWS) (Raimer Decl. ¶¶ 4, 21, Exhs. T & C (41:2-4, 113:17-115:24)); (2) CT's partnership with Arizona-based Microchip (Raimer Decl. ¶¶ 4, 22, Exhs. U & C (115:25-117:5)); (3) CT's partnership with New

- 17 -

York-based IBM (Raimer Decl. ¶¶ 4, 23-25, Exhs. V-X, & C (121:4-125:3)); (4) CT's partnership with Oracle (previously located in California) (Raimer Decl. ¶¶ 4, 17, Exhs. P & C (112:7-113:16)); and (5) CT's demonstration of its HELIOS technology to a U.S. business (Raimer Decl. ¶ 4, Ex. C (87:5-89:4)). Moreover, the claim arises out of or relates to CT's forum-related activities (*supra* III.B.3(b)), and CT has failed to present a "compelling case" that jurisdiction would not be reasonable (*supra* III.B.3(c)). *See, e.g.*, *Monster Cable*, 642 F. Supp. 2d at 1010 (jurisdiction based on trademark application filing was reasonable because the foreign defendant "would be able to sue for protection against allegedly infringing marks based on its trademark registration"). Therefore, Rule 4(k)(2) jurisdiction also exists.

## C. The Motion To Dismiss Under Rule 12(b)(3) And Forum Non Conveniens Should Be Denied

### 1. Venue Is Proper In the Northern District of California

Under 28 U.S.C. § 1391(b)(1), venue is proper in any district where the defendant "resides," which, according to § 1391(c)(2), is "any judicial district" where the defendant entity "is subject to the court's personal jurisdiction with respect to the civil action in question." Moreover, foreign residents "may be sued in any judicial district." *Id.* § 1391(c)(3). As CT is both a foreign entity and subject to personal jurisdiction in California for the reasons discussed above, CT "resides" in this District for purposes of venue. *See, e.g.*, *Platform Sci., Inc. v. Fleet Connect Sols. LLC*, No. 25-CV-457-DMS-SBC, 2025 WL 2308101, at *10 (S.D. Cal. Aug. 11, 2025) (denying motion to dismiss for improper venue in declaratory judgment of non-patent infringement case); *Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 3:21-CV-09773-JD, 2022 WL 2905065, at *2 (N.D. Cal. July 22, 2022) ("Because the Court has personal jurisdiction over [defendant in declaratory judgment of non-infringement case], venue is proper in the Northern District of California.").

Venue is also proper in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Cohesity is located in this District, sells products in this District, and owns registered rights in the HELIOS mark here. CT knew Cohesity was located in California when it reached out to Cohesity's U.S. counsel asserting its purported rights in the HELIOS mark, contacted numerous Cohesity employees, and issued

takedown notices related to Cohesity's use of the HELIOS mark to numerous service providers located in this District. Raimer Decl. ¶ 4, Ex. C (131:7-10); Warner Decl. Exhs. K-S. Therefore, there is no question that a substantial part of the events giving rise to Cohesity's declaratory judgment claim occurred in this District.

### 2. CT Failed to Meet Its Burden to Show That Forum Non Conveniens Dismissal Is Appropriate

#### (a) Legal Standard

"A party moving to dismiss based on forum non conveniens bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co.*, 303 F.3d at 1118.. "[T]he standard to be applied . . . is whether . . . defendants have made a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Id.* Forum non conveniens is "an exceptional tool to be employed sparingly," and not a "doctrine that compels plaintiffs to choose the optimal forum for their claim." *Id.* In this case, CT has failed to meet its burden that an adequate alternative forum exists and that the private and public interest factors favor dismissal.

