GARY SHUSTER, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC, <br><br> Plaintiff, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 - 25, <br><br> Defendants. | Case No. 4:24-CV-09104-JST <br><br> **DECLARATION OF GARY SHUSTER IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STAY** <br><br> Date: October 23, 2025 <br> Time: 2:00 p.m. <br> Place: Courtroom 6 (Via Video Conference) <br> Judge: Hon. Jon. S. Tigar |

I, Gary Shuster, hereby declare as follows:

1. I am counsel for Cartesian Theatre Corp. ("CT") in this litigation. I am a member in good standing of the State Bar of California. I make this declaration in support of CT's motion to dismiss or in the alternative for a more definite statement, for a stay, or to strike (ECF 37). The facts and information contained in this declaration are either known to me personally, or were obtained from documents and public records that I have reviewed in connection with this case.

2. Attached hereto as Exhibit A is a true and correct copy of excerpts from the transcript of the August 28, 2025 deposition of Kipling Warner ("Warner Depo.").

3. Attached hereto as Exhibit B is a true and correct copy of Exhibit 46 to the Warner

Declaration.

4. It was only upon hearing Mr. Warner's testimony at deposition that I recognized the significance of the January 17, 2025 letter.

5. I moved from California to Vancouver, BC Canada on February 26, 2017, and have continuously resided in Vancouver from that date.

6. I did not decide to represent CT in this case until hours before I filed a notice of appearance. My partner is terminally ill with stage four cancer, and I was and remain concerned that caregiving for my partner will become sufficiently time consuming as to interfere with handling the case. However, my strong belief that access to justice should not be exclusively the providence of the wealthy and knowing that CT would be in default if I did not appear for them convinced me to take on the matter.

I **declare** under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed outside the United States, in Vancouver, British Columbia, Canada, on September 27, 2025.

DATED: September 27, 2025

                                            /s/ Gary Shuster

                                            Gary Shuster
                                            Attorney for Cartesian Theatre

# Exhibit A

**Deposition of Kipling Warner**

Kipling C.S. Warner  Highly Confidential  Cohesity, Inc. vs. Cartesian Theatre Corp.

```
 1            UNITED STATES DISTRICT COURT

 2           NORTHERN DISTRICT OF CALIFORNIA

 3

 4   COHESITY, INC.,

 5        Plaintiff,

 6      vs.                         CASE NO.
                                    3:24-CV-9104
 7   CARTESIAN THEATRE CORP.,
     and DOES 1 - 25,
 8
          Defendant.
 9   _____

10

11

12

13

14      HIGHLY CONFIDENTIAL REMOTE DEPOSITION OF

15               KIPLING C.S. WARNER

16          Thursday, August 28, 2025

17

18

19

20

21

22

23   Reported by:
     Layli Phillips
24   RPR, CRR, CSR No. 14402

25   Job No. 10171673
```

