GARY SHUSTER, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC,<br><br>            Plaintiff,<br><br>v.<br><br>CARTESIAN THEATRE CORP., and DOES 1 - 25,<br><br>            Defendants. | Case No. 4:24-CV-09104-JST<br><br>**LOCAL RULE 79-5(f)(3) SUBMISSION IN RELATION TO ECF 47 MOTION TO SEAL (SUBMITTED IN CONJUNCTION WITH MOTION ECF 37)**<br><br>Date: October 23, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 6 (Via Video Conference)<br>Judge: Hon. Jon. S. Tigar |

Defendant Cartesian Theatre Corp. ("CT") submits this statement in conjunction with ECF 47 motion to seal pursuant to Local Rule 79-5(f)(3) and Order of the Court (ECF 52).

Local Rule 79-5(f)(3) provides: "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in subsection (c)(1)." Subsection (c)(1) requires:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> > (i) the legitimate private or public interests that warrant sealing;
> >
> > (ii) the injury that will result if sealing is denied; and
> >
> > (iii) why a less restrictive alternative to sealing is not sufficient;

**Standard for Sealing**: This Court has issued several unpublished opinions setting forth the standard. We block quote the Court's own language to set forth the appropriate standard:

A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

With respect to the first prong, Local Rule 79-5 provides that a sealing order may be issued only upon a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to file under seal must also meet the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access to judicial records depends on the type of motion to which the document is attached. When the materials at issue are attached to dispositive pleadings, "including motions for summary judgment and related attachments," the party seeking a sealing order must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Kamakana, 447 F.3d at 1178-80 (internal alterations and citations omitted).

On the other hand, when a party seeks to "preserv[e] the secrecy of sealed discovery material attached to non-dispositive motions," the party need only make "a particularized

showing under the good cause standard of Rule 26(c)" to justify sealing the materials. Id. at 1180 (internal citation and quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., No. 12-CV-03844-JST, 2015 WL 12976921, at *1 (N.D. Cal. Mar. 31, 2015) (Tigar, J.).

This is not a motion for summary judgment. The jurisdictional issues could be dispositive, while the other portions of the motion are non-dispositive, such as the motion to seal, for a stay, and for a more definite statement. A ruling in CT's favor on jurisdiction means that a Canadian entity has been compelled to disclose information in litigation that it should never obligated to engage in in the first place. We respectfully suggest that in such a case, the due process rights of the Canadian entity, already strained by having to expend resources on a suit it was never properly subject to, should be the basis for applying the lower, non-dispositive motion standard.

A less restrictive alternative could be carefully redacting the names from each document. However, this is also very much less effective. Since companies tend to re-use the same NDA language, it would be a rather trivial matter to search for phrases from an unsealed NDA to discover the counterparty. No less restrictive alternative exists for documents prohibited from disclosure by an NDA. The same governs Group 2, below, as there is no material portion of the document that can be disclosed without disclosing the settlement discussions.

Nine documents were submitted under seal. There are three groups:

(1) Exhibits K, P, R, T, U, V, W

(2) Exhibit H, email between counsel.

1  (3) Exhibit C, Warner Deposition Excerpts.

2  <u>Group 1 is based on potential liability under non-disclosure agreements</u>.

Exhibit V is a non-disclosure agreement with I.B.M. governing Exhibit W. Because Exhibit V is not, itself, identified by Exhibit V as confidential material, the right of the public to open access to judicial proceedings should govern. Likewise, as Exhibit W is not marked as confidential pursuant to Exhibit V, the right of the public to open access to judicial proceedings should govern.

Exhibit U is a non-disclosure agreement with Microchip Technology, Inc. That agreement does not designate itself as confidential, nor does the agreement meet the agreement's definition of confidential material. Accordingly, the right of the public to open access to judicial proceedings should govern.

Exhibit T is a non-disclosure agreement with a third party. That agreement designates as confidential "the nature, content and existence of a Relationship, discussions or negotiations between the parties." As the mere existence of a non-disclosure agreement is a matter of de minimis public interest and importance, and the relationship of the parties to that agreement is designated as confidential information, we respectfully request that it remain sealed. A public release of material the counterparty considers confidential may impair the willingness of the counterparty to engage in future ventures between the parties.

Exhibit R is a non-disclosure agreement with a third party. That agreement defines confidential information as including "business and contractual relationships". As the mere existence of a non-disclosure agreement is a matter of de minimis public interest and importance, and the relationship of the parties to that agreement is designated as confidential information, we respectfully request that it remain sealed. A public release of material the counterparty considers confidential may impair the willingness of the counterparty to engage in future ventures between the parties.

Exhibit P is a non-disclosure agreement with a third party. That agreement describes "Confidential Information" as "every information, document and message exchanged between" the parties. As the mere existence of a non-disclosure agreement is a matter of de minimis public interest and importance, and the relationship of the parties to that agreement is designated as

confidential information, we respectfully request that it remain sealed. A public release of material the counterparty considers confidential may impair the willingness of the counterparty to engage in future ventures between the parties.

