GARY SHUSTER, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC, <br><br> Plaintiffs, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 - 25, <br><br> Defendants. | Case No. 4:24-CV-09104-JST <br><br> **DEFENDANT CARTESIAN THEATRE CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONTINGENT MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION TO STAY PROCEEDINGS PENDING A RULING IN THE JULY 27, 2025 MOTION** <br><br> **NO HEARING REQUESTED** <br><br> **Judge: Hon. Jon. S. Tigar** |

## I. INTRODUCTION:

Defendant Cartesian Theatre Corp. ("CT") brings this contingent motion to dismiss the Complaint on the basis that jurisdiction does not exist under 28 U.S.C. §§ 2201–2202 or U.S. Const. art. III, § 2 as there is no actual controversy for Declaratory Judgment Act purposes, and no case or controversy for Article III purposes Fed. R. Civ. P. 12(b)(1). A Covenant Not to Sue ("Covenant") made conditional on, and only effective in the event of, a loss by Defendant of both the Motion to Dismiss and the Motion to Stay (filed July 27, 2025) ("First Motion") is attached as Exhibit A to the Second Declaration of Kipling Warner ("Warner Decl. II"). For clarity, a ruling on matters other than a stay or dismissal raised by the First Motion will not impact the coming into effect of the Covenant.

This case will be either dismissed or stayed under the First Motion, or if neither dismissed nor stayed under the First Motion, the Covenant will come into force, eliminating Article III jurisdiction. Defendant CT respectfully requests that this action be stayed pending dismissal (under this motion or the First Motion) or a stay under the First Motion, as there is no scenario in which this case continues to be active after a ruling on this motion and the First Motion.

## II. The Covenant Eliminates Any Case or Controversy:

Given the reputational risk in Canada of pushing services into the United States (Warner Decl.). II ¶¶ 3 – 4, and the "the actions of the United States in attacking innocent citizens, disappearing Canadians, and last week killing a peaceful protester" (Warner Decl. II ¶¶ 5 – 6), CT has decided that the risks – both reputational and physical – of proceeding with defending a U.S. trademark case it did not file, for a mark it had not affirmatively decided to enforce in the United States against Cohesity, far outweigh any benefit that may be gained by defending the case. As a practical matter, a single witness testifying via remote conference call in the face of witnesses for the opposing side appearing in person, such that the jury can properly evaluate their credibility, makes winning a jury trial a long shot even in the face of a clearly valid and infringed trademark.

To protect the reputation of CT inside of Canada and to avoid the risk of its principal being killed, disappeared, or detained without due process or respect for basic Constitutional protections,

1  CT chooses to exit this matter in the least harmful manner possible. While CT believes that a stay
2  pending a change in border conditions or resolution of the Canadian case (which will likely resolve
3  the US case) and a dismissal for lack of both personal and subject matter jurisdiction is appropriate
4  as set forth in the First Motion, the Covenant that comes into existence automatically upon a court
5  decision against CT on both of those issues eliminates subject matter jurisdiction and requires
6  dismissal. Put another way, the case is either stayed or dismissed in response to the July 27, 2025
7  motion, or the Covenant goes into effect and any case or controversy related to the issues in the
8  action is eliminated.

9      In *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 93 (2013), the Supreme Court held that a
10  declaratory relief action seeking a declaration of non-infringement of a trademark could not be
11  maintained in the face of a covenant not to sue that provided as follows:

12      Nike "unconditionally and irrevocably covenants to refrain from making any claim(s) or
13      demand(s) ... against Already or any of its ... related business entities ... [including]
14      distributors ... and employees of such entities and all customers ... on account of any possible
15      cause of action based on or involving trademark infringement, unfair competition, or
16      dilution, under state or federal law ... relating to the NIKE Mark based on the appearance of
17      any of Already's current and/or previous footwear product designs, and any colorable
18      imitations thereof, regardless of whether that footwear is produced ... or otherwise used in
19      commerce before or after the Effective Date of this Covenant."

20      Tracking this language, and modifying it to include the only claims brought by Cohesity in
21  this litigation, namely for a declaration that there is no trademark infringement, the Covenant
22  provides:

23      CT unconditionally and irrevocably covenants to refrain from making any claim(s) or
24      demand(s) against Cohesity or any of its related business entities including distributors and
25      employees of such entities and all customers on account of any possible cause of action based
26      on or involving trademark infringement, unfair competition, or dilution, under U.S. state or
27      U.S. federal law based on Cohesity's use of the term "HELIOS" in any of its current and/or

28

previous services and products, and any colorable imitations thereof, regardless of whether that service or product is produced or otherwise used in commerce before or after the Effective Date of this Covenant.

Under *Already, LLC*, this language requires a dismissal unless Cohesity "indicate[s] that it engages in or has sufficiently concrete plans to engage in activities not covered by the covenant. After all, information about [Cohesity's] business activities and plans is uniquely within its possession". *Id* at 94. The Complaint in this matter expressly states the complaint is based on CT's alleged "false[] alleg[ations] that Cohesity's use of the Helios Marks in the United States infringes Defendant's trademark." Complaint Para. 5. No allegations are made regarding any case or controversy related to undisclosed future plans to expand its use of the term "Helios" to new products and services. Indeed, Cohesity alleges that its use of "Helios" is limited to "products and services offered [that] allow customers to view and manage their Cohesity-supported data and applications from a single dashboard." Complaint Para. 3. The Covenant resolves any case or controversy over any of Cohesity's concerns raised in this litigation.

### III.   The Court Should Stay the Case Pending a Ruling on the First Motion and this Motion to Preserve Party and Judicial Resources:

The First Motion will result in either a stay, a dismissal, or a denial. In the event that it results in a stay or dismissal, any litigation activities prior to such a ruling would be a waste of party and judicial resources. In the event that the First Motion is denied, the Covenant springs into being and requires a dismissal for lack of subject matter jurisdiction under *Already*.

There is no configuration, short of Plaintiff entirely withdrawing their initial complaint and filing a new complaint with entirely new claims regarding entirely new products or services, whereby this litigation continues to be active beyond the ruling on the First Motion (regardless of what the ruling is). Under such circumstances, continuing to litigate a case that is, in essence, a "dead case walking", is wasteful and serves only to provide Cohesity, with its deep pockets, with a way to divert CT's resources from the Canadian litigation.

### IV. CONCLUSION:

This litigation should be stayed pending a ruling on the First Motion. In the event that the litigation continues to be active as a result of a denial of the requests for a stay and for a dismissal in the First Motion, the Covenant springs into being, resolves all issues, and requires a dismissal.

DATED: January 15, 2026                GARY SHUSTER

                                       By: /s/ Gary S. Shuster

                                           2301-1228 Marinaside Crescent
                                           Vancouver BC V6Z 2W4
                                           Canada
                                           Attorney for Cartesian Theatre Corp.