GARY SHUSTER, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COHESITY, INC, <br><br> Plaintiff, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 - 25, <br><br> Defendants. | Case No. 4:24-CV-09104-JST <br><br> **DECLARATION OF KIPLING WARNER IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STAY** <br><br> **HEARING NOT REQUESTED** <br><br> **Judge: Hon. Jon. S. Tigar** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1. I am the Founder of Cartesian Theatre Corp. ("CT"), a Canadian corporation. I make this declaration based on my personal knowledge. CT has always had a small number of employees and contractors, of whom I am the sole officer. I make this declaration in support of CT's contingent motion to dismiss and motion to stay proceedings.

2. Each time I state that "CT wrote" or otherwise acted, unless I indicate otherwise, that means that I wrote or otherwise acted on behalf of CT. Likewise, when I write that "I wrote" or otherwise acted, unless I indicate otherwise, that means that I wrote or acted on behalf of CT. At times I may refer to the "Canadian Proceeding", by which I mean *Cartesian Theatre Corp. v Cohesity, Inc.*, Court No T-2636-24, in the Federal Court of Canada (the "Canadian Proceeding").

3. As a Canadian company, CT relies on the support of the Canadian government. CT also holds critical relationships, such as banking relationships, with Canadian companies.

4. Since my prior declaration, the mood in Canada has further soured with regard to the United States. CT is a Canadian company and needs to preserve its reputation in Canada. At this point, pushing services into the United States presents a reputational risk within Canada.

5. I have participated in events and said and written things that peacefully oppose some of the policies of the United States. I was shocked when I learned about the actions of the United States in attacking innocent citizens, disappearing Canadians, and last week killing a peaceful protester, Ms. Renee Good, who had just told her killer "It's fine dude, I'm not mad at you" immediately before being shot three times, including at least one head shot, and then being denied medical care even though a doctor at the scene was begging to provide care. The thought of being in the United States makes me concerned for my physical safety. This is particularly so in light of accounts of Canadians having their devices imaged and being required to give years of social media history as a condition for being allowed into the United States.

6. In the past, I believed Canadian civil rights and other legal protections largely paralleled those in the United States. However, I no longer believe this to be the case and I have no desire to give up the civil rights protections I have available in Canada under our Constitution and other legislation. I am not convinced that the United States applies civil rights equally or perhaps at

all to non-citizens legally visiting the United States.

7.     CT has decided that the current risks – both reputational and physical – of proceeding with defending a U.S. trademark case far outweigh any benefit that may be gained by defending the case.

8.     Attached as Exhibit A to this Declaration is a Covenant Not to Sue. CT does not believe it is justifiable to be required to give up rights, even rights it hasn't evaluated and doesn't currently intend to use, in order to protect CT's reputation and the safety of its founder. I don't think it is right that I am forced to choose whether to risk my freedom and physical safety in order to testify, especially in a case about rights that CT hasn't yet evaluated, let alone ever asserted. But since I may be forced to make that decision, I have thought about it a lot, and it isn't even a close call. Right now I need to protect myself and protect CT's reputation.

9.     The Covenant Not to Sue is my backstop. I need to be able to sleep at night, and part of that is knowing that I'm not going to have to be in the United States at a time when law enforcement poses a risk to my safety. The Covenant isn't effective unless I lose the motion to stay or dismiss that was filed this Summer.

10.    It is my intent and purpose in providing the Covenant to avoid the risks of travel to the United States and the Canadian reputational risk associated with a push into the United States. I **declare** under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed outside the United States, in Vancouver, British Columbia, Canada, on January 16, 2026.

