1  Megan Whyman Olesek (State Bar No. 191218)
   Megan.Whyman.Olesek@ThompsonHine.com
2  Jacob S. Zweig (State Bar No. 296129)
   Jacob.Zweig@ThompsonHine.com
3  THOMPSON HINE LLP
   155 Bovet Road, Suite 600
4  San Mateo, California 94402
   Telephone: (650) 521-5930

*Attorneys for Plaintiff
Cohesity, Inc.*

Gary Shuster, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant
Cartesian Theatre Corp.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| COHESITY, INC.,<br><br>         Plaintiff,<br><br>     v.<br><br>CARTESIAN THEATRE CORP. and DOES 1 – 25.,<br><br>         Defendants. | Case No. 4:24-cv-09104-JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

Plaintiff Cohesity, Inc. ("Cohesity" or "Plaintiff") and Defendant Cartesian Theatre Corp. ("CT" or "Cartesian Theatre" or "Defendant") jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Court's November 13, 2025 Order (ECF No. 62), the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f).

**1.     Jurisdiction and Service**

**Cohesity's Statement:** This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the trademark laws of the United States, 15 U.S.C. § 1051 et seq.  Therefore, this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  CT has been served (ECF No. 13), but CT has not answered the Complaint.  In a first motion to dismiss that remains pending, CT has asserted lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, among other things.  ECF No. 37.  In a second motion to dismiss that remains pending, CT again asserts lack of subject matter jurisdiction.  ECF No. 65.  Cohesity asserts that subject matter jurisdiction, personal jurisdiction, and venue are proper.

**CT's Statement:** CT's intent is to obtain dismissal of this case, whether for the reasons stated in ECF 37, or, failing that, by providing a Covenant Not to Sue (the "Covenant") in conjunction with ECF 65 that will divest the Court of jurisdiction. Should ECF 65 fail due to an infirmity in the contingent Covenant, CT intends to issue an amended Covenant Not to Sue that cures any infirmities. As the Covenant tracks the language in *Nike* precisely, CT is currently unaware of any infirmity. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 913 (2013).

**2.     Facts**

**Cohesity's Statement**

Cohesity is one of the largest and fastest growing providers of artificial intelligence-powered data security and data management software solutions, offering products and services to businesses, institutions, and government agencies with substantial data management needs.  On August 21, 2018, Cohesity announced the release of its HELIOS software-based management solution, which enables Cohesity customer subscribers (i.e., not the general public) to view and manage data in all of their Cohesity applications from a single dashboard.  Cohesity owns

trademark registrations and applications for its HELIOS trademark, including U.S. Trademark Registration No. 7,095,707, which issued on July 4, 2023, and covers, *inter alia*, downloadable computer software for data management and software-as-a-service for data management.

Defendant CT, on the other hand, allegedly uses the HELIOS mark in connection with a very different kind of software product, namely, a music recommendation engine that allows customers to search large commercial music libraries by using music as the search key. By the very nature of this software, it would be sold to completely different customers in completely different trade channels from Cohesity's solutions. Nevertheless, on August 12, 2024, CT's principal and founder, Kipling Warner, contacted Cohesity, alleging that Cohesity infringes on CT's purported HELIOS trademark. Mr. Warner demanded that Cohesity license the HELIOS trademark and promised that the "fallout" from failing to license the mark "would inevitably not be contained domestically" in Canada. CT not only threatened to issue "notices of infringement" to third parties currently delivering Cohesity's HELIOS products and services, but actually contacted Cohesity's major U.S. business partners, demanding they stop carrying or supporting Cohesity's HELIOS products and services based on the alleged trademark infringement.

On August 29, 2024, CT filed an application to register its HELIOS trademark in the United States.

On October 9, 2024, Cohesity was served with a trademark infringement lawsuit filed in Federal Court in Canada under Court File No. T-2636-24 (the "Canadian Proceeding"). The Canadian Proceeding involves a similar dispute regarding CT's alleged rights to the HELIOS trademark in Canada. The Canadian Proceeding does not concern CT's allegations of infringement in the United States.

On September 16, 2025, CT's U.S. Trademark Registration No. 7,943,702 for HELIOS issued. It covers, *inter alia*, downloadable computer software and databases for analyzing music and software-as-a-service services featuring computer software for music analysis and management.