#### (b) Canada Is Not An Adequate Alternative Forum

"An alternative forum is deemed adequate if the defendants are amenable to process there, ***and the other jurisdiction offers a satisfactory remedy***." *Nibirutech Ltd v. Jang*, 75 F. Supp. 3d 1076, 1082 (N.D. Cal. 2014) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981) (emphasis added)). CT argues that an adequate forum exists in Canada because "CT consents to jurisdiction there." Mot. at 20. But CT failed to show that Canada offers a satisfactory remedy. Nor can CT meet its burden because Cohesity's claim for declaratory judgment of non-infringement in the United States under U.S. law is not pending before the Canadian court, and Cohesity can only get the relief it seeks in this declaratory judgment action from a U.S. court. Therefore, Canada is not an adequate alternative forum. *See Nibirutech Ltd*, 75 F. Supp. at 1086 (denying motion to dismiss where defendants failed to meet their burden to show that China offered a satisfactory remedy); *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir.

1   1985) ("[W]hen trade-mark rights within the United States are being litigated in an American court,

2   the decisions of foreign courts concerning the respective trade-mark rights of the parties are

3   irrelevant and inadmissible.").

4               **(c)    The Public-Interest Factors Do Not Favor Dismissal**

5               CT has not met its burden to show that the public-interest factors favor dismissal.  The

6   "public interest" factors include "[1] court congestion, [2] imposition of jury duty on the

7   community, [3] local interest in resolving the controversy, [4] the interest in having a diversity case

8   decided in the forum familiar with the relevant law, and [5] avoiding conflicts of law problems."

9   *Nibirutech*, 75 F. Supp. at 1080 (citation omitted).  CT focuses on only one of these factors,

10  claiming that "[t]rying the case here would burden local jurors with a dispute that cannot be fully

11  and fairly presented" (Mot. at 20).  This argument is insufficient to employ the exceptional tool of

12  a forum non conveniens dismissal.  *See, e.g.*, *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163,

13  1182 (9th Cir. 2006) (affirming denial of motion to dismiss despite fact that foreign jurisdiction

14  also had an interest and noting American "[j]uries routinely address . . . cases involving foreign

15  companies").  Moreover, the public interest factors weigh against dismissal because there is a local

16  interest in the dispute given Cohesity is located in this District, this Court is familiar with U.S.

17  trademark law, and there is no conflict of law problem since trademark rights are territorial.  *See,*

18  *e.g.*, *Updateme*, 2017 WL 5665669, at *6 (declining to abstain from U.S. trademark infringement

19  claims where the parallel "German proceeding only addresses the application of German law").

20              **(d)    The Private-Interest Factors Also Do Not Favor Dismissal**

21              Nor has CT met its burden to show that the private-interest factors favor dismissal.  The

22  "private interest" factors include "[1] the plaintiff's choice of forum, [2] the residence of the parties

23  and witnesses, [3] the ease of access to evidence, [4] the availability of compulsory process, and

24  [5] the cost of transporting witnesses."  *Nibirutech*, 75 F. Supp. at 1079 (citation omitted).  **First**,

25  there is a "strong presumption in favor of the plaintiff's choice of forum," which favors Cohesity.

26  *Nibirutech*, 75 F. Supp. at 1087 (citation omitted).  Related litigation in a foreign country is

27  insufficient to favor dismissal.  *See Halcyon Syndicate Ltd., LLC v. Graham Beck Enters. (PTY),*

28  *Ltd.*, No. 19-CV-04278-JCS, 2020 WL 4051865, at *21 (N.D. Cal. July 20, 2020) (South Africa

action did not warrant dismissal). *Second*, Cohesity is located in this District, and the location of CT's witness and evidence in Canada does not outweigh other factors. *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 966 (C.D. Cal. 2011) (fact that witnesses and evidence were located in China insufficient). *Third*, access to Cohesity's evidence is all in California. CT has not shown an inability to access evidence in California, nor has any CT witness applied for a visa of any kind to travel to the United States for this case.[13] Raimer Decl. ¶ 4, Ex. C (138:1-140:15). *Fourth*, the availability of compulsory process is not at issue, and *fifth*, the cost of transporting any CT witness from Vancouver, Canada to California for this case should not be significant. Alternatively, CT could (as it admits) testify by video conference to avoid any such costs. *See, e.g.*, *A.F.P. v. United States*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *7 (E.D. Cal. July 12, 2022) (videotaped depositions or live testimony by video can be used to "lessen[] the burden on the witnesses"); Mot. at 20 (citing Fed. R. Civ. P. 43(a)).[14]