www.aptusCR.com

Page 1

```
 1   have I --
 2        A.  I can pull it up for you.  I have to go through
 3   your Bates numbering system to find the document.  It
 4   should be in there.
 5        MR. SHUSTER:  Counsel, maybe if you could
 6   explain with the -- with a lot more sort of pedantic
 7   level of detail what you're describing.  It seems to me
 8   that there may be some ambiguity in how he understands
 9   the question.
10   BY MS. RAIMER:
11        Q.  Have you provided a formal document called --
12   that is an agreement that would be signed by and on
13   behalf of Cartesian Theatre that provides a covenant
14   under the law not to sue and includes all the terms that
15   would be submitted such that it is binding on Cartesian
16   Theatre?
17        A.  So I don't -- I'm not familiar with your laws,
18   but in terms of providing a negative covenant, yes.  I
19   believe I have offered that on more than one occasion.
20   If you can give me a moment, I'll pull up that document
21   for you now.
22        Q.  We'll look for what we're -- we're doing at the
23   break.  Let's move on.
24        MR. SHUSTER:  Okay.  Just belatedly, object
25   that "provided" is -- appears to be ambiguous.
```

```
 1   decisions, including myself.  This is not an exclusive
 2   list.
 3        Q. Who is Dean Becker?
 4        A. Dean Becker is or was my chief IP strategist.
 5        Q. How long was he your chief IP strategist for?
 6        A. He was engaged until more than a year ago.
 7   Maybe two years ago.
 8        Q. So he's no longer your chief IP strategist?
 9        A. No.  That web page needs to be updated.
10   WordPress is difficult to work with.
11        Q. Does Mr. Becker live in the United States?
12        A. I don't know where he lives right now.  But
13   he -- he's very cosmopolitan.
14        Q. He has a U.S. phone number, correct?
15        A. Yes.
16        Q. And is he from the United States?
17        A. I don't know where he was born, but he has a
18   house there or did up until the fires in California.  I
19   don't know if he still does.
20        Q. So at one time he lived in California?
21        A. Yes.
22        Q. The next person listed as founder and director
23   of engineering is you, correct?
24        A. Yes.
25           MR. SHUSTER:  You know that guy?
```

```
 1        A.  I think it's the other way around.
 2        Q.  But you're aware that DataProtect has a
 3   relationship with the Helios of Cohesity?
 4        A.  Yes.
 5        Q.  Do you recall emailing Cohesity's employer --
 6   employees in September of 2024 regarding the adoption of
 7   Cohesity's DataProtect platform in Canada?
 8        A.  Yes.
 9        Q.  You emailed 13 Cohesity employees on
10   September 3rd, 2024, regarding the adoption of
11   Cohesity's DataProtect platform in Canada, right?
12        A.  Yes.  I don't remember where they are
13   physically located, but I do recall emailing them.
14        Q.  Okay.  Megan will put into the chat
15   COHESITY_000012 to 24, which we can mark as
16   Exhibit 30 -- 31.  I'm just going to be behind all day.
17            (Deposition Exhibit No. 31 was marked for
18              identification.)
19            THE WITNESS:  Okay.  Go ahead.
20   BY MS. RAIMER:
21        Q.  Do you recognize these emails?
22        A.  Yes.
23        Q.  Are these emails that you sent to Cohesity's
24   employees?
25        A.  Yes.  I'm just looking at the first page, but
```

Case 4:24-cv-09104-JST   Document 53-1   Filed 09/27/25   Page 8 of 18

Kipling C.S. Warner — Highly Confidential — Cohesity, Inc. vs. Cartesian Theatre Corp.

1    Do you think you would have been on more than
2    10 flights to the United States from Canada?
3        A.  I haven't been counting.  It's certainly less
4    than a hundred, though.
5        Q.  Do you have any plans to fly to the United
6    States?
7        A.  No.
8        Q.  Have you ever been denied entry into the United
9    States?
10       A.  Yes.
11       Q.  When were you denied entry into the United
12   States?
13       A.  Probably early 2000s.
14       Q.  What was the basis for that denial?
15       A.  I was on my way to help my uncle build some
16   furniture, Ikea furniture at his office in Point
17   Roberts.  The customs official, American of course, was
18   satisfied that I would be taking an American's job by
19   volunteering my afternoon to assemble the Ikea
20   furniture, and I was denied entry into your country.
21       Q.  Have you ever been denied entry in an airport?
22       A.  I'm sorry?
23       Q.  Have you ever been denied entry into the U.S.
24   at an airport?
25       A.  No.

```
 1   use by a U.S. Customs and Border Protection officer at
 2   the airport?
 3        A.  I don't remember, but I think it is commonplace
 4   that they ask that through all points of entry.
 5        Q.  Why do you think that's commonplace?
 6        A.  Because the United States is very strict on its
 7   drug policy.
 8        Q.  Are you aware that cannabis is legal in
 9   California for adult recreational use and medical use?
10            MR. SHUSTER:  Objection.  Misstates the law.
11   BY MS. RAIMER:
12        Q.  Are you aware that you can purchase cannabis
13   legally in California?
14        A.  I haven't tried to purchase cannabis in the
15   state of California, so I wouldn't know.
16        Q.  Has U.S. Customs and Border Protection ever
17   racially profiled you when you were applying to enter
18   the United States?
19        A.  How would I know?
20        Q.  Are you aware of whether U.S. Customs and
21   Border Protection has ever racially profiled you when
22   you were applying to enter the United States?
23        A.  No, I'm not aware that they did.
24        Q.  What Canadian government officials would you
25   coordinate with before filing an infringement suit in
```