Exhibit K is a non-disclosure agreement with a third party. That agreement is marked "Confidential", and on lines 6 and 12 of the page "CT_100472", documents so marked are subject to the non-disclosure obligations. As the mere existence of a non-disclosure agreement is a matter of de minimis public interest and importance, and the relationship of the parties to that agreement is designated as confidential information, we respectfully request that it remain sealed. A public release of material the counterparty considers confidential may impair the willingness of the counterparty to engage in future ventures between the parties.

Group 2 is designated due to Canadian settlement offer confidentiality rules and FRE 408.

Exhibit H (group 2) is a settlement communication. Publication of a settlement communication chills the ability of parties to enter into frank and honest settlement discussions without worrying about public perception and would provide a different party (should CT elect to pursue infringement claims in the U.S. against a party) with information that could be used to prejudice CT in settlement discussions with a potential future party. This Court has permitted the sealing of settlement discussions on that basis: Motion to seal "Granted, as this document discloses confidential communications regarding settlement discussions and/or negotiations between AGIS Software and Google. Revealing the identity and nature of settlement discussions and/or negotiations with AGIS would be harmful if its contents became known to competitors of the parties, would cause parties harm, and also violate the Fed. R. Evid. 408." *AGIS Software Dev. LLC v. Google LLC*, No. 22-CV-04826-BLF, 2023 WL 5762552, at *2 (N.D. Cal. Sept. 6, 2023). CT respectfully requests that this settlement communication be sealed.

Group 3 is redactions to the Warner Deposition.

Some of the testimony is sealed due to non-disclosure agreements (*see* Group 1 discussion above), and the remainder is sealed as confidential business information, such as customer and revenue information. We address each redaction separately:

1    42:10 – 43:2, 45:5 – 7, 87:5, 8, 15, 23, 89:11 – 12; 95:17, 175:12, 175:24: This testimony
2  discusses the number of U.S. customers in the United States, which is highly sensitive business
3  information. In that same section, a single party is identified by name. That party has an NDA with
4  CT that covers "the status and terms of any discussions between the parties regarding potential
5  business transactions." The interaction with a single party is a matter of de minimis public interest
6  and importance. Furthermore, financial and customer data is a trade secret that should remain so.
7  We respectfully request that it remain sealed.

8    44:22: This redaction, removing the company name "IBM" is not supported by non-disclosure
9  obligations and the right of the public to open access to judicial proceedings should govern *See*
10  discussion above regarding Group 1, Exhibit V.

11    109:8-11, 109:21-22, 110:2-3: This is subject to a non-disclosure agreement. The details of the
12  relationship between the parties is subject to the agreement in Exhibit R which is already before
13  the Court with this motion.

14    113:12-16: This is subject to the non-disclosure agreement that is discussed as "Exhibit P",
15  above. That agreement describes "Confidential Information" as "every information, document and
16  message exchanged between" the parties. As the exchange of information between those parties as
17  to technical details is a matter of de minimis public interest and importance, and any information
18  exchanged between the parties to that agreement is designated as confidential information, we
19  respectfully request that it remain sealed.

20    114:22 – 25; 115:13 – 16: This is subject to the non-disclosure agreement discussed as Exhibit
21  "T" above. That agreement designates as confidential "the nature, content and existence of a
22  Relationship, discussions or negotiations between the parties." As the technical details of the
23  contacts between the entities is a matter of de minimis public interest and importance, and the
24  agreement broadly defines confidential information, we respectfully request that it remain sealed.

25    117:18 – 19: This statement is speculation by the witness, and is therefore not derived from
26  confidential information.

27    122:10 – 19; 123:22 – 24; 124: 9 – 10; 124:15 – 125:21: This is subject to Exhibit V, an NDA
28

between IBM and CT. The NDA in Exhibit V is narrower than some of the others, and we therefore request that only some of the sealed portions remain sealed. 122:10 – 19 do not appear subject to the agreement. 123:22 – 24 is subject to the NDA and should remain sealed. 124:9 – 10, 124:15 – 125:21 is subject to the NDA and should remain sealed.

The NDA in Exhibit V provides that "'Confidential Information' means any information disclosed by the Company, either directly or indirectly, provided before or after the execution of this document, in writing, orally or by inspection of tangible objects (including, without limitation, documents) that are designated as "Confidential", "Proprietary" or some similar designation, or is of such a nature or has been disclosed in such a manner that it should be obvious to Interested Party that such is confidential. Confidential Information also includes, without limitation, a party's trade secrets, know–how and proprietary information as well as business plans, financial data and the status and terms of any discussions between the parties regarding potential business transactions.".

.

DATED: Sept. 28, 2025                GARY SHUSTER

By: /s/ Gary S. Shuster

    2301-1228 Marinaside Crescent
    Vancouver BC V6Z 2W4
    Canada
    Attorneys for Cartesian Theatre