DATED: January 15, 2026

_____
Kipling Warner

GARY SHUSTER, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant Cartesian Theatre Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| COHESITY, INC, <br><br> Plaintiffs, <br><br> v. <br><br> CARTESIAN THEATRE CORP., and DOES 1 - 25, <br><br> Defendants. | Case No. 4:24-CV-09104-JST <br><br> **EXHIBIT A TO WARNER DECLARATION:** <br><br> **COVENANT NOT TO SUE** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COVENANT NOT TO SUE:**

**As a condition precedent to this covenant being effective, the motion filed as ECF 37 on July 27, 2025, to dismiss or stay the case must be resolved by the District Court in favor of Cohesity on both the issues of the stay and the dismissal.**

Defendant Cartesian Theatre ("CT") hereby grants to plaintiff Cohesity, Inc. ("Cohesity") the following covenant not to sue:

WHEREAS CT does not admit, nor should this document be taken or used as evidence, that dilution has taken place or that there is merit to the declaratory relief claims;

WHEREAS CT is currently focused on the Canadian market and recognizes that under current political conditions, in light of CT's reliance on support from the Canadian government, the reputational risk of expanding operations to the United States is simply too high;

WHEREAS the actions of the United States in attacking citizens and killing at least one person, Ms. Renee Good, for engaging in non-violent protest, provide strong reason to avoid appearing in person in the United States. Testifying over video or audio from Canada will be ineffective, as in most cases the jury favors those testifying in person, as the jury can evaluate their credibility far more accurately;

WHEREAS CT desires to spend its resources developing its technology, creating jobs, and building a business rather than employing lawyers to pursue trademark claims in a country that does not have a stable policy on cross-border business, including the United States' apparent position that it is planning to repudiate any renewal of the USMCA free trade agreement;

WHEREAS it is CT's belief that this litigation was brought primarily for the purpose of obtaining an advantage in pending Canadian litigation between the parties by, among other things, causing CT to incur fees, costs, and opportunity costs that would limit its ability to manage the U.S. litigation without simultaneously compromising the Canadian litigation;

CT issues the following Covenant Not to Sue, based on the covenant approved by the Supreme Court of the United States in *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 93 (2013). The Covenant Not to Sue

is not effective unless and until the motion filed as ECF 37 on July 27, 2025, to dismiss or stay the case is resolved by the District Court in favor of Cohesity on both the issues of the stay and the dismissal. In the event that CT prevails on either the stay or dismissal requests of that July 27, 2025 motion, this Covenant Not to Sue is void and of no effect.

The language approved in *Already* is:

> "[Nike] unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s) ... against Already or any of its ... related business entities ... [including] distributors ... and employees of such entities and all customers ... on account of any possible cause of action based on or involving trademark infringement, unfair competition, or dilution, under state or federal law ... relating to the NIKE Mark based on the appearance of any of Already's current and/or previous footwear product designs, and any colorable imitations thereof, regardless of whether that footwear is produced ... or otherwise used in commerce before or after the Effective Date of this Covenant."

Tracking this language, and modifying it to include the only claims brought by Cohesity in this litigation, namely for a declaration that there is no trademark infringement, as well as claims for unfair competition or dilution (as those were part of the *Already* covenant), CT grants the following Covenant Not to Sue, conditioned on the resolution of ECF 37 without issuance of a stay or dismissal:

> *CT unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s) against Cohesity or any of its related business entities including distributors and employees of such entities and all customers on account of any possible cause of action based on or involving trademark infringement, unfair competition, or dilution, under U.S. state or U.S. federal law based on Cohesity''s use of the term "HELIOS" in any of its current and/or previous services and products, and any colorable imitations thereof, regardless of whether that service or product is produced or otherwise used in commerce before or after the Effective Date of this Covenant.*

       This covenant is granted based on the political, personal safety, practical financial and resource concerns raised by litigating in the United States. CT makes no concession that Cohesity's use of the term "Helios" does not infringe or confuse consumers.

       Instead, this covenant rewards Cohesity's strategic decision to force CT, a small company that Cohesity knew had limited resources, to engage in the unsustainable expenses of having to litigate on two fronts. This is particularly so when Cohesity knew that CT would normally not be indemnified if it prevailed in United States litigation, unlike in Canada; that conditions at the United States' border were such that even a minor error in paperwork or being a member of the wrong ethnic group can result in torturous detention by ICE; and peacefully taking a position contrary to the United States can be fatal. As any trial lawyer will confirm, having the "star witness" for your side forced to testify via video conference substantially decreases the likelihood of winning the case.

       CT is unable to devote the resources required to win this case while at the disadvantage of being unable to safely testify in person.

DATED: January 15, 2026                Cartesian Theatre Corp.

By: _____

Cartesian Theatre Corp.
By: Kipling Warner, its CEO