**CT's Statement**

CT set forth the facts at length in ECF 37 and ECF 37's accompanying Warner Declaration. It is unclear why Cohesity believes its own trademark is relevant, but insofar as it is, CT notes that during the Canadian equivalent of a deposition in the Canadian Proceeding, Cohesity's own witness disclaimed many of the specific uses claimed in its U.S. trademark, putting its validity into question.

CT long ago filed with the Court the actual document where the alleged threat that "fallout … would … not be contained domestically" in Canada was made (ECF 37, Warner Decl. Exh. H). That document clearly references fallout from the loss of litigation over the Canadian mark, such as SEC reporting on Canadian liability in the event of a Cohesity IPO. It is telling that the statement, taken out of context, continues to be the lead argument that threats were made to enforce U.S. rights. No such threats have been made.

Given the ongoing chaos in Minnesota and other U.S. cities where an armed and masked federal force has been or is being deployed, and given the positions that the United States has taken that (a) persons killed by ICE while peacefully challenging the occupying force are domestic terrorists; (b) the Department of Justice statement that even the legal exercise of a constitutional right is grounds for a justified killing of the person exercising that right (in this case, the Second Amendment, *see* https://x.com/USAttyEssayli/status/2015121052201087371 "If you approach law enforcement with a gun, there is a high likelihood they will be legally justified in shooting you"); and (c) the status of Northern California, and Oakland in particular, as diverse cities that voted against the current administration by huge majorities, making them a predictable future location of federal action, the ability of CT's witnesses testify in person is fully foreclosed (at least until U.S. border policy and urban occupation policy both change). CT is unwilling to risk detention, injury, or death of its principal, yet knows it is going to be nearly impossible to win a case where the testimony is all provided remotely.

At the same time, CT notes the renewed US threat to Canada's sovereignty (calling the Prime Minister "governor" last week) and the threat of 100% tariffs on Canada. CT wants to make sure it does not have to travel to the US or spend money defending US rights that it may not even

be able to use (depending on how and whether the USMCA is renewed). The best way to do so is to obtain a dismissal or stay on the first motion to dismiss (ECF 37) or, failing that, have a complete and effective Covenant Not to Sue ("Covenant") come into effect (ECF 65). Given that the Covenant essentially quotes *Nike*, CT is confident that it is broad enough to divest this Court of jurisdiction. Should this Court find that the *Nike* language is insufficient in this case, CT's intent is to enlarge the Covenant to the Court's satisfaction.

### 3. Legal Issues

**Cohesity's Statement:** Subject to and without waiving its positions and arguments, Cohesity asserts that the disputed points of law include, but are not limited to, the following:

- Whether Cohesity is entitled to a declaration that its use of its trademark HELIOS for software products and services does not infringe CT's alleged trademark for HELIOS, 28 U.S.C. §§ 2201 and 2202;
- Whether Cohesity is entitled to an order enjoining CT from asserting or otherwise enforcing any alleged trademark rights against Cohesity 28 U.S.C. §§ 2201 and 2202;
- Whether Cohesity has priority over CT to the HELIOS trademark in the United States, 15 U.S.C. § 1057(c);
- Whether the parties' respective uses of the HELIOS trademark for their different software products and services sold to different customers in different trade channels is likely to cause consumer confusion, 15 U.S.C. § 1125;
- Whether Cohesity is entitled to an award of its reasonable attorneys' fees, expenses, and costs in this action, 15 U.S.C. § 1117(a).
- Whether the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201–2202 or U.S. Const. art. III, whether the Court his personal jurisdiction over CT, and whether venue is proper under 28 U.S.C. § 1391 (ECF Nos. 37, 48, 53);
- Whether Cohesity's Complaint (ECF No. 1) states a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 37, 48, 53);
- Whether the Court should strike portions of the Complaint or require Cohesity to provide a more definite statement under Federal Rule of Civil Procedure 9(b) (ECF Nos. 37, 48, 53);

- Whether the Court should grant a stay pending the outcome of the Canadian Proceeding (ECF Nos. 37, 48, 53);
- Whether CT's proposal of a "contingent covenant not to sue" meets CT's "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 913 (2013) (citation omitted), and thus meets the high bar of depriving the Court of subject matter jurisdiction under 28 U.S.C. §§ 2201–2202 or U.S. Const. art. III (ECF No. 65); and
- Whether the Court should grant a stay pending a decision on CT's first motion to dismiss (ECF No. 65). Cohesity reserves its right to revise or supplement this list.