\* \* \*

Because CT failed to meet its burden to show that an adequate alternative forum exists and that the private and public interest factors favor dismissal, forum non conveniens dismissal is inappropriate. *See Nibirutech*, 75 F. Supp. at 1087 (denying motion to dismiss despite "public and private factors favor[ing] dismissal" because defendants failed to establish that the foreign forum was an adequate alternative).

**D.    Due Process Does Not Require Dismissal.**

CT also asks the Court to hold that it "independently" offends due process to require CT to litigate in the United States since CT's principal and founder, who is allegedly CT's primary witness, is "effectively barred from safely entering the United States." Mot. at 20-21. Tellingly,

---

[13] CT's cited case of *Moletech Glob. Hong Kong Ltd. v. Pojery Trading Co.*, No. 4:09-CV-00027-SBA, 2009 WL 3151147, at *8 (N.D. Cal. Sept. 25, 2009), is inapposite because the defendants' principals were "unable to enter the United States due to visa problems," the case involved a "local controversy for Taiwan," and the pertinent documents in the case were written in Mandarin Chinese that would need to be translated.

[14] CT's cited cases are inapposite. *Chambers v. Mississippi*, 410 U.S. 284 (1973) involved the exclusion of evidence in a *criminal* case where the accused was denied the opportunity to cross-examine a witness and to present witnesses in his own behalf, which deprived the accused of a fair trial. CT's other case, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), was decided long before remote videoconference technology became available and the 1996 amendment to Federal Rule 43(a) that removed the requirement that testimony be taken "orally."

PL.'S OPPOSITION TO DEF'S MOTIONS,
NO. 4:24-CV-09104-JST

1    CT does not cite a single case that supports its "due process" argument.[15]  And CT acknowledges

2    this argument is novel and raised "in favor of establishing new law."  Mot. at 1, n.1.  But the law is

3    already to the contrary, as courts have held that appearing via videoconference *does not* violate due

4    process rights, so long as the party retains a meaningful opportunity to be heard and participate in

5    the proceedings.  *See, e.g.*, *Cruz v. Bondi*, No. 24-2865, 2025 WL 2026174, at *8 (9th Cir. July 21,

6    2025) (rejecting due process claim where noncitizen appeared by videoconference because he "had

7    a fair hearing with an opportunity to be heard"); *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*,

8    470 F. Supp. 3d 735, 742 (E.D. Mich. 2020) (bench trial via videoconference would not violate

9    corporation's due process rights).  The Federal Rules reinforce that parties may appear via

10   "contemporaneous transmission" from a different location for good cause "and with appropriate

11   safeguards."  Fed. R. Civ. P. 43(a).  It is nonsensical to suggest that the Federal Rules' accepted

12   methods of presenting evidence somehow violate due process.

13           Moreover, CT failed to demonstrate that CT's founder is in fact "barred" from entering the

14   United States.  CT has made no attempt to apply for a visa to enter the United States for this case.

15   Raimer Decl. ¶ 4, Ex. C (138:1-11).  Out of the many times that CT's founder has flown to the

16   United States, he could not recall a single instance where he was denied entry at the airport, nor

17   any instance where a U.S. Customs and Border Protection ("CBP") agent at the airport asked him

18   about cannabis usage.  *Id.* at 136:15-139:7.  CT's founder also is not aware of any instance where

19   he was racially profiled.  *Id.* at 139:16-23.  Mr. Warner's statements surrounding the alleged 12-

20   day disappearance of a Canadian businesswoman at the border (Warner Decl. ¶ 70) are inadmissible

21   hearsay.[16]  Moreover, CT admits that its founder would be applying for a different type of visa

22   (Warner Decl. ¶ 71).  CT's due process argument should be rejected.