Kipling C.S. Warner | Highly Confidential | Cohesity, Inc. vs. Cartesian Theatre Corp.

```
 1        Let's keep going.  We don't need to have a
 2   conversation --
 3        A.  Well, I'll just finish that last truncated
 4   sentence.
 5            DLA Piper has had a retainer with Cohesity.
 6   BY MS. RAIMER:
 7        Q.  That's not part of this examination at all.
 8   And I don't have any evidence of that, so that's not
 9   part of my questioning, and we're going to move on --
10        A.  I would be happy to provide that evidence.
11   That would help.
12            MR. SHUSTER:  Objection --
13   BY MS. RAIMER:
14        Q.  That's not part of this at all, so --
15        A.  I think someone needs it to not be.
16            (Speaking simultaneously.)
17            MR. SHUSTER:  Well, just bear in mind that what
18   counsel says is not testimony or evidence, so you
19   needn't respond to it substantively as if it was
20   evidence.
21            THE WITNESS:  Okay.
22   BY MS. RAIMER:
23        Q.  So on -- in October 2024, do you recall CT
24   filing a trademark policy violation report with GitHub
25   related to Cohesity's Helios?
```

```
 1  an email from you to Mr. Hendershot?
 2       A.  Yes.
 3       Q.  And it attaches a January 17th, 2025, letter;
 4  is that right?
 5       A.  Yes.
 6       Q.  Is this the letter you were referencing earlier
 7  in our conversation today?
 8       A.  Yes.
 9       Q.  So on page COHESITY_000306, you note:
10           "CT is willing to negotiate terms of settlement
11  of the American proceeding that provide your client with
12  the comfort of a negative covenant that CT does not
13  assert any trademark rights against Cohesity in the
14  United States without, of course, prejudice to the
15  Canadian proceeding."
16           Is this what you were referring to as the
17  "covenant" earlier in our conversation?
18       A.  Yes.  It was not accepted by your client.
19       Q.  And this covenant is still -- this covenant is
20  not currently made by CT to Cohesity; is that right?
21       A.  I believe it was never accepted, and it has
22  since been rescinded.
23           MS. RAIMER:  I think I just have a couple of
24  more questions.  We're getting to the end.  Do you want
25  to just take a five-minute break and then we can then
```

```
 1   DEPOSITION ERRATA SHEET
     Case Name: Cohesity, Inc.
 2        vs. Cartesian Theatre Corp.
     Name of Witness: Kipling C.S. Warner
 3   Date of Deposition: 08/28/2025
     Job No.: 10171673
 4   Reason Codes:  1. To clarify the record.
                    2. To conform to the facts.
 5                  3. To correct transcription errors.

 6   Page  148  Line  20    Reason  1

 7   From  It's in the metadata it was distributed.   to  The metadata is strongly suggestive it was reviewed by Cohesity counsel before being sent out to counsel for CT, purportedly on behalf of Amazon.

 8   Page  148  Line  25    Reason  3

 9   From  - be in a breach    to  Further, Amazon would be in breach

10   Page  151  Line  20    Reason  1

11   From  99 percent.         to  99 percent success rate, and almost exclusively unrelated to Cohesity.

12   Page  156  Line  10    Reason  1

13   From  I would be happy    to  That is concerning. I would be happy

14   Page  156  Line  11    Reason  1

15   From  That would help.    to  Here it is: https://www.dlapiper.com/en/news/2024/02/dla-piper-advises-cohesity-in-its-business-combination-with-veritas-data-protection-business

16   Page  26   Line  25    Reason  1

17   From  you.                to  you, as it relates to anything outside of the United States.

18   Page  30   Line  4     Reason  1

19   From  well.               to  well, which has not entered the national phase yet.

20   Page  45   Line  25    Reason  1

21   From  case.               to  case that they are still formally on the record.

22   Page  51   Line  17    Reason  1

23   From  you                 to  your colleagues

24   Page       Line          Reason

25   From                      to
```

The errata sheet immediately preceding this sheet needs to be zoomed in to around 800% to be read. For convenience, here is what the text is:

"Here it is: https://www.dlapiper.com/en/news/2024/02/dla-piper-advises-cohesity-in-its-business-combination-with-veritas-data-protection-business"

# Exhibit B

**Exhibit 46 to Deposition of Kipling Warner**

| | |
|---|---|
| From: | Kip Warner <kip@heliosmusic.io> |
| Sent: | Friday, January 17, 2025 8:36 PM |
| To: | Hendershot, Michael C. |
| Cc: | Zeng, Catherine T.; Polina H. Furtula; legal@cartesiantheatre.com |
| Subject: | Cohesity, Inc. v Cartesian Theatre Corp. (Case No 3:24-cv09104) |
| Attachments: | 2025-01-17 - Ltr to Hendershot.pdf |

**This Message Is From an Untrusted Sender**

You have not previously corresponded with this sender.