**CT's Statement:** The issuance of a contingent Covenant Not to Sue means that the case will either be dismissed or stayed pursuant to ECF 37 or will be dismissed based on the Covenant and ECF 65. CT's intent is to terminate its involvement in this case one way or another, whether by winning ECF 37 or by waiving U.S. rights against Cohesity that are of increasingly questionable value to a company incorporated and operating in a nation that the United States treats as a hostile power.

CT does not intend to allow this case to reach a substantive phase, so as a practical matter, the only legal issues are those raised in ECF 37 and ECF 65. A possible issue arises if the Court determines that the case should not be dismissed pursuant to ECF 37 and the Court finds the Covenant Not to Sue that springs to life upon such a finding on ECF 37 is somehow insufficient to divest the Court of subject matter jurisdiction. In such a case, the legal issue will be the changes required to make the Covenant effective.

If CT is forced to defend the case on the merits, the issues largely track Cohesity's list, but with significant modifications:

- If, after issuing an effective Covenant Not to Sue Cohesity for any past, current use, or future continuation of current use of the term Helios, Cohesity is entitled to a declaration that its use of its trademark HELIOS for software products and services does not infringe CT's alleged trademark for HELIOS, 28 U.S.C. §§ 2201 and 2202;

- If, after issuing an effective Covenant Not to Sue Cohesity for any past, current use, or future continuation of current use of the term Helios, Cohesity is entitled to an order enjoining CT from asserting or otherwise enforcing any alleged trademark rights against Cohesity 28 U.S.C. §§ 2201 and 2202;

- If, after issuing an effective Covenant Not to Sue Cohesity for any past, current use, or future continuation of current use of the term Helios, Cohesity is entitled to a declaration that CT's mark cannot be used as the basis of a suit against Cohesity because Cohesity has priority over CT to the HELIOS trademark in the United States, 15 U.S.C. § 1057(c);

- If, after issuing an effective Covenant Not to Sue Cohesity for any past, current use, or future continuation of current use of the term Helios, Cohesity is entitled to a declaration that Cohesity's use of the term HELIOS is not sufficient to support a lawsuit by CT against Cohesity because their software products and services are sold to different customers in different trade channels in a manner eliminating consumer confusion, 15 U.S.C. § 1125;

- Whether, in a case where there are disputed and unresolved issues of fact as to whether any enforcement or assertion of U.S. rights (or any rights outside of Canadian patent rights) was intended or engaged in by CT, and where CT has issued (contingent on loss of ECF 37) a Covenant Not to Sue Cohesity for any past, current use, or future continuation of current use of the term Helios, either party's actions constitute an exceptional case such that CT or Cohesity is eligible for an award of its reasonable attorneys' fees, expenses, and costs in this action, 15 U.S.C. § 1117(a).  A secondary question is whether, assuming *arguendo* that this is an "exceptional case" for purposes of making Cohesity eligible for such an award, an award of attorneys' fees is appropriate where CT, as the defendant, has taken good faith steps (such as providing a failover Covenant) to resolve the matter without requiring litigation on the merits.

- Whether the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201–2202 or U.S. Const. art. III, whether the Court has personal jurisdiction over CT, and whether venue is proper under 28 U.S.C. § 1391, and whether, after issuing an effective

    Covenant Not to Sue Cohesity for any past, current use, or future continuation of current use of the term Helios, such jurisdiction remains intact;

- Whether Cohesity's Complaint (ECF No. 1) states a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 37, 48, 53), and if so, whether it continues to state a claim upon which relief can be granted in light of the Covenant.
- ECF 65 and the contingent Covenant have rendered premature (in the event of a stay) or moot (in the event of a dismissal), CT's request to strike portions of the Complaint or require Cohesity to provide a more definite statement under Federal Rule of Civil Procedure 9(b), as a Covenant Not to Sue will come into force immediately if ECF 37 results in anything less than a dismissal or stay.
- Whether the Court should grant a stay pending the outcome of the Canadian Proceeding (ECF Nos. 37, 48, 53);
- Whether, in the face of a loss on ECF 37, automatically bringing into force the Covenant Not to Sue in ECF 65, the Covenant divests the Court of subject matter jurisdiction, or whether CT must amend the Covenant Not to Sue to do so;
- Whether the Court should grant a stay pending a decision on CT's first motion to dismiss where a Covenant Not to Sue arises automatically upon denial of the substantive earlier motion for a dismissal or stay (ECF No. 65);
- Whether CT's due process rights are violated by requiring it to litigate in a forum where border policies, the risk of race-based "Kavanaugh Stops" (CT's principal would qualify for such race-based stops), governmental action, and the resulting civil unrest render CT unable to defend the matter in person; and
- Any issues that may be raised as an affirmative defense if an Answer is ever required to be filed.
- CT notes that it has not wasted money and resources fully analyzing the substantive issues in a case where CT has taken all the steps it believes necessary to prevent the case from ever reaching a substantive phase. In the event that some set of circumstances is capable of

moving this case to a substantive phase and does so, CT reserves the right to identify additional issues.