23           **E.    Cohesity's Claim Is Sufficiently Pled.**

24                   **1.    Paragraphs 2, 5, 14, 15, and 33 Are Sufficiently Pled.**

25

26   [15] *Matthews v. Eldridge* held that "an evidentiary hearing is not required prior to the termination of
     disability benefits" and that "the present administrative procedures [for such termination] fully
27   comport with due process."  *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976).  That case did not
     hold that a party appearing in court by videoconference has its due process rights violated.
28   [16] CT's founder admits that he does not know if the "quote or story [about the Canadian
     businesswoman] are accurate."  Warner Decl. ¶ 70.

1    As the claims at issue relate to non-infringement of a trademark, they are not subject to the

2    heightened pleading of Rule 9(b).  The Ninth Circuit "has never established that 9(b) applies to

3    trademark infringement claims."  *See Santander Consumer USA Inc. v. Drive.Car LLC*, No. 3:23-

4    CV-00288-SLG, 2024 WL 4880668, at *6 (D. Alaska Nov. 25, 2024) (citation omitted).  District

5    courts in this Circuit have also declined to apply Rule 9(b) to such claims.  *See, e.g.*, *Lloyds

6    Plumbing, Inc. v. Dutton Plumbing, Inc.*, No. CV 18-2353-GW (JCx), 2018 WL 6164327 (C.D.

7    Cal. Aug. 20, 2018) (declining to apply Rule 9(b) to plaintiff's trademark infringement and false

8    designation of origin claims); *Rolex Watch U.S.A., Inc. v. Agarwal*, No. CV-12-06400 MMM

9    (MRWx), 2012 WL 12886444, at *4-5 (C.D. Cal. Dec. 17, 2012) (declining to apply Rule 9(b) to

10   section 43(a) claim).

11   The Rule 9(b) pleading standard applies only to allegations of a "unified course of

12   fraudulent conduct" and only when the substantive allegations "rely entirely on that course of

13   conduct as the basis of [the] claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir.

14   2003).  The Complaint's references to CT's "false" assertions of trademark infringement do not

15   plead a unified course of conduct sounding in fraud that triggers Rule 9(b)'s heightened pleading

16   standard.  *See, e.g.*, *Rolex Watch U.S.A., Inc.*, 2012 WL 12886444, at *4-5 (declining to apply Rule

17   9(b) despite allegations that defendant's actions were "false and misleading").  Nor are these "false"

18   assertions the basis for Cohesity's trademark non-infringement claim.  The use of "false" to

19   describe CT's allegations about Cohesity does not transform a trademark claim into one for fraud

20   subject to Rule 9(b).  "To require that non-fraud allegations be stated with particularity merely

21   because they appear in a complaint alongside fraud averments … would impose a burden on

22   plaintiffs not contemplated by the notice pleading requirements of Rule 8(a)."  *Vess*, 317 F.3d at

23   1104.

24   Even if Rule 9(b) were applicable to Paragraphs 2, 5, 14, 15, and 33, Cohesity's pleading

25   easily meets that standard.  "To satisfy Rule 9(b), a complaint must supply 'the circumstances

26   constituting the alleged fraud' with a description 'specific enough to give defendants notice of the

27   particular misconduct … so that they can defend against the charge and not just deny that they have

28   done anything wrong.'"  *S.E.C. v. Bardman*, 216 F. Supp. 3d 1041, 1050 (N.D. Cal. 2016) (*quoting*

1    *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)) (cleaned up).  The Court need

2    only look to CT's Motion to see that CT knows exactly what misconduct it needs to defend.  CT

3    attached to its Motion the alleged "false" allegations of trademark infringement that gave rise to

4    Cohesity's declaratory judgment of non-infringement claim.  *See* Warner Decl. ¶¶ 30-31, 33-34,

5    36-41, 45 & Exhs. J-S.  Therefore, Cohesity's allegations surrounding CT's "false" allegations of

6    trademark infringement sufficiently allege "the who, what, when, where, and how of the

7    misconduct charged." *Yelp, Inc. v. ReviewVio, Inc.*, No. C 23-06508 WHA, 2024 WL 2883668, at

8    *3-5 (N.D. Cal. June 6, 2024) (quoting *Vess*, 317 F.3d at 1106).