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

Report Suspicious

Mr. Hendershot,

Please find enclosed correspondence to be directed to your attention.

Yours truly,

--
Kip Warner -- Founder
Cartesian Theatre Corp.
https://urldefense.com/v3/__https://www.heliosmusic.io__;!!Dahw-A9d0CA!yFKwMgLM94ZKI3ADOa59jsuoM5N5ccfFatbGqgn1y4ZqIyFYgzvaBFASKsOD03uA4chH_sUJ4KpyIfU$

1

COHESITY_000304

Exhibit 46
Warner, K.
08/28/25
optus

| | |
|---|---|
| From: | postmaster@jonesday.com |
| Sent: | Friday, January 17, 2025 8:36 PM |
| To: | Kiedrowski, Carrie L. |
| Subject: | Email Received from K Warner |
| Attachments: | Cohesity, Inc. v Cartesian Theatre Corp. (Case No 3:24-cv09104) |

Message received from kip@heliosmusic.io for czeng@jonesday.com with subject Cohesity, Inc. v Cartesian Theatre Corp. (Case No 3:24-cv-09104)

COHESITY_000303

Cartesian Theatre Corp.
108-2115 Cypress Street
Vancouver, BC V6J 3M3



Attn: Michael C. Hendershot
Jones Day
1755 Embarcadero Road
Palo Alto, CA
USA 94303

**VIA EMAIL mhendershot@jonesday.com**

**WITHOUT PREJUDICE**                                        17 January 2025

**Re: Cohesity, Inc. v Cartesian Theatre Corp. (Case No 3:24-cv-09104)**

Dear Sir,

I am writing you on a without prejudice basis on behalf of my Vancouver, Canada, based company, Cartesian Theatre Corp. ("*CT*"), as its principal. CT is in receipt of your pleading in your plaintiff client's recently commenced proceeding *Cohesity, Inc. v Cartesian Theatre Corp. et al.*, Case No 3:24-CV-9104 in the United States District Court Northern District of California (the "*American Proceeding*").

I understand that you are counsel for Cohesity, Inc. ("*Cohesity*"). CT is currently in the process of retaining counsel in the United States as expeditiously as practicable to defend it in the American Proceeding. CT assumes that you will not take any steps in default without ample advance notice to CT. If that assumption is incorrect please advise CT immediately so that it may take steps to protect its interests.

Cohesity's pleading appears to be predicated on CT having asserted trademark rights within the United States in a manner contrary to your client's interests, or that CT has threatened your client's right to use its mark in the United States. CT is not aware of ever having taken any steps to do so. If Cohesity has evidence to the contrary, CT requests that you provide particulars without delay. It will certainly be CT's first question to the Court and its first interrogatory.

However, CT is confident that your client will be unable to support the statement it made in the Complaint that states on p. 12 that "*Cohesity has a real and reasonable apprehension that it will be sued for infringement regarding use of the HELIOS trademark [sic] the United States*".

COHESITY_000305

Thus, CT takes the position that the American Proceeding is an abuse of process. Without CT having challenged your client's use of its mark in the U.S., no federal court can exercise personal jurisdiction over CT. There does not appear to be a case or a controversy over which to assert jurisdiction.

CT is willing to negotiate terms of settlement of the American Proceeding that provide your client with the comfort of a negative covenant that CT does not assert any trademark rights against Cohesity in the United States, without, of course, prejudice to *Cartesian Theatre Corp. v Cohesity, Inc.*, Federal Court, File No T-2636-24 (the "*Canadian Proceeding*"). If you will not agree to these terms, CT may choose to present the Court with its covenant not to sue and make clear your client's action contains no controversy and is not ripe.

In the event that the parties are not able to resolve the American Proceeding before CT takes procedural steps within it, CT will move the Court for appropriate relief. This may include a *Rule* 11 motion for making the above-quoted claim in the Complaint – without which there could be no Complaint – without having any evidence for it.

Please note CT reserves the right to reproduce this correspondence and related in any proceeding at a later date.

Your prompt attention in this matter is greatly appreciated.

Yours truly,

Kip Warner, Founder
kip@heliosmusic.io

KCSW/kcsw


cc: – Catherine T. Zeng <czeng@jonesday.com>;
    – Polina H. Furtula <phf@westpointlawgroup.com>;
    – legal@cartesiantheatre.com.