### 4. Motions

#### A. Pending Motions

Currently pending before the Court are (i) Defendant's Motion to Dismiss or, or in the Alternative for a More Definite Statement, or in the Alternative for a Stay, or in the Alternative to Strike (ECF No. 37), filed on July 27, 2025 (the "First Motion to Dismiss") and (ii) Defendant's Contingent Motion to Dismiss and Motion to Stay Proceedings Pending a Ruling on ECF No. 37 (ECF No. 65), filed on January 15, 2026 (the "Second Motion to Dismiss"). Cohesity has opposed the First Motion to Dismiss (ECF No. 48), and submitted supplementary evidence related to the First Motion to Dismiss on October 31, 2025 (ECF Nos. 59, 60). Cohesity opposes the Second Motion to Dismiss as presented. The parties continue to meet and confer regarding the issues presented in the Second Motion to Dismiss and are hopeful they can be resolved. Cohesity's opposition to the Second Motion to Dismiss is due on January 29, 2026.

#### B. Prior Motions

CT previously filed a "Pro Se" Motion for Extension of Time to File Answer or Dispositive Motion. ECF No. 16. Cohesity filed a Motion to Strike and Opposition to CT's "Pro Se" Motion for Extension of Time to File Answer or Dispositive Motion That Was Mailed But Not Filed. ECF No. 15. On February 25, 2025, the Court granted in part and denied in part CT's Motion, ordering that "Defendant's response to Plaintiff's complaint is due March 28, 2025. Absent exigent circumstances, there will be no further extensions." ECF No. 17.

CT previously filed a "Pro Se" Motion to Stay (ECF No. 19) and accompanying Request for Judicial Notice (ECF No. 19-1). In response, Cohesity filed a Motion to Strike Or, In the Alternative, Opposition to CT's "Pro Se" Motion to Stay That Was Mailed to the Court. ECF No. 21. On May 12, 2025, the Court granted Cohesity's Motion to Strike and issued an Order to Show Cause. ECF No. 26.

On October 31, 2025, Cohesity filed an Administrative Motion for Leave to File Supplementary Evidence Relating to CT's Motion to Dismiss [FRCP 12(b)(1), FRCP 12(b)(2),

FRCP 12(b)(3), FRCP 12(b)(6)] or in the Alternative, for a More Definite Statement FRCP 12(e) or in the Alternative for a Stay or in the Alternative to Strike, FRCP 12(e) (ECF. No. 37). ECF No. 59. The motion was accompanied by a Joint Stipulation and Proposed Order (ECF No. 59-1), which was granted on November 3, 2025 (ECF No. 60).

On November 18, 2025, the parties filed a Joint Administrative Motion to Modify Case Schedule, setting new dates for various discovery deadlines and the dispositive motion hearing. ECF No. 63. This motion was granted on November 20, 2025. ECF No. 64.

### C. Anticipated Motions

**Cohesity's Statement:** Cohesity anticipates filing a dispositive motion following discovery. Cohesity may find it necessary to file a discovery motion (only if resolution without court assistance is not successful). Cohesity may seek its attorney fees and/or costs in connection with this action as appropriate.

**CT's Statement:** In the event that, despite ECF 37 and ECF 65, the case somehow remains pending, CT intends to move to dismiss based on an amended Covenant Not to Sue that addresses any deficiencies the Court identifies in ECF 65. If the case somehow continues to present a case or controversy even in the face of a Covenant Not to Sue, CT may bring a dispositive motion. CT may bring a motion seeking its attorney fees and costs. As CT has not answered the complaint and has not determined whether, if forced to answer, any counterclaims are appropriate, CT cannot fully predict what motions may be required.

### 5. Amendment of Pleadings

At this time, Cohesity does not plan to amend the Complaint. CT has not filed an Answer.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have also met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The parties have timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26. On July 27, 2025, CT disclosed information regarding witnesses likely to have discoverable information, categories of documents that may be used to support its claims, and an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action. On July 28, 2025, Cohesity disclosed information regarding witnesses likely to have discoverable information and categories of documents that may be used to support its claims. Cohesity was not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action.