9    **2.    The Court Should Deny CT's Request for a More Definite Statement.**

10    Rule 12(e) motions for a more definite statement are "viewed with disfavor" and "rarely

11    granted" because of the minimal pleading requirements of the Federal Rules.  *Cellars v. Pac. Coast*

12    *Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).  Parties are "expected to use discovery, not

13    the pleadings, to learn the specifics of the claims being asserted." *Sagan v. Apple Computer, Inc.*,

14    874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  Therefore, a motion for a more definite statement will

15    be denied "where the substance of the claim has been alleged, even though some of the details are

16    omitted." *Id.*

17    The Complaint exceeds the requirements of Federal Rule of Civil Procedure 8(a) by

18    providing a clear, detailed, and coherent account of the dispute, including the specific trademark at

19    issue (HELIOS), the parties' respective products and markets, the timeline of Cohesity's use and

20    registration, and the nature of the controversy.  ECF No. 1 ¶¶ 1–7, 19–34. The Complaint

21    specifically alleges that CT asserted Cohesity's use of the HELIOS mark in the United States

22    infringes CT's rights, describes threats and takedown requests directed at Cohesity and its U.S.

23    partners, and details CT's U.S. trademark application and Cohesity's registration.  *Id.* ¶¶ 2, 4–5,

24    14–16, 29–36.  The allegations are sufficiently specific to put CT on notice of Cohesity's claim to

25    allow CT to frame a responsive pleading.  Indeed, CT must understand Cohesity's claim as the

26    Warner Declaration includes a detailed account of the infringement notices that CT issued related

27    to Cohesity's HELIOS products, services, and publications.  Any further specifics CT seeks—such

28    as the content of particular communications or the identity of third parties—are properly the subject

of discovery, not a Rule 12(e) motion.  Therefore, CT's alternative motion for a more definite statement should be denied.  *See Sagan*, 874 F. Supp. at 1078 (denying motion for a more definite statement because the allegations were not "so vague and ambiguous" that the defendant could not "frame a responsive pleading").

## IV.   COHESITY'S EVIDENTIARY OBJECTIONS TO WARNER DECLARATION

Pursuant to Local Rules 7-3(a) and 7-5(b), Cohesity objects to and moves to strike the Warner Declaration to the extent that the Declaration contains improper conclusions and arguments.  *See, e.g., Innovus Prime, LLC v. Panasonic Corp.*, No. C-12-00660-RMW, 2013 WL 3354390, at *2 (N.D. Cal. July 2, 2013) (granting motion to strike contested portions of declarations that made "impermissible legal conclusions"); *Pacific Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002) (granting motion to strike declaration that "primarily contain[ed] legal argument rather than evidentiary matter").  Mr. Warner's Declaration, which is 29 pages (excluding exhibits), appears designed to circumvent the Local Rules' limit of 25 pages for motions and is replete with argument and conjecture.  Local Rule 7-5(b) provides that "[a]n affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. . . An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."  Paragraphs 5, 9-14, 26-27, 29, 32, 35, 42, 44-47, 49-52, 54, 56-58, 60-62, 73-76, 78 of the Warner Declaration contain impermissible opinions, conclusions, and argument, not facts, and therefore should be stricken and disregarded.

## V.   CONCLUSION

For the foregoing reasons, Cohesity respectfully requests that the Court deny CT's Motion.

Dated: September 15, 2025                Respectfully submitted,

                                        JONES DAY

                                        By: */s/ Michael C. Hendershot*
                                             Michael C. Hendershot, Esq.

                                        *Attorney for Plaintiff Cohesity, Inc.*