8. **Discovery**

The parties anticipate that the scope of discovery will address the disputed legal and factual issues set forth above. The parties have not and do not at this time intend to negotiate a stipulation and proposed order regarding the discovery of electronically stored information. The parties do not propose any changes to the discovery rules at this time.

On January 27, 2026, the parties agreed to stay discovery until the date of the case management conference on February 3, 2026. The parties dispute the extent to which discovery should proceed while the First Motion to Dismiss Remains pending.

To date, the following discovery has occurred:

- Cohesity served and CT responded to a First Set of Requests for Production (Nos. 1-12) (jurisdictional discovery) and a First Set of Interrogatories (Nos. 1-4) (jurisdictional discovery);
- CT served and Cohesity responded to a First Set of Requests for Production (Nos. 1-14) (jurisdictional discovery), a First Set of Interrogatories (Nos. 1-6) (jurisdictional discovery), and a First Set of Requests for Admission (Nos. 1-17) (jurisdictional discovery);
- Both parties produced documents as part of jurisdictional discovery but no further documents have been produced;
- Cohesity took the deposition of CT's principal and founder, Kipling Warner, as part of jurisdictional discovery;

- Cohesity served and CT responded to a Second Set of Requests for Production (Nos. 13-55), a Second Set of Interrogatories (Nos. 5-21), and a First Set of Requests for Admission (Nos. 1-35);
- Cohesity asserts that certain of CT's responses to Cohesity's Second Set of Requests for Production, Second Set of Interrogatories, and Second Set of Requests for Admission were deficient; following a meet and confer, CT agreed to supplement its responses but has not yet done so;
- CT served and Cohesity responded to a Second Set of Requests for Production (Nos. 15-58), a Second Set of Interrogatories (Nos. 5-25), and a Second Set of Requests for Admission (Nos. 18-25);
- Cohesity served notices of deposition to CT under Rule 30(b)(6) and to Kipling Warner under Rule 30(b)(1), but no further depositions have occurred; and
- Cohesity served a document and deposition subpoena to third party Wheelhouse Enterprises, Inc. dba TopAdvisor ("TopAdvisor"); TopAdvisor has not yet produced documents or appeared for a deposition.

## 9. Class Actions

This action is not a class action.

## 10. Related Cases

**Cohesity's Statement:** There are no related cases or proceedings pending before another judge of this court, or before another U.S. court or administrative body.  Although the parties are involved in the Canadian Proceeding, that Canadian case is limited to resolving use and registration issues in Canada under Canadian law.

**CT's Statement:** CT continues to take the position that jurisdiction does not exist. However, if it does, personal jurisdiction arises from CT's attempts to police and enforce its Canadian mark with regard to activities by U.S. entities aimed at Canada and CT cannot identify a basis upon which subject matter jurisdiction arises over enforcement Canadian rights in the face of Canadian-aimed activities. The claims now made in the Canadian Proceeding are the same

Canadian trademark claims that gave rise to the events Cohesity alleges to have created personal and subject matter jurisdiction in the instant case. As a result, the cases are highly related.

### 11. Relief

As set forth in its Complaint, Cohesity seeks the following relief:

    a) a declaratory judgment that Cohesity's use of its HELIOS trademark does not infringe CT's alleged trademark rights in the United States;

    b) an order enjoining CT from asserting or otherwise enforcing any alleged trademark rights against Cohesity;

    c) an award of Cohesity's reasonable attorneys' fees, expenses, and costs in this action; and

    d) an award of such other, further, and different relief as the Court deems just and proper.  No counterclaim or answer has been filed.

### 12. Settlement and ADR

Cohesity filed its ADR Certification on May 1, 2025. ECF No 23. CT filed its ADR Certification on July 9, 2025. ECF No. 31.  The parties have engaged in some settlement discussions, but no agreement has been reached to date.  On October 15, 2025, the parties attended a private mediation, but no agreement was reached.

### 13. Other References

This case is not suitable for reference to binding arbitration or a special master.  The parties do not consent to the jurisdiction of a magistrate judge.  ECF No. 8.

### 14. Narrowing of Issues

**Cohesity's Statement:** Cohesity is unaware of any issues that can be narrowed at this time.

**CT's Statement:** CT has no desire to proceed with this case, particularly given the current border, security, and geopolitical status between the United States and Canada. All disputed issues can be eliminated if the case is dismissed under either motion to dismiss. The contingent Covenant Not to Sue is intended to narrow all remaining issues to below the threshold for subject matter jurisdiction. If both motions to dismiss fail, CT intends to amend the Covenant Not to Sue to

address any deficiencies the Court finds and file a new motion to dismiss based on that new Covenant Not to Sue.

15. **Scheduling**

The Court has set the following schedule. The parties have agreed to submit a stipulation and proposed order to stay discovery until after the Case Management Conference on February 3, 2026, and to adjust the expert disclosures and rebuttals by one week each. It is CT's position, but not Cohesity's position, that the case should be stayed (or at a minimum, discovery should be stayed) until resolution of both motions to dismiss. Cohesity and, in the event no stay issues pending resolution of the Motions to Dismiss, both parties propose the modifications to the following schedule, indicated in parentheses in the table below.

| Event | Date |
| --- | --- |
| February 10, 2026 (February 28, 2026) | Fact discovery cut-off |
| March 6, 2026 (March 13, 2026) | Expert disclosures due |
| April 3, 2026 (April 10, 2026) | Expert rebuttals due |
| April 17, 2026 | Expert discovery cut-off |
| May 28, 2026 | Dispositive motion hearing deadline |
| July 10, 2026 | Pretrial conference statement due |
| July 17, 2026 | Pretrial conference |
| August 10, 2026 | Trial |

16. **Trial**

Cohesity has demanded a jury trial in this action. The parties do not currently expect a trial would take more than four days.

17. **Disclosure of Non-party Interested Entities or Persons**

Cohesity filed a disclosure statement pursuant to Fed. R. Civ. P. 7.1 on December 17, 2024 (ECF No. 4) and filed its Certification of Conflicts and Interested Entities or Persons pursuant to Civ. L.R. 3-15 on January 23, 2025 (ECF No. 14). CT filed a disclosure statement pursuant to Fed. R. Civ. P. 7.1 and its Certification of Conflicts and Interested Entities or Persons pursuant to Civ.

L.R. 3-15 on July 9, 2025.  ECF Nos. 34, 35.  The parties certify that as of this date, there is no known conflict of interest (other than the named parties) to report.

**18.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 27, 2026                                  Respectfully submitted,

 /s/ Megan Whyman Olesek                                 /s/ Gary Shuster
Megan Whyman Olesek (State Bar No. 191218)               Gary Shuster, CSB 162379
Megan.Whyman.Olesek@ThompsonHine.com                     gary@shuster.com
Jacob S. Zweig (State Bar No. 296129)                    2301-1228 Marinaside Cr.
Jacob.Zweig@ThompsonHine.com                             Vancouver, British Columbia V6Z 2W4
THOMPSON HINE LLP                                        Canada
155 Bovet Road, Suite 600                                Telephone: (604) 417-5002
San Mateo, California 94402                              Facsimile: (559) 272-2222
Telephone: (650) 521-5930

*Attorneys for Plaintiff*                                *Attorney for Defendant*
*Cohesity, Inc.*                                         *Cartesian Theatre Corp.*

L.R. 3-15 on July 9, 2025.  ECF Nos. 34, 35.  The parties certify that as of this date, there is no known conflict of interest (other than the named parties) to report.

**18.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 27, 2026

Respectfully submitted,

 /s/ Megan Whyman Olesek
Megan Whyman Olesek (State Bar No. 191218)
Megan.Whyman.Olesek@ThompsonHine.com
Jacob S. Zweig (State Bar No. 296129)
Jacob.Zweig@ThompsonHine.com
THOMPSON HINE LLP
155 Bovet Road, Suite 600
San Mateo, California 94402
Telephone: (650) 521-5930

*Attorneys for Plaintiff*
*Cohesity, Inc.*

 /s/ Gary Shuster
Gary Shuster, CSB 162379
gary@shuster.com
2301-1228 Marinaside Cr.
Vancouver, British Columbia V6Z 2W4
Canada
Telephone: (604) 417-5002
Facsimile: (559) 272-2222

*Attorney for Defendant*
*Cartesian Theatre Corp.*

**[PROPOSED] ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

Dated: January 27, 2026                              */s/ Megan Whyman Olesek*
                                                                          Megan Whyman Olesek

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to all parties who have appeared in this matter.

Dated: January 27, 2026                              */s/ Megan Whyman Olesek*
                                                                          Megan Whyman Olesek